Wendy L. Wilcox, Esq. (SBN 193644)
Jonathan J. Belaga, Esq. (SBN 275229)
SKANE WILCOX LLP
33 New Montgomery Street, Suite 1250
San Francisco, CA  94105
T: (415) 431-4150 / F: (415) 431-4151
wwilcox@skanewilcox.com/
jbelaga@skanewilcox.com
Attorneys for Defendants, ALAMEDA COUNTY SHERIFF'S
OFFICE, GREGORY J. AHERN, THOMAS F. MADIGAN, D.
HOUGHTELLING, CAPTAIN DERRICK C. HESSELEIN,
DEPUTY IGNONT (sp), DEPUTY JOE (sp), TECHNICIAN
KAISER, and COUNTY OF ALAMEDA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMEDA COUNTY MALE PRISONERS and Former Prisoners, DANIEL GONZALEZ, ROCCI GARRETT, LAWRENCE GERRANS, MICHAEL LUCA, MARTIN GALLARDO and SERGIO MORALES-SERVIN, and JOHN DOES Nos. I-X, on behalf of themselves and others similarly situated, as a Class and Subclass, | CASE NO.: 3:19-cv-07423-JSC Judge: Hon. Jacqueline Scott Corley **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES** |
| Plaintiffs, v. ALAMEDA COUNTY SHERIFF'S OFFICE, GREGORY J. AHERN, THOMAS F. MADIGAN, D. HOUGHTELLING, CAPTAIN DERRICK C. HESSELEIN, DEPUTY IGNONT (sp), DEPUTY JOE (sp), TECHNICIAN KAISER, ALAMEDA COUNTY and John & Jane DOES, Nos. 1-50 and, THE CALIFORNIA FORENSIC MEDICAL GROUP, a corporation; aka WELLSPRING, INC. | FRCP 12(b)(6) Date: July 16, 2020 Time: 9:00 a.m. Location:  450 Golden Gate Avenue             San Francisco, CA  94102 Dept.:  Courtroom E |

1

its Employees and Sub-Contractors, and Rick & Ruth ROES Nos. 1-50, and, ARAMARK CORRECTIONAL SERVICES, LLC, a Delaware Limited Liability Company; its Employees and Sub-Contractors, and Rick & Ruth ROES Nos. 51-100,

          Defendants.

Complaint Filed: November 12, 2019

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 16, 2020 at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom E defendants the Alameda County Sheriff's Office, Gregory J. Ahern, Thomas F. Madigan, D. Houghtelling, Captain Derrick C. Hesselein, Deputy Ignont, Deputy Joe, Technician Kaiser, and County of Alameda (collectively "Defendants") will and hereby do, move the court pursuant to FRCP 12(b)(6) for an order dismissing all claims asserted in Plaintiffs' First Amended Complaint ("FAC") against the moving Defendants on the grounds Plaintiffs have failed to exhaust their administrative remedies under the Prisoners Legal Remedies Act, 42 U.S.C. § 1997(e) et seq. and under the California Government Code and thus the FAC fails to state any claim for which relief may be granted.

    In the alternative, Defendants will and hereby do move to dismiss Plaintiffs' claims for injunctive relief on the ground that Plaintiffs have failed to exhaust their administrative remedies under the Prisoners Legal Remedies Act, 42 U.S.C. § 1997(e) et seq. and under the California Government Code and thus the FAC fails to state any claim for which relief may be granted.

In the alternative, Defendants will and hereby do move to dismiss Plaintiffs' claims for violation of their First Amendment Rights, which are barred as a matter of law because there is no constitutional right to a jail grievance procedure.

In the alternative, Defendants will and hereby do move to dismiss Plaintiffs' claims for violation of their Fourth Amendment Rights, which are barred as a matter of law because incarcerated inmates do not have the right to be free from search and seizure.

In the alternative, Defendants will and hereby do move to dismiss Plaintiffs' claims for violation of their Fifth Amendment Rights, which are barred as a matter of law because the Fifth Amendment right to due process does not apply in the context of state actors.

In the alternative, Defendants will and hereby do move to dismiss Plaintiffs' claims for violation of their Eighth Amendment Rights, which are barred as a matter of law because the Eighth Amendment applies only to convicted and sentenced prisoners and Plaintiffs failed to allege sufficient facts to show a right to relief for these prisoners.

In the alternative, Defendants will and do hereby move to dismiss Plaintiffs' claims for violation of their Fourteenth Amendment Rights because Plaintiffs have failed to allege sufficient facts to show a right to relief.

In the alternative, Defendants will and hereby do move to dismiss Plaintiffs' first, second, and third claims of the FAC for violation of State of California Regulations on the grounds Plaintiffs have failed to exhaust their administrative remedies under the Prisoners Legal Remedies Act, 42 U.S.C. § 1997(e) et seq., and thus the FAC fails to state a first, second, and third claim for which relief may be granted

3

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES;
CASE NO.: 3:19-cv-07423-JSC

In the alternative, Defendants will and do hereby move to dismiss Plaintiffs' claims for violation of State of California Regulations because Plaintiffs have failed to allege sufficient facts to show a right to relief.

This motion is made pursuant to FRCP 12(b)(6) and on the grounds the FAC fails to state any claim upon which relief can be granted.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the concurrently filed request for judicial notice, the pleadings and papers field herein and upon such other evidence or argument as may be presented to the Court at the time of the hearing.

                                Respectfully Submitted,

DATED: May 29, 2020          SKANE WILCOX LLP

                    By:    _</s> Jonathan Belaga_____
                           Wendy L. Wilcox, Esq.
                           Jonathan J. Belaga, Esq.
                           Attorneys for Defendants,
                           ALAMEDA COUNTY SHERIFF'S OFFICE,
                           GREGORY J. AHERN, THOMAS F.
                           MADIGAN, D. HOUGHTELLING,
                           CAPTAIN DERRICK C. HESSELEIN,
                           DEPUTY IGNONT (SP), DEPUTY JOE
                           (SP), TECHNICIAN KAISER, AND
                           COUNTY OF ALAMEDA

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................... 5

TABLE OF AUTHORITIES ...................................................................... 6

I.    INTRODUCTION AND SUMMARY OF FIRST AMENDED COMPLAINT  8

II.   SUMMARY OF ARGUMENT ............................................................. 9

III.  BASIC PLEADING STANDARDS ..................................................... 9

  A. FRCP Rule 12(b)(6) Standards............................................................. 9

IV.   ARGUMENT .......................................................................................... 10

  A.   PLAINTIFFS' FEDERAL LAW CLAIMS ONE THROUGH THREE ARE
  BARRED DUE TO PLAINTIFFS' FAILURE TO EXHAUST THEIR
  ADMINISTRATIVE REMEDIES UNDER THE PRISONERS LEGAL
  REMEDIES ACT, 42 U.S.C. § 1997(e) ET SEQ. .................................................. 10

  B.   PLAINTIFFS' FIRST AMENDMENT CLAIMS FAIL AS A MATTER OF
  LAW. ...................................................................................................................... 12

  C.   PLAINTIFFS' FOURTH AMENDMENT CLAIMS FAIL AS A MATTER
  OF LAW. ............................................................................................................... 12

  D.   PLAINTIFFS' FIFTH AMENDMENT CLAIMS FAIL AS A MATTER OF
  LAW. ...................................................................................................................... 13

  F.   PLAINTIFFS ALSO FAIL TO STATE A CLAIM UNDER THE
  FOURTEENTH AMENDMENT ......................................................................... 15

    1.   The First Claim for Relief ............................................................... 15

    2.   Second Claim for Relief .................................................................. 17

    3.   Third Claim for Relief ..................................................................... 19

VIII.   CONCLUSION ....................................................................................... 22

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................... 9, 14, 16, 17

*Atieh v. Riordan* 727 F3d 73, (1st Cir. 2013) ........................................................... 10

*Balistreri v. Pacifica Police Dept.,* 901 F.2d 696 (9th Cir.1990)........................... 10

*Bell v. Wolfish*, 441 U.S. 520 (1979) ...................................................................... 13

*Coto Settlement v. Eisenberg*, 593 F3d 1031 (9th Cir. 2010)................................. 10

*Farmer v. Brennan*, 511 U.S. 825 (1994) ......................................................... 13, 14

*Hudson v. Palmer*, 468 U.S. 517 (1984) ................................................................ 13

*Porter v. Nussle*, 534 U.S. 516 (2002) ................................................................... 12

*Ramirez v. Galaza*, 334 F.3d 850 (9th Cir. 2003)................................................... 12

*Revere v. Mass. Gen. Hosp.*, 463 U.S. 239 (1983) .................................................. 15

*Riley v. Camp*, 130 F.3d 958 (11th Cir. 1997)........................................................ 13

*Skilstaf, Inc. v. CVS Caremark Corp*, 669 F3d 1005 (9th Cir. 2012)...................... 10

*Strom v. United States* (9th Cir. 2011) 641 F3d 1051, 1067. Rule 12(b) .................. 9

*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F3d 954, 960 (9th Cir.
     2010)................................................................................................................. 10

**Statutes**

18 U.S.C. § 1589 ........................................................................................................ 9

42 U.S.C. § 1983 ................................................................................................... 9, 10

42 U.S.C. § 1997(e), subpart (a) ............................................................................. 11

42 U.S.C. §1983 ....................................................................................................... 11

Fed. R. Civ. P. 12(b)(6)............................................................................................ 10

Prisoners Legal Remedies Act, 42 U.S.C. § 1997(e) et seq. ..................................... 9

**Federal Rules**

Fed. R. Civ. Proc. Rule 12 ................................................................................... 9, 10

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS
AND AUTHORITIES;
CASE NO.: 3:19-cv-07423-JSC

**California Regulations**

15 Cal. Code Regs, § 1006 ........................................................................... 15

15 Cal. Code Regs., § 1051 .......................................................................... 15

15 Cal. Code Regs., § 1061 .......................................................................... 15

15 Cal. Code Regs., § 1062 .......................................................................... 16

15 Cal. Code Regs., § 1073 .......................................................................... 16

15 Cal. Code Regs., § 1080 .......................................................................... 16

15 Cal. Code Regs., § 1200 .......................................................................... 18

15 Cal. Code Regs., § 1206 .......................................................................... 18

15 Cal. Code Regs., § 1210 .......................................................................... 18

15 Cal. Code Regs., § 1230 .......................................................................... 19

15 Cal. Code Regs., § 1240 .......................................................................... 20

15 Cal. Code Regs., § 1241 .......................................................................... 20

15 Cal. Code Regs., § 1242 .......................................................................... 21

15 Cal. Code Regs., § 1243 .......................................................................... 21

15 Cal. Code Regs., § 1248 .......................................................................... 22

15 Cal. Code Regs., § 1263 .......................................................................... 17

15 Cal. Code Regs., §§ 1260-1262 .............................................................. 16

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiffs, current and former inmates at the Santa Rita Jail (the "Jail") in Alameda County, have alleged various Federal and State law Claims against the County of Alameda (the "County"), the Alameda County Sheriff's Office, Gregory J. Ahern, Thomas Madigan, Derrick Hesselein, Deputy Joe, Deputy Ignont, Well-Path Management, Inc., Aramark Correctional Services, LLC and various doe defendants.

In a rambling, unorganized, and unclear manner, which is clearly cut and pasted from complaints in other matters, Plaintiffs, in the First Amended Complaint ("FAC") allege that the male prisoners at the Jail are suffering violations of their constitutional rights due to the food service, medical service, and general conditions at the Jail. Although the FAC seeks to state a putative class of male inmates, the FAC makes regular references to pregnant prisoners. (FAC ¶¶ 58, 59, 60.)

Plaintiffs allege that the medical services are designed to deny them medical care, and that the food services are designed to deny them proper nutrition. Plaintiffs also allege that the conditions of the Jail are unsanitary and that they are not given enough cleaning supplies, soap, detergents or clothing to maintain the cleanliness of the Jail.

Plaintiffs further allege that the conditions of the jail, the conditions of the food service, and the conditions of the medical service violate several State of California regulations thereby infringing on Plaintiffs' Constitutional rights.

Defendants the County the Alameda County Sheriff's Office, Gregory J. Ahern, Thomas Madigan, Derrick Hesselein, Deputy Joe, and Deputy Ignont ("Defendants" or "Moving Defendants") hereby move to dismiss the Complaint for failure to state a claim against Defendants for which relief may be granted.

## II.   SUMMARY OF ARGUMENT

The first, second, and third claims of Plaintiffs' FAC for violation of Federal Law, 42 U.S.C. § 1983, are barred due to Plaintiffs' failure to exhaust their administrative remedies as required under the Prisoners Legal Remedies Act, 42 U.S.C. § 1997(e) et seq. Under that statute, Plaintiffs were required to exhaust all administrative remedies available to them regarding Jail conditions prior to bringing any lawsuit under 42 U.S.C. §1983, or any other Federal law, regarding those conditions. Plaintiffs have failed to allege that they have exhausted the administrative remedies available to them at the Jail, therefore their Federal Law claims are barred.

In addition, Plaintiffs' allegations fail to meet the pleading standards required by Rule 8 of the Federal Rules of Civil Procedure and the related case law in *Ashcroft v. Iqbal*, and its progeny. For example, Plaintiffs make general allegations about conditions at the jail, but fail to state facts sufficient to show that they are entitled to relief or even that they attempted to address these issues through the Jail's grievance procedures. Many of Plaintiffs' allegations of violated rights have absolutely zero facts pleaded to support the allegations.

For these reasons, and as set forth more fully below, the court should grant this motion and dismiss all of the Claims asserted in Plaintiffs' FAC. In the alternative, the Court should dismiss first, second, and third claims related to the alleged individual violations for the reasons stated herein.

## III.   BASIC PLEADING STANDARDS

### A. FRCP Rule 12(b)(6) Standards.

A Rule 12(b)(6) motion is similar to the common law general demurrer—i.e., it tests the legal sufficiency of the claim or claims stated in the complaint. (*Strom v. United States* 641 F3d 1051, 1067 (9th Cir. 2011).) Rule 12(b) provides that "a party may assert the following defenses by motion: … failure to state a claim upon which

relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the claim or claims stated in the complaint."

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (*Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks omitted.)) The facially plausible standard "is a screening mechanism designed to weed out cases that do not warrant either discovery or trial." (*Atieh v. Riordan*, 727 F3d 73, 76 (1st Cir. 2013).)

A claim can be dismissed under Rule 12(b)(6) "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990) (citation omitted).)

Generally, the court cannot consider material outside the complaint except for facts susceptible to judicial notice. (*Coto Settlement v. Eisenberg*, 593 F3d 1031, 1038 (9th Cir. 2010).) A matter that is properly the subject of judicial notice (see Fed. R. Evid., rule 201) may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim. (*Skilstaf, Inc. v. CVS Caremark Corp*, 669 F3d 1005, 1016 (9th Cir. 2012).) The court need not accept as true allegations that contradict facts which may be judicially noticed by the court. (*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F3d 954, 960 (9th Cir. 2010).)

## IV.   ARGUMENT

### A. PLAINTIFFS' FEDERAL LAW CLAIMS ONE THROUGH THREE ARE BARRED DUE TO PLAINTIFFS' FAILURE TO EXHAUST THEIR ADMINISTRATIVE REMEDIES UNDER THE PRISONERS LEGAL REMEDIES ACT, 42 U.S.C. § 1997(e) ET SEQ.

The FAC alleges a first, second and third claim for violation of 42 U.S.C. §1983 based upon the allegations that due to the conditions at the Jail Plaintiffs were

deprived of certain constitutional rights guaranteed under the Eighth and Fourteenth Amendments to the United States Constitution.  However, exhaustion of the administrative remedies available to the Plaintiffs for the FACs regarding Jail conditions is a prerequisite to filing any lawsuit based upon a violation of 42 U.S.C. §1983 or any other Federal Law (emphasis added.) The failure to allege the exhaustion of administrative remedies bars any claim based upon conditions at the Jail.

> 42 U.S.C. § 1997(e), subpart (a) provides:
> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The FAC filed herein fails to allege Plaintiffs, or any of them, complied with any administrative remedies available to them regarding the conditions at the Jail, therefore their federal law claims are barred as a matter of law.

Although Plaintiffs make a general statement in the FAC that "Prisoners have filed grievances on these issues," Plaintiffs do not allege that the administrative remedies have been exhausted. While Plaintiffs have attached a "mass grievance" to the FAC (Exhibit C), the "mass grievance" is insufficient because it does not follow the grievance procedure of the jail, and, even if it did, there is no allegation that the grievance was denied or that the administrative remedies had been exhausted. For these reasons, Plaintiffs' claims are barred as a matter of law.

## B. PLAINTIFFS CLASS CLAIMS AND THEIR CLAIMS FOR INJUNCTIVE RELIEF ARE BARRED FOR FAILURE TO EXHAUST THEIR ADMINISTRATIVE REMEDIES.

Plaintiffs allege in the FAC that "multiple members of the class have filed grievances in this case, and exhausted the grievance process." (FAC ¶ 131.) This is insufficient to state a claim that they are entitled to remedies because Plaintiffs fail

to state which *named Plaintiffs* have filed grievances, what the grievances were about, and how they have exhausted the grievance process.  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." (*Porter v. Nussle*, 534 U.S. 516, 532 (2002).) It is not sufficient to state that some person filed a grievance; therefore, a different person has satisfied the requirements of the PLRA.  For this reason, Plaintiffs' class claims and their claims for injunctive relief are barred and should be dismissed.

## C. PLAINTIFFS' FIRST AMENDMENT CLAIMS FAIL AS A MATTER OF LAW.

Plaintiffs allege in their first claim for relief that the general allegations in the FAC violate their First Amendment Rights. (FAC, ¶¶ 176, 180.) While the actual First Amendment Rights Plaintiffs are claiming Defendants violated are unclear from the FAC, it appears that Plaintiffs are claiming that Defendants actively discouraged the inmates from filing grievances by ignoring the grievances, stating that the grievances are "not grievable," or by providing formulaic responses that did not actually address the grievances.  There is, however, no legitimate claim of entitlement to a grievance procedure. (*Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).) As a result, Plaintiffs' First Amendment claim fails as a matter of law.

## D. PLAINTIFFS' FOURTH AMENDMENT CLAIMS FAIL AS A MATTER OF LAW.

Plaintiffs allege in their first claim for relief that the general allegations in the FAC violate their Fourth Amendment Rights. (FAC, ¶¶ 176, 180.) While the actual Fourth Amendment Rights Plaintiffs are claiming Defendants violated are unclear from the FAC, it appears that Plaintiffs are claiming they are subject to excessive searches. As incarcerated persons, they have no such rights. "[T]he Fourth Amendment proscription against unreasonable searches does not apply within the

confines of the prison cell." (*Hudson v. Palmer*, 468 U.S. 517, 526 (1984).) As a result, Plaintiffs Fourth Amendment claims fail as a matter of law and should be dismissed.

### E. PLAINTIFFS' FIFTH AMENDMENT CLAIMS FAIL AS A MATTER OF LAW.

Plaintiffs allege in their first claim for relief that the general allegations in the FAC violate their Fifth Amendment Rights. (FAC, ¶ 180.)Plaintiffs' Fifth Amendment claims are unspecified in the FAC. The Fifth Amendment protects against double-jeopardy, self-incrimination, unfair condemnation, and provides a right to due process. Plaintiffs make no allegation in the FAC about double-jeopardy, self-incrimination, or unfair condemnation. Whether the FAC makes any allegation about Plaintiffs' Fifth Amendment right to due process is debatable; however, because the acts complained of were committed by state rather than federal officials, Plaintiffs cannot state a claim for violation of the Fifth Amendment Due Process Clause. (*Riley v. Camp*, 130 F.3d 958, 972 n.19 (11th Cir. 1997).) As a result, Plaintiffs' Fifth Amendment claims fail as a matter of law and should be dismissed.

### F. PLAINTIFFS' EIGHTH AMENDMENT CLAIMS FAIL BECAUSE PLAINTIFFS MAKE NO CLAIMS THAT WOULD BE SUBJECT TO THE EIGHTH AMENDMENT.

Plaintiffs' first, second, and third claims for relief try to state a claim for recovery under the Eighth Amendment. To state a claim under the Eighth Amendment, Plaintiffs must first have been convicted and sentenced for a crime. (*Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).) Then Plaintiffs must prove: (1) that they are incarcerated under conditions posing a substantial risk of serious harm; and (2) that the jail officials are deliberately indifferent to inmate health or safety. (*Farmer v. Brennan*, 511 U.S. 825, 834 (1994).) "A prison official cannot be found

liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." (*Id.* at 1979.) None of the named Plaintiffs in this case make any specific allegations about their conditions of confinement in the FAC.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citation omitted).) "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." (*Id.* at 679.) In this case, there are no factual allegations at all by the relevant named Plaintiffs.

Put simply, it cannot be determined from the FAC how the named Plaintiffs are involved in the cause of action related to the conditions of confinement. To state a claim, Plaintiffs have to plead facts sufficient to show that the named Plaintiffs are plausibly entitled to relief. (*Id.* at 679.) Plaintiffs, however, make no mention of which prisoners are convicted and sentenced, in which housing units these prisoners are housed, whether these men are housed in minimum security or some other classification, or how their actions relate to the events that occurred in Housing Unit 31C on October 18, 2019. In other words, they do not make any factual allegations as to who is entitled to relief under the Eighth Amendment or why. Notably, none of the named Plaintiffs make any specific allegations about how they were personally impacted by the conditions of confinement, much less any allegations that would entitle them to Eighth Amendment relief. For these reasons, Plaintiff's Eighth Amendment allegations fail as a matter of law and should be dismissed.

## G. PLAINTIFFS ALSO FAIL TO STATE A CLAIM UNDER THE FOURTEENTH AMENDMENT

Plaintiffs have also claimed damages under the Fourteenth Amendment in their first, second, and third claims for relief. The Fourteenth Amendment Due Process clause ensures that the rights of pretrial detainees are at least as great as the rights provided for by the Eighth Amendment to a convicted prisoner. (*Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).) As a result, it is through the Fourteenth Amendment's Due Process Clause that Plaintiffs appear to be trying to state their case. Correctional facilities must ensure that prisoners receive adequate food, clothing, shelter, and medical care. (*Farmer v. Brennan*, 511 U.S. 825, 832 (1994).)

### 1. The First Claim for Relief

For their first claim for relief, Plaintiffs allege that the conditions of confinement and sanitation in the jail, including the laundry, do not meet the regulations that the State of California has in place for local jails.  The standards Plaintiffs allege fall within Title 15 of the California Code of Regulations. According to the Regulations, the jail is defined as a Type II facility, meaning that it is a local detention facility used for the detention of persons pending arraignment, during trial, and upon a sentence of commitment. (15 Cal. Code Regs., § 1006.)

Plaintiffs allege violations of the following Regulations:

a.  15 Cal. Code Regs… § 1051.

Section 1051 requires that a policy be developed to determine at the time of intake if further medical evaluation for communicable diseases or if medical segregation is required.  Plaintiffs state no allegation in the FAC that this policy is not in place or is not followed; therefore, they fail to state a claim for violation of this regulation.

b.  15 Cal. Code Regs… § 1061.

Section 1061 requires that an inmate education program be provided subject to available resources.  Plaintiffs actually admit in the FAC that this program is in place; therefore, they cannot state a claim for violation of this regulation. (FAC, ¶ 85.)

c.   15 Cal. Code Regs… § 1062.

Section 1062 requires that a Type II facility develop written policies and procedures for inmate visiting which shall provide for as many visits and visitors as facility schedules, space, and number of personnel will allow.  For sentenced inmates, this means no fewer than two allowed visits totaling at least one hour per week, per inmate. Under the Fourteenth Amendment, the same minimum standard would also be applied for pre-trial detainees.  Plaintiffs make only general allegations about cancelled visits for some inmates, but there are no facts pleaded to show whether these cancelled visits plausibly give rise to an entitlement to relief. (*Iqbal*, 556 U.S.at 679.) As a result, these allegations fail to satisfy the pleading requirements and should be dismissed.

d.   15 Cal. Code Regs…§ 1073.

Section 1073 requires that the jail implement a written policy and procedures related to the filing and appeal of grievances. It is clear from the FAC that such written policies and procedures exist. Again, there is no constitutional claim to entitlement to a grievance procedure, so this claim must be dismissed. (*Ramirez*, 334 F.3d at 860).

e.   15 Cal. Code Regs… § 1080.

Section 1080 requires that written rules and disciplinary penalties be established and conspicuously posted or issued to the inmate upon booking. There is no allegation in the FAC that the rules are not established or posted, or issued to the inmates upon booking.

f.   15 Cal. Code Regs… §§ 1260-1262.

Plaintiffs allege that they are limited to one set of clean clothes per week. This is allowed for outer garments by section 1262. As a result, Plaintiffs cannot state and have not stated a claim that the regulation has been violated.

g.  15 Cal. Code Regs… § 1263.

Section 1263 requires that clean clothing, bedding, and linen be available for the needs of the inmate population. The section also requires that written policy and procedures specify the handling of laundry that is known or suspected to be contaminated with infectious material.  Plaintiffs do not allege that such a policy was not in place; therefore, they fail to state a claim that the regulation has been violated.

Notably, these are the regulations applicable to the First Cause of Action, and Plaintiffs have made no allegations that the County Defendants have violated these requirements. For these reasons, Defendants request that this Court grant their Motion to Dismiss for Failure to State a Cause of Action related to these Regulations individually, and the first claim for relief, as well.

## 2.  Second Claim for Relief

Plaintiffs' Second Cause of Action is an allegation that co-Defendant Well-Path and the Alameda County Sheriff's Office violated Plaintiffs' constitutional rights by participating in a customary plan to restrict Plaintiffs' access to medically necessary and appropriate medical care. The allegations in the FAC are that the contract between Well-Path and the Sheriff's Office provided an incentive for Well-Path to deny medical care to prisoners. (FAC, ¶ 63.) As with the First Cause of Action, the Second Cause of Action arises under the Eighth Amendment for sentenced prisoners, and the Fourteenth Amendment Due Process Clause for pre-trial detainees.

As noted above, to state a claim, Plaintiffs must plead facts sufficient to plausibly give rise to an entitlement to relief. (*Iqbal*, 556 U.S.at 679.)  Once again, the FAC fails to do so.  The allegations in the FAC are sparse as to who was denied

medical care, and why particular determinations were made. Specifically, Gerrans was provided an intake screening, and was ultimately able to meet with a physician who prescribed him the appropriate medication for his condition. Gerrans does not show that he was damaged by inappropriate medical care or how his care resulted from the alleged deficiencies in the contract between the jail and Well-Path. No other named Plaintiff makes an allegation as to delayed medical care.

As to other, unnamed putative class members, their conditions, alleged injuries and potential damages would be so specific that Plaintiffs will be unable to satisfy the representative and numerosity requirements to state a claim on behalf of the proposed class members.

The FAC alleges general violations of the following regulations under Title 15 of the California Code of Regulations, as well:

a. 15 Cal. Code Regs… § 1200.

Section 1200 provides that the facility administrator has the responsibility to ensure provision of emergency and basic health care services to all inmates. Plaintiffs' own allegations in the FAC prove that this regulation has not been violated. The purpose of the contract with Well-Path is to ensure provision of emergency and basic health care services to all inmates. As a result, Plaintiffs have failed to state a claim for violation of this regulation.

b. 15 Cal. Code Regs… § 1206.

Section 1206 provides that the facility have in place policies to address the identification, treatment, control, and follow-up management of communicable diseases.  Such plans exist, and there is no allegation that they do not. The intake/booking procedure meets the requirements of this rule.  As a result, Plaintiffs cannot state a claim that this regulation has been violated.

c. 15 Cal. Code Regs… § 1210(b).

Section 1210(b) requires a written treatment plan for inmates' health conditions that require it. Once again, there is no allegation in the FAC that these written treatment plans do not exist.

As noted above, the Regulations cited by Plaintiffs have not been violated. As a result, Defendants request that this Court grant their Motion to Dismiss on the Second Cause of Action.

### 3. Third Claim for Relief

Plaintiffs' third claim for relief is an allegation that co-Defendant Aramark and the Alameda County Sheriff's Office violated Plaintiffs' constitutional rights by providing inadequate and inedible food. This claim for relief also arises under the Eighth Amendment for sentenced prisoners, and the Fourteenth Amendment Due Process Clause for pre-trial detainees.

Once again, there are no specific individual allegations for any of Plaintiffs regarding inadequate food, that they are malnourished or that anyone was specifically injured by inadequate food. The allegations in the FAC are limited to general allegations the food is not properly prepared, the kitchen is unsanitary, the food is spoiled when received, not properly stored, and the meals are served erratically. Plaintiffs also allege the food trays are not properly cleaned.  Notably, the FAC is deliberately vague as to who has suffered injury as a result of these allegations, how often these issues appear, whether individual inmates have sought remedies at the time, and, if unavailable, whether they brought these issues to the attention of the jail through the grievance process.

Plaintiffs also fail to address whether or not individual issues have been resolved. As a result, Plaintiffs fail to state a claim under *Iqbal*.

For the conditions of the kitchen and the food, the Plaintiffs allege violations of the following Title 15 regulations in the FAC:

a.  15 Cal. Code Regs… § 1230.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES;
CASE NO.: 3:19-cv-07423-JSC

Section 1230 provides that the responsible physician and food services manager should develop written procedures for medical screening of inmate food service workers prior to working in the facility kitchen. Plaintiffs allege the prisoners working in the kitchen are not routinely screened for communicable diseases; however, this is not consistent with other allegations. There is no dispute and no allegation that prisoners are screened for communicable diseases upon entry into the jail or whether they are screened again prior to being assigned to work in the kitchen.  There is no allegation as to how often they need to be screened after that point, and, more importantly, there is no allegation that any kitchen worker ever had a communicable disease within the meaning of the regulation or that any Plaintiff or any member of the class has been harmed in any way related to this regulation.

      b.  15 Cal. Code Regs… § 1240.

Section 1240 provides that food must be served three times in any 24-hour period, with at least one of the meals being hot food. Supplemental food must be provided if more than 14 hours pass between meals, and inmates on medical diets must be served food in shorter intervals, if prescribed. Inmates must be given at least 15 minutes to eat their meal. Again, if prescribed, inmates must be given additional time to eat. If an inmate misses a meal, a substitute meal must be given, and it must be consistent with any prescribed medical needs.

Plaintiffs allege that the meals are often served at irregular intervals, but there are no allegations that any inmate is not given food or a required medical diet. As a result, Plaintiffs have failed to state a claim that this regulation has been violated.

      c.  15 Cal. Code Regs… § 1241.

Section 1241 sets the minimum dietary requirements to be provided to inmates. The requirements are that a wide variety of food should be served. Although the term "wide variety" is not defined, Section 1241 does list several different proteins from which three servings per day are required, dairy items from

which three servings per day are required, vegetables and fruit, from which five servings are required (including one serving of fresh fruit or vegetable per day, one serving of Vitamin C source per day, and one serving of Vitamin A source per day).

Plaintiffs' specific allegations regarding this regulation are that the dairy items often arrive spoiled. Plaintiffs do not state and do not allege that Defendants are unable to offer a remedy for this situation or that they fail to do so, even on occasion.

Plaintiffs also allege the fresh fruits and vegetables are bagged mini carrots, oranges and apples. It is unclear how this violates Plaintiffs' rights or the regulation in question. Plaintiffs also allege that the fresh fruits and vegetables are seldom offered, but they do not define what is meant by "seldom."

Section 1241 also states that providing only the minimum servings outlined is not sufficient to meet caloric requirements, and that additional dairy, vegetable-fruit, and bread-cereal groups must be provided to meet caloric requirements. In relation to this part of the regulation, Plaintiffs have alleged that the food is provided with the purpose of only meeting the goal of a minimum calorie count. This separate allegation specifically contradicts the cause of action related to insufficient calories.

d.  15 Cal. Code Regs… § 1242.

Section 1242 requires that menus be planned at least one month in advance, and should provide a variety of foods, preventing repetitive meals. Plaintiffs specifically allege that the food is repetitive, overcooked, and tasteless. Plaintiffs do not define what "repetitive" means; therefore, they fail to state a claim under the requirements of *Iqbal*.

e.  15 Cal. Code Regs… § 1243.

Section 1243 requires that the jail have a written food service plan compliant with the California Retail Food Code. It also requires that a trained experienced food services manager prepare and implement the food service plan.  There is no

allegation that there is no trained experienced food services manager at the Jail. (This is the reason the jail contracts with Aramark to provide these services.)

Plaintiffs allege that the food does not comply with section 113980 of the Retail Food Code because, among other things, it is often served spoiled, dirty, infested with vermin, and is otherwise not fit for consumption. Specific allegations by Plaintiff are that the food trays often have dried, hardened old food, rodent and vermin droppings or bird excrement. Plaintiffs also allege that boiled mice are sometimes found in the beans. These allegations, if true, are able to be remedied at the time the problem is detected. Plaintiffs fail to state that such remedies are not offered, not available, or denied; therefore, they fail to meet the requirements of the PLRA or the pleading standards in *Iqbal*.

 f. 15 Cal. Code Regs… § 1248.

Section 1248 requires that medical diets be planned, prepared and served with consultation from a registered dietitian. There is also a requirement that the medical diet manual must be made available in the medical unit and the food service office for reference and information. The manual must include sample menus.  There is no allegation in the FAC that any prisoner who needed a medical diet was not given one, nor is there any allegation that any of the provisions of this regulation were violated.

Once again, Plaintiffs' FAC fails to meet the pleading standards required by *Iqbal*. Plaintiffs have mere conclusory allegations that conditions exist, but they do not allege that they have attempted to address the issues through the administrative grievance process, nor do they allege whether or not Defendants have denied these grievances.

## VIII.   CONCLUSION

Under the Prisoners Legal Remedies Act, 42 U.S.C. § 1997(e), et seq. Plaintiffs were required to exhaust the administrative remedies available to them

before filing any civil action related to Jail conditions under 42 U.S.C. § 1983 or any other federal law. The Plaintiffs' failure to plead the exhaustion of their administrative remedies prior to filing this action is fatal to their first through third causes of action.

Further, Plaintiffs fail to state a claim on any of the claims for relief in the FAC because the FAC fails to meet the pleading standards required by *Iqbal*. Plaintiffs have failed to plead facts sufficient to show that any Plaintiff is entitled to individual relief; therefore, each and every claim for relief or theory of recovery should be dismissed.

Respectfully Submitted,

DATED: May 29, 2020          SKANE WILCOX LLP


By:     _</s> Jonathan Belaga_____
          Wendy L. Wilcox, Esq.
          Jonathan J. Belaga, Esq.
          Attorneys for Defendants, COUNTY OF
          ALAMEDA