LAW OFFICES OF YOLANDA HUANG
YOLANDA HUANG, SBN 104543
528 Grand Avenue
Oakland, CA 94610
Telephone: (510) 329-2140
Facsimile:  (510) 580-9410
Email: yhuang.law@gmail.com

DENNIS CUNNINGHAM, SBN 112910
115A Bartlett St.
San Francisco, CA 94110
Telephone: 415-285-8091
Facsimile:  415-285-8092
Email:  denniscunninghamlaw@gmail.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| **ALAMEDA COUNTY MALE PRISONERS** And Former Prisoners, DANIEL GONZALEZ, et al. on behalf of themselves and others similarly situated, <u>as a Class, and Subclass</u><br><br>**PLAINTIFFS,**<br><br>vs.<br><br>**ALAMEDA COUNTY SHERIFF'S OFFICE**, et al<br><br>**DEFENDANTS.** | No. 3:19-cv-07423 JSC<br><br>**PLAINTIFFS OPPOSITION TO DEFENDANTS ALAMEDA COUNTY SHERIFF'S OFFICE, GREGORY AHERN THOMAS F. MADIGAN, D. HOUGHTELING, CAPTAIN DERRICK C. HESSELEIN, DEPUTY IGNONT, DEPUTY JOE, TECHNICIAN KAISER AND COUNTY OF ALAMEDA'S MOTION TO DISMISS UNDER FRCP 12(b)(6)**<br><br>Date: July 16, 2020<br>Time: 9:00 A.M.<br>Dept: Courtroom E, 15th Floor<br><br>Hon. Jacqueline S. Corley, presiding |

1

**PLAINTIFFS' RESPONSE TO COUNTY DEFENDANTS' 12(B)(6) MOTION**

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No: 3:129-cv-07423-JSC

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................... 1

II. ARGUMENT............................................................................................................................. 2

   A. EXHAUSTION OF ADMINISTRATIVE REMEDIES IS AN AFFIRMATIVE DEFENSE, NOT A REQUIREMNT OF PLEADING ........................................................................................ 2

1. Plaintiffs' First Amended Complaint Asserts That Defendants Actively Thwarted Plaintiffs' Attempts To Utilize Administrative Remedies ............................................................................. 2

2. Sheriff Defendants' Conduct Rendered The Grievance Process Unavailable. ........................... 2

3. Plaintiffs Have Pled Exhaustion of Administrative Remedies. .................................................. 3

4. Sheriff Defendants Violated Plaintiffs' First Amendment Rights ............................................. 3

   B. DEFENDANTS' CLAIMS OF RIGHT TO UNFETTERED INMATE SEARCHES VIOLATES THE FOURTH AMENDMENT. ....................................................................................... 4

   C. PLAINTIFFS HAVE PLED AN OVER-ABUNDANCE OF SYSTEM-WIDE CONDITIONS THAT AFFECT EACH AND EVERY PLAINTIFF AND MALE PRISONER AT SANTA RITA JAIL ........................................................................................................................... 4

1. Plaintiffs Have Pled An Abundance of Unconstitutional System-Wide Conditions. ............ 5

2. Plaintiffs have Properly Asserted Claims Regarding Conditions of Confinement Under the 8th Amendment. ............................................................................................................................ 5

3. The FAC Has An Abundance of Facts Which Satisfy The Iqbal Plausability Requirement. 6

4. The Food At Santa Rita Jail is Inedible and Does Not Meet the Nutritional, Sanitation Nor Health Needs of Prisoners. ........................................................................................................... 7

   D. THE FAC MORE THAN MEETS THE REQUIREMENTS OF RULE 8 ............................... 7

1. Existence of A Policy does not Excuse Cruel and Inhumane Conditions of Confinement ... 8

2. Sheriff Defendants Are Required to Provide Clean Laundry, Not Merely Adopt a Policy. . 9

3. Whether The Jail's Inmate Programs Meet Regulatory Mandates is a Factual Issue. ...... 10

i

**PLAINTIFFS' RESPONSE TO COUNTY DEFENDANTS' 12(B)(6) MOTION**

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No: 3:129-cv-07423-JSC

4.  Pleadings Are Not Required to Define Regulatory Terms. ................................... 10

5.  Factual Disputes Are Not A Basis for Dismissal. ................................................. 11

6.  Unsanitary and Rodent Infested Food Are Prima Facie Wrongs ......................... 12

7.  Facts Alleging Denial of Visitation Are Plausible Factual Allegations ............... 12

8.  The FAC Describes System Wide Failures .......................................................... 12

   E.   LEAVE TO AMEND ......................................................................................... 13

   F.   CONCLUSION ................................................................................................... 14

ii

**PLAINTIFFS' RESPONSE TO COUNTY DEFENDANTS' 12(B)(6) MOTION**
*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No: 3:129-cv-07423-JSC

# TABLE OF AUTHORITIES

**Cases**

*Albino v. Baca* 747 F.3d 1162, 1166 (9th Cir. 2014). ............................................................... 2

*Ashcroft v. Iqbal*, (2009) 556 U.S. 662 .............................................................................. 7, 8, 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ............................................................. 4

*Bell v. Wolfish*, (2007) 441 U.S. 510 ..................................................................................... 5, 6

*Conley v. Gibson*,(1957) 355 U.S. 41, 47 ................................................................................. 7

*Eminence Capital, LLC v. Aspeon, Inc.*, (9th Cir. 2003) 316 F.3d 1048 ............................... 13

*Erickson v. Pardus*, (2007) 551 U.S. 89, 94 ............................................................................ 4

*Florence v. Board of Chosen Freeholders of County of Burlington* (2012) 566 U.S. 318, 341. ........... 4

*Foman Davis*, (1962) 371 U.S. 178, ....................................................................................... 13

*Hudson v. Palmer*, (1984) 468 U.S. 517 .................................................................................. 4

*Johnson v. Meltzer*, (9th Cir. 1998) 134 F.3d 1393 ................................................................. 6

*Jones v. Bock* (2007) 549 U.S. 199, 199 .................................................................................. 2

*Owens v. Kaiser Found. Health Plan, Inc*. (9th Cir. 2001) 244 F.3d 708 ............................. 13

*Parkell v. Danberg* (3rd Cir. 2016) 833 F. 3d 313 .................................................................... 4

*Pierce V. County of Orange (9th Cir. 2008)* 526 F.3d 1190 ..................................................... 6

*Ramirez v. Galaza* (9th Cir. 2003) 334 F.3d 850 ..................................................................... 3

*Redman v. Cnty. of San Diego,* (9th Cir. 1991) 942 F.2d 1435 ............................................... 6

*Redon v. Ruiz*, 2016 WL 3406126, at *4 (S.D. Cal. June 21, 2016) ..................................... 13

*Shroyer v. New Cingular Wireless Servs., Inc.,* (9th Cir. 2010) 622 F.3d 1035, ................... 5

*Sonoma County Ass'n of Retired Employees v. Sonoma County*, (9th Cir. 2013) 708 F.3d 1109 ...... 13

*v.* 13

*Zapata Fonseca v. Goya Foods Inc.* (N.D. Cal., Sept. 8, 2016, No. 16-CV-02559-LHK) 2016 WL
    4698942 .................................................................................................................... 8, 11

ii

**PLAINTIFFS' RESPONSE TO COUNTY DEFENDANTS' 12(B)(6) MOTION**

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No: 3:129-cv-07423-JSC

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 15(a)(2). ............................................................................................................... 13

Fed. R. Civ. P. 8(a)(2). ................................................................................................................... 4

**California Regulations**

Cal. Code Regs., tit. 15, § 100 ....................................................................................................... 9

Cal. Code Regs., tit. 15, § 1061 ................................................................................................... 10

Cal. Codes Regs. tit. 15 § 1230 .................................................................................................... 10

Cal. Codes Regs. tit. 15 § 1240 .................................................................................................... 10

Cal. Codes Regs. tit. 15 § 1241 .................................................................................................... 10

Cal. Codes Regs. tit. 15 § 1242 .................................................................................................... 10

Cal. Codes Regs. tit. 15 § 1243 .................................................................................................... 10

Cal. Codes Regs. tit. 15 § 1248 .................................................................................................... 10

Cal. Codes Regs. tit. 15 §1242 ..................................................................................................... 10

Cal. Code Regs., tit. 15, § 1263 ............................................................................................... 9, 10

**PLAINTIFFS' RESPONSE TO COUNTY DEFENDANTS' 12(B)(6) MOTION**

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No: 3:129-cv-07423-JSC

## I. INTRODUCTION

Defendants ALAMEDA COUNTY SHERIFF'S OFFICE, GREGORY AHERN, THOMAS F. MADIGAN, D. HOUGHTELLING, CAPTAIN DERRICK C. HESSELEIN, DEPUTY IGNONT, DEPUTY JOE, TECHNICIAN KAISER AND COUNTY OF ALAMEDA (hereinafter "Sheriff Defendants") submit their motion for dismissal supported by sparse legal authority and a deliberate attempt to ignore the plethora of facts in plaintiffs' fact rich First Amended Complaint ("FAC"), filed by Male Prisoners of Santa Rita Jail. The density and level of detail in plaintiffs' fact rich complaint speaks of a complaint grounded in the long time, every day experiences of Male Prisoners of Santa Rita Jail. Defendants' motion to dismiss should be denied.

Plaintiffs DANIEL GONZALEZ, ROCCI GARRETT, LAWRENCE GERRANS and MICHAEL LUCAS, MARTIN GALLARDO, SERGIO MORALES-SERVIN, DWIGHT ADAMS, SAUL ESPINOSA, CEDRIC HENRY, OCIE LEE JOHNSON, TYRONNE ALEXANDER JONES, MATTHEW PIERCE, DIONTAY SHACKLEFORD, ERIC WAYNE are or at one time, were, incarcerated in Santa Rita Jail. They seek to represent the class of all the male prisoners at Santa Rita Jail who endure wrong and unconstitutional conditions of incarceration at Santa Rita Jail.

Contrary to the Sheriff Defendants' assertions,

1. Failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. 1997e, is an affirmative defense, and while not required to be pled; Plaintiffs have adequately pled that they have exhausted administrative remedies;

2. The First Amended Complaint adequately pleads that plaintiffs' constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth amendments under the United States Constitution;

3. Plaintiffs' fact rich complaint pleads an abundance of specific, concrete facts which show a right to relief.

1

## II. ARGUMENT

### A. EXHAUSTION OF ADMINISTRATIVE REMEDIES IS AN AFFIRMATIVE DEFENSE, NOT A REQUIREMNT OF PLEADING

Exhaustion of administrative remedies as required by the Prison Litigation Reform Action ("PLRA") 42 U.S.C. 1997e, is not a requirement of pleading. "Failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock* 549 U.S. 199, 199 (2007) . The burden is on the defendants who "must plead and prove" the failure to exhaust as an affirmative defense. *Albino v. Baca* 747 F.3d 1162, 1166 (9th Cir. 2014). Only in the "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6). Otherwise, defendants must produce evidence proving failure to exhaust in order to carry their burden. Defendants' motion to dismiss based upon their assertion of plaintiffs' failure to exhaust should be denied.

#### 1. Plaintiffs' First Amended Complaint Asserts That Defendants Actively Thwarted Plaintiffs' Attempts To Utilize Administrative Remedies

Through-out the First Amended Complaint, ("FAC") plaintiffs describe a persistent and vigorous effort to access Santa Rita Jail's grievance process. (Dkt. 10, pages 1, 4, 11, 22, 30, 32, 33, 34, 35, 36, and 45.) Plaintiffs pled that in response to plaintiffs' efforts to access the administrative process, defendants engaged in a pattern and practice of thwarting, preventing, and coercion to prevent inmates' access and utilization of the administrative process; and retaliating against inmates who persist in such attempts. (Dkt. 10, pages 4, 11, 33, and 45.) The FAC clearly states that administrative remedies were unavailable in large part to defendants' affirmative actions denying access to such administrative remedies; therefore, the requirement to exhaust is excused. "Because no administrative remedies were available…" Plaintiffs are "excused from any obligation to exhaust under § 1997e(a). " *Albino v. Baca* (9th Cir. 2014) 747 F.3d 1162, 1166

#### 2. Sheriff Defendants' Conduct Rendered The Grievance Process Unavailable.

"[T]he exhaustion requirement hinges on the "availab[ility]" of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v.*

2

*Blake* (2016) 136 S.Ct. 1850, 1858.  If there is no possibility of exhaustion, or where, as here, the authorities actively interfere with and prevent access to the administrative remedies, then there is no available remedy, and exhaustion is excused.  Sheriff Defendants request for dismissal on these grounds should be denied.

3.   Plaintiffs Have Pled Exhaustion of Administrative Remedies.

Defendants' formulaic argument is highlighted by defendants' failure to acknowledge that the FAC does in fact assert that Plaintiffs exhausted the grievance process.  (Dkt. 10 ¶ 131).  Sheriff Defendants' motion is wrong on the law, ignores the facts pled in the FAC, and should be denied.

4.   Sheriff Defendants Violated Plaintiffs' First Amendment Rights

Sheriff Defendants cite one inapposite case in support of their objections to Plaintiffs' first claim for relief for infringement of their rights to free speech under the First Amendment. This case, *Ramirez v. Galaza* (9th Cir. 2003) 334 F.3d 850, does not discuss free speech or the First Amendment and does not support Sheriff Defendants' claim that prisoners have no constitutional right to a specific grievance procedure.  In *Ramirez*, the trial court held that a prisoner has no separate constitutional entitlement to a specific grievance procedure and the 9th Circuit remanded, directing the trial court to consider whether the prison's conduct imposed "atypical and significant hardships warranting Due Process protections."  334 F.3d at 861.

In the present case, the argument advanced by the Sheriff Defendants' highlight the gravamen of Plaintiffs' claims.  Sheriff Defendants have an articulated grievance process, but in practice, actively suppress and prevent Plaintiffs' exercise of the ability to articulate and document their grievances by preventing Plaintiffs' access to the grievance process.  Then, despite Plaintiffs' Herculean and persistent efforts to exhaust administrative remedies, Sheriff Defendants, now attempt to capitalize upon their wrongful efforts to prevent plaintiffs' access to the grievance process by asserting that plaintiffs' entire complaint must fail for failure to exhaust.

Sheriff Defendants' active suppression of Plaintiffs' efforts to file grievances and then active retaliation for Plaintiffs' persistence is free speech infringement.

**PLAINTIFFS' RESPONSE TO COUNTY DEFENDANTS' 12(B)(6) MOTION**

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No: 3:129-cv-07423-JSC

### B. DEFENDANTS' CLAIMS OF RIGHT TO UNFETTERED INMATE SEARCHES VIOLATES THE FOURTH AMENDMENT.

Next, Defendants assert as their objection to Plaintiffs' claims under the fourth Amendment of the United States Constitution, the erroneous claim that they have the complete and unfettered right to conduct searches of prisoners in their custody, and that prisoners have no privacy rights while in custody. In support of this claim, Defendants cite one case, *Hudson v. Palmer*, 468 U.S. 517 (1984). *Hudson v Palmer* upheld the strip search of an individual upon the initial involuntary confinement. But as Justice Alioto stated in his concurring opinion in *Florence v. Board of Chosen Freeholders of County of Burlington* "the Court does not hold that it is *always* reasonable to conduct a full strip search of an arrestee whose detention has not been reviewed by a judicial officer and who could be held in available facilities apart from the general population." *Florence v. Board of Chosen Freeholders of County of Burlington* (2012) 566 U.S. 318, 341. Furthermore, while prisoners generally have no right to privacy in searches of their cells, the courts have suggested that repeated, unjustified cell searches might constitute cruel and unusual punishment in violation of the Eighth Amendment. *Hudson*, supra at 530.

Plaintiffs complaints are not that they are searched upon initial detention, but that they are routinely and excessively searched after having been in custody. Excessive routine searches of individuals in custody have been held to present a triable Fourth Amendment claim. See *Parkell v. Danberg* (3rd Cir. 2016) 833 F. 3d 313. Defendants' objections should be dismissed.

### C. PLAINTIFFS HAVE PLED AN OVER-ABUNDANCE OF SYSTEM-WIDE CONDITIONS THAT AFFECT EACH AND EVERY PLAINTIFF AND MALE PRISONER AT SANTA RITA JAIL

A plaintiff's obligation under Rule 8(a) is to present a complaint containing a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, (2007) 550 U.S. 544, 555 (internal quotations and citation omitted).

In considering a motion under federal rules of civil Procedure 12b6, , a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is

4

**PLAINTIFFS' RESPONSE TO COUNTY DEFENDANTS' 12(B)(6) MOTION**

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No: 3:129-cv-07423-JSC

no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.,* (9th Cir. 2010) 622 F.3d 1035, 1041 (citing Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); Navarro, 250 F.3d at 732) (internal quotation marks omitted). Plaintiffs' FAC contains an abundance of specific facts and provide Defendants with fair notice of Plaintiffs' claims.

1. Plaintiffs Have Pled An Abundance of Unconstitutional System-Wide Conditions.

Plaintiffs have pled an abundance of facts showing unconstitutional system-wide issues which affect all prisoners, including plaintiffs and class members, which include:

1. lack of sanitation in the areas where prisoners are housed, and in food preparation;
2. inedible food ¶38-46, 67-76, 78-83, 94-95; 109 ;
3. erratic and chaotic meal schedule ¶109, 115;
4. excessive lockdowns and insufficient out of cell time ¶ 84-90;
5. excessive searches ¶113-114,;
6. inadequate medical care ¶ 93-99; 109, 117-129;
7. interruption and deprivation of family communication and visits ¶102-105;
8. prisoners routinely exposed to biohazardous materials from individuals who are ill and detoxing from drugs¶ 94-95, 100-101, 117-129;
9. failure of the jail to comply with applicable community standards. ¶¶ 143-172; and,
10. Profiteering which leads to the policies complained of and drives the enforcement of many of these policies ¶¶ 63-66, 45- 94-95, 102-105, 106;

2. Plaintiffs have Properly Asserted Claims Regarding Conditions of Confinement Under the 8th Amendment.

Sheriff Defendants attempt to kick up dust by erroneously asserting that prisoners may only state a claim under the eighth Amendment by first pleading that they have been convicted. In support, Defendants cite footnote 16 from *Bell v. Wolfish*, (1979) 441 U.S. 510, 535.[1] The actual

---

[1] [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the

5

**PLAINTIFFS' RESPONSE TO COUNTY DEFENDANTS' 12(B)(6) MOTION**

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No: 3:129-cv-07423-JSC

footnote does not support defendants' claim. *Bell v. Wolfish* holds that pretrial detainees may not be subjected to conditions that "amount to punishment" when "evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law…" *Bell v. Wolfish*, at 535. This foot note does not hold, and there is no caselaw, as defendants wrongfully claims, which holds that the 8th amendment applies solely to those who have been convicted. In fact, courts have routinely held that the eighth amendment is available to detainees in a multitude of circumstances. See *Redman v. Cnty. of San Diego,* (9th Cir. 1991) 942 F.2d 1435, 1443 (en banc, detainees who claim prison officials breached duty of care in injuries by attack from other inmates should proceed under the 8th Amendment; *Pierce v. County of Orange (9th Cir. 2008)* 526 F.3d 1190, 1209-13 (detainees entitled under the First and Eighth Amendments to ongoing participation in religious activities and adequate opportunities for exercise); *Johnson v. Meltzer*, (9th Cir. 1998) 134 F.3d 1393, 1398 (Eighth Amendment establishes minimum standard of medical care for pretrial detainees).

Therefore, Sheriff's Defendants' assertion that the 8th amendment protections are unavailable to pretrial detainees is without merit and should be overruled.

### 3. The FAC Has An Abundance of Facts Which Satisfy The Iqbal Plausability Requirement.

Next, Sheriff Defendants make the sweeping claim that "[n]one of the named Plaintiffs… make any specific allegations about their conditions of confinement in the FAC." (Dkt. 18, p. 14, L. 5-6) And Defendants make the argument that plaintiffs' failure to specify the specific housing units and each individual's classification cause plaintiffs' claims "as a matter of law" to fail. (Dkt. 18, p. 14, L. 18-21) Defendants cite no authority for these assertions that such granular pleading is required. On the contrary, Plaintiffs' First Amended Complaint more than meets the Iqbal facial plausibility pleading requirements.

Fourteenth Amendment." [emphasis added] *Bell v. Wolfish* (1979) 441 U.S. 520, 537 [citing *United States v. Lovett*, 328 U.S. 303, 317-318, (1946).

6

**PLAINTIFFS' RESPONSE TO COUNTY DEFENDANTS' 12(B)(6) MOTION**

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No: 3:129-cv-07423-JSC

> 4. The Food At Santa Rita Jail is Inedible and Does Not Meet the Nutritional, Sanitation Nor Health Needs of Prisoners.

Defendants complain that plaintiffs did not specifically plead that anyone was "malnourished or…was specifically injured by inadequate food." Defendants further complain that plaintiffs failed to identify individuals injured by dirty food trays, the lack of sanitation in the kitchen. Dkt. 18 P. 19, l. 15-19. Yet in their criticism of plaintiffs' pleadings, Defendants themselves list many of the specific, discrete facts in the FAC: "the food is not properly prepared, the kitchen is unsanitary, the food is spoiled when received, not properly stored, and the meals are served erratically. Plaintiffs also allege the food trays are not properly cleaned. " (Dkt 18, p. 19, l. 16-18)

Plaintiffs have indeed, with great detail, described the foul jail food, "beans decompose, and frequently become slimy and start to bubble…regularly served to prisoners." (Dkt. 10, ¶74) "Rats climb over the bread….served to prisoners."  (Dkt. 10, ¶71)  "Sandwich meat…spoiled, with…white dots…given to prisoners to eat". (Dkt. 10. ¶ 73). "Prisoners have complained that the food they receive is infested by rat and mice feces, bird droppings, and on occasion, the dead mouse in the beans." (Dkt. 10. ¶ 70). The strike started by the men yelling at Captain Hesselein, "Stop feeding us rat shit" (Dkt. 10 ¶ 109).

Plaintiffs have alleged that this food is inedible with specific and graphic details.  The FAC did not state that prisoners are hungry.   However, people need food and without food, people are hungry, and if the food at Santa Rita Jail is inedible because it is spoilt, because it is contaminated with vermin and infested with animal droppings, then prisoners at Santa Rita Jail, including plaintiffs and all potential class members, have no food to eat and are therefore, hungry.

### D.   THE FAC MORE THAN MEETS THE REQUIREMENTS OF RULE 8

Federal Rule of Civil Procedure 8(a) requires only that a complaint include "a short and plain statement of the claim" to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*,(1957) 355 U.S. 41, 47.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

7

**PLAINTIFFS' RESPONSE TO COUNTY DEFENDANTS' 12(B)(6) MOTION**

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No: 3:129-cv-07423-JSC

*Ashcroft v. Iqbal*, (2009) 556 U.S. 662, 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The criticism in Iqbal was to pleadings which "amount[ed] to nothing more than a formulaic recitation of the elements of a constitutional discrimination claim." *Iqbal,* infra. 556 U.S. at 681.

The basic tenet in 12b6 motions, holds that "[f]or purposes of ruling on a Rule 12(b)(6) motion, the Court 'accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party.' Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008)." *Zapata Fonseca v. Goya Foods Inc.* (N.D. Cal., Sept. 8, 2016, No. 16-CV-02559-LHK) 2016 WL 4698942, at *2.

Plaintiffs' FAC contains a plethora of factual content, is not formulaic, and not mere recitation of jury instructions. The facts pled in the FAC, when construed as true and taken in the light most favorable to plaintiff, permits the court to reasonably infer that the defendant is liable for the misconduct alleged.

> 1. Existence of A Policy does not Excuse Cruel and Inhumane Conditions of Confinement

Sheriff defendants repeatedly assert that because sheriff defendants have adopted a policy, the allegations in the FAC can and should be ignored, and Defendants' motion to dismiss granted. (Dkt. 18, §§ G(1) a, d, g; G(2)b, c.) (Dkt. 18, p. 17p. 15, l.24-26; p. 16, l. 8-10, 18-19, 24-25; p.17 l. 8-9; p.18 l.23-24) To accept Sheriff Defendants' argument is to accept that the State of California merely requires jails to adopt policies and permits these jails and the agencies that run these jails in such ways as to ignore their adopted policies and to act in such ways contrary to these policies. Such

8

**PLAINTIFFS' RESPONSE TO COUNTY DEFENDANTS' 12(B)(6) MOTION**

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No: 3:129-cv-07423-JSC

an interpretation turns state regulations on its head and contradicts the stated purpose of the entire chapter of Title 15 regulations.  As stated in 15 CCR 100, the very first section of Title 15, "The purpose of these regulations is to implement and make specific Chapter 1148 of the Statutes of 1979 as codified in Sections 6035-6040 of the Penal Code."

This argument by Sheriff Defendants goes to the heart of Plaintiffs' concerns, and that is, despite written policies and procedures, and state statutes and regulations, Sheriff Defendants' actions create conditions of confinement that, at best, thwart the Jail's own policies and thwart Title 15 of the California Code of Regulations, and at worst are often cruel and inhumane.  Therefore, even if Sheriff Defendants have adopted a policy, the policy adoption does not absolve Defendants of liability, but highlights Defendants' culpability in their knowing violation of Plaintiffs' rights by knowingly and deliberately ignoring and violating their own good policies, mandated by California state regulations, designed to foster good practices..

### 2. Sheriff Defendants Are Required to Provide Clean Laundry, Not Merely Adopt a Policy.

Defendants search for absolution is exemplified in their fallacious argument that Cal. Code Reg. Tit. 15 § 1263 only requires a jail to have a policy regarding laundry and because plaintiffs have not alleged that defendants are missing such a policy, a dismissal is warranted.  (Dkt. 18, p. 17, l.8-9)  Defendants are in error on two counts.  First, §1263 mandates implementation of clean laundry in jails, not a policy about clean laundry.  "There shall be a quantity of clothing, bedding, and linen available for actual and replacement needs of the inmate population." [emphasis added].  Cal. Code Regs., tit. 15, § 1263.  Second, the gravamen of the issue is that due to the manner in which Sheriff Defendants organizes the jail's laundry exchange, it is not possible for prisoners to have clean clothing.  Because Defendants require prisoners to clean bathrooms, which are areas with biohazardous materials, the day after they receive their weekly "clean" laundry, prisoners are then deprived of clean clothes for six days of the week because cleaning the bathroom soils their clothing.  This raises a factual question of whether the jail's system which permits inmates to have clean clothes only one day a week and which forces inmates to wear biohazard stained clothes for 6 days a

9

**PLAINTIFFS' RESPONSE TO COUNTY DEFENDANTS' 12(B)(6) MOTION**

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No: 3:129-cv-07423-JSC

week meets the requirements of § 1263 that there be a sufficient quantity of clothing that meets the "needs of the inmate population" .

In Exhibit B, paragraph 3 of the FAC, the prisoners' own statement describes the system of laundry exchange where prisoners are required to sit in dirty clothes for six days a week as an "indignant and punitive treatment." Plaintiffs have pled that 85% of the prisoners at Santa Rita Jail are pre-trial, and not subject to punishment. (Dkt. 10 ¶¶ 3, 25, 84). The FAC has more than raised plausible factual allegations and Defendants' motion to dismiss should be overruled.

### 3. Whether The Jail's Inmate Programs Meet Regulatory Mandates is a Factual Issue.

Similarly 15 CCR 1061 does not merely require a policy, as claimed by defendants, but requires implementation.

> "The facility administrator of any Type II or III facility <u>shall plan</u> and shall request of appropriate public officials an inmate education program. When such services are not made available by the appropriate public officials, then the facility administrator <u>shall</u> develop and implement an education program with available resources. Such a plan <u>shall provide</u> for the voluntary academic and/or vocational education of housed inmates. Reasonable criteria for program eligibility shall be established and an inmate may be excluded or removed based on sound security practices or failure to abide by facility rules and regulations." [emphasis added]    Cal. Code Regs., tit. 15, § 1061

Even accepting Sheriff Defendants' argument that an educational program exists, the FAC presents a factual issue of whether the current existing programs meet §1061's requirements, when 25% or fewer of the prisoners at the jail have access to such programs.  Dismissal should be denied.

### 4. Pleadings Are Not Required to Define Regulatory Terms.

Sheriff Defendants also argue that their motion should be granted because in plaintiffs' cite of  Cal. Codes Regs. tit. 15 §§ 1230, 1240, 1241, 1242, 1243, 1248, plaintiffs failed to define the word "seldom" when plaintiffs pled that fresh fruits and vegetables are "seldom" offered and failed to define the word "repetitive" in plaintiffs' claim that the food is "repetitive, overcooked and tasteless. (Dkt. 18, p. 21, L. 11, 22)

Cal. Codes Regs. Tit 15 §§ 1241 and 1242 which requires that jail food have "a variety" and a "wide variety".  §1242 specifically states that jails should prevent "repetitive meals".  The term "repetitive' is embedded in the regulation itself, in juxtaposition to the regulation's

10

**PLAINTIFFS' RESPONSE TO COUNTY DEFENDANTS' 12(B)(6) MOTION**

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No: 3:129-cv-07423-JSC

requirement of "variety". The word "seldom" is a common usage word juxtaposed to the regulations requirement of "variety" in the food given to prisoners. Seldom offered is not a variety. When plaintiffs plead that the food at the jail consists of "soy powder, white flour and sugar" with few fruits and vegetables, and that the jail's "metric is to produce this food at the minimum cost with the only goal, a minimum calorie count," (Dkt. 10, ¶80) this level of specificity more than meets the requirements of *Iqbal*. It should be noted that nowhere does *Iqbal* require the level of definition as demanded by Sheriff Defendants. And Sheriff Defendants, cite no authority for their assertions. No caselaw holds that fair notice in pleadings requires definitions for commonly used vocabulary, particularly when these words are included in applicable regulations.

        5.        Factual Disputes Are Not A Basis for Dismissal.

Sheriff Defendants decry that plaintiffs have not pled that the problems alleged in the FAC have been resolved and mirthlessly claim that plaintiffs' failure to plead that these problems have been resolved, is a basis under Iqbal for dismissal. (Dkt. 18, p. 19, l. 23-24). Whether these problems have been resolved is a question of fact.

Sheriff Defendants also claim that the contract between Sheriff Defendants and Defendant Well-path is designed for the "provision of emergency and basic health care services to all inmates. " (Dkt. 18, p. 18, L. 17-18), rather than as Plaintiffs' claim a justification for denying basic health care to all inmates. Whereas Sheriff Defendants may not like plaintiffs' allegations, and may wish to proffer a different version of the facts, plausability does not arise because there is a conflict of facts, or because defendants wishes that different conclusions are drawn from these facts.

For example, in *Zapata Fonseca v. Goya Foods Inc,* plaintiffs sued the defendant on the grounds that defendants' canned "octopus" was not octopus but mere squid. As Judge Koh noted, "whether a product labeled as "Octopus" contains squid instead of octopus is a question of fact, not a question of law," and the claim that the contents were squid are a "plausible factual allegation", which does do not warrant dismissal.

Therefore, when Plaintiffs' FAC alleges that the contract between Sheriff Defendants and Defendant Well-path is drafted to incentivize denial of basic health services to prisoners, that in fact

11

**PLAINTIFFS' RESPONSE TO COUNTY DEFENDANTS' 12(B)(6) MOTION**

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No: 3:129-cv-07423-JSC

basic health services are denied, these are "plausible factual allegations". Because the Sheriff Defendants puts forward different facts and different conclusions from this set of facts, is not a basis for dismissal. *Zapata Fonseca v. Goya Foods Inc, supra.* This applies to all of the sections where Sheriff Defendants put forward alternative facts and alternate interpretations in their motion to dismiss. [Dkt. 18, § G (1) c, G(1)e, G(2).]

### 6. Unsanitary and Rodent Infested Food Are Prima Facie Wrongs

Plaintiffs have pled that the food at Santa Rita Jail is inedible, and give more than sufficient details that the food is unclean, and contaminated and therefore inedible. And while Sheriff Defendants may want to argue to the jury that unclean food trays coated with left over encrusted food in the pockets does not makes the jail food inedible, that is a jury question and not one for a 12(b)(6) motion. There is no authority which directs that as a matter of law, a dead mouse in cooked beans constitutes edible and constitutionally satisfactory food. These clear, detailed descriptions of the wrongful conditions provide Sheriff Defendants with "fair notice" of Plaintiffs' claims and Defendants' motion to dismiss should be denied.

### 7. Facts Alleging Denial of Visitation Are Plausible Factual Allegations

15 CCR 1062 mandates that facilities " shall provide for as many visits and visitors as facility schedules, space, and number of personnel will allow. " [emphasis added] The FAC contains allegations that Sheriff Defendants deny or interfere with visits, coupled with the Sheriff Defendants' over arching profiteering strategy, results in prisoners and plaintiffs being charged for denied video visits, as well as actual visits being denied. These allegations are not formulaic, are not mere labels and conclusions. Dismissal is unwarranted.

### 8. The FAC Describes System Wide Failures

The FAC describes, in abundant details and facts, a system wide practices which affect every male prisoner. When food sanitation is such that the system for cleaning food trays are so flawed that tray are not cleaned and new meals are served on top of old food in dirty trays, that is a system wide practice affecting every prisoner who has no option but jail food. When the medical system is premised on a for profit model that imposes a significant financial penalty for the medical

12

**PLAINTIFFS' RESPONSE TO COUNTY DEFENDANTS' 12(B)(6) MOTION**

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No: 3:129-cv-07423-JSC

provider to seek qualified, professional medical services for prisoners under its care, that is a system wide practice that affects every prisoner who has no choice but to use the jail's medical services when seeking medical care.  When the facts pled clearly show that newly booked inmates are not provided medical care, particularly for drug addiction related issues, are placed directly into general population,  so that regular inmates have to provide for the care of these individuals, and the consequences of prisoners detoxing and discharging human, biological waste whether it is vomit or feces, affects every prisoner in the jail, who have no option of leaving the scene and seeking a sanitary and safe living situation, these are system wide practices that negatively impact each and every male prisoner.

### E.   LEAVE TO AMEND

If the court deems that greater specificity is required than what and how Plaintiffs have pled the FAC, then Plaintiffs seek leave to amend the First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

The decision to grant or deny leave to amend is within the sound discretion of the trial court. *Foman Davis*, (1962) 371 U.S. 178, 182 .  Rule 15 advises that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc*. (9th Cir. 2001) 244 F.3d 708, 712 .  "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County Ass'n of Retired Employees v. Sonoma County*, (9th Cir. 2013) 708 F.3d 1109, 1117 (quoting Foman, 371 U.S. at 182); see e.g., *Redon v. Ruiz*, 2016 WL 3406126, at *4 (S.D. Cal. June 21, 2016) (finding sufficiently strong showing of the Foman factors to overcome the presumption in favor of granting leave where plaintiff sought to amend for the fourth time to add 14 new claims and two new defendants). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to

13

**PLAINTIFFS' RESPONSE TO COUNTY DEFENDANTS' 12(B)(6) MOTION**

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No: 3:129-cv-07423-JSC

amend." *Eminence Capital, LLC v. Aspeon, Inc.*, (9th Cir. 2003) 316 F.3d 1048, 1052 (emphasis in original).

### F. CONCLUSION

Whereas, Plaintiffs' FAC is fact rich and detailed First Amended Complaint more than meets the plausibility requirement of Iqbal, and provides ample facts to give Sheriff Defendants' fair notice of the claims Plaintiffs seek to raise and reasons upon which these claims are based, Plaintiffs request that Sheriff Defendants' motion be denied.

DATED: June 12, 2020                LAW OFFICE OF YOLANDA HUANG


    /s/ Yolanda Huang
Yolanda Huang


**DENNIS CUNNINGHAM**

    /s/ Dennis Cunningham


*Counsels for Plaintiffs*

14

**PLAINTIFFS' RESPONSE TO COUNTY DEFENDANTS' 12(B)(6) MOTION**

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No: 3:129-cv-07423-JSC