**LEWIS BRISBOIS BISGAARD & SMITH LLP**
LYNN L. KRIEGER, SB# 209592
  E-Mail: Lynn.Krieger@lewisbrisbois.com
SUSAN F. SHAPIRO, SB# 323613
  E-Mail: Susan.Shapiro@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant ARAMARK
CORRECTIONAL SERVICES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMEDA COUNTY MALE PRISONERS And Former Prisoners, DANIEL GONZALEZ, et al. on behalf of themselves and others similarly situated, <u>as a Class, and Subclass,</u><br><br>Plaintiffs,<br><br>vs.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, et al.<br><br>Defendants. | Case No. 3:19-cv-07423-JSC<br><br>JUDGE: Hon. Jacqueline Scott Corley<br><br>**DEFENDANT ARAMARK CORRECTIONAL SERVICES LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>FRCP 12(b)(6)<br><br>DATE: July 30, 2020<br>TIME: 9:00 a.m.<br>LOC.: 450 Golden Gate Ave., San Francisco, CA 94102<br>DEPT.: Courtroom E<br><br>Complaint Filed:   November 12, 2019 |

## NOTICE OF MOTION AND MOTION (LOCAL RULE 7-2(B)(2))

**PLEASE TAKE NOTICE THAT** on July 30, 2020 at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom E, Defendant ARAMARK CORRECTIONAL SERVICES LLC ("Aramark") will move this Court pursuant to FRCP 12(b)(6) for an order dismissing Plaintiffs' First Amended Complaint and all claims asserted therein against Aramark on the following grounds:

1. Plaintiffs have failed to sufficiently allege any Aramark policy or custom that caused an alleged deprivation of Plaintiffs' civil rights.
2. Plaintiffs have failed to state a "conditions of confinement" claim against Aramark, specifically:
    a. Plaintiffs fail to allege specific facts to support a claim of inadequate diets that constitutes an immediate danger to Plaintiffs' health and wellbeing.
    b. Plaintiffs fail to sufficiently allege that Aramark was deliberately indifferent to their health.

For these reasons, Aramark requests dismissal of Plaintiffs' First Amended Complaint for failure to state any claims for which relief may be granted.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the pleadings and papers filed herein and upon such other evidence or argument as may be presented to the Court at the time of the hearing.

DATED:  June 19, 2020                    LEWIS BRISBOIS BISGAARD & SMITH LLP

                                         By:  */s/ Lynn L. Krieger*
                                              Lynn L. Krieger
                                              Attorneys for Defendant
                                              ARAMARK CORRECTIONAL SERVICES LLC

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

I.      INTRODUCTION ...............................................................................................................1

II.     FACTS ................................................................................................................................1

III.    ARGUMENT ......................................................................................................................2

        A.     Plaintiffs have failed to sufficiently plead a *Monell* claim against Aramark .............3

        B.     Plaintiffs have failed to state a "conditions of confinement" claim
              against Aramark ..........................................................................................................4

              1.     Plaintiffs fail to allege specific facts to support a claim of inadequate diets
                   that constitutes an immediate danger to the health and wellbeing of the
                   Plaintiffs ..........................................................................................................4

              2.     Plaintiffs fail to sufficiently allege that Aramark was deliberately
                   indifferent to their health ...............................................................................6

IV.    CONCLUSION ...................................................................................................................9

# TABLE OF AUTHORITIES

**CASES**

*Abreu v. Lipka*,
   778 F. App'x 28 (2d Cir. 2019)......................................................................................4

*Alster v. Goord*,
   745 F.Supp.2d 317 (2010).............................................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................................................4,7

*Bosarge v. Brown*, No. 1:13CV564-KS-MTP, 2015 WL 5156767
   (S.D. Miss. Sept. 2, 2015) .............................................................................................7

*Brown-El v. Delo*,
   969 F.2d 644 (8th Cir. 1992).........................................................................................5

*DeJesus v. Aramark Food Serv., Inc.*,
   No. 13-5734, 2014 WL 144732 (E.D. Pa. Jan. 14, 2014) .............................................8

*Farmer v. Brennan*,
   511 U.S. 825 (1994) ...............................................................................................4,6,7

*Gibson v. Chief Medical Officer of California Department of Corrections*,
   No. 2:09CV00230MSB, 2010 WL 1444510, (E.D. Cal. Apr. 9, 2010) ........................5

*Glisson v. Indiana Department of Corrections*,
   849 F.3d 372 (7th Cir. 2017).........................................................................................3

*Johnson v. Horn*,
   150 F.3d 276 (3d Cir.1998),
   *overruled on other grounds by DeHart v. Horn,* 227 F.3d 47 (3rd Cir. 2000........................6

*Hamm v. DeKalb County*,
   774 F. 2d 1567 (11th Cir. 1985).....................................................................................5

*Harris v. Fleming*,
   839 F.2d 1232 (7th Cir. 1988).......................................................................................4

*Jones v. Western Tidewater Regional Jail*,
   187 F. Supp. 3d 648 (E.D. Va. 2016)............................................................................8

*Lunsford v. Bennett*,
   17 F.3d 1574 (7th Cir. 1994).........................................................................................5

*McCormick v. Stalder*,
   105 F.3d 1059 (5th Cir. 1997 .......................................................................................7

*McDaniels v. Stewart*,
   2018 U.S. Dist. LEXIS 218717 (W.D. Wash. 2018) ....................................................7

*Mitchum v Foster*,
   407 U.S. 225 (1972) ......................................................................................................2

*Monell v. Department of Social Services of the City of New York*,
    436 U.S. 658 (1978) ..................................................................................................2,3,4

*Mnyandu v. County of L.A.*,
    2016 U.S. Dist. LEXIS 110910 (C.D. Cal. 2016) ................................................................3

*Natale v. Camden County Correctional Facility*,
    318 F.3d 575 (3d Cir. 2003) ................................................................................................3

*Percival v. County of Alameda*, 2017 U.S. Dist. LEXIS 169927
    (N.D. Cal. Oct. 13, 2017) ................................................................................................5,7

*Rhodes v. Chapman*,
    452 U.S. 337 (1981) ............................................................................................................4

*Robbins v. Robertson*,
    782 Fed. Appx. 794 (11th Cir. 2019) ...................................................................................5

*Rojas v. Alexander's Department Store, Inc.*,
    924 F.2d 406 (2d Cir. 1990) ................................................................................................3

*Saunders v. Plummer,*
    1994 U.S. Dist. LEXIS 8249 (N.D. Cal. 1994) ....................................................................4

*Shields v. Illinois Department of Corrections*,
    746 F.3d 782 (7th Cir. 2014) ...............................................................................................3

*Strope v. Cummings*,
    2009 WL 3045463 (D. Kan. September 22, 2009) ..............................................................5

*Tafari v. Annetts,*
    No. 06 Civ. 11360(GBD)(AJP),
    2008 WL 2413995 (S.D.N.Y. June 12, 2008) .....................................................................6

*Tapp v. Proto,*
    404 Fed. Appx. 563 (3rd Cir. 2010) .....................................................................................6

*Walters v. Santa Clara Department of Corrections*,
    2013 WL529042 (N.D. Cal. 2013) ......................................................................................6

*West v. Atkins*,
    487 U.S. 42 (1988) ..............................................................................................................2

*Wiley v. Kirkpatrick*,
    801 F.3d 51 (2d Cir. 2015) ..................................................................................................4

**STATUTES**

42 U.S.C. § 1983 ............................................................................................................1,2,3,8

## I. INTRODUCTION

The Plaintiffs' sole cause of action in their First Amended Complaint ("FAC") against Aramark is that Aramark allegedly violated the Plaintiffs' Constitutional rights by providing inadequate food to sustain their health. Plaintiffs' Amended Complaint, however, does not include any allegations that the meals provided to the inmates at the Santa Rita Jail fail to provide inmates with a proper minimal level of calories and other nutritional requirements, such as protein, vitamins, calcium and iron. As such, Plaintiffs fail to allege the requisite specific facts to support a claim of an inadequate diet that constitutes an immediate danger to the health and wellbeing of the Plaintiffs. Further, because Aramark provides food at the Santa Rita Jail pursuant to a contract with the Alameda County Sheriff's Office and Aramark does not have the authority or discretion to alter Plaintiffs' meals in any way, Plaintiffs cannot establish as a matter at law that any Aramark policy, custom or practice caused the alleged Constitutional violation and that Aramark was deliberately indifferent to their health. Indeed, Plaintiffs fail to allege any actual physical injury to themselves caused by the food served at the Santa Rita Jail.

## II. FACTS

Plaintiffs are all former or current prisoners incarcerated at the Santa Rita Jail. FAC, ¶ 14. The Plaintiffs' sole cause of action against Aramark is brought pursuant to 42 U.S.C. § 1983 and claims that Aramark violated the Plaintiffs' civil rights under the United States Constitution by providing inadequate food to sustain their health. FAC, ¶ 196. The Amended Complaint, however, does not include any allegations that the meals provided to the inmates at the Santa Rita Jail fail to provide inmates with a proper minimal level of calories and other nutritional requirements, such as protein, vitamins, calcium and iron. Instead, The Amended Complaint admits that such minimum requirements are met. FAC, ¶ 80. A simple review of the Amended Complaint reveals that Plaintiffs are actually complaining about the quality of the meals provided at the Santa Rita Jail. Specifically, Plaintiffs complain that "the food is repetitive, overcooked, and tasteless." FAC, ¶ 80. It is also important to note that Plaintiffs fail to allege any actual physical injury to themselves caused by the food served at the Santa Rita Jail.

///

In addition, the Amended Complaint makes clear that Aramark provides food at the Santa Rita Jail pursuant to a contract with the Alameda County Sheriff's Office. FAC, ¶ 64. Further, the Plaintiffs allege that the problems with the food at the Santa Rita Jail are the result of the Alameda County Sheriff's Office imposing a reduction in prisoner food budget at the Santa Rita Jail. FAC, ¶ 66 ("The cost reductions which SHERIFF instituted in the ARAMARK contract and implemented by ARAMARK have had a devastating impact on the quantity and quality of food provided to prisoners at SRJ.").

Finally, Plaintiffs reference various irrelevant California Regulations in support of their claim of a violation of the United States Constitution. FAC, ¶¶ 144-71.

## III. ARGUMENT

As stated, the Plaintiffs' sole cause of action against Aramark is brought pursuant to 42 U.S.C. § 1983 and claims that Aramark violated the Plaintiffs' civil rights under the United States Constitution by providing inadequate food to sustain their health. FAC, ¶ 196. In this regard, Plaintiffs are alleging a *Monell* claim against Aramark under § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Importantly, § 1983 does not create substantive rights. Rather, § 1983 is a procedural method whereby persons can seek review of alleged state and local violations of federal law in federal court. The purpose of the statute is "to interpose the federal courts between the States and the people, as guardians of the people's federal rights . . . ." *Mitchum v Foster*, 407 U.S. 225, 242 (1972).

To state a claim for relief under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

///

**A.  Plaintiffs have failed to sufficiently plead a *Monell* claim against Aramark**

In *Monell v. Dep't of Social Services of the City of New York*, the United States Supreme Court held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." 436 U.S. 658, 694 (1978).  Put simply, the rule from *Monell* is that a local government cannot be liable under § 1983 unless its own policy or custom caused the Plaintiffs' alleged constitutional violation. *Id.*

In subsequent decisions since *Monell*, courts have applied this same standard to claims brought against private corporations that contract with the state for services. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) ("Although *Monell* dealt with municipal employers, its rationale has been extended to private businesses.").  Thus, a private corporation is not vicariously liable under § 1983 for its employee's acts; rather, its **own** policy or custom must cause the deprivation of a plaintiff's civil rights. *Shields*, 746 F.3d at 790; *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017); *Mnyandu v. Cnty. of L.A.*, 2016 U.S. Dist. LEXIS 110910* 31-32 (C.D. Cal. 2016).

The Alameda County Sheriff's Office specifically sets forth in its contract with Aramark the dietary rules and regulations to be followed by Aramark at the Santa Rita Jail, including but not limited to, the caloric intake, menu and special diets.  Indeed, it was the Alameda County Sheriff's Office that imposed the reduction in the prisoner food budget at the Santa Rita Jail and not Aramark. FAC, ¶ 66.  In this regard, Aramark would gladly serve the inmates at the Santa Rita Jail a four star gourmet meal everyday if the Alameda County Sheriff's Office contracted for that service and paid Aramark accordingly.  However, Aramark entered into a contract with the Alameda County Sheriff's Office and its obligation is to do what the contract requires.  As such, Plaintiffs cannot identify any policy or custom on the part of Aramark that caused the alleged deprivation of Plaintiffs' civil rights.

/ / /

**B.     Plaintiffs have failed to state a conditions of confinement claim against Aramark**

In addition to Plaintiffs' failure to plead the requirements for maintaining a *Monell* claim against Aramark, Plaintiffs have also failed to state a conditions of confinement claim against Aramark under the Eighth Amendment.  In order to establish a claim challenging conditions of confinement, Plaintiffs must first show that the deprivation is objectively serious, in that the deprivation violates contemporary notions of decency.  *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Second, Plaintiffs must show that Aramark acted with a sufficiently culpable state of mind, *i.e.*, deliberate indifference to the Plaintiffs' health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In this case, Plaintiffs have failed to satisfy both requirements.

**1.  Plaintiffs fail to allege specific facts to support a claim of inadequate diets that constitutes an immediate danger to the health and wellbeing of the Plaintiffs**

Under the first prong of a conditions of confinement claim, Plaintiffs must show that they were "denied the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Although an inmate is entitled to receive "life's necessities" while incarcerated, including adequate food, the Constitution "does not mandate comfortable prisons." *Chapman*, 452 U.S. at 349; *Farmer*, 511 U.S. at 832.  Indeed, prisoners simply "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (holding that allegations were insufficient to state a constitutional claim as to plaintiff's conditions of his confinement in the segregation unit).  "Instead, an inmate must demonstrate that the food served poses 'an **immediate danger** to the health and wellbeing of the inmates who consume it.'" *Abreu v. Lipka*, 778 F. App'x 28, 33 (2d Cir. 2019) (citing *Wiley v. Kirkpatrick*, 801 F.3d 51, 69 (2d Cir. 2015)(emphasis added)). *See also Saunders v. Plummer,* 1994 U.S. Dist. LEXIS 8249, *2 (N.D. Cal. 1994) ("a prisoner is not guaranteed conditions of utmost comfort, and plaintiff's depictions of less than optimal eating conditions and fare do not come remotely close to stating a cognizable injury.")

In this case, Plaintiffs vaguely allege that Aramark deprived them of an adequate diet. Such "formulaic" and "conclusory" allegations are not sufficient under Rule 12(b)(6). *Ashcroft v. Iqb*al,

556 U.S. 662, 680 (2009); *Percival v. Cnty. of Alameda*, 2017 U.S. Dist. LEXIS 169927, *13 (N.D. Cal. Oct. 13, 2017) ("vague references to 'increased complaints'" about prison's compliance with the Regulations insufficient to state a claim under FRCP 12(b)(6)). Indeed, the Amended Complaint does not include any allegations that the meals provided to the inmates at the Santa Rita Jail fail to provide inmates with a proper minimal level of calories and other nutritional requirements, such as protein, vitamins, calcium and iron. Instead, the Amended Complaint admits that such minimum requirements are met. FAC, ¶ 80. It is also important to note that Plaintiffs fail to allege any actual physical injury to themselves caused by the food served at the Santa Rita Jail or that their health is in imminent danger because of the food served at the Santa Rita Jail. Even construing the allegations in the Amended Complaint in a light most favorable to the Plaintiffs, they fall short of establishing that they were denied the "minimal civilized measure of life's necessities." *See Gibson v. Chief Med. Officer of Cal. Dep't of Corr.*, No. 2:09CV00230MSB, 2010 WL 1444510, at *6 (E.D. Cal. Apr. 9, 2010)(granting defendants' motion to dismiss pursuant to Rule 12(b)(6) as to plaintiff's claims that the food served to inmates is nutritionally inadequate and contributes to his bad health because plaintiff failed to allege specific facts to support his conclusory allegations and therefore plaintiff "does not allege that the prison diet amounts to a sufficiently serious denial of the minimal measure of necessities or that it constitutes deliberate indifference by prison officials.").

To the extent the Plaintiffs complain that "the food is repetitive, overcooked, and tasteless," (FAC, ¶ 80), they still cannot state a claim for relief. *See Strope v. Cummings*, 2009 WL 3045463 (D. Kan. September 22, 2009). Indeed, prisoners are not entitled to food that is tasty or even appetizing. *See Robbins v. Robertson*, 782 Fed. Appx. 794, 805 (11th Cir. 2019) (noting that the Eighth Amendment does not require prison officials "to indulge inmates' dietary preferences"); *Lunsford v. Bennett*, 17 F.3d 1574, 1578-80 (7th Cir. 1994) (a complaint about "cold, poorly-prepared beans" did not state a Constitutional claim). The Constitution does not guarantee food that is prepared and served in a culinary pleasing manner. *Lunsford*, 17 F.3d at 1580; *Brown-El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992) (finding a prisoner's claim that his constitutional rights were violated when he was served cold food to be frivolous); *Hamm v. DeKalb County*, 774 F. 2d 1567, 1575 (11th Cir. 1985) ("The fact that the food occasionally contains foreign objects or sometimes is

served cold, while unpleasant, does not amount to a constitutional deprivation.").

As to Plaintiffs complaint of a "repetitive" menu, in *Tapp v. Proto,* 404 Fed. Appx. 563 (3rd Cir. 2010), a similar challenge to Aramark's kosher vegetarian diet was dismissed. Specifically, the court ruled that "a prison does not violate the Free Exercise Clause by offering an all-cold kosher diet" (which lacks meat) and that the lack of variety or desirability of a particular diet that otherwise meets religious standards does not provide a basis for suit based on the Free Exercise clause. Indeed, it is firmly established that the lack of variety of a particular diet does not constitute a civil rights violation. *Tapp v. Proto*, 404 Fed.Appx. at 565-66 (citing *Johnson v. Horn,* 150 F.3d 276, 283 (3d Cir.1998), *overruled on other grounds by DeHart v. Horn,* 227 F.3d 47 (3rd Cir. 2000)). *See also, Alster v. Goord,* 745 F.Supp.2d 317, 342 (2010) ("the lack of menu diversity, occasional oversights, and unavailability of meal. . . do 'not constitute a violation under the First Amendment. . .as any violation was *de minimis.*'"), citing *Tafari v. Annetts,* No. 06 Civ. 11360(GBD)(AJP), 2008 WL 2413995, at *16 (S.D.N.Y. June 12, 2008), and *Walters v. Santa Clara Department of Corrections*, 2013 WL529042, *9 (N.D. Cal. 2013)  (granting judgment as a matter of law to Defendants because the Plaintiff admitted his Muslim faith did not require him to have a variety of foods).

Accordingly, Plaintiffs have failed to allege that the diet they received at the Santa Rita Jail constituted objectively serious deprivation under the Eighth Amendment. On this basis, Plaintiffs' conditions of confinement claim should be dismissed.

**2. Plaintiffs fail to sufficiently allege that Aramark was deliberately indifferent to their health**

In any event, under the second prong of a conditions of confinement claim, Plaintiffs have not and cannot establish that Aramark acted with deliberate indifference to their health. As mentioned above, to succeed on a conditions of confinement claim under the Eighth Amendment, an inmate must prove that prison officials acted with deliberate indifference to their health or safety. *Farmer v. Brennan*, 511 U.S. 825, 825-26 (1994). That is, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Deliberate indifference is "an extremely high standard" that encompasses "only unnecessary and wanton infliction of pain repugnant to the

conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). "Mere negligence on the part of the jail officials in the way they manage the food services does not amount to a constitutional violation." *Bosarge v. Brown*, No. 1:13CV564-KS-MTP, 2015 WL 5156767, at *5 (S.D. Miss. Sept. 2, 2015). Further, in a case like the one present here, where the Plaintiffs allege the deprivation of an adequate diet, "deliberate indifference" means "a state of mind equivalent to a reckless disregard of a known risk of harm." *Parris v. Aramark Foods, Inc.*, No. 11-5556, 2012 WL 1118672, at *6 (D.N.J. Apr. 2, 2012) (citing *Farmer*, 511 U.S. at 835) (discussing deliberate indifference in the context of plaintiff's Eighth Amendment claim for cruel and unusual punishment). *See also McDaniels v. Stewart*, 2018 U.S. Dist. LEXIS 218717, *17-18 (W.D. Wash. 2018).

In this case, although Plaintiffs allege that Aramark acted with deliberate indifference, they do not proffer any actual facts in support of such a claim. Specifically, Plaintiffs do not allege any facts that Aramark was aware of a substantial risk of serious harm to Plaintiffs' health as a result of the food provided to them. Indeed, Plaintiffs fail to allege any actual physical injury to themselves caused by the food served at the Santa Rita Jail. As such, Plaintiffs "formulaic" and "conclusory" allegations are not sufficient under Rule 12(b)(6) as a basis for a claim of a Constitutional violation. *Ashcroft v. Iqbal,* 556 U.S. 662, 680 (2009); *Percival v. Cnty. of Alameda*, 2017 U.S. Dist. LEXIS 169927, *13 (N.D. Cal. Oct. 13, 2017).

In addition, Plaintiffs cannot as a matter of law establish that Aramark acted with deliberate indifference because Aramark simply provided the diet to Plaintiffs as specified in its contract with the Alameda County Sheriff's Office. FAC, ¶ 64. As stated, the Alameda County Sheriff's Office specifically sets forth in its contract with Aramark the dietary rules and regulations to be followed by Aramark at the Santa Rita Jail, including but not limited to, the caloric intake, menu and special diets. Indeed, it was the Alameda County Sheriff's Office that imposed the reduction in the prisoner food budget at the Santa Rita Jail and not Aramark. FAC, ¶ 66. ("The cost reductions which SHERIFF instituted in the ARAMARK contract and implemented by ARAMARK have had a devastating impact on the quantity and quality of food provided to prisoners at SRJ.").

Other courts have recognized that Aramark is not capable of acting with deliberate

indifference when the food it provides to inmates is dictated by a contract between Aramark and the correctional facility.  For example, in *DeJesus v. Aramark Food Serv., Inc.*, the plaintiff claimed that while incarcerated, he was served meals containing citric acid, which were causing him to develop sores in his mouth.  No. 13-5734, 2014 WL 144732, at *1 (E.D. Pa. Jan. 14, 2014).  The plaintiff sued Aramark for violation of his Eighth Amendment rights, alleging that Aramark ignored his requests for a citric-free diet and, thus, deprived him of adequate nutrition.  *Id.*  The court dismissed plaintiff's claim for lack of deliberate indifference.  *Id.* at *2.  The court specifically found that Aramark could not have been deliberately indifferent to plaintiff because Aramark had no authority under its contract with the prison to make the plaintiff's requested dietary changes.  *Id.*  Likewise, in *Jones v. Western Tidewater Regional Jail*, the plaintiff brought an Eighth Amendment claim against Aramark for failing to provide him with a proper vegan diet while incarcerated.  187 F. Supp. 3d 648 (E.D. Va. 2016).  The plaintiff specifically claimed that Aramark denied him "bananas and other foods with potassium, causing his potassium levels to drop."  *Id.* at 656.  The court denied plaintiff's claim and entered judgment in favor of Aramark, holding in relevant part that because Aramark "did not have any authority or discretion to alter the Plaintiff's meal plan in any way. . . . [it] could not have acted with deliberate indifference to Plaintiff's medical needs."  *Id.* at 657-58.

Because Aramark has no discretion under its contract with the Alameda County Sheriff's Office to alter Plaintiffs' diet and merely delivers the meals specified in its contract with the Alameda County Sheriff's Office, Plaintiffs cannot show that Aramark acted with deliberate indifference to their.[1]  For this reason, Plaintiffs fail to state a claim against Aramark under § 1983.

/ / /

/ / /

/ / /

/ / /

---

[1] For these same reasons, Plaintiffs cannot prove that any Aramark policy, custom or practice caused their injuries.

## IV. CONCLUSION

Plaintiffs' First Amended Complaint fails to articulate any claims against Aramark for which relief may be granted. Aramark therefore respectfully requests that the Court dismiss the First Amended Complaint against Aramark.

DATED:  June 19, 2020                              LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  */s/ Lynn L. Krieger*
    Lynn L. Krieger
    Attorneys for Defendant
    ARAMARK CORRECTIONAL SERVICES LLC