UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>GREGORY J. AHERN, et al.,<br><br>  Defendants. | Case No. 19-cv-07423-JSC<br><br>**ORDER RE: DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 18, 31, 35 |

Plaintiffs, 14 current and former inmates from Santa Rita Jail, bring this Section 1983 putative class action alleging violation of their First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Plaintiffs bring their claims against Alameda County, Alameda County Sheriff's Office, Sheriff Gregory Ahearn, Tom Madigan as the Commander in Charge of Detention and Corrections, D. Hesselein as the Detention and Corrections Captain at Santa Rita Jail, four individual Sheriff's deputies, (collectively referred to hereafter as the "County Defendants"); Wellpath Management, Inc. ("Wellpath"), and Aramark Correctional Services LLC ("Aramark"). The County Defendants, Wellpath, and Aramark have separately filed motions to dismiss Plaintiffs' First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).[1] (Dkt. Nos. 18, 31, 35.) Having considered the parties' briefs, the Court concludes that oral argument is not necessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS Defendants' motions for failure to state a claim upon which relief can be granted. Plaintiffs have failed to adequately allege their myriad constitutional claims challenging 20 separate conditions of confinement at the Jail. Defendants' motion to dismiss for failure to exhaust is DENIED.

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 8, 16, 17, 21, 22.)

# BACKGROUND

## A. First Amended Complaint Allegations

Plaintiffs are current and former inmates at Santa Rita Jail ("the Jail") who allege that they are subject to unlawful, inhumane, and unconstitutional treatment at the Jail. (First Amended Complaint ("FAC"), Dkt. No. 10 at ¶¶ 2-3.) In particular, Plaintiffs seek redress for the following conditions:

(1) Excessive lock down, and inadequate time out of cell;

(2) Inadequate outdoor recreation;

(3) Unsanitary conditions of confinement;

(4) Food that is infested with rodents, insects and bird droppings;

(5) Food that is inedible due to excessive cooking and overheating;

(6) Food that is inedible due to age, poor storage and spoilage,

(7) Food that lacks nutritional value and consists primarily of soy powder, white flour and sugar;

(8) Lack of medical care for newly booked detainees who are detoxing from drugs;

(9) Requiring prisoners to provide the medical care for newly booked, detoxing detainees;

(10) Profit motivated policy which creates deliberate delay and denial of prisoners' medical care to save on costs;

(11) Cost based medical care for less effective and cutting corners on medical treatment;

(12) Denial of comfort care in medical treatment;

(13) Cost cutting, requiring prisoners to share medications including asthma inhalers;

(14) Group punishment: punishing entire units for the perceived infraction of individuals;

(15) Retaliation and discipline against prisoners for speaking out against problems;

(16) Deliberate conduct by defendants to prevent plaintiffs and class members from filing grievances or raising complaints over conditions of confinement;

(17) Intimidation and retaliation by defendants when plaintiffs and class members attempt to file grievances or articulate complaints over conditions of confinement;

(18) Defendants wrongful denials of attorney visits, family visits, phone calls and mail;

(19) Defendants' price gouging and profiteering from charges for commissary; phone calls and video visits; [and]

(20) Defendants' profit motive driving the reduction of all prisoner services to the bare bones minimum.

(*Id*. at ¶ 7.)  Plaintiffs bring three Section 1983 claims: (1) the County Defendants fail to apply or misapply Jail policies so as to deny Plaintiffs their First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights (*Id*. at ¶¶ 174-176); (2) Sheriff Ahearn and Wellpath are deliberately indifferent to inmates' medical needs in violation of Plaintiffs' Eighth and Fourteenth Amendment rights (*Id*. at ¶¶ 183-191); and (3) Sheriff Ahearn and Aramark are deliberately indifferent to the inmates' need for food that is adequate to maintain health in in violation of Plaintiffs' Eighth and Fourteenth Amendment rights (*Id*. at ¶¶ 195-204).  Plaintiffs seek to represent a class of "all men incarcerated at Santa Rita Jail ("SRJ") from November 12, 2017 through to the present, and the subclass of men incarcerated at Santa Rita Jail ("SRJ") from March and April 2020 through to the present who contracted the corona virus while under the custody of defendants." (*Id*. at ¶ 24.)

### B. Procedural Background

Plaintiffs filed this putative class action on November 12, 2019, but did not serve the defendants until after filing their amended complaint on May 7, 2020. (Dkt. Nos. 1, 12, 13, 15.) On the same day Plaintiffs filed their amended complaint, they filed a motion for a temporary restraining order which the Court subsequently denied. (Dkt. Nos. 12, 41.)  While the motion for a temporary restraining order was pending, the County Defendants, Wellpath, and Aramark each filed separate motions to dismiss. (Dkt. Nos. 18, 41, 34.)

## DISCUSSION

### A. PLRA Exhaustion

The County Defendants move to dismiss Plaintiffs' FAC for failure to exhaust under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under … [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "Courts may not engraft an unwritten special circumstances exception onto the PLRA's exhaustion requirement. The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are ''available." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016)

3

(internal citation and quotation marks omitted). A remedy is unavailable where: (1) the procedure "operates as a simple dead end" because the "relevant administrative procedure lacks authority to provide any relief" or "administrative officials have apparent authority, but decline ever to exercise it[;]" (2) the "administrative scheme [is] so opaque that ... no reasonable prisoner can use them[;]" or (3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 1859-60 (internal citations omitted).

The County Defendants insist that the FAC must be dismissed because it fails to allege that Plaintiffs have exhausted the available administrative remedies. Plaintiffs counter that they have alleged that Defendants "actively thwarted" their efforts to exhaust such that Defendants' conduct has rendered the grievance process unavailable. Indeed, Plaintiffs have alleged "[i]ntimidation and retaliation by defendants when plaintiffs and class members attempt to file grievances or articulate complaints over conditions of confinement." (FAC at ¶ 7.17; *see also id*. at ¶ 28.15.) Further, Plaintiffs allege that some class members have filed grievances and exhausted the grievance process, but others have been unable to file grievances because deputies refuse to give them grievance forms, refuse to accept grievances, and advise inmates that certain issues are not "grievable." (*Id.* at ¶¶ 131-132.)   These allegations are sufficient at the pleading stage.

Exhaustion is a non-jurisdictional affirmative defense; as such, Defendants are required to counter Plaintiffs' allegations with evidence of an available remedy. *See Rumbles v. Hill*, 182 F.3d 1064, 1067–68 (9th Cir. 1999), overruled on other grounds by *Booth v. Churner*, 532 U.S. 731 (2001); *see also Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) ("a defendant must first prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy. … Then, the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile. … The ultimate burden of proof, however, remains with the defendants."). As Defendants move to dismiss under Rule 12(b)(6) and not for summary judgment, they have not and cannot present evidence regarding the availability of

4

administrative remedies; it follows that they have not met their burden of demonstrating that Plaintiffs' claims are barred for failure to exhaust under the PLRA. *See Albino v. Baca,* 747 F.3d 1162, 1169 (9th Cir. 2017) (it is the rare case that a failure to exhaust can be decided on a motion to dismiss rather than a summary judgment motion). Thus, to the extent that the County Defendants' motion to dismiss is based on failure to exhaust, it is denied.

## B. Failure to State A Claim

### 1. First Claim for Relief

Plaintiffs section 1983 first claim for relief "is asserted against Defendants Alameda County Sheriff's Office, Alameda County, Defendants Gregory AHEARN, Thomas Madigan, Captain Derrick C. Hesselein, Deputy Ignont, Deputy Joe and Technician Kaiser." (FAC ¶ 174.) It alleges:

> At all relevant times herein, Defendants [sic] MADIGAN was the individual directly in charge of Santa Rita Jail, with direct supervisory powers, and the duty to properly supervise, train and insure that there are appropriate and necessary policies, procedures, customs, and or practices, and that those policies, procedures, customs and/or practices were followed and properly applied. Instead, while Santa Rita Jail has a plethora of written policies, many of these policies were routinely either not applied, or applied in a manner that corrupted or perverted the intent and purpose of those policies, and then caused violations of the Plaintiffs' and the class members' constitutional rights granted pursuant to 42 U.S.C. § 1983, including those under the First, Fourth, Eighth and Fourteenth Amendments.

(*Id.* at ¶ 176.)

The claim does not identify which of the 20 conditions Plaintiffs challenge (*see id.* at ¶ 7) are covered by this claim. It does not identify how, for example, Deputy Ignont, is liable for any or which allegedly unlawful condition. And, if the first claim for relief is a *Monell* claim, why is Deputy Ignont named? It does not identify which conditions have written policies that are not followed, or written policies that are unconstitutional, or no written policies. As a result, it is impossible for the Court to discern whether and to what extent Plaintiffs have plausibly alleged facts supporting the many section 1983 violations that Plaintiffs appear to allege. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007) (conclusory allegations which furnish "no clue" as to "specific time, place, or person involved in" alleged misconduct, and which leave defendant "little idea where to begin" when answering, insufficient to state a viable claim under Rule 8

pleading standard).

Accordingly, the first claim for relief is dismissed with leave to amend with one exception discussed below. Each condition that is being challenged should be alleged in a separate claim for relief. The claim should identify who is being sued for that particular condition and the specific policy or lack thereof that is being challenged. It should refer to the specific complaint paragraphs that support the claim that a Jail policy is unconstitutional. If a defendant is being sued in his or her individual capacity, that claim should be separately pled in a separate claim for relief that gives the defendant notice as to what is the challenged conduct and identifies that the defendant is being sued in his or her individual capacity. Each separate claim for relief should also identify the specific constitutional provision which it alleges the defendants named in that specific claim for relief violated. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal citation and quotation marks omitted); *see also Leal v. Muzuka*, No. 119CV01223DADBAM, 2020 WL 4194520, at *2 (E.D. Cal. July 21, 2020) (requiring any amended complaint to "separate each claim, state the legal basis for the claim, and identify how the facts alleged support and show that the particular defendant committed the violation asserted as the legal basis for the claim.").

To the extent Plaintiffs allege a Fifth Amendment violation, such claim is dismissed without leave to amend. "[T]he Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government—not to those of state or local governments" and Plaintiffs do not allege and it appears cannot allege that any of the actors here were federal—rather than state—actors. *See Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001).

### 2. Second Claim for Relief

Plaintiffs' second claim for relief is pled as to the Sheriff and Wellpath. (FAC at ¶ 181.) It alleges that

> At all relevant times herein, Defendant WELL-PATH established and/or followed policies, procedures, customs, and or practices, and

6

> those policies were the cause of violation of the Plaintiffs' and the class members' constitutional rights granted pursuant to 42 U.S.C. § 1983, including those under the Eighth and Fourteenth Amendments. All of the aforementioned acts of the Defendant WELL-PATH, their agents, servants and employees, were carried out jointly with SHERIFF under the color of state law.

(FAC at ¶ 183.) While the claim vaguely alleges that Wellpath and the Sheriff jointly have a "customary plan to restrict Plaintiffs and class members from obtaining medically necessary and appropriate care," the third claim fails to specify which policies, procedures, customs, and practices Plaintiffs allege violate their constitutional rights. (*Id.* at ¶ 185.) Nor does it identify how these policies, procedures, customs, and practices violate their constitutional rights. Further, it does not allege whether there is more than one policy, whose policy it is (between the Sheriff and Wellpath), whether the challenged policy is written, whether the policy is written but not followed, or whether the written policy itself is unconstitutional. To the extent that Plaintiffs base their constitutional claim on violation of Title 15 of the California Code of Regulations, Plaintiffs have failed to allege either how each regulation was violated, or that violation of the regulations gives rise to a right to relief. *See King v. Los Angeles Cty. Sheriff's Dep't*, 672 F. App'x 701, 702 (9th Cir. 2016) (affirming dismissal of Section 1983 claim based on the jail's failure to comply with provisions of Title 15 of the California Code of Regulations because the "regulations do not create a private right of action"). As a result, it is impossible for the Court to discern whether and to what extent Plaintiffs have plausibly alleged facts supporting their Section 1983 deliberate indifference claim against the Sheriff and Wellpath based on medical care at the Jail. The second claim for relief is therefore dismissed with leave to amend at the level of specificity set forth with respect to the first claim.

**3) Third Claim for Relief**

Plaintiffs' third claim for relief is pled as to the Sheriff and Aramark. (FAC at ¶ 193.) It alleges that:

> At all relevant times herein, Defendant ARAMARK established and/or followed policies, procedures, customs, and or practices, and those policies were the cause of violation of the Plaintiffs' and the class members' constitutional rights granted pursuant to 42 U.S.C. § 1983, including those under the Eighth and Fourteenth Amendments. All of the aforementioned acts of the Defendant ARAMARK, their agents, servants and employees, were carried out under the color

7

of state law.

(FAC at ¶ 195.) While the third claim vaguely refers to a "customary plan to prevent Plaintiffs and class members from having access to food that is adequate to maintain health," the claim fails to specify which policies, procedures, customs, and practices, Plaintiffs allege violate their constitutional rights. (*Id*. at ¶ 197.) Nor does it identify how these policies, procedures, customs, and practices violate their constitutional rights. Further, it does not allege whether there is more than one policy, whose policy it is (between the Sheriff and Aramark), whether the challenged policy is written, whether the policy is written but not followed, or whether the written policy itself is unconstitutional. To the extent that Plaintiffs base their constitutional claim on violation of Title 15 of the California Code of Regulations, Plaintiffs have failed to allege either how each regulation was violated or that violation of the regulations give rise to a right to relief. *See King v. Los Angeles Cty. Sheriff's Dep't*, 672 F. App'x 701, 702 (9th Cir. 2016) (affirming dismissal of Section 1983 claim based on the jail's failure to comply with provisions of Title 15 of the California Code of Regulations because the "regulations do not create a private right of action"). As a result, it is impossible for the Court to discern whether and to what extent Plaintiffs have plausibly alleged facts supporting their Section 1983 deliberate indifference claim against the Sheriff and Aramark based on inadequate food at the Jail. The third claim for relief is therefore dismissed with leave to amend at the level of specificity set forth with respect to the first claim.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motions to dismiss except the County Defendants' motion to dismiss based on exhaustion. (Dkt. Nos. 18, 31, 35.) This dismissal is with leave to amend except as to any claim predicated on denial of Plaintiffs' Fifth Amendment rights.

Any amended complaint is due within 30 days of this order and shall separately state each claim as described above. For example, any claim challenging inadequate outdoor recreation shall be pled in its own claim for relief separate from, for example, a claim alleging price gouging. Each separate claim for relief shall identify the defendants sued on that claim and whether they are sued in their individual or official capacities, if applicable, as well as the constitutional provision

allegedly violated.  While such pleading will no doubt be quite lengthy, such length is necessitated by the immense breadth of Plaintiffs' claims.

This Order disposes of Docket Nos. 18, 31, 35.

**IT IS SO ORDERED.**

Dated: July 30, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

9