Wendy L. Wilcox, Esq. (SBN 193644)
Jonathan J. Belaga, Esq. (SBN 275229)
SKANE WILCOX LLP
33 New Montgomery Street, Suite 1250
San Francisco, CA  94105
T: (415) 431-4150 / F: (415) 431-4151
wwilcox@skanewilcox.com/
jbelaga@skanewilcox.com
Attorneys for Defendants, ALAMEDA COUNTY SHERIFF'S
OFFICE, GREGORY J. AHERN, THOMAS F. MADIGAN,
CAPTAIN DERRICK C. HESSELEIN, DEPUTY IGNONT,
DEPUTY JOE, CAPTAIN LUCKETT-FAHIMI, and County of
Alameda

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMEDA COUNTY MALE PRISONERS, et al. <br><br> Plaintiffs, <br><br> v. <br><br> ALAMEDA COUNTY SHERIFF'S OFFICE, et al. <br><br> Defendants. | CASE NO.: 3:19-cv-07423-JSC <br><br> Judge: Hon. Jacqueline Scott Corley <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> FRCP 12(b)(6) <br><br> Date: October 22, 2020 <br> Time: 9:00 a.m. <br> Location:  450 Golden Gate Avenue <br>                  San Francisco, CA  94102 <br> Dept.:  Courtroom E <br> Complaint Filed: November 12, 2019 |

1

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 22, 2020 at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom E defendants the Alameda County Sheriff's Office, Gregory J. Ahern, Thomas F. Madigan, Captain Derrick C. Hesselein, Deputy Ignont, Deputy Joe, Captain Luckett-Fahimi, and County of Alameda (collectively "Defendants") will and hereby do, move the court pursuant to FRCP 12(b)(6) for an order dismissing all claims asserted in Plaintiffs' First Amended Complaint ("FAC") against the moving Defendants on the grounds Plaintiffs have failed to obey the Court's July 30, 2020, order to properly state any claim for which relief may be granted.

In the alternative, Defendants will and hereby do move to dismiss Plaintiffs' first claim for relief for violation of their First Amendment Rights because Plaintiffs have failed to properly state any claim for which relief can be granted. Plaintiffs' claims regarding the grievance procedures at Santa Rita Jail ("the Jail") are barred as a matter of law because there is no constitutional right to a jail grievance procedure. Plaintiffs' claims for First Amendment Retaliation and interference with communications with families are insufficient under the pleading standards of *Ashcroft v. Iqbal*. 556 U.S. 662 (2009).

In the alternative, Defendants will and hereby do move to dismiss Plaintiffs' second and third claims for relief for provision of inadequate medical care in violation of Plaintiffs' Eighth Amendment rights (second claim) and Fourteenth Amendment rights (third claim) because the SAC fails to state a claim upon which relief can be granted and the pleadings are insufficient under the pleading standards of *Ashcroft v. Iqbal*. 556 U.S. 662 (2009).

In the alternative, Defendants will and hereby do move to dismiss Plaintiffs' fourth and fifth claims for relief for provision of insufficient quality food necessary

to sustain Plaintiffs' health in violation of Plaintiffs' rights under the Eighth Amendment (fourth claim) and Fourteenth Amendment (fifth claim) because the SAC fails to state a claim upon which relief can be granted and the pleadings are insufficient under the pleading standards of *Ashcroft v. Iqbal*. 556 U.S. 662 (2009).

In the alternative, Defendants will and hereby do move to dismiss Plaintiffs' sixth and seventh claims for relief for failure to provide adequate sanitation to Plaintiffs in violation of Plaintiffs' rights under Eighth Amendment (sixth claim) and Fourteenth Amendment (seventh claim) because the SAC fails to state a claim upon which relief can be granted and the pleadings are insufficient under the pleading standards of *Ashcroft v. Iqbal*. 556 U.S. 662 (2009).

In the alternative, Defendants will and hereby do move to dismiss Plaintiffs' eighth claim for relief for denial of Plaintiffs' Sixth Amendment right to counsel because the SAC fails to state a claim upon which relief can be granted and the pleadings are insufficient under the pleading standards of *Ashcroft v. Iqbal*. 556 U.S. 662 (2009).

In the alternative, Defendants will and hereby do move to dismiss Plaintiffs' ninth claim for relief for subjecting Plaintiffs to punishment and other unjustified restrictions without justification in violation of Plaintiffs' Fourteenth Amendment rights because the SAC fails to state a claim upon which relief can be granted and the pleadings are insufficient under the pleading standards of *Ashcroft v. Iqbal*. 556 U.S. 662 (2009).

In the alternative, Defendants will and hereby do move to dismiss Plaintiffs' tenth claim for relief for discriminating against Artemio Gonzalez in violation of Title VI of the 1964 Civil Rights Act and Executive Order 13166 because the SAC fails to state a claim upon which relief can be granted, because Title VI of the Civil Rights Act is inapplicable to the Jail, and because the pleadings are insufficient under the pleading standards of *Ashcroft v. Iqbal*. 556 U.S. 662 (2009).

1
2
3
4
5

In the alternative, Defendants will and hereby do move to dismiss Plaintiffs' eleventh claim for relief for depriving Plaintiffs of their Fourteenth Amendment Rights by charging excessive costs and fees to Plaintiffs because the SAC fails to state a claim upon which relief can be granted and the pleadings are insufficient under the pleading standards of *Ashcroft v. Iqbal*. 556 U.S. 662 (2009).

6
7

This motion is made pursuant to FRCP 12(b)(6) and on the grounds the FAC fails to state any claim upon which relief can be granted.

8
9
10
11
12

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the concurrently filed request for judicial notice, the pleadings and papers field herein and upon such other evidence or argument as may be presented to the Court at the time of the hearing.

13

Respectfully Submitted,

14

DATED: September 14, 2020          SKANE WILCOX LLP

15
16

By:      \_</s> Jonathan Belaga_____

17
18

Wendy L. Wilcox, Esq.
Jonathan J. Belaga, Esq.
Attorneys for Defendants,
ALAMEDA COUNTY SHERIFF'S OFFICE,
GREGORY J. AHERN, THOMAS F.
MADIGAN, CAPTAIN DERRICK C.
HESSELEIN, DEPUTY IGNONT (SP),
DEPUTY JOE (SP), CAPTAIN LUCKETT-
FAHIMI, AND COUNTY OF ALAMEDA

19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................ 5

TABLE OF AUTHORITIES ..................................................................................... 7

I.      INTRODUCTION AND SUMMARY OF SECOND AMENDED COMPLAINT .............................................................................................. 9

II.     SUMMARY OF ARGUMENT ................................................................... 11

III.    BASIC PLEADING STANDARDS ............................................................ 12

  A. FRCP Rule 12(b)(6) Standards ................................................................ 12

IV.    ARGUMENT ............................................................................................... 13

A.     PLAINTIFFS' SECOND AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO FOLLOW THE COURT'S JULY 30, 2020, ORDER ...................................................................................... 13

B.     PLAINTIFFS' FIRST AMENDMENT CLAIM IS NOT A VALID CLAIM FOR RELIEF ............................................................................... 13

  1.   There Is No Cause Of Action In Federal Or State Law For A Grievance Procedure. ................................................................................ 13

  2.   Plaintiffs' First Amendment Retaliation Claim Fails To Allege Any Actionable Facts. ...................................................................................... 15

  3.   Plaintiffs Do Not Allege Specific Facts Regarding Interference With And Hampering Communications Between Plaintiffs And Their Families ................ 16

C.     PLAINTIFFS SECOND AND THIRD CLAIMS FOR RELIEF FOR INADEQUATE MEDICAL CARE FAIL TO STATE A CAUSE OF ACTION .. 16

  1.   Plaintiffs' general allegations do not state a claim for relief for inadequate medical care or deliberate indifference .............................................. 16

  2.   Plaintiffs' specific allegations against individual defendants do not state a claim for relief for inadequate medical care or deliberate indifference. .............. 18

  3.   Plaintiffs' Covid-19 Allegations Fail to State a Claim for Relief ................ 19

D.   PLAINTIFFS FOURTH AND FIFTH CLAIMS FOR RELIEF FAIL TO STATE CLAIMS FOR RELIEF BECAUSE THEY FAIL TO MEET THE PLEADING STANDARDS. ................................................................. 20

E.   PLAINTIFFS' SIXTH AND SEVENTH CLAIMS FOR RELIEF RELATED TO SANITATION ALSO FAIL AS A MATTER OF LAW. ............. 22

F.   PLAINTIFFS' EIGHTH CLAIM FOR RELIEF FAILS AS A MATTER OF LAW. ................................................................................. 23

G.   PLAINTIFFS' NINTH CLAIM FOR RELIEF FAILS AS A MATTER OF LAW. ................................................................................. 24

H.   PLAINTIFFS' TENTH CLAIM FOR RELIEF FAILS AS A MATTER OF LAW. ................................................................................. 25

I.   PLAINTIFFS FAIL TO PLEAD FACTS SUFFICIENT TO SUPPORT THEIR ELEVENTH CLAIM FOR RELIEF ........................................ 26

VIII.   CONCLUSION ........................................................................... 27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## Cases

*Abreu v. Lipka*, 778 F. App'x 28 (2d Cir. 2019) ........................................................ 20

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................... 11, 13, 16, 17, 24, 25

*Atieh v. Riordan* 727 F.3d 73, (1st Cir. 2013) ........................................................... 12

*Balistreri v. Pacifica Police Dept.,* 901 F.2d 696 (9th Cir.1990) .............................. 12

*Coto Settlement v. Eisenberg*, 593 F3d 1031 (9th Cir. 2010) ................................... 12

*Estelle v. Gamble*, 429 U.S. 97 (1976) ...................................................................... 19

*Farmer v. Brennan*, 511 U.S. 825 (1994) .................................................................. 24

Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1 (1979) ............. 14

*Hudson v. McMillian*, 503 U.S. 1 (1992) ................................................................... 22

*Irvin v. Baca*, No. CV 03-2565-AHS(CW), 2011 U.S. Dist. LEXIS 21268 (C.D. Cal.

   Jan. 18, 2011) ....................................................................................................... 21

*Ivey v. Bd. of Regents*, 673 F.2d 266 (9th Cir. 1982) ................................................ 18

*Jacobson v. Delta Airlines, Inc.*, 742 F.2d 1202 (9th Cir. 1984) .............................. 26

*Jarno v. Lewis*, 256 F. Supp. 2d 499 (E.D. Va. 2003) ............................................... 26

*Jones v. Williams*, 297 F.3d 930 (9th Cir. 2002) ....................................................... 18

*Jose v. Thomas*, No. CV 11-0486-PHX-GMS (SPL), 2012 U.S. Dist. LEXIS 80199

   (D. Ariz. June 11, 2012) ...................................................................................... 22

*King v. L.A. Cty. Sheriff's Dep't*, 672 F. App'x 701 (9th Cir. 2016) ................... 14, 21

*Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367 (9th Cir. 1996) ............................. 14

Mann v. Adams, 855 F.2d 639 (9th Cir. 1988) ........................................................... 14

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) ........................................... 23, 25

*Monical v. Jackson Cty. Sheriff's Dep't*, No. 1:17-cv-00476-YY, 2020 U.S. Dist.

   LEXIS 19036 (D. Or. Feb. 5, 2020) .................................................................... 23

Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003) ...................................................... 14

*Ross v. Sandoval*, No. 2:17-cv-02386-APG-GWF, 2017 U.S. Dist. LEXIS 198670
(D. Nev. Dec. 4, 2017) .......................................................................... 17

*Saunders v. Plummer,* 1994 U.S. Dist. LEXIS 8249 (N.D. Cal. 1994).................... 21

*Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404 (9th Cir. 1985)........... 27

*Skilstaf, Inc. v. CVS Caremark Corp*, 669 F3d 1005 (9th Cir. 2012)....................... 12

*Strom v. United States* (9th Cir. 2011) 641 F3d 1051, 1067. Rule 12(b) ................. 12

*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F3d 954, 960 (9th Cir.
2010).................................................................................................... 13

**Statutes**

42 U.S.C. § 2000d.................................................................................... 25

Fed. R. Civ. P. 12(b)(6)............................................................................. 12

**Federal Rules**

Fed. R. Civ. Proc. Rule 12 ......................................................................... 12

Fed. R. Evid., Rule 201 ............................................................................. 12

**California Regulations**

15 Cal. Code Regs, § 3040.......................................................................... 15

**Federal Regulations**

28 C.F.R. § 42.102 ................................................................................... 26

28 C.F.R. 545.23 ..................................................................................... 15

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS
AND AUTHORITIES;
CASE NO.: 3:19-cv-07423-JSC

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION AND SUMMARY OF SECOND AMENDED

3

## COMPLAINT

4

Plaintiffs, current and former inmates at the Santa Rita Jail (the "Jail") in

5

Alameda County, have alleged various Federal and State law Claims against the

6

County of Alameda (the "County"), the Alameda County Sheriff's Office, Gregory

7

J. Ahern, Thomas Madigan, Derrick Hesselein, Deputy Joe, Deputy Ignont, Captain

8

Luckett-Fahimi, Well-Path Management, Inc., Aramark Correctional Services, LLC

9

and various doe defendants.

10

Plaintiffs originally filed a rambling, unorganized, and unclear First Amended

11

Complaint ("FAC"; Dkt. No. 10), which was clearly cut and pasted from complaints

12

in other matters.  On July 30, 2020, this Court dismissed the FAC for failure to state

13

a claim on which relief could be granted because the Court could not determine if

14

Plaintiffs had plausibly alleged facts supporting their allegations of violations.  (See

15

Dkt. 49, p. 5.)

16

Plaintiffs have now filed a Second Amended Complaint ("SAC"; Dkt. 50),

17

which has the same problems as the FAC. Plaintiffs now allege ten claims for relief

18

against Defendants, each of which fails to plead facts sufficient for Defendants and

19

the Court to determine the legal basis on which Plaintiffs are basing their claims for

20

relief.

21

Plaintiffs' first claim for relief is an allegation that the County, the County

22

Sheriff's office, Madigan, Captain Luckett-Fahimi, and others violated Plaintiffs'

23

First Amendment right to a grievance procedure.

24

Plaintiffs' second and third claims for relief are allegations that the County,

25

the County Sheriff's office, Madigan, Captain Luckett-Fahimi, Ahern, and

26

27

28

Hesselein, along with Wellpath[1] and others provided inadequate medical care in violation of Plaintiffs' Eighth Amendment rights (second claim) and Fourteenth Amendment rights (third claim). There are also allegations of failure to summon medical care by Defendants Joe and Ignont.

Plaintiffs' fourth and fifth claims for relief are allegations that the County, the County Sheriff's office, Madigan, Captain Luckett-Fahimi, and Aramark[2] have failed to provide sufficient quality food necessary to sustain Plaintiffs' health in violation of Plaintiffs' rights under the Eighth Amendment (fourth claim) and Fourteenth Amendment (fifth claim).

Plaintiffs' sixth and seventh claims for relief are allegations that the County, the County Sheriff's office, Madigan, Captain Luckett-Fahimi, Joe, and Ignont have failed to provide adequate sanitation to Plaintiffs in violation of Plaintiffs' rights under Eighth Amendment (sixth claim) and Fourteenth Amendment (seventh claim).

Plaintiffs' eighth claim for relief is an allegation that the County, the County Sheriff's office, Madigan, Captain Luckett-Fahimi, and Hesselein have denied Plaintiffs their Sixth Amendment right to counsel.

Plaintiffs' ninth claim for relief is an allegation that the County, the County Sheriff's office, Madigan, and Captain Luckett-Fahimi, are subjecting Plaintiffs to punishment and other unjustified restrictions without justification in violation of Plaintiffs' Fourteenth Amendment rights.

---

[1] Co-defendant Wellpath Management, Inc. ("Wellpath"), is the contracted onsite healthcare provider for Santa Rita Jail.

[2] Co-defendant Aramark Correctional Services, LLC ("Aramark"), is the contracted food-service provider for Santa Rita Jail.

Plaintiffs' tenth claim for relief is an allegation that some unnamed defendants are discriminating against Artemio Gonzalez in violation of Title VI of the 1964 Civil Rights Act and Executive Order 13166.

Plaintiffs' eleventh claim for relief is an allegation that the County and the Sheriff are depriving Plaintiffs of their Fourteenth Amendment Rights by charging excessive costs and fees to Plaintiffs.

Defendants the County the Alameda County Sheriff's Office, Gregory J. Ahern, Thomas Madigan, Derrick Hesselein, Captain Luckett-Fahimi, Deputy Joe, and Deputy Ignont ("Defendants" or "Moving Defendants") hereby move to dismiss the Complaint for failure to state a claim against Defendants for which relief may be granted.

## II.    SUMMARY OF ARGUMENT

The Court's order dismissing Plaintiffs' First Amended Complaint stated, "Each condition that is being challenged should be alleged in a separate claim for relief." (Dkt. 49, p. 6.) Plaintiffs have failed to do this in the SAC.

Regardless of the Court's order, Plaintiffs' allegations fail to meet the pleading standards required by Rule 8 of the Federal Rules of Civil Procedure and the related case law in *Ashcroft v. Iqbal*, and its progeny. For example, Plaintiffs make general allegations about conditions at the jail, but fail to state facts sufficient to show that Plaintiffs' allegations would rise to violations of their constitutional rights, how the actions of Defendants violated Plaintiffs' constitutional rights, or whether and how Plaintiffs have been harmed by these alleged violations. Many of Plaintiffs' allegations of violated rights still have absolutely zero facts pleaded to support the allegations.

For these reasons, and as set forth more fully below, the court should grant this motion and dismiss all of the Claims asserted in Plaintiffs' FAC. In the

1  alternative, the Court should dismiss the individual claims for relief for the reasons
2  stated herein.

3  ## III.   BASIC PLEADING STANDARDS
4  ### A. FRCP Rule 12(b)(6) Standards.

5      A Rule 12(b)(6) motion is similar to the common law general demurrer—i.e.,
6  it tests the legal sufficiency of the claim or claims stated in the complaint. (*Strom v.*
7  *United States* 641 F3d 1051, 1067 (9th Cir. 2011).) Rule 12(b) provides that "a party
8  may assert the following defenses by motion: … failure to state a claim upon which
9  relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6)
10 motion is to test the legal sufficiency of the claim or claims stated in the complaint."

11     To survive a motion to dismiss, a complaint must contain sufficient factual
12 matter, accepted as true, to state a claim to relief that is plausible on its face."
13 (*Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)  (internal quotation marks omitted.))
14 The facially plausible standard "is a screening mechanism designed to weed out
15 cases that do not warrant either discovery or trial." (*Atieh v. Riordan*, 727 F3d 73, 76
16 (1st Cir. 2013).)

17     A claim can be dismissed under Rule 12(b)(6) "based on the lack of a
18 cognizable legal theory or the absence of sufficient facts alleged under a cognizable
19 legal theory." (*Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990)
20 (citation omitted).)

21     Generally, the court cannot consider material outside the complaint except for
22 facts susceptible to judicial notice.  (*Coto Settlement v. Eisenberg*, 593 F3d 1031,
23 1038 (9th Cir. 2010).) A matter that is properly the subject of judicial notice (see
24 Fed. R. Evid., rule 201) may be considered along with the complaint when deciding
25 a motion to dismiss for failure to state a claim. (*Skilstaf, Inc. v. CVS Caremark Corp*,
26 669 F3d 1005, 1016 (9th Cir. 2012).) The court need not accept as true allegations
27
28

that contradict facts which may be judicially noticed by the court. (*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F3d 954, 960 (9th Cir. 2010).)

## IV.   ARGUMENT

### A. PLAINTIFFS' SECOND AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO FOLLOW THE COURT'S JULY 30, 2020, ORDER.

In the Court's July 30, 2020, order, the Court ordered Plaintiffs to "identify who is being sued for that particular condition and the specific policy or lack thereof that is being challenged." (Dkt. 49, p. 6.) Plaintiffs have utterly failed to follow the Court's order in the SAC. The SAC takes the same scattershot approach to pleading that the FAC took in that it is impossible to discern specific policies, how those policies violate constitutional violations, which defendants participated in the policies or actions, and how Plaintiffs were damaged by these alleged violations.

Plaintiffs' SAC remains a listing of legal conclusions that does not even include a recitation of the elements of the causes of action Plaintiffs are asserting, which, in itself would be insufficient to meet the pleading standards. (*Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).) The SAC is rife with claims supported by hearsay and speculation of unspecified inmates at the Jail, which are otherwise so lacking in substance as to be unintelligible for the purposes of stating a claim for relief.  For this reason alone, the entire SAC should be dismissed without leave to amend.

### B. PLAINTIFFS' FIRST AMENDMENT CLAIM IS NOT A VALID CLAIM FOR RELIEF.

#### 1.  There Is No Cause Of Action In Federal Or State Law For A Grievance Procedure.

The First Amendment claim in Plaintiffs' SAC (the first claim for relief) is that Defendants violated Plaintiffs' free speech rights by preventing plaintiffs and members of the plaintiff class from voicing concerns and complaints regarding

1
2
3
4
5

conditions of confinement at Santa Rita Jail.  (SAC, Dkt. 50, ¶ 253(1).) Plaintiffs cite dozens of paragraphs of "factual" allegations in paragraph 252 of the SAC; however, the only potentially relevant "facts" to these allegations are in paragraphs 227-244 of the SAC. Those paragraphs refer to the Jail's grievance procedure and whether Defendants follow that procedure.

6
7
8
9
10
11
12
13

Plaintiffs allege that they are entitled to a grievance procedure under 15 Cal. Code Regs., section 1073. (SAC, Dkt. 50, ¶227.) Even assuming that Plaintiffs could allege a violation by Defendants of that regulation, violations of Title 15 of the California Code of Regulations do not create a right under section 1983. (*Lovell by & Through Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996).) There is also no pendant state law claim because there is no private right of action for violation of California's Title 15 regulations. (*King v. L.A. Cty. Sheriff's Dep't*, 672 F. App'x 701, 702-03 (9th Cir. 2016).)

14
15
16
17
18
19
20
21
22
23
24

There is no legitimate claim in federal law that Plaintiffs would be entitled to a grievance procedure. (Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).) To state a claim that a protected right has been violated, a Plaintiff must have a legitimate claim of entitlement to that right. (Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979).) The 9th Circuit has held that there is no separate constitutional entitlement to a specific grievance procedure.  (Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).) Plaintiffs' claim of entitlement here is their right to a specific grievance procedure, which does not create a claim under the First Amendment.  For this reason, Plaintiffs' claims related to the grievance procedure under the First Amendment fail as a matter of law and should be dismissed.

25
26
27
28

1

2

**2. Plaintiffs' First Amendment Retaliation Claim Fails To Allege Any Actionable Facts.**

3

4

5

6

7

8

9

10

11

12

Plaintiffs allege that Defendants have retaliated against Plaintiffs because Plaintiffs filed grievances.  (SAC, Dkt. 50. ¶ 253(2).) Once again, Plaintiffs allege no facts, but only make conclusory statements in support of these allegations. These allegations are insufficient to meet the pleading threshold standards required by *Iqbal*. For example, Plaintiffs state that "there is opprobrium from the jail toward grievances, and so that opprobrium is redirected as retaliation against the prisoner." (SAC, Dkt. 50, ¶ 236.) Nowhere in the complaint do Plaintiffs define the "opprobrium," nor do Plaintiffs identify a single person who directs such opprobrium or upon whom it is directed. As a result, Plaintiffs have failed to state a claim upon which relief can be granted.

13

14

15

16

17

18

19

20

21

22

Plaintiffs also allege that they believe that Plaintiff Gerrans was ordered by the Sheriff's Office to be removed from the jail, but they do not state any facts to support that this was the case. (SAC, Dkt. 50, ¶¶ 241-242.) In fact, as a federal detainee, Gerrans was in the custody and control of the United States Marshal's Service, which determines where federal detainees will be housed. (*See*, *e.g.*, https://www.usmarshals.gov/prisoner/, last visited Sep. 11, 2020.) Also, what happened to Mr. Gerrans when he arrived at Marin County Jail is solely within the discretion of the Marshals and Marin County. For this same reason, the allegations in paragraphs 241 and 242 also fail to support Plaintiffs' allegations of group punishment from paragraph 253(3) of the SAC.

23

24

25

26

27

Finally, Plaintiffs allege that the sentenced prisoners were afraid they would be punished for conducting a work-stoppage. (SAC, Dkt. 50, ¶ 243-244.) First, it is undisputed that sentenced prisoners may be obligated to work under both California and federal law. (15 Cal. Code Regs, § 3040(a); 28 C.F.R. 545.23.) For this reason alone, Plaintiffs have failed to state a retaliation claim. Second, as noted in

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS
AND AUTHORITIES;
CASE NO.: 3:19-cv-07423-JSC

Plaintiff's FAC, Defendants never took such disciplinary action against anyone. (FAC, Dkt. No. 10, ¶ 138.) Once again, the fact that discipline for a work stoppage would be lawful and that no discipline was undertaken defeats Plaintiffs' allegations in paragraph 253(3) of the SAC, as well. As a result, Plaintiffs' First Amendment retaliation claim fails as a matter of law.

### 3. Plaintiffs Do Not Allege Specific Facts Regarding Interference With And Hampering Communications Between Plaintiffs And Their Families.

To state a claim for relief, Plaintiffs must state sufficient facts that their claim is not just believable, but plausible. (*Iqbal*, 556 U.S. at 680.) Once again, Plaintiffs fail to do so here. Plaintiffs allege that there unnamed persons have interfered with their ability to communicate with family; however, at no time do Plaintiffs even make the allegation that the reasons for these interferences were not justified. In fact, to state a claim here, Plaintiffs would need to provide specific dates and times for these interferences, and the reasons why the interferences were not justified for Defendants to be able to provide a competent answer to the Court as to whether these incidents occurred, and what the circumstances surrounding these incidents were.

### C. PLAINTIFFS SECOND AND THIRD CLAIMS FOR RELIEF FOR INADEQUATE MEDICAL CARE FAIL TO STATE A CAUSE OF ACTION.

### 1. Plaintiffs' general allegations do not state a claim for relief for inadequate medical care or deliberate indifference.

Plaintiffs' second and third claims for relief consist of allegations (under the Eighth Amendment for sentenced prisoners as the second claim for relief, and the Fourteenth Amendment Due Process Clause for pre-trial detainees as the third claim for relief) that Plaintiffs were denied medical care or received inadequate medical care because co-Defendant Wellpath and the Alameda County Sheriff's Office

1   participated in a customary plan to restrict Plaintiffs' access to medically necessary

2   and appropriate medical care. (SAC, Dkt. No. 50, ¶¶ 266 and 274.)

3       To state a claim, Plaintiffs must plead facts sufficient to plausibly give rise to

4   an entitlement to relief. (*Iqbal*, 556 U.S. at 679.)  Just as was the case with the FAC,

5   the SAC fails to do so.  The allegations in the SAC are sparse as to who was denied

6   medical care, and why particular determinations were made. Plaintiffs fail to define

7   any specific policies, written or unwritten, which could conceivably have caused

8   Plaintiffs (or even any class member) any harm related to medical treatment. This is

9   insufficient to state a claim under *Monell*.

10       Plaintiffs specifically refer to treatment for Plaintiff Lawrence Gerrans(SAC,

11   Dkt. 50, ¶ 148); however, no allegations are made that Gerrans was denied medical

12   care or was not treated for his conditions.  "When a prisoner alleges that delay of

13   medical treatment evinces deliberate indifference, the prisoner must show that the

14   delay led to further injury." (*Ross v. Sandoval*, No. 2:17-cv-02386-APG-GWF, 2017

15   U.S. Dist. LEXIS 198670, at *7 (D. Nev. Dec. 4, 2017).) There is no allegation of

16   further injury related to Gerrans. Specifically, Plaintiffs do not and cannot allege that

17   Gerrans was denied an intake screening or a meeting with a physician. Plaintiffs also

18   do not and cannot allege that Gerrans was denied access to medication prescribed by

19   Wellpath's physicians. Plaintiffs also do not show that Gerrans was damaged by

20   inappropriate medical care or how his care resulted from the alleged deficiencies in

21   the contract between the jail and Wellpath. None of the other named Plaintiffs make

22   an allegation that they suffered harm as a result of action or inaction on the part of

23   any named Defendant. Nor do Plaintiffs state any specific policy, written or

24   unwritten, that played a role in any alleged failure on the part of any Defendant.

25   Simple conclusory statements that a policy may create an incentive to deny medical

26   care do not rise to the level of making the claims plausible as required by *Iqbal*.

27

28

Plaintiffs make references to specific incidents where they allege that individual class members did not receive immediate care; however, these incidents appear to be disagreements Plaintiffs have with the nature of the medical care received, not whether the care was medically appropriate or timely.    As to other, unnamed putative class members, their conditions, alleged injuries and potential damages would be so specific that Plaintiffs will be unable to satisfy the representative and numerosity requirements to state a claim on behalf of the proposed class members.

**2. Plaintiffs' specific allegations against individual defendants do not state a claim for relief for inadequate medical care or deliberate indifference.**

There are no specific allegations as to the County or individual defendants Ahern, Madigan, Hesselein, or Luckett-Fahimi regarding their roles in providing healthcare to Plaintiffs. Plaintiffs do not identify in what capacity they are suing Defendants Madigan, Hesselein, or Luckett-Fahimi. A plaintiff seeking a claim for liability under § 1983 against an individual must demonstrate that the defendant personally participated in the deprivation of the plaintiff's rights. (*Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).)  Plaintiffs cannot establish liability without the individual defendant's individual participation in the alleged constitutional violation. (*Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002).) As a result, Plaintiffs have not stated a claim for relief against Defendants the County, Ahern, Madigan, Hesselein, or Luckett-Fahimi.

The only individual defendants against whom allegations are made are Defendants Ignont and Joe, neither of which could possibly be shown to be a pattern or practice entitling any named Plaintiff or known class member to relief. There is one single allegation against Defendant Ignont: that he informed certain persons that the infirmary had cleared a particular unnamed individual to be in the housing unit. (SAC, Dkt. 50, ¶ 215.) There is no allegation that Ignont denied this unnamed

18

individual any required medical care.  There is no allegation that this individual actually required medical care or suffered any damage at all due to insufficient, inadequate, delayed, or denied medical care. Even if this incident occurred as Plaintiffs have alleged, a single incident involving a single individual who is not even named, much less a named Plaintiff in this case is not sufficient to support a claim by Plaintiffs for relief.

Plaintiffs make a similar allegation against Defendant Joe regarding the same incident and the same unnamed individual.  Again, there is no allegation that this unnamed individual actually required medical care or that this person suffered any damage at all due to insufficient, inadequate, delayed, or denied medical care.

### 3.  Plaintiffs' Covid-19 Allegations Fail to State a Claim for Relief.

Plaintiffs' allegations related to the Covid-19 pandemic also fail to state a claim for relief for inadequate medical care or deliberate indifference. Plaintiffs admit that there have been no reported deaths from Covid-19 at the Jail. (SAC, Dkt. No. 50, ¶ 183.) Plaintiffs admit that there has been regular testing, and that the prisoners are monitored per the symptom based strategy the Jail has outlined. (SAC, Dkt. No. 50, ¶¶ 176-177.)

Plaintiffs have alleged that Defendants have violated their Eighth and Fourteenth Amendment Rights due to the fact that certain Plaintiffs caught or were exposed to Covid-19 while incarcerated. To bring a claim for deliberate indifference to a serious medical need Plaintiffs must allege acts or omissions that would offend evolving standards of decency. (*Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).) Again, even if the Jail is not following the Covid-19 plan to the letter, Plaintiffs are a far cry from alleging deliberate indifference to the Covid-19 pandemic. Plaintiffs seem to object to the quarantine procedures implemented at the Jail and how they are working in the real world, but this does not create a violation of Plaintiffs' constitutional rights.

Plaintiffs' objections are mainly related to their speculation that they were mischaracterized or misdiagnosed. Determinations by medical professionals that inmates are not symptomatic, even if those determinations are incorrect, are not violations of those inmates' Eighth or Fourteenth Amendment rights.  For these reasons, these Plaintiffs cannot state a claim for relief under the Eighth or Fourteenth Amendments and their sixth and seventh claims for relief must fail under the pleading standards of *Iqbal*.

### D. PLAINTIFFS FOURTH AND FIFTH CLAIMS FOR RELIEF FAIL TO STATE CLAIMS FOR RELIEF BECAUSE THEY FAIL TO MEET THE PLEADING STANDARDS.

Plaintiffs' fourth and fifth claims for relief consist of allegations (under the Eighth Amendment for sentenced prisoners as the fourth claim for relief, and the Fourteenth Amendment Due Process Clause for pre-trial detainees as the fifth claim for relief) that Plaintiffs are being denied their right to sufficient, non-contaminated food necessary to sustain health. Plaintiffs allege in the SAC that co-Defendant Aramark, the County, the Alameda County Sheriff's Office, and individual Defendants Ahearn, Madigan, Hesselein, and Luckett-Fahimi violated Plaintiffs' constitutional rights by providing inadequate and inedible food. This claim for relief also arises under the Eighth Amendment for sentenced prisoners, and the Fourteenth Amendment Due Process Clause for pre-trial detainees.

To state a claim under the Eighth or Fourteenth Amendments regarding the quality of the food, Plaintiffs have to show that the food served poses an immediate danger to the health and wellbeing of the inmates who consume it.  (*Abreu v. Lipka*, 778 F. App'x 28, 33 (2d Cir. 2019).) This Plaintiffs have not done, because they cannot make such an allegation.  Once again, there are no specific individual allegations for any of Plaintiffs regarding inadequate food, that they are malnourished or that anyone was specifically injured by inadequate food.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The allegations in the FAC are limited to general allegations the food is not properly prepared, the kitchen is unsanitary, the food is spoiled when received, not properly stored, and the meals are served erratically. Plaintiffs also allege the food trays are not properly cleaned.  Notably, the SAC is deliberately vague as to who has suffered injury as a result of these allegations, how often these issues appear, whether individual inmates have sought remedies at the time, and, whether those remedies were provided and offered. Plaintiffs specifically admit that Deputies have the ability to remedy issues with the food or trays by replacing an offending food tray. (SAC, Dkt. No. 50, ¶ 79.) Plaintiffs make no allegation that any Defendant has refused to address issues with the food or food trays, whether the trays were dirty or unclean or the food was overcooked. This is fatal to Plaintiffs' food-related claims, given that Plaintiffs admit that Deputies have the ability to remedy any issues with the food or trays by replacing the offending food tray.

Plaintiffs also allege that the food is tasteless and lacks nutritional value; however, Plaintiffs' only pleaded "facts" related to the taste or nutritional value concern the type of protein they receive, not the amount, or the lack of added salt in the food. (SAC, Dkt. No. 50, ¶¶ 88, 89, 95.) For Plaintiffs to state a claim on the quality of the food, they have to show more than the fact that the food does not meet their utmost comfort. (*Saunders v. Plummer,* 1994 U.S. Dist. LEXIS 8249, *2 (N.D. Cal. 1994).) Simply stating that there is a lack of variety of the food does not rise to the level of a violation of Plaintiffs' civil rights. (*See Irvin v. Baca*, No. CV 03-2565-AHS(CW), 2011 U.S. Dist. LEXIS 21268, at *42-45 (C.D. Cal. Jan. 18, 2011).)

Finally, as noted above, Plaintiffs claims under Title 15 of the California Administrative Code must also fail.  There is no private right of action for violation of California's Title 15 regulations. (*King v. L.A. Cty. Sheriff's Dep't*, 672 F. App'x 701, 702-03 (9th Cir. 2016).)

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES;
CASE NO.: 3:19-cv-07423-JSC

For these reasons, Plaintiffs fourth and fifth claims for relief must fail as a matter of law.

### E. PLAINTIFFS' SIXTH AND SEVENTH CLAIMS FOR RELIEF RELATED TO SANITATION ALSO FAIL AS A MATTER OF LAW.

Plaintiffs' sixth and seventh claims for relief consist of allegations (under the Eighth Amendment for sentenced prisoners as the sixth claim for relief, and the Fourteenth Amendment Due Process Clause for pre-trial detainees as the seventh claim for relief) that Plaintiffs are being denied their right to adequate sanitation. For Plaintiffs to state a claim for sanitation in the conditions of confinement, they need to make a showing of extreme deprivation. (*Hudson v. McMillian*, 503 U.S. 1, 9 (1992).) Once again, Plaintiffs' allegations are unclear and scattershot.

Plaintiffs admit that the jail provides cleaning supplies to the prisoners to clean their cells. (SAC, Dkt. 50, ¶ 113.) Plaintiffs admit that there is regular laundry exchange. (SAC, Dkt. 50, ¶ 127.) Plaintiffs do not explain why the given cleaning supplies are insufficient to clean the cells, or whether they requested additional supplies and were denied. Plaintiffs do not explain whether additional laundry exchange has been requested or given. Plaintiffs to not explain whether they have attempted to remedy any of these issues within the proper channels.

Plaintiffs do not state in the Second Amended Complaint whether certain Defendants have specifically implemented policies, whether these Defendants have been made aware of a problem, or whether these Defendants have had the opportunity to address these issues. For these reasons, Plaintiffs' sanitation claims are not specific enough to meet the pleading requirements of a Section 1983 claim. (*Jose v. Thomas*, No. CV 11-0486-PHX-GMS (SPL), 2012 U.S. Dist. LEXIS 80199, at *9-10 (D. Ariz. June 11, 2012).)

Once again, Plaintiffs make allegations against Defendants Joe and Ignont in their individual capacities; however, the SAC contains no allegations regarding these

1  two defendants' involvement with sanitation.  There is no allegation that Ignont

2  denied any cleaning supplies or clean laundry. There is no allegation that Joe denied

3  any cleaning supplies or any laundry services to any prisoner.

4  ## F.  PLAINTIFFS' EIGHTH CLAIM FOR RELIEF FAILS AS A
      ## MATTER OF LAW.

6  Plaintiffs' eighth claim for relief is based in an allegation that the County, the

7  Alameda County Sheriff's Office, and individual defendants Ahern, Madigan,

8  Hesselein, and Luckett-Fahimi have interfered with Plaintiffs' Sixth Amendment

9  Right to Counsel by charging for video phone calls, and refusing visits to the jail by

10  lawyers for Plaintiff Gerrans on two occasions and a lawyer for Larry Felder on one

11  occasion. (SAC, Dkt. 50, ¶¶ 193-94.) Plaintiffs identify no policies that led to

12  attorneys' being denied visits on those three occasions. Because there is no

13  respondeat superior in section 1983 claims and no policies are identified as the

14  source of the alleged violations, Plaintiffs are required to allege that the individual

15  defendants took part in the deprivations Plaintiffs allege. (*Monell v. Dep't of Soc.*

16  *Servs.*, 436 U.S. 658, 691 (1978).) Plaintiffs Sixth Amendment Claims fail on this

17  basis alone.

18  Even assuming that Plaintiffs could state such a claim, their claim for relief

19  would still fail.  "[E]ven when an institutional restriction infringes a specific

20  constitutional guarantee, such as the [Sixth] Amendment, the practice must be

21  evaluated in the light of the central objective of prison administration, safeguarding

22  institutional security." (*Monical v. Jackson Cty. Sheriff's Dep't*, No. 1:17-cv-00476-

23  YY, 2020 U.S. Dist. LEXIS 19036, at *21 (D. Or. Feb. 5, 2020).) In this case,

24  Plaintiffs do not allege specific events surrounding these specific visits by their

25  attorneys. Without stating why the visits were denied, Plaintiffs fail to allege that

26  they were denied unlawfully, which would also be a requirement to state a claim

27  under *Iqbal*.

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS
AND AUTHORITIES;
CASE NO.: 3:19-cv-07423-JSC

## G. PLAINTIFFS' NINTH CLAIM FOR RELIEF FAILS AS A MATTER OF LAW.

Plaintiffs' ninth claim for relief is based in an allegation that the County, the Alameda County Sheriff's Office, and individual defendants Ahern, Madigan, Hesselein, and Luckett-Fahimi have subjected them to punishment and discipline without legitimate penological justification. Once again, Plaintiffs' allegations are conclusory with little to no supporting facts.

Plaintiffs must provide enough facts to create a plausible claim for relief showing: (1) that they are incarcerated under conditions posing a substantial risk of serious harm; and (2) that the jail officials are deliberately indifferent to inmate health or safety. (*Farmer v. Brennan*, 511 U.S. 825, 834 (1994).) To be found liable for denying an inmate humane conditions of confinement Plaintiffs must show that, "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." (*Id.* at 1979.) None of the named Plaintiffs in this case make any specific allegations about their conditions of confinement in the SAC.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).) "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." (*Id.* at 679.) In this case, there are no factual allegations at all by the relevant named Plaintiffs regarding the ninth claim for relief. Plaintiffs state that the lockdowns are excessive, but they do not explain why, or even how often the lockdowns occur. Plaintiffs state that they have difficulty with wi-fi signals on jail-

provided tablets, but it is not clear that there is even an obligation for the Jail to provide reliable wi-fi.

Additionally, Plaintiffs' ninth claim for relief is against the County, the Alameda County Sheriff's Office, and individual Defendants Ahern, Madigan, and Luckett-Fahimi. Plaintiffs make no specific allegations regarding any of these Defendants that tie any of these Defendants to the acts complained of in the SAC. Again, there is no respondeat superior in section 1983 claims; therefore, Plaintiffs are required to allege that the individual defendants participated in the alleged deprivations. (*Monell*, 436 U.S. at 691.)

Put simply, it cannot be determined from the SAC how the named Plaintiffs are involved in the cause of action related to the conditions of confinement. To state a claim, Plaintiffs have to plead facts sufficient to show that the named Plaintiffs are plausibly entitled to relief. (*Iqbal*, 556 U.S. at 679.) This they have not done, despite this Court's order from July 30, 2020, requiring them to do so.

For these reasons, Plaintiffs' ninth claim for relief fails as a matter of law and should be dismissed.

## H. PLAINTIFFS' TENTH CLAIM FOR RELIEF FAILS AS A MATTER OF LAW.

Plaintiffs' tenth claim for relief fails as a matter of law because there are no allegations, conclusory or otherwise, that the Jail receives federal financial assistance, and is therefore bound by Title VI of the Civil Rights Act of 1964. Title VI prohibits discrimination on the basis of race, color, or national origin in any program receiving federal financial assistance. (42 U.S.C. § 2000d.) For Plaintiffs to prove that the Jail discriminated against a prisoner under Title VI, Plaintiffs must first prove that the Jail receives federal financial assistance. Plaintiffs make no allegations about whether the Jail receives federal financial assistance; however, it is not enough that the Jail houses federal detainees for compensation.  "Federal

financial assistance," as defined in the regulations, excludes payment for services and requires evidence of a federal subsidy. (*Jarno v. Lewis*, 256 F. Supp. 2d 499, 504 (E.D. Va. 2003); 28 C.F.R. § 42.102(c)(5).)

To state a cause of action under Title VI, Plaintiffs must competently allege that the Jail receives federal subsidies. (*Jarno*, 256 F. Supp. 2d. at 504-505.) Unless Plaintiffs can create a plausible allegation that the Jail receives a federal subsidy, Title VI does not apply here. (*See Jacobson v. Delta Airlines, Inc.*, 742 F.2d 1202, 1209 (9th Cir. 1984) *holding* that federal financial assistance is required for the Rehabilitation Act, and as in Title VI of the Civil Rights Act, requires that the program receive more than a fee for services.)  Because Plaintiffs have failed to make any allegation in the SAC about federal subsidies for the Jail, their tenth claim for relief must fail as a matter of law.

## I.  PLAINTIFFS FAIL TO PLEAD FACTS SUFFICIENT TO SUPPORT THEIR ELEVENTH CLAIM FOR RELIEF

Plaintiffs' eleventh claim for relief is a claim that the County and the Alameda County Sheriff's Office deprived Plaintiffs of their Fourteenth Amendment Rights by charging excessive fees for commissary and other services. Plaintiffs' eleventh claim for relief appears to be a "catch-all" in which Plaintiffs assert that all of their allegations support a claim of profiteering.  For example, Plaintiffs claim paragraphs 91-220 of the SAC support their allegations, yet most of these paragraphs do not even discuss charges for services. (SAC, Dkt. 50, ¶ 215.) To the extent that Plaintiffs' allegations do cite some sort of profit motive, the allegations are conclusory and do not plead sufficient facts to meet the pleading standards in *Iqbal*. Plaintiffs do not state how any of them are specifically injured by a policy of the County or the County Sheriff such that the charge amounts to a constitutional violation. To state a claim, Plaintiffs must plead facts sufficient to show that they suffered some constitutional deprivation as a result of fees they were charged.

(*Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985).) Plaintiffs have failed to allege that any single person was denied any service to which he was constitutionally entitled because he was unable to pay a fee. For this reason, Plaintiffs' eleventh claim for relief must fail as a matter of law.

## VIII.        CONCLUSION

Because Plaintiffs failed to follow the Order of this Court, dated July 30, 2020, Defendants respectfully request that the Court dismiss Plaintiffs' Second Amended Complaint in its entirety without leave to amend.

In the alternative, again because Plaintiffs failed to follow this Court's order, Plaintiffs have failed to state a claim on any of the claims for relief in the SAC because the SAC fails to meet the pleading standards required by *Iqbal*. Plaintiffs have failed to plead facts sufficient to show that any Plaintiff is entitled to individual relief; therefore, each and every claim for relief or theory of recovery should be dismissed.

Respectfully Submitted,


DATED: September 14, 2020            SKANE WILCOX LLP


                                 By:      _</s> Jonathan Belaga_____
                                          Wendy L. Wilcox, Esq.
                                          Jonathan J. Belaga, Esq.
                                          Attorneys for Defendants, COUNTY OF
                                          ALAMEDA