Jonathan J. Belaga, Esq. (SBN 275229)
SKANE MILLS LLP
33 New Montgomery Street, Suite 1250
San Francisco, CA 94105
T: (415) 431-4150 / F: (415) 431-4151
jbelaga@skanewilcox.com

Attorneys for Defendants, ALAMEDA COUNTY SHERIFF'S OFFICE, DEPUTY IGNONT, DEPUTY JOE, and COUNTY OF ALAMEDA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMEDA COUNTY MALE PRISONERS, et al.<br><br>   Plaintiffs,<br><br>v.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, et al.<br><br>   Defendants. | CASE NO.: 3:19-cv-07423-JSC<br><br>Judge: Hon. Jacqueline Scott Corley<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>FRCP 12(b)(6)<br><br>Date: May 20, 2021<br>Time: 9:00 a.m.<br>Location: 450 Golden Gate Avenue<br>          San Francisco, CA 94102<br>Dept.: Courtroom E<br>Complaint Filed: November 12, 2019 |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

1

**PLEASE TAKE NOTICE** that on May 20, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom E defendants the Alameda County Sheriff's Office, Deputy Ignont, Deputy Joe, and County of Alameda (collectively "Defendants") will and hereby do, move the court pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing all claims asserted in Plaintiffs' Fourth Amended Complaint ("4AC") against the moving Defendants on the grounds Plaintiffs have failed to obey the Court's July 30, 2020, and November 19, 2020, orders to properly state any claim for which relief may be granted.

In the alternative, Defendants will and hereby do move to dismiss Plaintiffs' first and second claims for relief for provision of insufficient quality food necessary to sustain Plaintiffs' health in violation of Plaintiffs' rights under the Fourteenth Amendment (first claim) and Eighth Amendment (second claim) because the 4AC fails to state a claim upon which relief can be granted and the pleadings are insufficient under the pleading standards of *Ashcroft v. Iqbal*. 556 U.S. 662 (2009).

In the alternative, Defendants will and hereby do move to dismiss Plaintiffs' third and fourth claims for relief that Defendants provided inadequate medical care in violation of Plaintiffs' Fourteenth Amendment rights (third claim) and Eighth Amendment rights (Fourth claim) because the 4AC fails to state a claim upon which relief can be granted and the pleadings are insufficient under the pleading standards of *Ashcroft v. Iqbal*. 556 U.S. 662 (2009).

In the alternative, Defendants will and hereby do move to dismiss Plaintiffs' fifth and sixth claims for relief that Defendants have failed to provide adequate sanitation to Plaintiffs in violation of Plaintiffs' rights under the Fourteenth Amendment (fifth claim) and Eighth Amendment (sixth claim) because, as amended in the 4AC, Plaintiffs have failed to state a claim upon which relief can be

granted and the pleadings are insufficient under the pleading standards of *Ashcroft v. Iqbal*. 556 U.S. 662 (2009).

In the alternative, Defendants will and hereby do move to dismiss Plaintiffs' seventh claim for relief that Defendants violated Plaintiffs' First Amendment right to "free speech" by retaliating against Plaintiff Gerrans because, as amended in the 4AC, Plaintiffs have failed to state a claim upon which relief can be granted as there is no respondeat superior liability for claims under *Monell*, and the pleadings are insufficient under the pleading standards of *Ashcroft v. Iqbal*. 556 U.S. 662 (2009).

This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and on the grounds the 4AC fails to state any claim upon which relief can be granted.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the concurrently filed request for judicial notice, the pleadings and papers field herein and upon such other evidence or argument as may be presented to the Court at the time of the hearing.

                                          Respectfully Submitted,

DATED: April 12, 2021        SKANE WILCOX LLP

                              By:    _&lt;/s&gt; Jonathan Belaga_____

                                     Jonathan J. Belaga, Esq.
                                     Attorneys for Defendants,
                                     ALAMEDA COUNTY SHERIFF'S OFFICE,
                                     DEPUTY IGNONT, DEPUTY JOE, AND
                                     COUNTY OF ALAMEDA

TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF FOURTH AMENDED COMPLAINT ................................................................................................... 7

II. SUMMARY OF ARGUMENT ................................................................... 9

III. BASIC PLEADING STANDARDS ........................................................... 9

IV. ARGUMENT .............................................................................................. 10

   A. PLAINTIFFS' FOURTH AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO FOLLOW THE COURT'S PRIOR ORDERS. ............................................................................................................ 10

   B. PLAINTIFFS FIRST AND SECOND CLAIMS FOR RELIEF FAIL TO STATE CLAIMS FOR RELIEF BECAUSE THEY FAIL TO MEET THE PLEADING STANDARDS. .................................................................................. 11

   C. PLAINTIFFS THIRD AND FOURTH CLAIMS FOR RELIEF FOR INADEQUATE MEDICAL CARE FAIL TO STATE A CAUSE OF ACTION.. 13

     1. Plaintiffs' general allegations do not state a claim for relief for inadequate medical care or deliberate indifference................................................................ 13

     2. Plaintiffs' specific allegations against individual defendants do not state a claim for relief for inadequate medical care or deliberate indifference. .............. 15

     3. Plaintiffs' Covid-19 Allegations Fail to State a Claim for Relief................. 16

   D. PLAINTIFFS' FIFTH AND SIXTH CLAIMS FOR RELIEF RELATED TO SANITATION ALSO FAIL AS A MATTER OF LAW. ...................................... 17

   E. PLAINTIFFS' SEVENTH CLAIM FOR RELIEF FAILS AS A MATTER OF LAW. ................................................................................................................... 18

     1. Plaintiffs' First Amendment Retaliation Claim Fails To State a Claim Against ACSO or the County. ........................................................................... 18

VIII. CONCLUSION ....................................................................................... 19

**Table of Authorities**

**Federal Court Opinions**

*Abreu v. Lipka*,
    778 F. App'x 28 (2d Cir. 2019) ............................................................................. 13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................... 11, 12

*Atieh v. Riordan*,
    727 F.3d 73 (1st Cir. 2013) .................................................................................. 11

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1988) ............................................................................... 11

*Coto Settlement v. Eisenberg*,
    593 F.3d 1031 (9th Cir. 2010) ............................................................................. 11

*Estelle v. Gamble*,
    429 U.S. 97 (1976) ............................................................................................. 17

*Hudson v. McMillian*,
    503 U.S. 1 (1992) ............................................................................................... 18

*Irvin v. Baca*,
    No. CV 03-2565-AHS(CW), 2011 U.S. Dist. LEXIS 21268 (C.D. Cal. Jan. 18, 2011) ............................................................................................................ 13

*Ivey v. Bd. of Regents*,
    673 F.2d 266 (9th Cir. 1982) ............................................................................... 16

*Jones v. Williams*,
    297 F.3d 930 (9th Cir. 2002) ............................................................................... 16

*Jose v. Thomas*,
    No. CV 11-0486-PHX-GMS (SPL), 2012 U.S. Dist. LEXIS 80199 (D. Ariz. June 11, 2012) ............................................................................................ 18-19

*King v. L.A. Cnty. Sheriff's Dep't*,
   672 F. App'x 701 (9th Cir. 2016) .......................................................................... 14

*Lockett v. Cnty. of L.A.*,
   977 F.3d 737 (9th Cir. 2020) ........................................................................... 15, 19

*Melendres v. Arpaio*,
   784 F.3d 1254 (9th Cir. 2015) ............................................................................. 17

*Ross v. Sandoval*,
   No. 2:17-cv-02386-APG-GWF, 2017 U.S. Dist. LEXIS 198670 (D. Nev. Dec. 4, 2017) ..................................................................................................................... 15

*Saunders v. Plummer*,
   No. C-94-1007 DLJ, 1994 U.S. Dist. LEXIS 8249 (N.D. Cal. June 9, 1994) .... 13

*Skilstaf, Inc. v. CVS Caremark Corp.*,
   669 F.3d 1005 (9th Cir. 2012) ............................................................................. 11

*Strom v. United States*,
   641 F.3d 1051 (9th Cir. 2010) ............................................................................. 10

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
   592 F.3d 954 (9th Cir. 2010) ............................................................................... 11

**Federal Rules**

Fed. R. Civ. P. 12 ........................................................................................................ 11

Fed. R. Evid. 201 ........................................................................................................ 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF FOURTH AMENDED COMPLAINT

Plaintiffs, current and former inmates at the Santa Rita Jail (the "Jail") in Alameda County, have alleged various Federal and State law Claims against the County of Alameda (the "County"), the Alameda County Sheriff's Office ("ACSO"), Deputy Joe, Deputy Ignont, Well-Path Management, Inc., Aramark Correctional Services, LLC and various doe defendants.

Plaintiffs originally filed a rambling, unorganized, and unclear First Amended Complaint ("FAC"; Dkt. No. 10), which was clearly cut and pasted from complaints in other matters. On July 30, 2020, this Court dismissed the FAC for failure to state a claim on which relief could be granted because the Court could not determine if Plaintiffs had plausibly alleged facts supporting their allegations of violations. (See Dkt. 49, p. 5.)

Plaintiffs then filed a Second Amended Complaint ("SAC"; Dkt. 50), which had the same problems as the FAC. Defendants filed motions to dismiss Plaintiffs' SAC two weeks later.

While the motions to dismiss were pending, Plaintiffs sought to bypass their pleading problems by filing a motion for preliminary injunction seeking the same injunctive relief as they were seeking from the Complaint. (Dkt. No.71.)

The Court dismissed most of the claims for relief in the SAC on November 19, 2020, for the same reasons that the allegations in the FAC had been dismissed. (See Dkt. 73, p. 20.) Although a few claims for relief survived Defendants' motions to dismiss, Plaintiffs chose to file a Third Amended Complaint ("TAC"; Dkt. No. 89), which appeared to be a carbon copy of the SAC, with a few minor additions.

On February 11, 2021 at the hearing on Plaintiffs' motion for a preliminary injunction, the Court noted that Plaintiffs' TAC allegations were mostly unchanged

7

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES;
CASE NO.: 3:19-cv-07423-JSC

from the SAC, and the parties agreed that Plaintiffs would file a fourth amended complaint. Plaintiffs have since filed their Fourth Amended Complaint, ("4AC"; Dkt. No. 102) on March 29, 2021.

In the 4AC, Plaintiffs have now abandoned many of their claims that did not survive Defendants' prior motions to dismiss, instead alleging only seven claims for relief against Defendants, each of which fails to plead facts sufficient for Defendants and the Court to determine the legal basis on which Plaintiffs are basing their claims for relief.

Plaintiffs' first and second claims for relief are allegations that the County and ACSO and Aramark[1] have failed to provide sufficient quality food necessary to sustain Plaintiffs' health in violation of Plaintiffs' rights under the Fourteenth Amendment (first claim) and Eighth Amendment (second claim).

Plaintiffs' third and fourth claims for relief are allegations that the County, ACSO and Wellpath[2] and others provided inadequate medical care in violation of Plaintiffs' Fourteenth Amendment rights (third claim) and Eighth Amendment rights (Fourth claim). There are also allegations of failure to summon medical care by Defendants Joe and Ignont.

Plaintiffs' fifth and sixth claims for relief are allegations that the County, ACSO, and Deputies Joe, and Ignont have failed to provide adequate sanitation to Plaintiffs in violation of Plaintiffs' rights under the Fourteenth Amendment (fifth claim) and Eighth Amendment (sixth claim).

---

[1] Co-defendant Aramark Correctional Services, LLC ("Aramark"), is the contracted food-service provider for Santa Rita Jail.

[2] Co-defendant Wellpath Management, Inc. ("Wellpath"), is the contracted onsite healthcare provider for Santa Rita Jail.

Plaintiffs' seventh claim for relief is an allegation that the County and ACSO (and others) violated Plaintiffs' First Amendment right to "free speech."

Defendants the County, ACSO, Deputy Joe, and Deputy Ignont ("Defendants" or "Moving Defendants") hereby move to dismiss the Complaint for failure to state a claim against Defendants for which relief may be granted.

## II.  SUMMARY OF ARGUMENT

The Court's order dismissing Plaintiffs' First Amended Complaint stated, "Each condition that is being challenged should be alleged in a separate claim for relief." (Dkt. 49, p. 6.) Plaintiffs failed to do this in the SAC and the TAC, and have now failed to do it again in the 4AC.

Regardless of the Court's order, Plaintiffs' allegations fail to meet the pleading standards required by Rule 8 of the Federal Rules of Civil Procedure and the related case law in *Ashcroft v. Iqbal*, and its progeny. For example, Plaintiffs make general allegations about conditions at the jail, but fail to state facts sufficient to show that Plaintiffs' allegations would rise to violations of their constitutional rights, how the actions of Defendants violated Plaintiffs' constitutional rights, or whether and how Plaintiffs have been harmed by these alleged violations. Many of Plaintiffs' allegations of violated rights still have absolutely zero facts pleaded to support the allegations.

For these reasons, and as set forth more fully below, the court should grant this motion and dismiss all of the Claims asserted in Plaintiffs' FAC. In the alternative, the Court should dismiss the individual claims for relief for the reasons stated herein.

## III.  BASIC PLEADING STANDARDS

A Rule 12(b)(6) motion is similar to the common law general demurrer—i.e., it tests the legal sufficiency of the claim or claims stated in the complaint. *Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2010). Rule 12(b) provides that "a party

9

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES;
CASE NO.: 3:19-cv-07423-JSC

may assert the following defenses by motion: … failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the claim or claims stated in the complaint."

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted.) The facially plausible standard "is a screening mechanism designed to weed out cases that do not warrant either discovery or trial." *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013).

A claim can be dismissed under Rule 12(b)(6) "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted) (citation omitted).

Generally, the court cannot consider material outside the complaint except for facts susceptible to judicial notice. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). A matter that is properly the subject of judicial notice (*see* Fed. R. Evid. 201) may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 (9th Cir. 2012). The court need not accept as true allegations that contradict facts which may be judicially noticed by the court. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

IV. **ARGUMENT**

**A. PLAINTIFFS' FOURTH AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO FOLLOW THE COURT'S PRIOR ORDERS.**

In the Court's July 30, 2020, order, the Court ordered Plaintiffs to "identify who is being sued for that particular condition and the specific policy or lack thereof

that is being challenged." (Dkt. 49, p. 6.) Plaintiffs have utterly failed to follow the Court's order in the SAC. The SAC took the same scattershot approach to pleading that the FAC took in that it was impossible to discern specific policies, how those policies violate constitutional rights, which defendants participated in the policies or actions, or how Plaintiffs were damaged by these alleged violations. In the Court's November 19, 2020, order, the Court noted that Plaintiffs had again "failed to provide factual allegations supporting the breadth of the claims alleged." (Dkt. 73, p. 3.)

Plaintiffs' 4AC remains a listing of legal conclusions that does not even include a recitation of the elements of the causes of action Plaintiffs are asserting, which, in itself would be insufficient to meet the pleading standards. *Ashcroft*, 556 U.S. at 678. For example, Plaintiffs allege that the Santa Rita Jail Kitchen is in violation of several California Retail Food Code statutes, but does not state which specific statutes are being violated, or how the Jail is violating these statutes. (4AC, Dkt. 102, ¶¶ 57-71.)

The 4AC is rife with claims supported by hearsay and speculation of unspecified inmates at the Jail, which are otherwise so lacking in substance as to be unintelligible for the purposes of stating a claim for relief.  For this reason alone, the entire 4AC should be dismissed without leave to amend.

### B. PLAINTIFFS FIRST AND SECOND CLAIMS FOR RELIEF FAIL TO STATE CLAIMS FOR RELIEF BECAUSE THEY FAIL TO MEET THE PLEADING STANDARDS.

Plaintiffs' first and second claims for relief consist of allegations (under the Fourteenth Amendment Due Process Clause for pre-trial detainees as the first claim for relief and the Eighth Amendment for sentenced prisoners as the second claim for relief) that Plaintiffs are being denied their right to sufficient, unspoiled food necessary to sustain health. Plaintiffs allege in the 4AC that co-Defendant Aramark,

the County, and ACSO violated Plaintiffs' constitutional rights by providing inadequate and inedible food. This claim for relief also arises under the Eighth Amendment for sentenced prisoners, and the Fourteenth Amendment Due Process Clause for pre-trial detainees.

To state a claim under the Eighth or Fourteenth Amendments regarding the quality of the food, Plaintiffs have to show that the food served poses an immediate danger to the health and wellbeing of the inmates who consume it. *Abreu v. Lipka*, 778 F. App'x 28, 33 (2d Cir. 2019). Once again, Plaintiffs have not alleged inadequate food quality or quantity, because there are no specific individual allegations for any named Plaintiff regarding inadequate food. Once again this claim for relief should be dismissed.

The allegations in the 4AC are limited to general allegations the food is not properly prepared, the kitchen is unsanitary, the food is spoiled when received, not properly stored, and the meals are served erratically. Plaintiffs also allege the food trays are not properly cleaned; however, as was the case with the FAC, Plaintiffs fail to reference any policies, procedures, customs or practices leading to the issues in the 4AC. Instead, Plaintiffs cite a litany of statutes and regulations, but cannot state how or why Defendants are in violation of any of these statutes or regulations.

For Plaintiffs to state a claim on the quality of the food, they have to show more than the fact that the food does not meet their utmost comfort. *Saunders v. Plummer*, No. C-94-1007 DLJ, 1994 U.S. Dist. LEXIS 8249, at *2 (N.D. Cal. June 9, 1994). Simply stating that there is a lack of variety of the food does not rise to the level of a violation of Plaintiffs' civil rights. *See Irvin v. Baca*, No. CV 03-2565-AHS(CW), 2011 U.S. Dist. LEXIS 21268, at *42-45 (C.D. Cal. Jan. 18, 2011).

Finally, as noted above, Plaintiffs claims under Title 15 of the California Administrative Code must also fail. There is no private right of action for violation

of California's Title 15 regulations. *King v. L.A. Cnty. Sheriff's Dep't*, 672 F. App'x 701, 702-03 (9th Cir. 2016).

For these reasons, Plaintiffs first and second claims for relief must fail as a matter of law.

## C. PLAINTIFFS THIRD AND FOURTH CLAIMS FOR RELIEF FOR INADEQUATE MEDICAL CARE FAIL TO STATE A CAUSE OF ACTION.

**1. Plaintiffs' general allegations do not state a claim for relief for inadequate medical care or deliberate indifference.**

Plaintiffs' third and fourth claims for relief consist of allegations (under the Fourteenth Amendment Due Process Clause for pre-trial detainees as the third claim for relief, and the Eighth Amendment for sentenced prisoners as the fourth claim for relief) that Plaintiffs were denied medical care or received inadequate medical care because co-Defendant Wellpath wanted to maintain its profit margin. (4AC, Dkt. No. 102, ¶ 133.)

To state a claim, Plaintiffs must plead facts sufficient to plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.  Just as was the case with the FAC, the SAC and the TAC, the 4AC fails to do so.  The 4AC is essentially silent as to who was denied medical care or why particular determinations were made. Plaintiffs fail to define any specific policies, written or unwritten, which could conceivably have caused Plaintiffs (or even any class member) any harm related to medical treatment. This is insufficient to state a claim under *Monell*.

Plaintiffs specifically refer to shared inhalers at the jail pre-covid; however, there are no specific references to who ordered the shared inhalers or why access may have been restricted. (4AC, ¶¶ 137-145.) Plaintiffs' allegations do not state a claim against the County or ACSO because they do not allege that the decisions regarding the inhalers resulted from any policy on the part of the County or ACSO,

much less the constitutional violation that would be required to establish a *Monell* claim. *Lockett v. Cnty. of L.A.*, 977 F.3d 737, 741 (9th Cir. 2020).

Once again, and unmodified from the FAC and the SAC, Plaintiffs make allegations regarding medical treatment for Plaintiff Lawrence Gerrans (4AC, Dkt. ¶ 143); however, no allegations are made that Gerrans was denied medical care or was not treated for his conditions. "When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury." *Ross v. Sandoval*, No. 2:17-cv-02386-APG-GWF, 2017 U.S. Dist. LEXIS 198670, at *7 (D. Nev. Dec. 4, 2017) . There is no allegation of further injury related to Gerrans.

Once again, it is worth noting that, Plaintiffs do not and cannot allege that Gerrans was denied an intake screening or a meeting with a physician. Plaintiffs also do not and cannot allege that Gerrans was denied access to medication prescribed by Wellpath's physicians. Plaintiffs also do not show that Gerrans was damaged by inappropriate medical care or how his care resulted from the alleged deficiencies in the contract between the jail and Wellpath. None of the other named Plaintiffs make an allegation that they suffered harm as a result of action or inaction on the part of any named Defendant. Nor do Plaintiffs state any specific policy, written or unwritten, that played a role in any alleged failure on the part of any Defendant. Simple conclusory statements that a policy may create an incentive to deny medical care do not rise to the level of making the claims plausible as required by *Iqbal*.

Again, as was the case with the FAC and the SAC, Plaintiffs in the 4AC make references to specific incidents where they allege that individual class members did not receive immediate care; however, these incidents appear to be disagreements Plaintiffs have with the nature of the medical care received, not whether the care was medically appropriate or timely. As to other, named or unnamed putative class members, their conditions, alleged injuries and potential damages would be so

14

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES;
CASE NO.: 3:19-cv-07423-JSC

specific that Plaintiffs will be unable to satisfy the representative and numerosity requirements to state a claim on behalf of the proposed class members.

### 2. Plaintiffs' specific allegations against individual defendants do not state a claim for relief for inadequate medical care or deliberate indifference.

There are no specific allegations as to the County, ACSO, or individual defendants Joe or Ignont regarding their roles in providing healthcare to Plaintiffs. A plaintiff seeking a claim for liability under section 1983 against an individual must demonstrate that the defendant personally participated in the deprivation of the plaintiff's rights. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiffs cannot establish liability without the individual defendant's individual participation in the alleged constitutional violation. *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002).

The 4AC lists Defendants Ignont and Joe in their individual capacities related to the third and fourth causes of action; however, Plaintiffs have removed most of the individual allegations about Defendant Ignont from the 4AC leaving only an allegation that Ignont refused a request from Plaintiff Gerrans to have another prisoner placed in the OPHU. (4AC, ¶ 208.) This allegation does not show a pattern or practice entitling any named Plaintiff or known class member to relief.

There is no longer any allegation that Ignont did or failed to do anything that resulted in any constitutional deprivation to any person. Specifically regarding what is stated in paragraph 208 of the 4AC, there is no allegation that the individual referenced in the 4AC actually required medical care or suffered any damage at all due to insufficient, inadequate, delayed, or denied medical care. Even if this incident occurred as Plaintiffs have alleged, a single incident involving a single individual who is not even named, much less a named Plaintiff in this case is not sufficient to support a claim by Plaintiffs for relief.

15

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES;
CASE NO.: 3:19-cv-07423-JSC

Plaintiffs make a similar allegation against Defendant Joe regarding the same incident and the same unnamed individual. Again, there is no allegation that this unnamed individual actually required medical care or that this person suffered any damage at all due to insufficient, inadequate, delayed, or denied medical care. Again, as noted by the Court in its order dismissing this claim for relief from the SAC, "Plaintiff Gerrans—the only named Plaintiff alleged to have been present—lacks standing to bring the claim on his behalf. *See Melendres v. Arpaio*, 784 F.3d 1254, 1261 (9th Cir. 2015)." (Order re Defendants' Motions to Dismiss the SAC, Dkt. 73, p. 11.) Plaintiffs have not cured these issues in the 4AC.

### 3. Plaintiffs' Covid-19 Allegations Fail to State a Claim for Relief.

Plaintiffs' allegations related to the Covid-19 pandemic also fail to state a claim for relief for inadequate medical care or deliberate indifference. Plaintiffs previously admitted that there have been no reported deaths from Covid-19 at the Jail. (SAC, Dkt. No. 50, ¶ 183.) Plaintiffs also admit that there has been regular testing, and that the prisoners are monitored per the symptom based strategy the Jail has outlined. (4AC, Dkt. No. 102, ¶¶ 189-190.)

Now, Plaintiffs allege that unnamed inmates contracted COVID-19 due to ACSO "and WELLPATH's joint policy and practice of declaring covid-19 positive prisoners as "recovered" when they are still symptomatic, and not re-testing these men before placing them back into general population." (4AC, Dkt. 102, ¶ 192.) Plaintiffs have alleged that Defendants' joint policy has violated their Eighth and Fourteenth Amendment Rights because certain prisoners caught or were exposed to Covid-19 while incarcerated. To bring a claim for deliberate indifference to a serious medical need Plaintiffs must allege acts or omissions that would offend evolving standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Again, even if the Jail is not following the Covid-19 plan to the letter, Plaintiffs are a far cry from alleging deliberate indifference to the Covid-19 pandemic. Plaintiffs seem to object

to the quarantine procedures implemented at the Jail and how they are working in the real world, but this does not create a violation of Plaintiffs' constitutional rights.

Plaintiffs' objections are mainly related to their speculation that they were mischaracterized or misdiagnosed. Determinations by medical professionals that inmates are not symptomatic, even if those determinations are incorrect, are not violations of those inmates' Eighth or Fourteenth Amendment rights. For these reasons, these Plaintiffs cannot state a claim for relief under the Eighth or Fourteenth Amendments and their third and fourth claims for relief must fail under the pleading standards of *Iqbal*.

### D. PLAINTIFFS' FIFTH AND SIXTH CLAIMS FOR RELIEF RELATED TO SANITATION ALSO FAIL AS A MATTER OF LAW.

Plaintiffs' fifth and sixth claims for relief consist of allegations (under the Fourteenth Amendment Due Process Clause for pre-trial detainees as the seventh claim for relief and the Eighth Amendment for sentenced prisoners as the sixth claim for relief) that Plaintiffs are being denied their right to adequate sanitation. For Plaintiffs to state a claim for sanitation in the conditions of confinement, they need to make a showing of extreme deprivation. (*Hudson v. McMillian*, 503 U.S. 1, 9 (1992) .) Although this Court previously ruled that Plaintiffs had properly pleaded these claims, as amended in the 4AC, these claims are no-longer properly pled. As previously noted in the County Defendants' motion to dismiss the FAC, Plaintiffs' allegations were unclear and not referenced as part of the claims for relief. With the filing of the 4AC, this issue with Plaintiffs' claims has resurfaced.

Plaintiffs do not state in the 4AC whether certain Defendants have specifically implemented policies, whether these Defendants have been made aware of a problem, or whether these Defendants have had the opportunity to address these issues. For these reasons, Plaintiffs' sanitation claims are not specific enough to meet the pleading requirements of a Section 1983 claim. *Jose v. Thomas*, No. CV

11-0486-PHX-GMS (SPL), 2012 U.S. Dist. LEXIS 80199, at *9-10 (D. Ariz. June 11, 2012).

### E. PLAINTIFFS' SEVENTH CLAIM FOR RELIEF FAILS AS A MATTER OF LAW.

#### 1. Plaintiffs' First Amendment Retaliation Claim Fails To State a Claim Against ACSO or the County.

Plaintiffs' First Amendment allegations have been reduced to a single incident involving action allegedly taken by a non-party employee of Defendants the County and ACSO. Plaintiffs allege that Captain Hesselein ordered that Plaintiff Gerrans be removed from the jail and be placed in solitary confinement in Marin County Jail with the objective of silencing prisoner protests in Santa Rita Jail. (4AC, Dkt. 102, ¶¶ 217-218.) Again, it should be noted here that the 4AC does not list Captain Hesselein as a defendant in either the caption or in the list of parties (4AC, ¶¶ 10-16.) He is also not listed as a person from whom relief is sought in the Seventh Claim for Relief. (4AC, ¶¶ 259-265.) In fact, the only parties from whom Plaintiffs seek relief in their First Amendment Retaliation Claim are the County and ACSO.

To state a claim for municipal liability against the County and ACSO under *Monell*, Plaintiffs must prove that (1) they were deprived of a constitutional right; (2) the County or ACSO had a policy; (3) that policy amounted to deliberate indifference to Plaintiffs' First Amendment rights; and (4) the policy was the moving force behind deprivation. *Lockett*, 977 F.3d at 741. Plaintiffs' 4AC does not reference a policy related to Gerrans' transfer from the Jail, much less that such a policy would have been the moving force behind his transfer. For these reasons, and because there is no respondeat superior liability in section 1983 claims, Plaintiffs' First Amendment claims for relief fail. Moreover, it appears Plaintiff Gerrans has abandoned the claim he had against Captain Hesselein by not naming Hesselein as a defendant in the 4AC or in the claim for relief itself.

18

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES;
CASE NO.: 3:19-cv-07423-JSC

## VIII. CONCLUSION

Plaintiffs have failed to state a claim on any of the claims for relief in the 4AC because the 4AC fails to meet the pleading standards required by *Iqbal*. Plaintiffs have failed to plead facts sufficient to show that any Plaintiff is entitled to individual relief; therefore, each and every claim for relief or theory of recovery should be dismissed.

Respectfully Submitted,

DATED: April 12, 2021			SKANE WILCOX LLP

					By:	_</s> Jonathan Belaga_____
						Jonathan J. Belaga, Esq.
						Attorneys for Defendants, COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, DEPUTY IGNONT, DEPUTY JOE

19

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES;
CASE NO.: 3:19-cv-07423-JSC