**LEWIS BRISBOIS BISGAARD & SMITH LLP**
PETER J. VAN ZANDT, SB# 152321
  E-Mail: Peter.VanZandt@lewisbrisbois.com
SUSAN F. SHAPIRO, SB# 323613
  E-Mail: Susan.Shapiro@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant ARAMARK
CORRECTIONAL SERVICES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMEDA COUNTY MALE PRISONERS And Former Prisoners, Daniel Gonzalez, et al. on behalf of themselves and others similarly situated, <u>as a Class, and Subclass,</u><br><br>                    Plaintiffs,<br><br>    vs.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, et al.<br><br>                    Defendants. | Case No. 3:19-cv-07423-JSC<br><br>JUDGE: Hon. Jacqueline Scott Corley<br><br>**DEFENDANT ARAMARK CORRECTIONAL SERVICES LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:  June 3, 2021<br>TIME:   9:00 a.m.<br>LOC.:   450 Golden Gate Ave.,<br>           San Francisco, CA 94102<br>DEPT.: Courtroom E<br><br>Fourth Amended Complaint Filed: March 29, 2021 |

## NOTICE OF MOTION AND MOTION (LOCAL RULE 7-2(B)(2))

**PLEASE TAKE NOTICE THAT** on June 3, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom E, Defendant ARAMARK CORRECTIONAL SERVICES LLC ("ARAMARK") will move this Court pursuant to FRCP 12(b)(6) for an order dismissing Plaintiffs' Fourth Amended Complaint and all claims asserted therein against Aramark on the following grounds:

1. Plaintiffs have failed to sufficiently allege any Aramark policy or custom that caused an alleged deprivation of Plaintiffs' civil rights.
2. Plaintiffs have failed to state a "conditions of confinement" claim against Aramark, specifically:
   a. Plaintiffs fail to allege specific facts to support a claim of inadequate diets that constitutes an immediate danger to Plaintiffs' health and wellbeing.
   b. Plaintiffs fail to sufficiently allege that Aramark was deliberately indifferent to their health.

For these reasons, Aramark requests dismissal of Plaintiffs' Fourth Amended Complaint for failure to state any claims for which relief may be granted.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the pleadings and papers filed herein and upon such other evidence or argument as may be presented to the Court at the time of the hearing.

DATED: April 19, 2021                     LEWIS BRISBOIS BISGAARD & SMITH LLP

                                          By:  /s/ Susan F. Shapiro
                                               Susan F. Shapiro
                                               Attorneys for Defendant
                                               ARAMARK CORRECTIONAL SERVICES LLC

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 6

II. FACTS .......................................................................................................................... 6

III. ARGUMENT ................................................................................................................ 7

   A. Plaintiffs have failed to state a conditions of confinement claim against Aramark. ........ 9

      1. Plaintiffs fail to allege specific facts to support a claim of inadequate diets that constitutes an immediate danger to the health and wellbeing of the Plaintiffs. ................. 9

      2. Plaintiffs fail to sufficiently allege that Aramark was deliberately indifferent to their health. ........................................................................................................................... 13

      3. Plaintiffs Cannot Maintain A Conditions Of Confinement Claim Against Aramark Based On Allegations Of Aramark's Non-Compliance With State Statutes And Regulations. .................................................................................................................... 15

IV. CONCLUSION .......................................................................................................... 16



# TABLE OF AUTHORITIES

**Cases**

*Abreu v. Lipka*,
 778 F. App'x 28 (2d Cir. 2019) .................................................................................... 7, 9

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .................................................................................................... 7, 10

*Bosarge v. Brown*,
 No. 1:13CV564-KS-MTP, 2015 WL 5156767 (S.D. Miss. Sept. 2, 2015) ............................ 13

*Brown-El v. Delo*,
 969 F.2d 644 (8th Cir. 1992) ............................................................................................ 11

*DeJesus v. Aramark Food Serv., Inc.*,
 No. 13-5734, 2014 WL 144732 (E.D. Pa. Jan. 14, 2014) .................................................... 14

*Evans v. Albany Cnty. Corr. Facility*,
 2009 WL 1401645 (N.D.N.Y. May 14, 2009) ............................................................ 12, 14

*Farmer v. Brennan*,
 511 U.S. 825 (1994) .......................................................................................... 9, 13, 15

*George v. King*,
 837 F.2d 705 (5th Cir. 1988) ............................................................................................ 12

*Gibson v. Chief Med. Officer of Cal. Dep't of Corr.*,
 No. 2:09CV00230MSB, 2010 WL 1444510 (E.D. Cal. Apr. 9, 2010) ................................. 8

*Giddings v. Cradduck*,
 2017 WL 2791345 (W.D. Ark. June 6, 2017) ................................................................... 12

*Hamm v. DeKalb County*,
 774 F.2d 1567 (11th Cir. 1985) ....................................................................................... 11

*Harris v. Fleming*,
 839 F.2d 1232 (7th Cir. 1988) ........................................................................................... 9

*Harris v. Garner*,
 216 F.3d 970, 984 (11th Cir. 2000) ................................................................................... 12

*Hill v. Williams*,
 2005 WL 5993338 at 4 (N.D. Fla., 2005) ......................................................................... 12

*Jones v. Western Tidewater Regional Jail*,
 187 F. Supp. 3d 648 (E.D. Va. 2016) ................................................................................ 14

*Lovelace v. Bassett*,
 No. 7:07CV00506, 2009 WL 3157367 (W.D. Va. Sept. 29, 2009) ................................... 11

*Lunsford v. Bennett*,
 17 F.3d 1574 (7th Cir. 1994) ...................................................................................... 9, 11

*McCormick v. Stalder*,
 105 F.3d 1059 (5th Cir. 1997) ........................................................................................... 13

*McDaniels v. Stewart*,
 2018 U.S. Dist. LEXIS 218717 (W.D. Wash. 2018) ......................................................... 13

*Mitchum v. Foster*,
 407 U.S. 225 (1972) ........................................................................................................... 8

*Napier v. Preslicka*,
 314 F.3d 528, 532 (11th Cir. 2000) ................................................................................... 12

*Parris v. Aramark Foods, Inc.*,
 No. 11-5556, 2012 WL 1118672 (D.N.J. Apr. 2, 2012) .................................................... 13

*Percival v. Cnty. of Alameda*,
 2017 U.S. Dist. LEXIS 169927 (N.D. Cal. Oct. 13, 2017) ................................................ 10

*Rhodes v. Chapman*,
 452 U.S. 337 (1981) ........................................................................................................... 9

*Robbins v. Robertson*,
 782 Fed. Appx. 794 (11th Cir. 2019) ................................................................................. 9

*Robinson v. Walker*,
 2018 WL 3026062 (W.D. Ark. June 18, 2018) ................................................................ 11

*Robles v. Coughlin*,
   725 F.2d 12 (2d Cir. 1983) .................................................................................................. 10
*Saunders v. Plummer*,
   1994 U.S. Dist. LEXIS 8249 (N.D. Cal. 1994) ........................................................................ 9
*Simkins v. Saline County Sheriff's Department*,
   2000 WL 1146124 (D. Kan. July 20, 2000) ............................................................................ 11
*Smith Bey v. CCA/CTF, et al.*, 703 F. Supp. 2d 1 (D.C. 2010) ..................................................... 10
*Smith v. Burgdorff*,
   2018 U.S. Dist. LEXIS 63775 (E.D. Cal. Apr. 16, 2018) ........................................................ 15
*Strope v. Sebelius*,
   189 Fed. Appx. 763 (10th Cir. 2006) ...................................................................................... 10
*Lovell by & Through Lovell v. Poway Unified Sch. Dist.*,
   90 F.3d 367 (9th Cir. 1996) ..................................................................................................... 15
*Walker v. Dart, et al.*,
   2010 U.S. Dist. LEXIS 85230 (N.D. Ill. 2010) ....................................................................... 10
*Watkins v. Trinity Service Group, Inc.*,
   2006 WL 3408176 (M.D. Fla. Nov.27, 2006) ......................................................................... 12
*West v. Atkins*,
   487 U.S. 42 (1988) ..................................................................................................................... 8
*Whitney v. Morse*,
   2016 WL 908268 (W.D. Ark. Feb. 4, 2016) ........................................................................... 12
*Wiley v. Kirkpatrick*,
   801 F.3d 51 (2d Cir. 2015) .................................................................................................... 7, 9
*Zanders v. Ferko*,
   439 Fed. Appx. 158 (3d Cir. 2011) ......................................................................................... 10

**Statutory Authorities**
42 U.S.C. § 1983 ............................................................................................................... 6, 8, 15
42 U.S.C. § 1997 ................................................................................................................ 11, 12

**Rules and Regulations**
Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1, 10



## I. INTRODUCTION

In their fifth attempt to maintain a claim against Aramark, Plaintiffs contend in the Fourth Amended Complaint ("4AC" Dkt. 102) that Aramark allegedly violated the Plaintiffs' Constitutional rights by providing inadequate food to sustain their health. All other causes of action have been dismissed. In fact, the Court has already dismissed Plaintiffs' claims against Aramark based on the nutritional content of the food. (Dkt. 73, p. 15)("Plaintiffs have not, however, pled sufficient facts to show that the nutritional quality of the food is constitutionally deficient. *See LeMaire*, 12 F.3d at 1456."). Plaintiff's Fourth Amended Complaint fails to allege any new specific facts suggesting that the nutritional content of the food is constitutionally deficient. Indeed, despite this Court's explicit directive in its Order granting Aramark's Motion to Dismiss in part and allowing Plaintiffs yet another opportunity to amend the Complaint, Plaintiffs' Fourth Amended Complaint still fails to include any specific allegations that the meals provided to the inmates at the Santa Rita Jail fail to provide inmates with a proper minimal level of calories and other nutritional requirements, such as protein, vitamins, calcium and iron. As such, Plaintiffs again fail to allege the requisite specific facts to support a claim of an inadequate diet that constitutes an immediate danger to the health and wellbeing of the Plaintiffs.

## II. FACTS

Plaintiffs are all former or current prisoners incarcerated at the Santa Rita Jail. (4AC, Dkt. 102, ¶ 10). The Plaintiffs' causes of action against Aramark are brought pursuant to 42 U.S.C. § 1983 and claim that Aramark violated the Plaintiffs' civil rights under the United States Constitution by providing inadequate food to sustain their health. (4AC, Dkt. 102, ¶¶ 222-231). The Fourth Amended Complaint, however, does not include any allegations that the meals provided to the inmates at the Santa Rita Jail fail to provide inmates with a proper minimal level of calories and other nutritional requirements, such as protein,

vitamins, calcium and iron. Instead, the Fourth Amended Complaint admits that such minimum requirements are met. (4AC, Dkt. 102, ¶ 45).

In addition, the Fourth Amended Complaint makes clear that Aramark provides food at the Santa Rita Jail pursuant to a contract with the Alameda County Sheriff's Office. (4AC, Dkt. 102, ¶ 54). Further, the Plaintiffs allege that the problems with the food at the Santa Rita Jail are the result of the Alameda County Sheriff's Office continually imposing reductions in the prisoner food budget at the Santa Rita Jail. (4AC, Dkt. 102, ¶ 44 ("Defendants Sheriff and AHERN continually imposed reductions in the prisoner food budget at SRJ. From fiscal year 2013/2014 to 2017/2018, the food budget was reduced in the amount of $1.65 million, which was a 25% reduction.")). To the extent Plaintiffs' claims are based on the presence of vermin, mice, rats and birds in the Santa Rita Jail Kitchen, the Alameda County Sheriff's Office is responsible for kitchen pest control. (Dkt. 95, p. 9) ("There is no dispute that the County—not Aramark—is the party responsible for kitchen pest control.").

## III.  ARGUMENT

Plaintiffs' Fourth Amended Complaint consists of vague and summary allegations regarding isolated food incidents over several years. However, it is well established that a complaint can survive a motion to dismiss only if it pleads actual facts that demonstrate that the plaintiff's claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In applying this standard, a court must disregard conclusory allegations and engage in a "context-specific" inquiry that "draw[s] on its judicial experience and common sense." *Id*.

In order to withstand this Motion to Dismiss, Plaintiffs must allege specific facts that demonstrate that the food served to them poses "an immediate danger to the health and well being of the inmates who consume it." *Abreu v. Lipka*, 778 F. App'x 28, 33 (2d Cir. 2019) (*citing Wiley v. Kirkpatrick*, 801 F.3d 51, 69 (2d Cir. 2015)). Plaintiffs, however, do not allege any specific facts that demonstrate any significant health concerns caused by food served at the Jail. Although one Plaintiff claims to have lost 45 pounds, there is no allegation that the Plaintiff



is underweight or that he experienced any significant health issues caused by a nutritionally inadequate diet. *See Gibson v. Chief Med. Officer of Cal. Dep't of Corr.*, No. 2:09CV00230MSB, 2010 WL 1444510, at *6 (E.D. Cal. Apr. 9, 2010) (granting defendants' motion to dismiss pursuant to Rule 12(b)(6) as to plaintiff's claims that the food served to inmates is nutritionally inadequate and contributes to his bad health because plaintiff failed to allege specific facts to support his conclusory allegations and therefore plaintiff "does not allege that the prison diet amounts to a sufficiently serious denial of the minimal measure of necessities or that it constitutes deliberate indifference by prison officials.").

As stated, the Plaintiffs' causes of action against Aramark are brought pursuant to 42 U.S.C. § 1983 and claim that Aramark violated the Plaintiffs' civil rights under the United States Constitution by providing inadequate food to sustain their health. (4AC, Dkt. 102, ¶¶ 222-231). In this regard, Plaintiffs are alleging a *Monell* claim against Aramark under § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Importantly, § 1983 does not create substantive rights. Rather, § 1983 is a procedural method whereby persons can seek review of alleged state and local violations of federal law in federal court. The purpose of the statute is "to interpose the federal courts between the States and the people, as guardians of the people's federal rights . . . ." *Mitchum v. Foster*, 407 U.S. 225, 242 (1972).

To state a claim for relief under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).



### A. Plaintiffs have failed to state a conditions of confinement claim against Aramark.

Plaintiffs have failed to state a conditions of confinement claim against Aramark under the Eighth Amendment. In order to establish a claim challenging conditions of confinement, Plaintiffs must first show that the deprivation is objectively serious, in that the deprivation violates contemporary notions of decency. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Second, Plaintiffs must show that Aramark acted with a sufficiently culpable state of mind, *i.e.*, deliberate indifference to the Plaintiffs' health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In this case, Plaintiffs have failed to satisfy both requirements.

#### 1. Plaintiffs fail to allege specific facts to support a claim of inadequate diets that constitutes an immediate danger to the health and wellbeing of the Plaintiffs.

Under the first prong of a conditions of confinement claim, Plaintiffs must show that they were "denied the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although an inmate is entitled to receive "life's necessities" while incarcerated, including adequate food, the Constitution "does not mandate comfortable prisons." *Chapman*, 452 U.S. at 349; *Farmer*, 511 U.S. at 832. Indeed, prisoners simply "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (holding that allegations were insufficient to state a constitutional claim as to plaintiff's conditions of his confinement in the segregation unit). To that end, prisoners are not entitled to food that is tasty or even appetizing. *See Robbins v. Robertson*, 782 Fed. Appx. 794, 805 (11th Cir. 2019) (noting that the Eighth Amendment does not require prison officials "to indulge inmates' dietary preferences"); *Lunsford v. Bennett*, 17 F.3d 1574, 1578-80 (7th Cir. 1994) (a complaint about "cold, poorly-prepared beans" did not state a Constitutional claim). "Instead, an inmate must demonstrate that the food served poses 'an **immediate danger** to the health and wellbeing of the inmates who consume it.'" *Abreu v. Lipka*, 778 F. App'x 28, 33 (2d Cir. 2019) (citing *Wiley v. Kirkpatrick*, 801 F.3d 51, 69 (2d Cir. 2015)(emphasis added)). *See also Saunders v. Plummer,* 1994 U.S. Dist. LEXIS 8249, *2 (N.D. Cal. 1994) ("a prisoner is not guaranteed

conditions of utmost comfort, and plaintiff's depictions of less than optimal eating conditions and fare do not come remotely close to stating a cognizable injury.")

In this case, Plaintiffs summarily allege that Aramark deprived them of an adequate diet. Such "formulaic" and "conclusory" allegations are not sufficient under Rule 12(b)(6). *Ashcroft v. Iqbal* 556 U.S. 662, 680 (2009); *Percival v. Cnty. of Alameda*, 2017 U.S. Dist. LEXIS 169927, *13 (N.D. Cal. Oct. 13, 2017) ("vague references to 'increased complaints'" about prison's compliance with the Regulations insufficient to state a claim under FRCP 12(b)(6)). Indeed, the Fourth Amended Complaint does not include any allegations that the meals provided to the inmates at the Santa Rita Jail fail to provide inmates with a proper minimal level of calories and other nutritional requirements, such as protein, vitamins, calcium and iron. Instead, the Amended Complaint admits that such minimum requirements are met. (4AC, Dkt. 102, ¶ 45).

Likewise, Plaintiffs only allege various random and isolated incidents of overcooked or unappealing food, unclean trays and food contamination since 2017, none of which rise to the level of a Constitutional violation. *See Smith Bey v. CCA/CTF, et al.*, 703 F. Supp. 2d 1, 8 (D.C. 2010) (noting two instances of cockroaches in prisoner's food does not rise to level of constitutional violation); *Walker v. Dart, et al.*, 2010 U.S. Dist. LEXIS 85230, *19-*20 (N.D. Ill. 2010) (stating to prevail on §1983 claim regarding pest infestation, plaintiff must show persistent problem and significant physical harm). Although the Complaint references instances where inmates received replacement trays of food when they complained about the food, to the extent an inmate missed a meal or a portion of a meal because of such a claim, the failure to provide an inmate with a meal on a few occasions does not rise to the level of a constitutional violation. *See Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (only a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim); *Strope v. Sebelius*, 189 Fed. Appx. 763, 765-66 (10th Cir. 2006) (same); *Zanders v. Ferko*, 439 Fed. Appx. 158, 160 (3d Cir. 2011) (holding that inmate's allegation that he was "depriv[ed] of three meals over two days fail[ed] to rise to the level of a constitutional violation").

Specifically, as to Plaintiffs' claims of overcooked or unappealing food, as stated, the Constitution does not guarantee food that is prepared and served in a culinary pleasing manner. *Lunsford*, 17 F.3d at 1580; *Brown-El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992) (finding a prisoner's claim that his constitutional rights were violated when he was served cold food to be frivolous); *Hamm v. DeKalb County*, 774 F. 2d 1567, 1575 (11th Cir. 1985) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."). Similarly, courts routinely dismiss claims by inmates concerning unclean trays. *See Robinson v. Walker,* 2018 WL 3026062, *2 (W.D. Ark. June 18, 2018)(dismissing claim by inmate concerning unclean food trays where he failed to allege, as here, "that he became ill as a result of the food or the trays on which he was served, or that the food was prepared in a manner presenting an immediate danger to his health."); *Simkins v. Saline County Sheriff's Department*, 2000 WL 1146124, *5 (D. Kan. July 20, 2000)("Plaintiff also alleges that jail officials served meals on unsanitary food trays and occasionally served molded bread. These allegations do not amount to constitutional violations."). The remaining individual claims of contaminated food are vague and are focused on pests and rodent feces – an issue this Court has already determined Aramark has no control over. (Dkt. 95, p. 9). As Aramark had no involvement with pest control, all claims against Aramark based on food contaminated as a result of the presence of vermin, mice, rats and birds in the Santa Rita Jail Kitchen should be dismissed. *See Lovelace v. Bassett*, No. 7:07CV00506, 2009 WL 3157367, at *7 (W.D. Va. Sept. 29, 2009) (dismissing claims against food service director because he "had no personal involvement in creating the two-meal Ramadan plan in effect in 2005 and had no authority to change it").

It is also important to note that Plaintiffs fail to allege any actual physical injury to themselves caused by the food served at the Santa Rita Jail. Indeed, Plaintiff David Misch is the

only Plaintiff to allege that he lost weight during his incarceration.[1] (4AC, Dkt. 102, ¶ 79). However, there are no factual allegations connecting Mr. Misch's weight loss to any inadequacy in the food at the Santa Rita Jail and there are no factual allegations that Mr. Misch's present weight is abnormal or unhealthy. While the Constitution certainly does not permit the "incremental starvation" of inmate, *George v. King* 837 F.2d 705, 707 (5th Cir. 1988), it is also true that weight loss must be considered in context. *See, e.g., Giddings v. Cradduck,* 2017 WL 2791345, at *6 (W.D. Ark. June 6, 2017)(loss of 70 loss of 70 pounds over a few days short of one year insufficient to create genuine issue of material fact where Plaintiff was obese both when he entered the detention center and when he was released), adopted by 2017 WL 2799297, at *1 (W.D. Ark. June 27, 2017); *Whitney v. Morse*, 2016 WL 908268, *7-8 (W.D. Ark. Feb. 4, 2016) (loss of 23 pounds over a six-month period, where plaintiff still weighed more than recommended weight for his height, insufficient to show Eighth Amendment violation in the absence of evidence that plaintiff became ill, suffered any other adverse physical effects, or was denied nutritionally and calorically adequate diet), adopted by 2016 WL 894695, at *1 (W.D. Ark. March 8, 2016), aff'd on appeal, 698 Fed. Appx. 319 (8th Cir. 2017) (per curiam); *Evans v. Albany Cnty. Corr. Facility*, 2009 WL 1401645, at *10 (N.D.N.Y. May 14, 2009) (even assuming plaintiff lost 30 pounds and experienced dizziness and headaches over a four-month period, no evidence existed to support Eighth Amendment violation). Therefore, Mr. Misch's singular allegation is not sufficient to state a claim against Aramark.

Accordingly, Plaintiffs have failed to allege that the diet they received at the Santa Rita

---

[1] The Prison Litigation Reform Act, codified under 42 U.S.C. § 1997, restricts prisoners' ability to sue for "mental or emotional injury" associated with violations of that right absent a "showing of physical injury". *Harris v. Garner*, 216 F.3d 970, 984 (11th Cir. 2000); *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2000) citing 42 U.S.C. § 1997; *see also Watkins v. Trinity Serv. Group, Inc.*, 2006 WL 3408176, (M.D. Fla. Nov. 27, 2006); *Hill v. Williams*, 2005 WL 5993338 at 4 (N.D. Fla., 2005).

Jail constituted objectively serious deprivation under the Eighth Amendment. On this basis, Plaintiffs' conditions of confinement claim should be dismissed.

### 2. Plaintiffs fail to sufficiently allege that Aramark was deliberately indifferent to their health.

In any event, under the second prong of a conditions of confinement claim, Plaintiffs have not and cannot establish that Aramark acted with deliberate indifference to their health. To succeed on a conditions of confinement claim under the Eighth Amendment, an inmate must prove that prison officials acted with deliberate indifference to their health or safety. *Farmer v. Brennan*, 511 U.S. 825, 825-26 (1994). That is, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Deliberate indifference is "an extremely high standard" that encompasses "only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). "Mere negligence on the part of the jail officials in the way they manage the food services does not amount to a constitutional violation." *Bosarge v. Brown*, No. 1:13CV564-KS-MTP, 2015 WL 5156767, at *5 (S.D. Miss. Sept. 2, 2015). Further, in a case like the one present here, where the Plaintiffs allege the deprivation of an adequate diet, "deliberate indifference" means "a state of mind equivalent to a reckless disregard of a known risk of harm." *Parris v. Aramark Foods, Inc.*, No. 11-5556, 2012 WL 1118672, at *6 (D.N.J. Apr. 2, 2012) (citing *Farmer*, 511 U.S. at 835) (discussing deliberate indifference in the context of plaintiff's Eighth Amendment claim for cruel and unusual punishment). *See also McDaniels v. Stewart*, 2018 U.S. Dist. LEXIS 218717, *17-18 (W.D. Wash. 2018).

In this case, Plaintiffs' vague and summary allegations regarding isolated food incidents fail to establish that Aramark acted with deliberate indifference to the Plaintiffs' health. Indeed, when taken in consideration of the thousands of inmates at the Jail over the years the allegations cover, the isolated incidents do not meet the heavy burden of establishing deliberate indifference.

In addition, Plaintiffs cannot as a matter of law establish that Aramark acted with deliberate indifference because Aramark simply provided the diet to Plaintiffs as specified in its contract with

the Alameda County Sheriff's Office (4AC, Dkt. 102, ¶ 54). As stated, the Alameda County Sheriff's Office specifically sets forth in its contract with Aramark the dietary rules and regulations to be followed by Aramark at the Santa Rita Jail, including but not limited to, the caloric intake, menu and special diets. Indeed, the Alameda County Sheriff's Office imposed the reduction in the prisoner food budget at the Santa Rita Jail and not Aramark. (4AC, Dkt. 102, ¶¶ 44-45).

Other courts have recognized that Aramark is not capable of acting with deliberate indifference when the food it provides to inmates is dictated by a contract between Aramark and the correctional facility. For example, in *Evans v. Aramark Food Serv., Inc.*, the plaintiff claimed that while incarcerated, he was served meals containing citric acid, which were causing him to develop sores in his mouth. No. 13-5734, 2014 WL 144732, at *1 (E.D. Pa. Jan. 14, 2014). The plaintiff sued Aramark for violation of his Eighth Amendment rights, alleging that Aramark ignored his requests for a citric-free diet and, thus, deprived him of adequate nutrition. *Id*. The court dismissed plaintiff's claim for lack of deliberate indifference. *Id*. at *2. The court specifically found that Aramark could not have been deliberately indifferent to plaintiff because Aramark had no authority under its contract with the prison to make the plaintiff's requested dietary changes. *Id*. Likewise, in *Jones v. Western Tidewater Regional Jail*, the plaintiff brought an Eighth Amendment claim against Aramark for failing to provide him with a proper vegan diet while incarcerated. 187 F. Supp. 3d 648 (E.D. Va. 2016). The plaintiff specifically claimed that Aramark denied him "bananas and other foods with potassium, causing his potassium levels to drop." *Id*. at 656. The court denied plaintiff's claim and entered judgment in favor of Aramark, holding in relevant part that because Aramark "did not have any authority or discretion to alter the Plaintiff's meal plan in any way. . . . [it] could not have acted with deliberate indifference to Plaintiff's medical needs." *Id*. at 657-58.

Because Aramark has no discretion under its contract with the Alameda County Sheriff's Office to alter Plaintiffs' diet and merely delivers the meals specified in its contract with the Alameda County Sheriff's Office, Plaintiffs cannot show that Aramark acted with deliberate



indifference to their rights.² For this reason, Plaintiffs fail to state a claim against Aramark under § 1983.

### 3. Plaintiffs Cannot Maintain A Conditions Of Confinement Claim Against Aramark Based On Allegations Of Aramark's Non-Compliance With State Statutes And Regulations.

To the extent Plaintiffs premise their conditions of confinement claim on Aramark's alleged non-compliance with the California Health and Safety Code, noncompliance with state statutes and regulations cannot support a claim for deprivation of federal or constitutional rights. "Section 1983 limits a federal court's analysis to the deprivation of rights secured by the federal 'Constitution and laws.' 42 U.S.C. § 1983. To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." *Lovell by & Through Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996). Here, the United States constitutional standard is "that inmates receive adequate food, clothing, shelter, and medical care, and . . . reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Plaintiffs do not allege that the California Health and Safety Code falls beneath the constitutional "adequate food" mandate. Instead, Plaintiffs are attempting to assert federal constitutional claims for alleged non-compliance with state statutes and regulations. This they cannot do – "violation of state law is not sufficient to state a claim for relief under § 1983." *Smith v. Burgdorff*, 2018 U.S. Dist. LEXIS 63775, at *11 (E.D. Cal. Apr. 16, 2018).

It is also important to note that this Court has already determined that Aramark has not violated state law with regard to the handling of food tray cleanliness (Dkt. 95, p. 13) and that the Jail kitchen is in compliance with state law (Dkt. 95, p. 11). Further, "there is no dispute that the County—not Aramark—is the party responsible for kitchen pest control." (Dkt. 95, p. 9). For these reasons, Plaintiff has failed to state a claim against Aramark.

---

² For these same reasons, Plaintiffs cannot prove that any Aramark policy, custom or practice caused their injuries.

## IV. CONCLUSION

Plaintiffs' Fourth Amended Complaint fails to articulate any claims against Aramark for which relief may be granted. Aramark therefore respectfully requests that the Court dismiss the Fourth Amended Complaint against Aramark.

Respectfully submitted,

DATED: April 19, 2021         LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Susan F. Shapiro*
Susan F. Shapiro
Attorneys for Defendant
ARAMARK CORRECTIONAL SERVICES LLC

