UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ, et al., <br> Plaintiffs, <br> v. <br> GREGORY J. AHERN, et al., <br> Defendants. | Case No. 19-cv-07423-JSC <br><br> **ORDER RE: MOTIONS TO DISMISS THE FOURTH AMENDED COMPLAINT** <br><br> Re: Dkt. Nos. 103, 108 |

Plaintiffs, current and former inmates from Santa Rita Jail, bring this Section 1983 putative class action alleging violations of their constitutional rights. Plaintiffs bring their conditions of confinement claims against Alameda County, Alameda County Sheriff's Office, two individual Sheriff's deputies, (collectively referred to hereafter as the "County Defendants"); Wellpath Management, Inc. ("Wellpath"), and Aramark Correctional Services LLC ("Aramark"). The County Defendants and Aramark have separately filed motions to dismiss Plaintiffs' Fourth Amended Complaint, and Wellpath has joined the County's motion to dismiss.[1] (Dkt. Nos. 103, 105, 108.) Having considered the parties' briefs, the Court concludes that oral argument is not necessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the June 10, 2021 hearing date, and GRANTS IN PART and DENIES IN PART Defendants' motions to dismiss as set forth below.

**DISCUSSION**

Plaintiffs are current and former inmates at Santa Rita Jail ("the Jail") who allege that they are subject to unlawful, inhumane, and unconstitutional treatment at the Jail. (Fourth Amended

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 8, 16, 17, 21, 22, 68.)

United States District Court
Northern District of California

Complaint ("FAC"), Dkt. No. 102 at ¶ 6.) In particular, Plaintiffs identify the following conditions of confinement as giving rise to their claims: (1) inadequate and unsanitary food; (2) insufficient and inadequate sanitation; (3) inadequate medical care; (4) enforced idleness; and (5) First Amendment retaliation.[2] (*Id*.) This is the third time Defendants have moved to dismiss and Defendants move to dismiss all of Plaintiffs' claims including those which the Court previously found were sufficiently pled. (Dkt. No. 73.) In particular, in the Court's Order on the last such motion, the Court found that Plaintiffs' inadequate and contaminated food claims, inadequate sanitation claims, and First Amendment retaliation claim as to Plaintiff Gerrans, were adequately pled. (*Id*.) As relevant here, the Court granted the motion with leave to amend as to Plaintiffs' inadequate medical care claims. (*Id*.)

The Court addresses each of Plaintiffs' currently pled claims below and in doing so assumes a familiarity with the Court's numerous prior orders in the action.

### 1. Inadequate and Contaminated Food Claims

Plaintiffs are no longer asserting claims based on the nutrition content of the food, "but are instead asserting that the food i[s] in and of itself inadequate because of chronic shortages, because food is inedible due to contamination and spoliation." (Dkt. No. 114 at 2.) Accordingly, Aramark and the County's motions to dismiss Plaintiff inadequate and contamination food claims are denied for the same reasons previously articulated in the Court's prior order denying the motion to dismiss these claims. (Dkt. No. 73 at 11-15.) To the extent that Defendants' argument relies on the Court's preliminary injunction order, the Court notes that a finding that Plaintiffs have not shown a likelihood of success on a claim is different from the Court's analysis on a motion to dismiss wherein the Court must accept all the factual allegations pled in the complaint as true. *See Arcsoft, Inc. v. Cyberlink Corp.*, No. 15-CV-03707-WHO, 2016 WL 861103, at *3 (N.D. Cal. Mar. 7, 2016) ("The standard on a Rule 12(b)(6) motion to dismiss is different than on a motion for a preliminary injunction" and noting that despite denying a motion for preliminary injunction "I do not prejudge what the developed record will show after discovery.").

---

[2] Plaintiffs, however, do not plead a separate claim based on their allegations of "forced idleness."

2

### 2. Insufficient and Inadequate Sanitation Claims

The County's motion to dismiss Plaintiffs' sanitation claims is denied for the same reasons previously articulated in the Court's prior order denying the motion to dismiss these claims. (Dkt. No. 73 at 15-16.)

### 3. Inadequate Medical Care Claims

As before, Plaintiffs' denial of medical care claims are twofold. First, they are pled as a *Monell* claim against the County and Wellpath. Second, they are pled as to Defendant Deputy Ignot and Defendant Deputy Joe in their individual capacities. Plaintiffs' allegations as to Deputy Joe and Deputy Ignot are the same as previously pled. (*Compare* SAC at ¶¶ 214-221 *with* FAC at ¶¶ 208-212.) As the Court previously concluded, while these allegations might be sufficient so as to state a claim with respect to the unnamed young man, they are not sufficient to show a pattern or practice of medical indifference by these deputies entitling any named Plaintiff or class member to relief. (Dkt. No. 73 at 10-11.) The motion to dismiss as to these individual defendants is therefore granted.

Plaintiffs have, however, cured their pleading defects with respect to their *Monell* claims. Plaintiffs' theory remains that "[b]y requiring WELL-PATH to pay for any and all medical care provided outside of [the Jail] to any [] prisoner, and by limiting WELL-PATH's ability to recover any amount WELL-PATH pays for such care, SHERIFF'S contract with WELL-PATH creates a financial incentive and imperative for WELL-PATH to refuse and withhold needed and appropriate outside medical services to all prisoners, including pregnant prisoners, when the needed and appropriate medical services consist of 'inpatient hospitalization costs…outpatient physician consultations, outside specialist[s, or[ off-site diagnostic procedures,' among other services." (FAC at ¶ 127.) In addition, "[i]n order to maintain its profit margin, Well-Path has a pattern and practice of providing inadequate medical care by denying or unreasonably delaying medical care, reducing or denying medication and refusing to provide medical devices." (*Id*. at ¶ 133.)

In contrast to the prior iterations of the complaint, Plaintiffs have offered numerous allegations which support this theory. (FAC at ¶¶ 137-178.) For example,

3

- Pre-COVID, prisoners were required to share an inhaler and only had access to it once a day at pill call. (*Id*. at ¶ 138.)
- Post-COVID, while prisoners now have a dedicated inhaler, they only have access to it at pill call and prisoners who request one at other times due to an asthma attack either face a lengthy delay or outright denial despite their difficulty breathing. (*Id*. at ¶¶ 139-144.)
- Class member Harris, who has a seizure disorder, fell down 11 stairs and was left on the floor for two hours waiting for the ambulance. (*Id*. at ¶ 148.) Following the incident, he cannot stand and has chronic pain, but he was denied a medical evaluation until his criminal defense attorney obtained a court order. (*Id*.) Further, while a "Well-Path doctor [has] stated that Randy needs surgery, [the doctor] has refused to order the surgery because Santa Rita Jail does not have the facility, nor does defendant Wellpath have the means for Randy to do an appropriate recovery from spinal surgery." (*Id*.)
- Class member Brian Carter filled out many sick call slips and asked doctors many times to be referred to an eye doctor, but "Defendant Well-Path has refused to do any further diagnostic examinations, has refused to have Brian examined by an ophthalmologist, and the reason is that Defendant Well-Path does not have a staff ophthalmologist and providing a opthamological exam would be an additional out of pocket expense. (*Id*. at ¶ 158.)
- Class member Annette Kozlowski was diagnosed with cervical cancer, but was not taken for an evaluation until her defense attorney obtained a court order. (*Id*. at ¶ 167.)
- Finally, several class members have had issues obtaining dental care despite severe and debilitating pain. (*Id*. at ¶¶ 171-178.)

These allegations plausibly support an inference that the County and Wellpath's contract which specifies that Wellpath "is solely responsible for all costs incurred in connection with any health care services provided to prisoners inside and outside the jail" provides a financial incentive to

4

reduce the costs of medical care supporting Plaintiffs. (*Id*. at ¶ 123.) Defendants' motion to dismiss Plaintiffs' *Monell* claims regarding inadequate medical care is denied; Plaintiffs have adequately alleged a policy of financial incentives to reduce costs of medical care in deliberate indifference to prisoners' serious medical needs.

### 4. First Amendment Retaliation Claim

The Court previously granted the County's motion to dismiss Plaintiffs' First Amendment claim except to the extent that the claim was predicated on Plaintiff Gerrans' alleged transfer in retaliation for filing a grievance and the allegedly chilling effect his transfer had on his exercise of his First Amendment rights as pled against the County, the Sheriff's Office, and Defendant Hesselein in his individual capacity. (Dkt. No. 73 at 7.) The motion was otherwise granted including as to any class members because there was no allegation that any of these class members were present at the time of the incident with Plaintiff Gerrans or that they participated in the collective grievance. The only change with respect to Plaintiffs' allegations in the Fourth Amended Complaint is that Plaintiffs appear to have abandoned any claim against Defendant Hesselein in his individual capacity. (FAC at ¶¶ 259-265.) Accordingly, Defendants' motion to dismiss is granted for the reasons previously stated as to the class as a whole, and denied as to Plaintiff Gerrans except as to his claim against Defendant Hesselein which has been abandoned and will therefore be dismissed.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. The following claims survive:

(1) Inadequate and Unsanitary Food Claims (claims 1 and 2);

(2) Inadequate Medical Care (claims 3 and 4);

(3) Inadequate Sanitation (claims 5 and 6);

(4) First Amendment Retaliation as Plaintiff Gerrans (claim 7).

To the extent that the Court has dismissed Plaintiffs' claims for relief against the individual defendants (Deputy Joe, Deputy Ignot, and Captain Hesselein) and Plaintiffs' First Amendment claim as to the class, the dismissal is without leave to amend as further leave to amend would be futile and Plaintiff Gerrans abandoned his claim against Captain Hesselein.

1     Defendants' answers are due within 21 days of this Order.

2     The Court sets an Initial Case Management Conference for July 29, 2021 at 1:30 p.m.  A Joint Case Management Conference Statement is due July 22, 2021.

    This Order disposes of Docket Nos.103 and 108.

**IT IS SO ORDERED.**

Dated: June 7, 2021

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge