Yolanda Huang (State Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
PO Box 5475
Berkeley, California 94705
Telephone:   (510) 329-2140
Facsimile:    (510) 580-9410
E-Mail:        yhuang.law@gmail.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| **ALAMEDA COUNTY MALE PRISONERS** And Former Prisoners, DANIEL GONZALEZ, et al. on behalf of themselves and others similarly situated, <u>as a Class, and Subclass</u><br>    **PLAINTIFFS,**<br><br>vs.<br><br>**ALAMEDA COUNTY SHERIFF'S OFFICE**, et al<br><br><br>    **DEFENDANTS.** | No. 3:19-cv-07423 JSC<br><br>PLAINTIFFS' OPPOSITION TO COUNTY DEFENDANTS' MOTION TO DISMISS THE FIFTH AMENDED COMPLAINT<br><br>DATE: Nov. 10, 2022<br>TIME:   10 a.m.<br>COURTROOM: 8, 19th Floor<br><br>Hon. Jacqueline S. Corley, Presiding |

## I.    INTRODUCTION

The motion by Defendants Alameda County Sheriff's Office,  Deputy Ignont, Deputy Joe, and the County of Alameda's ( "County")  to dismiss the Fifth Amended Complaint should be denied.  As County defendants had done so in their previous motions to dismiss the 3AC and 4AC, defendants make repetitive assertions that plaintiffs have failed to state a cause of action and the newly added plaintiffs' "Constitutional rights were not violated."  [ECF 204, pp. 14, 15 & 16]. Plaintiffs have provided

numerous, detailed allegations of Constitutional violations related to the actions, policies, and procedures of Defendants. The motion to dismiss should be denied.

## II.     PROCEDURAL HISTORY

The original complaint was necessitated by the strike of male prisoners, including a majority of the unpaid, kitchen workers, in response to being locked down excessively and finding rat and mice feces in their food. The original complaint, filed on November 12, 2019, was an urgent response to the threats of defendant Alameda County Sheriff's Office to add an additional 30 days to the sentences of the men who went on strike.

The Second Amended Complaint was filed in May, 2020. All Defendants filed motions to dismiss. The Court granted the motions with leave to amend. In response, Plaintiffs filed a Third Amended Complaint.

The dire conditions in Santa Rita Jail with the unsanitary conditions of the food due to contamination by rodents, birds and vermin and overall insufficiency of food created an emergency situation, wherein plaintiffs filed a petition for preliminary injunction on November 17, 2020. (ECF 71) The motion for preliminary injunction was denied (ECF 95), and plaintiffs appealed. (ECF 97)

In the interim, counsel for Defendants in a parallel case, Mohrbacher, et al. v. Alameda County Sheriff's Office, et al. Case. No. 3:18-0050 JD, involving women prisoners at Santa Rita Jail, applied to Judge Donato to consolidate the two cases. Judge Donato consolidated all issues of confinement which apply to all prisoners with this case, and retained those issues of confinement which apply to women prisoners. On February 11, 2021, at the hearing on Plaintiffs' motion for preliminary injunction, the parties agreed that Plaintiffs would file a Fourth Amended Complaint to reflect Judge Donato's most recent order. Plaintiffs filed their Fourth Amended Complaint ("4AC" – ECF 102) on March 29, 2021. County defendants and defendant Aramark filed motions to dismiss (ECF 108, 103). Defendant Wellpath failed to timely respond. After plaintiff filed a request for default (ECF 104), defendant Wellpath filed a joinder in County defendants' motion to dismiss (ECF 105)

The Court granted in part and denied in part Defendants' motion to dismiss, holding:

"The following claims survive:

2

Plaintiffs' Opposition to County Defendants' Motion to Dismiss Fifth Amended Complaint

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No. 3:19-cv-07423 JSC

(1) Inadequate and Unsanitary Food Claims (claims 1 and 2);

(2) Inadequate Medical Care (claims 3 and 4);

(3) Inadequate Sanitation (claims 5 and 6);

(4) First Amendment Retaliation as Plaintiff Gerrans (claim 7).

To the extent that the Court has dismissed Plaintiffs' claims for relief against the individual defendants (Deputy Joe, Deputy Ignot, and Captain Hesselein) and Plaintiffs' First Amendment claim as to the class, the dismissal is without leave to amend as further leave to amend would be futile and Plaintiff Gerrans abandoned his claim against Captain Hesselein."  (ECF 116)

On April 6, 2022, at the Case Management Conference, to resolve the standing issue due to named plaintiffs have been released or transferred out of Santa Rita Jail, the Court permitted plaintiffs to substitute alternate prisoners, as representatives for the proposed class.  Defendants, ensemble, requested depositions before being required to respond.  (ECF 179).  On April 20, 2022, plaintiffs filed the Fifth Amended Complaint ("5AC"), which tracked the Fourth Amended Complaint.  The 5AC contained the following End Note:

"End Note

In the Fifth Amended Complaint, plaintiffs endeavored to keep the paragraphs and numbering as consistent as possible with the Fourth Amended Complaint. (Dkt. 102). The most significant change is within "Parties", and in particular "Plaintiffs".

Paragraph 10 (Plaintiffs ) is now renumbered 14 through 14.3.15

Paragraphs 11-14 (Alameda County Defendants) is now renumbered 15-15.5. Plaintiffs added as John Roe 1, Deputy Lenahan and as John Roe 2, Classification Sergeant MacBride.   Paragraphs 15 (Defendant Well-path) is now paragraph 16.1.

Paragraph 17 is now paragraph 16.2

Former Paragraphs 83 and 84 were combined, and a new paragraph 84 was added. The remaining paragraph numbering remains the same.

The only additional other texts are in paragraph 113.  "

3

Plaintiffs' Opposition to County Defendants' Motion to Dismiss Fifth Amended Complaint

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No. 3:19-cv-07423  JSC

Although defendants claimed they required depositions of newly named plaintiffs, County defendants did not notice depositions nor did they enable the taking of depositions at Santa Rita Jail until August, 2020, four months after the 5AC was filed.

In this present round of responses, Defendant Wellpath, again did not file an individual response, and merely filed an untimely joinder <u>after</u> the response deadline.

## III. STATEMENT OF FACTS

Defendant Alameda County's motion to dismiss the 5th amended complaint ("5AC") is drawn on two narrow grounds. The first pertains to individuals sued in their individual capacities: Defendant Joe, Ignont, Lenaham (John Roe 1) and MacBride (John Roe 2). The second ground is premised on County Defendants' plainly incorrect contention that the new plaintiffs "do not make any allegations relevant to the ongoing litigation." Motion at 8:17-18.

On Page 10 of County Defendants' motion, Defendant's mischaracterize the history of this case by alleging that the Court prohibited the addition of new Plaintiffs. However, in its (minute) Order of April 6, 2022 (Docket No. 179), the Court stated: "Plaintiffs to file amended complaint that substitutes named plaintiffs for the proposed (b)(2) classes by April 20, 2022. Parties should then meet and confer to discuss what discovery, if any, Defendant require on the new named plaintiffs." The Court did not prohibit the adding of new individual defendant to replace John Roe defendant, where their identity was discovered in the interim.

Likewise, the Court's Order of July 7, 2021 dismisses without leave to amend only the specific claims against individuals Joe, Ignont and Hesselein for which it had granted dismissal. These were only claims related to medical services (Joe, Ignont) and the First Amendment (Hesselein). These claims are not asserted in the 5AC.[1]

---

[1] Defendant Ignot and Joe were inadvertently not deleted from paragraphs 234-235, and these claims are not asserted against them and the motion is not opposed as to these two individuals.

4

Plaintiffs' Opposition to County Defendants' Motion to Dismiss Fifth Amended Complaint

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No. 3:19-cv-07423 JSC

Likewise, the 5AC asserts no new claims. The first and second claims for relief (stated on pages 62 and 63 of the 5AC) are drawn regarding spoiled or contaminated food. The Court permitted these claims in its Order of June 7, 2021. [ECF 116, at 2]

The third and fourth claims for relief (pages 65 and 66 of the 5AC) are drawn to deprivation of medical services. The Court granted the motion with respect to Defendant Joe and Ignot but denied it as to the other defendant and allowed the Monell claims to proceed. Docket No. 116, at 3-4.

The fifth and sixth claims for relief (pages 68 and 69 of the 5AC) are drawn to the deprivation of adequate sanitation. These are proper and were allowed to proceed by the Court, including as against Defendant Joe and Ingot in their personal capacity. See Docket No. 116, at 3; Docket No. 73 at 16.

The seventh claim for relief (page 71 of the 5AC) is drawn to retaliation by punishing Plaintiff Gerrans for voicing concerns. The claim of Gerrans was allowed to proceed against the County and Sherriff's office. Docket No. 116, at 5.

## IV. PLAINTIFFS SUFFICIENTLY ALLEGE THEIR CLAIMS FOR RELIEF

Under the federal rules, "[a] complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need only contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Nonfraud claims must survive the minimal notice pleading requirements of Rule 8(a)(2) and provide a short and plain statement to survive a motion to dismiss." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1032 (9th Cir. 2016) (citing Rule 8(a)(2)).

On a motion to dismiss, the court takes "all well-pleaded factual allegations in the complaint as true, construing them 'in the light most favorable to the nonmoving party,' and then determine 'whether

5

Plaintiffs' Opposition to County Defendants' Motion to Dismiss Fifth Amended Complaint

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No. 3:19-cv-07423 JSC

they plausibly give rise to an entitlement to relief[.]'"  *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018) (citations omitted).  While "threadbare recitals" of the elements of a cause of action and "mere conclusory statements" do not suffice, detailed factual allegations are not required.  *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555 (2007)).

### 1. The New Plaintiffs Are Proper.

The new Plaintiffs are either currently incarcerated at Santa Rita Jail and are thus proper Plaintiffs whom the Court explicitly approved in its Order.  (Docket No. 179).  They each allege constitutional violations. Defendant makes the incredible statement that none of the "purported Plaintiffs raise allegations that would entitle them to any kind of relief for deprivation of their constitutional rights."

A.  Eric Wayne (5AC, ¶14.3.9, p. 11-12)

Eric Wayne's experience is horrific experience  but dismissed by County Defendants as not a big deal. [ECF 204 at 14]  They claim that that Eric Wayne's allegations are "mere opinion between the prisoner and the treating medical provider." (ECF 204 at 14).   Eric Wayne's situation can be summarized as follows.  Mr. Wayne contracted a bacterial or fungal infection from the dirty showers in his housing unit, causing the skin on his leg to peel away revealing the flesh below.  He was only provided ineffective skin cream by nurses and never saw a doctor.  The infection caused the veins in his leg to fail, resulting in a black and swollen leg.  To this day he has never been taken to a competent doctor.  (5AC, ¶14.3.9, p. 11-12).   But according to County defendants  "The 5AC does not even allege that the course of treatment was incorrect, only that it did not have the desired outcome."  The facts stated are obvious on its face.  For an inmate to contract a bacterial or fungal infection due to filthy showers, which cause his skin to burn black and peel away, obviously requires appropriate medical care.  The 5AC's allegations that the jail's only response was a topical cream, provided by a nurse, which resulted in a black and swollen leg, and that the jail never had Mr. Wayne seen by a doctor, is on its face a sufficient allegation that the medical treatment was incorrect,  inadequate and incompetent.  "

The two cases cited by defendant are inapposite.  *Sandoval v. County of San Diego*  985 F.3d 657 (9th Cir. 2021) pertains to a summary judgment motion and not to a motion to dismiss.  The evidentiary standards are completely different.  Similarly in *Edmo v. Corizon, Inc*. 935 F. 3d 757 ( 9th Cir. 2019), the

6

Plaintiffs' Opposition to County Defendants' Motion to Dismiss Fifth Amended Complaint

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No. 3:19-cv-07423  JSC

only other case cited by County defendants, was an appeal after a motion for preliminary injunction, on an issue of gender dysphoria. *Edmo* did not involve, nor discuss, nor is it applicable to the standard on a motion to dismiss. Defendants are unable to cite a single case in support, that the pleadings as presented, for Eric Wayne are insufficient.

B. James Mallett (5AC, ¶14.3.10, p. 12-13)

Mr. Mallett states that Jail has no process for having cells cleaned or disinfected prior to transferring patients into the cells. Mr. Mallett states was placed in a filthy cell with human waste on the walls and floor, which he cleaned, without disinfectant, resulting in a staph infection and massive pain. However, he was misdiagnosed as a drug user and given ointment and band aid. (5AC, ¶14.3.10, p. 12-13.) The jail staff for over 8 months, did not culture the infection, and so the staph was not diagnosed and not treated for over 8 months. As a result of this staph traveled into James Mallett 's ear, and as a result of the staph infection in his one ear, he has subsequently lost his hearing in that ear.

Neither is this a concern to Defendants. County defendants actually states: "[h]e does not even allege that defendants did not take reasonable available measures to treat his conditions." [ECF 204, p. 15] An accurate reading of the 5AC shows that James Mallett pled, "He then was refused appropriate treatment on his ear and hand, and told 'you have a lot of medical needs' and subsequently denied medical care of all his needs." James Mallett allegations certainly support the Complaint as to improper medical treatment and sanitation.

C. Rasheed Tucker (5AC, ¶14.3.11, p. 13)

Mr. Tucker states that he "has been forced to share a housing pod with individuals who are severely mentally ill, so mentally ill that they cannot maintain personal hygiene, meaning they neither shower, do not clean their cells, and live in filthy cages." He states that the "filthy living conditions breed insects, who fly in the housing unit," and that he was diagnosed with a "mental health DSM-IV condition, and Santa Rita Jail has discontinued his medication." (5AC, ¶14.3.11, p. 13.) According to County Defendant, the problem is not with the jail but with the "inaction of other prisoners." [ECF 204 p. 15]. Apparently, County defendants would also blame the flies, not the jail, for spreading disease and filth. The Court can take note of the *Babu v. Alameda County Sheriff's Office* (4:18-cv-07677), where the Court

7

Plaintiffs' Opposition to County Defendants' Motion to Dismiss Fifth Amended Complaint

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No. 3:19-cv-07423 JSC

found that Alameda County jail violated the rights of mentally ill inmates by failing to provide constitutionally acceptable standards of care for those who are mentally ill (Babu, ECF 436)   Rasheed Tucker's allegations, some which are not repeated here, certainly support the Complaint as to improper medical treatment and sanitation.

D. Timothy Phillips (5AC, ¶14.3.13, p. 14-15)

Mr. Phillips is in a similar situation with Mr. Tucker, and placed in biohazardous housing for severely mentally ill patients who cannot maintain personal hygiene, filled with rotting food and flies. (5AC, ¶14.3.13, p. 14-15.)  As with their arguments for Mr. Tucker,  rather than run a sanitary establishment, Defendant shifts the blame to the other prisoners.   Defendant cannot ship the blame on medical care, and simply ignores the medical issues imposed on Mr. Phillips- refusal to give him an inhaler, and storing group inhalers in bags that share bacteria and viruses, which cause him injury. Defendant also ignores the retaliation claims whereby Mr. Phillips contends he was cited and lost privileges for helping others with literacy issues and writing grievances.   Fault of the flies?

E. Darryl Geyer (5AC, ¶14.3.12, pp. 13-14)

Darryl Geyer fell, split his knee open, received sutures and a doctor's order to be placed in a lower bunk, order which was never followed.  Assigned the top bunk, as he climbed to the top bunk, his sutures opened, and he had to go back to the hospital.  This happened again, and again.  And yet County Defendant does not mention this in its Motion, because the allegations support adding Mr. Geyer as a plaintiff on the medical care claims.  (5AC, ¶14.3.12, pp. 13-14.)

Rather, County Defendants focuses on what happened next:  Mr. Geyer was placed in a filthy cell in the Outpatient Housing Unit ("OPHU"), where there was no practice or policy of cleaning cells. Defendant claims this is new and "wholly different from Plaintiffs' prior allegations regarding the conditions in the Outpatient Housing Unit."   (Motion at 16.).

The Fourth Amended Complaint stated:
6.4 No Laundry or Personal Sanitation Available in the OPHU. While the jail claims to have a specialized housing unit, called the Out Patient Housing Unit, ("OPHU") which has medical staff, to provide more medical care for patients with medical conditions, the OPHU is run without regard for the basic sanitation and health needs of medically ill prisoners. There is no scheduled laundry exchange at the OPHU. Prisoners are often left, for months, without the opportunity to have clean laundry. There is no schedule for personal hygiene

> such as showers. Prisoners are limited use the tiny cell sink for bathing. *Prisoners who are not able bodied, are left to lay in their own urine and feces, with staff coming in periodically to simply hose down the prisoner and the room*.
>
> Docket No. 102, at 6.4 (italics added).

Mr. Geyer states that he was deprived appropriate medical care, in a setting of sanitary conditions accurately summarized previously in the Fourth Amended Complaint.

> …The cell where Darryl Geyer was housed was filthy with human waste. Darryl Geyer was not provided with the means to clean the cell. After he returned to his regular housing unit, his knee became infected. For the next eight months, defendant Wellpath, never culturing the infection, just went through a process of subjecting Darryl Geyer to multiple courses of anti-biotics, while housing him in the filthy, biohazardous cells of the OPHU. Defendant Wellpath did not maintain even sanitary disinfected treating areas and would often lance and change Darryl Geyer's bandages in his cell in the OPHU, which had not been cleaned, nor sanitized. Sometimes they just propped Darryl Geyer's leg over a garbage can and lanced and treated Darryl Geyer's infected knee in that fashion. While in the OPHU, Darryl Geyer was denied clean laundry for months at a time. Darryl Geyer was denied showers, sometimes for a month at a time. Wheelchairs had feces on it because some of the other inmates were severely incapacitated and could not care for themselves.
>   No surprise, the infection never cleared. Finally, defendant Wellpath suggested radical surgery including surgically removing Darryl Geyer's knee or even possible amputation. Darryl Geyer was able to obtain a Penal Code 4011.5 order that defendant take him for an outside evaluation. Highland Hospital then cultured the infection and determined that the infection as due to fecal bacteria and recommended a more comprehensive cleaning of Darryl Geyer's knee.
>
> 5AC at 14.

Defendant falsely states that Plaintiffs' prior accusations were "nothing remotely like Geyer's allegations that the whole housing unit was coated with human waste".  Yet the prior allegations of the Fourth Amended Complaint actually stated, "Prisoners who are not able bodied, are left to lay in their own urine and feces, with staff coming in periodically to simply hose down the prisoner and the room." (Docket No. 102, at 6.4 ). It begs the question of whether merely housing down a cell that is in a biohazardous condition without adequate sterilization, is constitutionally sufficient given the number of claims by inmates who suffered bacterial and fungal infections.  The Court in response to County defendants' motion to dismiss Plaintiffs' sanitation claims in the Fourth Amended Complaint held, "The County's motion to dismiss Plaintiffs' sanitation claims is denied for same reasons previously articulated in the Court's prior order denying the motion to dismiss these claims." (Dkt No. 73 at 15-16)" [ECF 116,

9

Plaintiffs' Opposition to County Defendants' Motion to Dismiss Fifth Amended Complaint

*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No. 3:19-cv-07423  JSC

p. 3]. And County defendants again raise this same tired argument. The assertions by County defendants are, sadly, not new but typical of the bleak and unconstitutionally run Santa Rita Jail.

### F. Tiara Arnold **(5AC, ¶14.3.16, pp. 16-17)**

And as to Tiara Arnold, County defendants falsely state that she makes no allegations about the pertinent issues in the FAC. Tia Arnold alleges that she was denied items (pillow, mattress, shoes) medically necessary for her physical conditions in her neck, back and feet. (5AC, ¶14.3.16, p. 16) She has helped other inmates with grievance processes, and been retaliated against. (5AC, ¶14.3.16, p. 17). Thus, she is a proper plaintiff on medical and first amendment (retaliation) claims.

### G. County Defendants Lack of Caselaw Authority

In its motion to dismiss regarding Rasheed Tucker, Timothy Phillips, Darryl Geyer and Tiara Arnold, County defendants cite no caselaw in support. Their argument consists primarily of mere opinion.

## 2. Claims Against the Individual Defendant.

### A. Medical Care Claims (Joe, Ignont, Lenahan, MacBride)

Defendant moves to dismiss the medical care claims against Defendant Joe and Ignont in their personal capacities. [2]

Defendant moves to dismiss the medical care claims against Defendant Lenahan (Roe 1) and MacBride (Roe 2). Defendant Randy Harris alleges that he had a seizure disorder and medical authorization to be housed in a lower tier, and that "Despite knowledge that Randy Harris had a medical chrono to be housed on a lower tier, ACSO Deputy Lenahan and Classification Sergeant MacBride refused to relocate him to a lower tier. Randy Harris suffered a grand mal seizure on October 3, 2020, which caused him to fall down approximately eleven steps." (5AC, pp. 9-10). Despite the fact that Randy Harris cannot walk more than 10 paces at time, and had his wheelchair taken away, Defendant Lenaham removed his cane. (5AC, pp. 9-10).

As stated by Defendant, a plaintiff seeking a claim for liability under section 1983 against an individual must demonstrate that the defendant personally participated in the deprivation of the plaintiff's rights. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *Jones v. Williams*, 297 F.3d 930, 935

---

[2] These Defendant were inadvertently included and the motion is not opposed as to this ground.

10

(9th Cir. 2002).  Here, there are sufficient allegations that Defendant Lenahan and MacBride personally participated in the depravation of civil rights to Plaintiff Harris.

### B. Sanitation Claims (Joe and Ignont)

Defendant contends that the sanitation claims are insufficient as to Defendant Joe and Ignot. Defendant admits that in view of prior rulings "the only remaining claims against individual defendant are Plaintiff Gerrans' claims against Defendant Joe and Ignont for inadequate sanitation." (Motion at 10).  It is true that the Court has refused to dismiss the sanitation claims and expressly found them adequate as to the individuals deputies Joe and Ignont. *See* Docket No. 73 at 14-16; *adopted in* Docket No. 116 at 3.[3]

Therefore, the motion should be denied for reasons expressly stated in Docket No. 73 at 14-16 and re-adopted by the Court in Docket No. 116, at 3.

## V. CONCLUSION

The Court should deny County defendants' retread arguments, so that this litigation can proceed on the merits.

Respectfully submitted,

Dated: October 2, 2022                                   **LAW OFFICE OF YOLANDA HUANG**

                                                              */s/ Yolanda Huang*
                                                              Yolanda Huang

---

[3] Plaintiffs note defendants' comment in their 12b(6) motion (ECF204 p. 11), but paragraph 208 in the 5AC includes references to Defendants Ignont and Joe., so it is unclear what County defendants are referring to.

11

Plaintiffs' Opposition to County Defendants' Motion to Dismiss Fifth Amended Complaint
*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No. 3:19-cv-07423 JSC