Jonathan J. Belaga, Esq. (SBN 275229)
SKANE MILLS LLP
33 New Montgomery Street, Suite 1250
San Francisco, CA  94105
T: (415) 431-4150 / F: (415) 431-4151
jbelaga@skanewilcox.com

Attorneys for Defendants, ALAMEDA COUNTY SHERIFF'S OFFICE, DEPUTY IGNONT, DEPUTY JOE, and COUNTY OF ALAMEDA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMEDA COUNTY MALE PRISONERS, et al.<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, et al.<br><br>　　　　Defendants. | CASE NO.: 3:19-cv-07423-JSC<br><br>**DEFENDANTS, COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, DEPUTY JOE AND DEPUTY IGNONT'S SUR-REPLY TO PLAINTIFFS' SECOND MOTION FOR CLASS CERTIFICATION**<br><br>Assigned To:　Hon. Jacqueline Scott Corley<br><br>Date: February 23, 2023<br>Time: 10 am.<br>Courtroom: 8, 19th Floor |

_____

**ALAMEDA COUNTY DEFENDANTS' SUR-REPLY TO PLAINTIFFS' SECOND MOTION FOR CLASS CERTIFICATION**
CASE NUMBER: 3:19-cv-07423-JSC　　　　　　　　　　　　　　　　Page **1** of **12**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... 3

I. INTRODUCTION ........................................................................................................... 4

II.   ARGUMENT ................................................................................................................ 5

  A.   Legal Standard ........................................................................................................ 6

  B.   Plaintiffs' do not Satisfy the Numerosity Requirement for Their Proposed Class. ................................................................................................................................ 6

  C.   Plaintiffs' Proposed Sub-Classes are Not Readily Ascertainable. ................. 7

  D.   Plaintiffs Fail To Establish Commonality under Rule 23(a)(2). ................... 10

  E.   Plaintiffs do not Satisfy the Typicality or Adequacy Requirements for Class Certification. ...................................................................................................................... 11

  F.   Plaintiffs' Counsel does not Satisfy the Requirements of Rule 23(g). .......... 11

IV.   CONCLUSION ........................................................................................................ 12

# TABLE OF AUTHORITIES

Cases

*Cholakyan v. Mercedes-Benz USA, LLC*, 281 F.R.D. 534 (C.D. Cal. 2012) ........... 8

*Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) ..................................................... 7

*Delgado v. New Albertson's, Inc.*, No. SACV 08-0806 DOC (MLGx), 2010 U.S. Dist. LEXIS 157797 (C.D. Cal. Mar. 15, 2010)....................................................11

*Estelle v. Gamble*, 429 U.S. 97 (1976) ..............................................................9, 10

*Haley v. Medtronic, Inc.*, 169 F.R.D. 643 (C.D. Cal. 1996) .................................... 6

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992) ................................12

*In re Wal-Mart Wage & Hour Emp't Practices Litig.*, No. 2:06-CV-00225-PMP-PAL, 2008 U.S. Dist. LEXIS 50928 (D. Nev. June 20, 2008).............................. 9

*Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507 (9th Cir. 1978) .................. 8

*O'Connor v. Boeing N. Am., Inc.*, 180 F.R.D. 359 (C.D. Cal. 1997) ....................12

*Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580 (C.D. Cal. 2008)...................... 8

*Radcliffe v. Hernandez*, 818 F.3d 537 (9th Cir. 2016) ..........................................13

*White v. Experian Info. Sols.*, 993 F. Supp. 2d 1154 (C.D. Cal. 2014), as amended ...................................................................................................................................13

*Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180 (9th Cir. 2001) .................... 6

Federal Rules of Civil Procedure

Rule 23(a) ............................................................................................................... 6

Rule 23(b)(1)(A) .................................................................................................... 6

Rule 23(b)(2) .......................................................................................................... 6

# I. INTRODUCTION

Even now, with the benefit of three years of time to prepare their motion for class certification, Plaintiffs have failed to address the requirements to certify a class. Plaintiffs' proposed class, consisting of "All adults who have been incarcerated for a period of time in Santa Rita Jail from November 19, 2017 through until the conclusion of this litigation," fails to meet the ascertainability, numerosity, commonality, typicality, or adequacy requirements, for either the named Plaintiffs or their proposed counsel.

Again, Plaintiffs' second class motion fails to identify an objectively ascertainable class because it is not tied to any alleged injury. There is no allegation in the Fifth Amended Complaint (5AC) that even bears the suggestion that the entire proposed class ("All adults who have been incarcerated for a period of time in Santa Rita Jail from November 19, 2017 through until the conclusion of this litigation") suffered the same constitutional deprivation, much less injury that could be rectified through litigation. Membership in this class is too broad, and would require determination of issues on the merits to determine if individuals within the class would otherwise have had standing to bring suit.

Even if Plaintiffs could point to an actual policy, custom, or practice on the part of the County or the other Defendants that might have caused some inmates injury, which they have not done, Plaintiffs' claims are not capable of class-wide resolution through common proof. Instead, individualized issues predominate— such as whether someone suffered some detriment, whether that detriment resulted from some action on the part of Defendants, and whether that action on the part of Defendants consisted of a deprivation of that individual's constitutional rights.

Class certification is also unwarranted because the proposed class representatives are not typical and/or adequate, and proposed class counsel is not adequate.

Finally, as has proven to be a pattern in this matter, Plaintiffs' counsel has again failed to follow proper procedure by including retread and irrelevant declarations and testimony as part of her reply brief instead of adequately preparing her motion, thus delaying this process and wasting both the Court and defense counsels' time while she muddles through the procedure and still fails to get things right. For this reason alone, this Court should deny Plaintiffs' motion for class certification. When taken in concert with Plaintiffs' utter failure to meet the class-certification requirements, Plaintiffs should not be given a third opportunity to make this motion.

## II. ARGUMENT

As with their first motion, Plaintiffs' second motion for class certification fails because, with nearly a year to prepare, Plaintiffs failed to correct the issues with their first motion. Once again, they failed to put forth any evidence at all to support their motion until their reply brief. A party seeking to maintain a class action bears the burden of proving that it has met the requirements of Rule 23. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

Compliance with Rule 23 requires that Plaintiffs make a prima facie showing to justify class certification. *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 647 (C.D. Cal. 1996). Plaintiffs are required to provide sufficient evidence that the policies about which they complain present a substantial risk of serious harm to all class members, they cannot meet the standard by merely threadbare allegations. *Parsons*, 754 F.3d at 683. For this reason, the Court should not certify Plaintiffs' proposed class based merely on the allegations in the Complaint.

---

### A. Legal Standard

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Walmart v. Dukes*, 564 U.S. 338, 349 (2011).  To satisfy Rule 23(a), Plaintiffs must show that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Rule 23(a) "effectively limit[s] the class claims to those fairly encompassed by the named plaintiff's claims." *Id*.

Plaintiffs must also satisfy at least one subsection of Rule 23(b).  *See Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013); *Dukes*, 564 U.S. at 345.  Rule 23(b)(1)(A) covers cases in which separate actions by individual class members would risk establishing "incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P., Rule 23(b)(1)(A).  Rule 23(b)(2) requires a Plaintiff to show that the defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."   Fed. R. Civ. P., Rule 23(b)(2).

### B. Plaintiffs' do not Satisfy the Numerosity Requirement for Their Proposed Class.

Plaintiffs proposed a class of persons consisting of "All inmates who have been incarcerated for a period of time in Santa Rita Jail from November 19, 2017 through until the conclusion of this litigation." Class Motion, Dkt. 228, p. 4. There is simply no evidence, however, that the class is sufficiently numerous to satisfy the requirements of Rule 23(a). To be a discernable class, the class definition must

---

not only describe a set of common characteristics, but those characteristics must show that each prospective plaintiff has a right to recover. *Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 593 (C.D. Cal. 2008).

Plaintiffs argue in their reply that there is no case law supporting a discernability requirement for Rule 23. While this may have been true pre *Dukes*, the rule now requires that "a plaintiff must adduce evidence that the alleged injuries of *all* class members can be traced to the same source of injury." *Cholakyan v. Mercedes-Benz USA, LLC*, 281 F.R.D. 534, 554 n.96 (C.D. Cal. 2012). No such evidence was or can be provided.

There is no evidence presented that "All inmates who have been incarcerated for a period of time in Santa Rita Jail from November 19, 2017 through until the conclusion of this litigation" can be shown to have suffered any constitutional deprivation, much less the deprivations Plaintiffs are alleging.

An objectively ascertainable class requires a definition that identifies a distinct group of plaintiffs whose members could be identified with particularity. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Plaintiffs here seek to certify a class consisting of "all inmates who have been incarcerated for a period of time in Santa Rita Jail from November 19, 2017 through until the conclusion of this litigation." Class Motion, Dkt. 225, p. 4. This proposed class definition bears little resemblance to the surviving allegations in the 5AC. Absent a right to recover evident by the class definition, Plaintiffs' class certification motion necessarily fails. *Parkinson*, 258 F.R.D. at 593.

**C. Plaintiffs' Proposed Sub-Classes are Not Readily Ascertainable.**

Plaintiffs' proposed class representatives are actually good examples of why the proposed sub-classes are not ascertainable. "Generally, it is inappropriate to define a class in such a way that class membership cannot be identified until the

---

ALAMEDA COUNTY DEFENDANTS' SUR-REPLY TO PLAINTIFFS' SECOND MOTION FOR CLASS CERTIFICATION
CASE NUMBER: 3:19-cv-07423-JSC                                                                 Page 7 of 12

merits are resolved." *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, No. 2:06-CV-00225-PMP-PAL, 2008 U.S. Dist. LEXIS 50928, at *65 (D. Nev. June 20, 2008). Even Plaintiffs' proposed class representatives cannot be shown to represent the proposed sub-classes without a trial on the merits.

Plaintiffs' argue that their subclasses are readily ascertainable; however, their argument misses the point. Whether an inmate is a member in any subclass as defined requires an individualized trial on the merits for that inmate. For example, Plaintiff's third subclass "all inmates who suffered injury due to denial of adequate or appropriate medical attention and services," requires the Court to determine if that inmate (1) was denied adequate or appropriate medical attention and services, and (2) if that inmate suffer injury as a result of such denial. As a further example, Plaintiffs have offered James Mallett as a proposed class representative for this proposed subclass.

Mallett alleges, among other things, that he contracted a staph infection in his knee, and that, due to inadequate or inappropriate medical attention, the infection spread to his ear causing hearing loss. To be a member of the class, the Court would have to determine, based on expert testimony, whether (1) Mallett had a staph infection, (2) that the treatment he received was inappropriate or inadequate, (3) that such treatment was a result of some policy on behalf of the County to provide inadequate treatment, (4) that Mallett was harmed, and (5) that Mallett's harm was a result of the inadequate or inappropriate treatment he received.

By Mallett's own testimony, he received treatment from medical professionals. What he is actually alleging amounts to medical malpractice, which "does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). For Mallett to state a

---

ALAMEDA COUNTY DEFENDANTS' SUR-REPLY TO PLAINTIFFS' SECOND MOTION FOR CLASS CERTIFICATION
CASE NUMBER: 3:19-cv-07423-JSC                                                    Page **8** of **12**

cognizable claim, he "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* This he does not do.

Other than Mallett's unsupported speculation about his medical treatment, there is no evidence to show that he would be a member of the proposed medical subclass. To the contrary, Mallett's own testimony is that he received regular treatment by medical professionals. Neither he nor his counsel are qualified to testify that the treatment he received was improper, inadequate, or negligent. Even if it were negligent, it would only be a constitutional violation if he could point to some policy that caused the treatment to be negligent. *Id.*

Mallett's condition and treatment do not, without expert testimony, even suggest that he is a member of a class of persons who suffered injury due to some policy implemented by the County Defendants. He is not a member of the proposed class, nor are any of the other potential class representatives.

The same situation is true for Plaintiffs' sanitation class. Again, to take Mallett's claim, he claims to have contracted a staph infection while cleaning his cell. Assuming that making the prisoners responsible for cleaning their own living quarters is somehow evidence of deliberate indifference (which it is not), Plaintiffs have offered no evidence of how Mallett contracted the infection. There is no expert declaration or testimony showing that Mallett's condition arose from any particular situation or even how staph is transmitted. Plaintiffs simply offer the rank speculation of a layperson and his attorney. This is not sufficient to prove that Mallett suffered any injury as a result of the conditions at the jail. Again, he is not a member of the proposed sub-class, and none of the other named Plaintiffs are, either.

Even if Plaintiffs were members of the proposed sub-classes, expert testimony would be required to prove that membership. The same is true for each

potential individual class member. If expert testimony is required to prove membership in a class, the class is not objectively ascertainable. *Delgado v. New Albertson's, Inc.*, No. SACV 08-0806 DOC (MLGx), 2010 U.S. Dist. LEXIS 157797, at *6-8 (C.D. Cal. Mar. 15, 2010).

### D. Plaintiffs Fail To Establish Commonality under Rule 23(a)(2).

To establish commonality, Plaintiffs must prove that there are "questions of law or fact common to the class." Fed. R. Civ. P., Rule 23(a)(2). To satisfy this requirement, Plaintiffs must demonstrate have a common injury, meaning the same injury, not just that they have an injury due to a violation of the same provision of law. *Parsons*, 754 F.3d at 674–75 (citing *Dukes*, 564 U.S. at 349-50.) In other words, to qualify for class certification, Plaintiffs' injuries must depend upon a common contention" such that "determination of [their] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Parsons*, 754 F.3d at 675 (citing *Dukes* at 350). "What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Id*. Plaintiffs have failed to establish a common injury sufficient for class certification.

Plaintiffs do not even point to a common policy that is the cause of the injuries they allege. They cannot do so because until they can prove that individual class members suffered injuries as a result of the conditions of their confinement, they cannot prove that those conditions were caused deliberate indifference on the part of anybody, much less that the deliberate indifference was caused by a policy, practice, or custom County Defendants implemented. Again, this is because individualized issues predominate.

---

### E. Plaintiffs do not Satisfy the Typicality or Adequacy Requirements for Class Certification.

Class certification is also inappropriate because the proposed class representatives are not typical and/or adequate to represent the interests of the Class. Under Rule 23(a)(3), the court may certify a class action only where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *O'Connor v. Boeing N. Am., Inc.*, 180 F.R.D. 359, 372 (C.D. Cal. 1997). "[C]lass representatives must possess the same interest and suffer the same injury as the class members." *Id.* (citation and quotation marks omitted).

Each of Plaintiffs' claimed injuries subject the entire class to litigation of individualized issues, which makes each situation unique and not subject to class certification. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992).

Each and every allegation Plaintiffs make in their 5AC is subject to such individualized scrutiny. The unique defenses each Plaintiff has to litigate preclude certification on the basis of typicality. *Hanon*, 976 F.2d at 509.

### F. Plaintiffs' Counsel does not Satisfy the Requirements of Rule 23(g).

Regarding Plaintiffs' counsel's adequacy to represent a class, Defendants note at the outset that Plaintiffs' counsel seems unwilling or unable to follow the customs and procedures of this Court. Plaintiffs' counsel has filed four motions in this matter (Dkt. Nos. 12, 71, 150 & 225.) Each time Plaintiffs' counsel filed a motion, the motion was completely unsupported by evidence, and Defendants pointed this out in their opposition. Plaintiffs' counsel then abused the process each time by filing evidence with the reply briefs, thereby seeking to prevent Defendants from adequately confronting and challenging the evidence. (Dkt. Nos., 29-30, 82-86, 156-164 & 232-239.) Plaintiffs' counsel's abuse of the process

---

regularly results in objections from Defendants, and has even resulted in the continuation of hearing dates. (Dkt. 243.) This wastes both the Court's time and Defendants' counsels' time. It also leads to the inefficient prosecution of this matter.  As noted previously, unethical conduct, even if it does not directly harm the class or create an immediate conflict, can still render counsel inadequate. *White v. Experian Info. Sols.*, 993 F. Supp. 2d 1154, 1171–72 (C.D. Cal. 2014), as amended (May 1, 2014), aff'd sub nom. *Radcliffe v. Hernandez*, 818 F.3d 537 (9th Cir. 2016).

## IV.   CONCLUSION

For the reasons discussed above, Alameda County Defendants respectfully request that Plaintiffs' motion for class certification be denied in its entirety.

DATED: January 23, 2023                     SKANE MILLS LLP

                                    By:   s/ Jonathan Belaga
                                          Jonathan Belaga, Esq.
                                          Attorney for Defendants,
                                          COUNTY OF ALAMEDA, ALAMEDA
                                          COUNTY SHERIFF'S OFFICE, DEPUTY
                                          JOE and DEPUTY IGNONT

---