Yolanda Huang (State Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
PO Box 5475
Berkeley, California 94705
Telephone:    (510) 329-2140
Facsimile:     (510) 580-9410
E-Mail:         yolanda@yhuanglaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| **ALAMEDA COUNTY MALE PRISONERS** And Former Prisoners, DANIEL GONZALEZ, et al. on behalf of themselves and others similarly situated, <u>as a Class, and Subclass</u> **PLAINTIFFS,** vs. **ALAMEDA COUNTY SHERIFF'S OFFICE**, et al, **DEFENDANTS.** | No. 3:19-cv-07423 JSC PLAINTIFFS' REPLY TO COUNTY DEFENDANTS' SUPPLEMENTAL BRIEF (ECF 258) IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION Hon. Jacqueline S. Corley, Presiding Filing Date: Nov. 12, 2019 Trial Date: May 6, 2024 |

**SUMMARY**

Inmates at Santa Rita Jail are routinely and frequently exposed to urine and feces and filthy cells.

County defendants' latest pleading (ECF 258) reiterates its previous argument, which is that the mere existence of written policies is defacto proof that the sanitation and bathroom access issues are addressed. The existence of these written policies, some dating from 2019 which is when the initial complaint was filed, do not disprove that the myriad disgusting and serious unsanitary conditions in inmate living quarters at Santa Rita Jail, described by plaintiffs in their initial complaint, not only existed at the time of the initial filing of this action but continue to the present. The graphic declarations filed

herewith, detailing the unconstitutional unsanitary conditions inmate are forced to live in, show that County defendants' policies and orders have not, and do not address this serious problem that affects all inmates.

Clearly the basis of plaintiffs' motion for class certification is that serious, unsanitary conditions has existed and continue to persist in Santa Rita Jail, in a multitude of different types of inmate cells.

**STATEMENT OF FACTS**

James Mallett is a current inmate at Santa Rita Jail, who alleged and testified in deposition that he contracted a staph infection in his knee and his ear, leading to the loss of hearing in his ear, serious injuries. James Mallett has been proposed as a class representative for the lack of sanitation sub-class. He submits a declaration that the manner in which the jail provides his housing unit with cleaning supplies and tools actually spreads fecal bacteria through-out the cell. And due to the lack of bathroom facilities, turns the shower into latrines, which negatively impacts all prisoners in his housing unit.

James Mallett and the other declarations corroborate Lt. Corvallis' declaration regarding the jail's common area lacking bathrooms, and that prisoners are not provided access to the only bathrooms, in the cells, while out on pod time, except at most, once per hour.

All inmates share showers. All inmates traverse the holding cells of Intake-Transfer-Release ("ITR") every time they leave the jail for court and every time they return.

The submitted declarations state that because inmates are limited in their access to bathrooms during out of cell time, they resort to using the showers as a latrine. There is also no bathroom in the multi-purpose room, where inmates are held prior to being moved to Intake-Transfer-Release ("ITR") and inmates who need to relieve themselves, if they cannot get a deputy to take them to a bathroom, do so in cups or in the corners of the room. (See Dec. of Reginald Robertson).

At the time the motion was filed, David Misch, also a current inmate at Santa Rita Jail, had not articulated a specific complaint with sanitation, because the sanitation issues, such as showers being used as latrines, are routine and daily occurrences. However, as his filed declaration indicates, he was subjected last month to an intolerable situation when he was transferred to a cell that was coated with feces.

Inmates report that the routine denial of access to bathrooms results in showers being used as bathrooms, and urine being deposited in corners and in cups in the multi-purpose room. (See declaration

of Reginald Robertson, ¶8)

Two of the declarants describe how the cleaning tools themselves and the way the jail provides them spreads bacteria and dirt in the housing unit.  (See Dec. of James Mallett, Dec. of Bryson McIntyre)

Lt. Corvello in his declaration (ECF 260, ¶ 6) also stated that "ACSO contracts with Crime Scene Cleaners to address any potential biohazards (such as blood, fecal matter, etc.) identified in the housing units and elsewhere throughout the jail facility."  That was not the case for David Misch who was required to clean that cell which was contaminated by bio-hazardous feces, by hand, without protective gear. (See Dec. of David Misch).  Matthew Pierce was held for 4 hours in a cell coated with fecal matter until family members phoned the jail's watch commander.  During this time, Matthew Pierce was not provided with any cleaning supplies. (See Dec. of Matthew Pierce)

**ARGUMENT**

**E.    THE BABU CONSENT DECREE IS NOT RES JUDICATA**

County defendants cite the correct law on res judicata, but disregard the facts.  Res judicata only applies if the prior lawsuit is based upon "the same cause of action".  County defendants themselves cite to *Brown v. Ticor Title Ins. Co.,* 982 F. 2d 386, 392 (9th Cir. 1992), but only include the first sentence of the Brown holding on res judicata, leaving out the second sentence.  The Court of Appeals stated "[a] lawsuit involving the same parties and based upon the same cause of action as asserted in a previous case is barred under the doctrine of res judicata. "  Then it went on to explain, " [h]owever, if the plaintiff was not adequately represented in the prior action or there was a denial of due process, then the prior decision has no preclusive effect."  Brown *v. Ticor Title Ins. Co*., supra at 390.  The second sentence specifically addresses this case, because neither this issue of cell sanitation, nor representation and litigation on the issue of cell sanitation took place in Babu.

The Babu matter was filed under the American Disabilities Act, and clearly states and describes that the focus of the complaint is on the "substantial risk of serious harm and injury from the harmful and inhumane effects of prolonged isolation, the denial of due process in relationship to classification and housing decisions, and inadequate mental health care." *Babu v. ACSO,* 4:18-cv-07677  (ECF 001 – Complaint, First Cause Of Action under 42 USC  1983, ¶158). In fact, each and every one of Babu's causes of actions is focused on these 3 major topics:

> 1)  Denial of due process in relationship to classification and housing decisions

2)  Inadequate mental health care

3)  The harmful and inhumane effects of prolonged isolation

(See Babu's second cause of action pursuant to the 14th amendment , complaint, ¶163; Babu's third cause of action is pursuant to California Article 1, Section 7 ¶167; Babu 4th cause of action pursuant to Article 1, Section 17 of the California Constitution, ¶170; Babu 5th Cause of Action pursuant to the American with Disabilities Act 42 USC 12132, ¶173; Babu 6th Cause of Action pursuant to the Rehabilitation Act specifically alleging that seven of the eight named plaintiffs have a qualified disability ¶189.)

Babu does not address cell sanitation.

### 1. Lt. Corvello's Declaration Contains Fabrications and Is Self-Serving

Defendants complain that plaintiffs' submitted "self-serving declarations", but choose to insert a fabrication in Lt. Corvello's declaration, to claim that "[t]he inadequate sanitation claims…are also covered by the Babu Consent Decree".  (Lt. Corvello's declaration.  ECF 258, p. 9, l. 18-27)

Judge Cousin's order approving the consent decree specifically states to the contrary:

"First, numerous objectors raised concerns about commissary prices, quality of food, laundry service and **cell cleanliness**.  **These topics are not at issue in this case**; thus, the Court directs concerned individuals to look into whether the other two pending cases against the Jail to see if they raise their concerns:  Mohrbacher v. Alameda Cnty. Sheriff's Office et al., Case No. 3:18-cv-00050-JD (N.D. Cal.) and Gonzalez et al. v. Ahern et al., Case No. 3:19-cv-07423-JSC (N.D. Cal). [emphasis added]". [ECF 259-1; P. 112]

This Court should strike and disregard Lt. Corvello's declaration as false and unreliable regarding the applicability of the Babu Consent Decree as a basis for res judicata.

### E.  PLAINTIFFS HAVE MET ALL OF THE RULE 23(A) REQUIREMENTS

Next, County defendants make a scatter shot argument based upon Rule 23(a) requirements. Citing no authority, County defendants claim that plaintiffs' declarations are insufficient to meet the burden of establishing that the sanitation allegations are common, typical and widespread.

### 1. Defendants' Arguments On Commonality Lack Support in Law or Fact

Defendants claim that plaintiffs make "mere allegations" of systemic violations of the law, and that these "mere allegations of systemic violations" are insufficient to confer commonality. Defendants

4

PLAINTIFFS REPLY BRIEF TO COUNTY DEFENDANTS SUPPLEMENTAL BRIEF ECF 258
*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No. 3:19-cv-07423  JSC

cite *M.D. v. Perry*, 675 F3d 832, 844 (5th Cir., 2012) while ignoring the  actual holding of *MD v. Perry*. In *MD v. Perry*, the issue was whether the focus should be on the common question, or whether, in applying *Dukes v. Walmart*, commonality is defined as a common contention capable of class-wide resolution.  In *MD v. Perry*, the 5th Circuit  held that following *Dukes v. Walmart,* commonality is focused on the availability of a "common answer" because the requested relief should provide relief to the whole class.   Furthermore, the Court of Appeals in *MD v. Perry*, gave as an example of "mere allegations" the use of the word "'systemic' in a mantra-like fashion".  *MD v. Perry*, supra. At 844.  *MD v. Perry* did not hold that declarations are insufficient.  *MD v. Perry*  did not hold that allegations in a complaint was insufficient.  Furthermore, applying *MC v. Perry*, it is clear that in this *Gonzalez* action, the answer to the common contention would provide commensurate relief to all class members.  The declarations proffered by plaintiffs are rich in details and demonstrate that all class members would receive commensurate relief if showers, which everyone shares, were no longer used as latrines.  The benefit would be widespread as all class members share the limited number of common showers, and all class members would no longer be exposed and subjected to infection and the threat of exposure and infection from fecal materials and fecal bacteria, if either real bathrooms were provided to inmates so showers were not used as latrines, or the jail provided adequate cleaning and sanitation.

### 2. Defendants' Arguments About Injury Misrepresents the Caselaw

Defendants continue their practice of misrepresenting caselaw.  Defendants cite *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), with the misleading claim that *Spokeo* stands for the proposition that "proposed class representatives must be able to prove an actual injury" (emphasis added).  (ECF 258, p. 8, l. 1).   *Spokeo* made no such holding.  *Spokeo* followed the dismissal of the complaint by the trial court for lack of standing.  Because *Spokeo* arose at the pleading stage, the Supreme Court addressed the question of federal standing at the pleading stage, holding that in order to establish standing, a plaintiff must allege 3 elements, including "injury in fact". *Spokeo*, supra at 338.  The Supreme Court never held that "proposed class representatives must be able to prove an actual injury" at class certification, as falsely asserted by County defendants (ECF 258, p. 8, l. 1).  Furthermore, because Spokeo involved a private plaintiff for the violation of public and private rights, the Supreme Court instead state that "when a plaintiff seeks to vindicate a public right, the plaintiff must allege that he has suffered a "concrete" injury particular to himself."  [emphasis added] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 346

1

2

      a.   County Defendants' Policies Do Not Result in Sanitary Conditions of Confinement Santa Rita Jail

3

4

    County defendants next assert a nonsequitur, that the mere existence of written policies results in proper sanitation in inmate quarters, and absolves County defendants of having to provide actual

5

sanitation to inmates.   Plaintiffs have alleged, and have submitted detailed descriptions in sworn

6

declarations that serious unsanitary conditions exist on a regular basis in housing units, and in the holding

7

cells of Intake-Transfer-Release ("ITR").  And the jail requires all inmates entering and leaving the jail

8

to be held in holding cells in ITR.  And as a result of these unsanitary conditions in both ITR and in the

9

housing units, inmates have been subjected to harm, including serious skin infections and loss of hearing.

10

    The continued and persistence of unsanitary conditions demonstrate that despite Lt. Corvello's

11

declaration, and jail policies notwithstanding, the actual practices of the jail contradict jail policies and

12

orders.  Jail deputies are unable or unwilling to execute the policies and orders as written.  Plaintiffs have

13

submitted declarations stating that contrary to Lt. Corvello's declaration: the multiple cleaning tools and

14

supplies depicted in Exhibit H to the lieutenant's declaration are not made readily available to inmates;

15

supplies are not made available once a shift; that the outside contractor is not brought in to clean all areas

16

where bio-hazards are located; that contrary to policies, jail deputies do not take necessary action to

17

insure that for every shift, areas under their supervision are clean.   These are the actual practices of jail

18

staff, regardless of what written policies state.  As County defendants admit, as they must, injuries

19

resulting from "a longstanding ACSO…practice" would suffice to establish a violation of cognizable

20

constitutional rights.  (ECF 58 p. 7, lines 6 & 28). The practices in Santa Rita Jail result in chronic,

21

regular unsanitary conditions in housing units and in holding cells (ITR).

22

    **C  PLAINTIFFS HAVE MET THE RULE 23(B) REQUIREMENTS**

23

    Lt. Corvello's declaration affirm that the limited access to bathrooms during out of cell time is a

24

deliberate policy established by the jail that affects all prisoners.

25

    "14. Bathroom access during pod and out-of-cell time is governed by Detention and

26

    Corrections Policy and Procedure 10.05. …the housing unit common areas do not have

27

    bathrooms, … in celled housing units, all cells have bathrooms. Inmate cell doors are

28

    closed and locked during pod time … In dormitory-style housing units, inmates share a common

    bathroom. During pod time in dormitory-style housing units, inmate access to their common

    bathroom is restricted …."   (ECF 260)

6

1   County defendants have total and complete control over when inmates have access to bathrooms

2   during POD time, and how this access is provided.  As Lt. Corvello states, what sanitation supplies what

3   cleaning tools are available to inmates, and when these tools and supplies are provided are wholly under

4   the control and discretion of the jail.  (ECF 260, ¶¶4, 12)  The existence of disputed facts does not

5   diminish the fact that County defendants have total and complete control over sanitation supplies , tools

6   and availability.    The jail policy, as admitted by Lt.  Corvello in paragraph 14 of his declaration,

7   satisfies the Rule 23(b)(2) requirement that the defendant has "acted or refused to act on grounds that

8   apply generally to the class."  The jail has designed the housing units so that the common areas lack

9   bathrooms.  The jail, as a policy, locks all cell doors during POD time so that no prisoner has access to

10  the bathroom during POD time.  This limited bathroom access results in the common showers being used

11  as latrines.  The jail provides only common showers and therefore all prisoners share common showers.

12  The jail requires that all prisoners must transit through ITR to exit the jail to attend court, and

     must transit through ITR to return to jail.

13  These are all conditions completely and wholly under the control of the jail, which "apply

14  generally to the class".  Whether or not being required to shower in showers that are also used as latrines

15  rises to the level of a constitutional violation, is a question for the jury.  Whether or not being held in

16  housing cells or ITR cells, that are contaminated by biohazards, namely feces and urine, is a

17  constitutional violation, is a question for the jury.  Disputed facts does not defeat class certification.

18  Indeed, County defendants are unable to cite any caselaw which so hold.  Disputed facts just highlights

19  the need for this case to proceed to the jury, for a resolution on the merits.

20  **D.  PLAINTIFFS HAVE STANDING**

21  In their scattershot brief, County defendants assert that they are challenging standing but

22  variously complain within one paragraph that:

23  • Plaintiffs claim of bathroom access is the essence of the sanitation issue

24  • that the issue of bathroom access was not adequately pled in the complaint;

25  • Only six of the named plaintiffs are still in custody

26  (see ECF 258, p. 7, l. 16-28)

27

28

a.   Lack of Bathroom Access Is a Predicate Condition

The lack of bathrooms access, plaintiffs have discovered through investigation, is the predicate condition, that is a significant contributory factor to the unsanitary condition of confinement in the Santa Rita jail.  The complained of unsanitary condition of confinement results in daily and chronic exposure to bio-hazards resulting in serious injuries including fecal bacteria infections, staph infections,  and in James Mallett's case, deafness.  Plaintiffs are not required to plead all predicate factors to the primary wrongful condition of confinement.  There is no caselaw which so holds and despite defendants complaint, they cite none.

b.   There Is No Requirement That All Contributory Factors Be Pled.

Plaintiffs are not required to plead all predicate factors to the primary wrongful condition of confinement.  There is no caselaw holding that a complaint must contain or allege every single contributory factor to complained of wrongs.  And defendants cite none.

c.   Plaintiffs Are Adequate Representatives

County defendants then argue that plaintiffs are not adequate representative of the sanitation subclass, citing *Dilley v. Gunn* 64 F3d 1365 (9th Cir. 1995).  (ECF 258 p. 7). Yet, *Dilley v. Gunn*  stands for the legal issue of mootness, and discusses when a case "is capable of repetition, yet evading review," which is an exception to the mootness doctrine.  County defendants do not claim that the issue of sanitation is moot, but instead argue that the inadequate representation results because "at least one [plaintiff] has been released from custody." (See ECF 258 p. 7). This is an illogical, baseless argument because the release of one plaintiff amongst 8 neither renders the issue moot nor results in inadequate representation.  From this nonsequitor, County defendants immediately jumps to their next illogical and unsupported argument, namely, that an actual injury must be proved in a class certification motion, citing *Spokeo, Inc. v. Robins,* supra., which plaintiffs has more than adequately rebutted above.

1

### E.  CONCLUSION

On the sanitation issue, County defendants' admitted policy of not providing bathrooms in the jail's common areas, and of limiting access during out of cell time, satisfy the requirements of Rule 23(b)(2).  Plaintiffs have met the requirements for class certification and class certification should be granted.

Dated:  March 23, 2023                          LAW OFFICE OF YOLANDA HUANG


                                                By */s/ Yolanda Huang*_____
                                                   Yolanda Huang
                                                   Attorney for Plaintiffs

PLAINTIFFS REPLY BRIEF TO COUNTY DEFENDANTS SUPPLEMENTAL BRIEF ECF 258
*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No. 3:19-cv-07423  JSC