**MORGAN, LEWIS & BOCKIUS LLP**
CHARLES J. REITMEYER (pro hac vice)
  Email: Charles.Reitmeye@morganlewis.com
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001

Attorneys for Defendant,
ARAMARK CORRECTIONAL SERVICES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMEDA COUNTY MALE PRISONERS And Former Prisoners, DANIEL GONZALEZ, et al. on behalf of themselves and others similarly situated, <u>as a Class, and Subclass</u>,<br><br>Plaintiffs,<br><br>vs.<br><br>ALAMEDA COUNTY SHERIFFS OFFICE, et al.<br><br>Defendants. | Case No. 3:19-cv-07423-JSC<br><br>**PARTIES' JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE:   June 29, 2023<br>TIME:   1:30 p.m.<br>LOC.:   450 Golden Gate Ave.,<br>            San Francisco, CA 94102<br>DEPT.: Courtroom 8, 19th Floor |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and *Civil Local Rule 16-9*.

**1. JURISDICTION & SERVICE**

Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 (claims arising under the United States Constitution) and § 1343 (Claims brought to address deprivations, under color of state authority, of rights, privileges and immunities secured by the United States Constitution.

The claims alleged herein arose in the County of Alameda, State of California. Therefore, venue and assignment, under 28 U.S.C. § 1391(b), lies in the United States District Court for the Northern District of California, San Francisco Division or Oakland Division.

**2. FACTS**

**Plaintiffs**

Plaintiffs bring this action to correct conditions of confinement at Santa Rita Jail involving alleged inadequate, contaminated and unsanitary food (First Cause of Action Under the 14th Amendment and Second Cause of Action Under the 8th Amendment); inadequate medical care due to a policy between the County and defendant Well-path where Well-path is paid per diem and all medical costs are charged against Wellpath's per diem thereby providing incentives for Well-path to deny needed medical care (Third Cause of Action Under the 14th Amendment and Fourth Cause of Action Under the 8th Amendment); inadequate sanitation (Fifth Cause of Action Under the 14th Amendment and Sixth Cause of Action Under the 8th Amendment); and abridgement of the right to free speech under the first amendment (7th Cause of Action).

**County Defendants**

The Alameda County Defendants in this matter are the County of Alameda, the Alameda County Sheriff's Office, Deputy Joe and Deputy Ignont.  The Alameda County Defendants admit that the named Plaintiffs have been detained at Santa Rita Jail, which is located in Dublin, California, at various times.  The Alameda County Defendants also admit that Co-Defendant Aramark Correctional Services LLC is the County of Alameda's contracted food services provider and that Aramark is responsible for preparing and suppling all inmate food at Santa Rita Jail.  The Alameda County Defendants further admit that Co-Defendant Wellpath is the County of Alameda's contracted medical provider and that Wellpath is responsible for providing all inmate medical care at Santa Rita Jail.  All of Plaintiffs' remaining allegations are in dispute.

**Defendant Aramark**

Defendant Aramark provides food at the Santa Rita Jail pursuant to a contract with the Alameda County Sheriff's Office.  Plaintiffs do not allege that the meals provided to the inmates at the Santa Rita Jail fail to provide inmates with a proper minimal level of calories and other nutritional requirements, such as protein, vitamins, calcium and iron.  In fact, the meals provided to the inmates at the Jail meet caloric and nutritional requirements for inmates and are adequate to maintain good health.   Instead, Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, and otherwise inedible."  (Dkt.

No. 216 at pg. 4). Further, of the fifteen Plaintiffs in this action, only Daniel Gonzalez, Lawrence Gerrans, Cedric Henry, David Misch and Tikisha Upshaw assert any food claims.

The meals provided to inmates at the Jail, however, constitute a nutritionally adequate diet that is prepared and served under conditions which do not present a danger to the health and well-being of the inmates who consume it. Specifically, sample food trays are inspected to ensure portion compliance with the menus, to ensure that the food is not contaminated in any way, including by pests or mold, and for palatability. Replacement meals are provided if inmates claim contamination or spoiled food. To the extent Plaintiffs' claims are based on the presence of vermin, mice, rats and birds in the Santa Rita Jail Kitchen, the Alameda County Sheriff's Office is responsible for kitchen pest control.

Aramark is not aware of any significant injuries as a result of inadequate food or unsanitary conditions. Aramark is not aware of any allegations of widespread or significant weight loss.

In this regard, Plaintiffs' claims lack merit and Aramark denies all food claims asserted by Plaintiffs.

**Defendant Wellpath**

Wellpath has developed and implemented policies, practices, protocols and procedures which represent the best practices for the provision of medical care in a County correctional healthcare facility, such as the Alameda County Jail. Wellpath denies the allegations contained in Plaintiffs' Operative Complaint, including the spurious insinuation that they place costs above patient care.

**3. LEGAL ISSUES**

**Plaintiffs**

Plaintiffs anticipate that defendants will raise issues regarding the liability standard of deliberate indifference, as well as provisions within the Prison Litigation Reform Act.

**Alameda County Defendants**

All of Plaintiffs' claims are in dispute. The main legal issues are:

1.   Whether Defendants violated Plaintiffs' Fourteenth Amendment rights as pertaining to Plaintiffs' "constitutional right to sufficient, unspoiled, edible food, necessary to sustain life" as

alleged in the First Cause of Action in the operative complaint.

2. Whether Defendants violated Plaintiffs' Eighth Amendment rights as pertaining to Plaintiffs' "constitutional right to sufficient, unspoiled, edible food, necessary to sustain life" as alleged in the Second Cause of Action in the operative complaint.

3. Whether Defendants violated Plaintiffs' Fourteenth Amendment right to "medical services" as alleged in the Third Cause of Action in the operative complaint.

4. Whether Defendants violated Plaintiffs' Eighth Amendment right to "medical services" as alleged in the Fourth Cause of Action in the operative complaint.

5. Whether the Alameda County Defendants violated Plaintiffs' Fourteenth Amendment right to "adequate sanitation" as alleged in the Fifth Cause of Action in the operative complaint.

6. Whether the Alameda County Defendants violated Plaintiffs' Eighth Amendment right to "adequate sanitation" as alleged in the Sixth Cause of Action in the operative complaint.

7. Whether the Alameda County Defendants violated Plaintiff Larry Gerrans' First Amendment Rights as alleged in the Seventh Cause of Action in the operative complaint.

8. Whether the Alameda County Defendants violated the rights of the conditionally certified "adequate sanitation" class and the nature and extent of any appropriate injunctive relief, if any.

9. The nature and extent of Plaintiffs' claimed damages.

**Defendant Aramark**

Aramark has numerous legal defenses to Plaintiffs' allegations, including:

1. The isolated instances of alleged inadequate and unsanitary food at issue fail to rise to the level on a Constitutional violation.

2. Aramark at no time exhibited indifference, deliberate or otherwise, to Plaintiff's rights.

3. Plaintiffs failed to exhaust the appropriate administrative remedies before seeking judicial relief.

4. Plaintiffs fail to assert a serious or significant physical or mental injury associated

with Aramark's actions and therefore their claims must be dismissed.

**Defendant Wellpath**

Wellpath contends the treatment and care they provide to incarcerated persons in the Alameda County Jail complies with the 8th and 14th Amendments of the United States Constitution. In addition, CFMG complies with California Code of Regulation, Title 15 Minimum Standards for Local Detention Facilities and all standards of care for providing medical treatment to incarceration persons in a County correctional facility.

All of Plaintiffs' claims are in dispute. The main legal issues as to Wellpath are:

1.   Whether Wellpath violated Plaintiffs' Fourteenth Amendment right to "medical services" as alleged in the Third Cause of Action in the operative complaint.

2,   Whether Wellpath violated Plaintiffs' Eighth Amendment right to "medical services" as alleged in the Fourth Cause of Action in the operative complaint.

**4. MOTIONS**

**Plaintiffs**

Plaintiffs anticipate that defendants will file dispositive motions.

**County Defendants**

The Alameda County Defendants intend to file a dispositive motion. The Alameda County Defendants also intend to file a motion to amend their answer to the Fifth Amended Complaint to assert additional affirmative defenses shortly. The Alameda County Defendants are also contemplating filing a motion to compel Plaintiffs' initial disclosures pursuant to Federal Rule of Civil Procedure 37 in light of Plaintiffs' ongoing refusal to make their required disclosures, despite multiple requests. Lastly, the Alameda County Defendants may file a motion seeking the Court's assistance with resolving the ongoing discovery dispute outlined in Dkt. No. 254 if the parties are unable to resolve the outstanding issues on their own.

**Defendant Aramark**

Aramark will file a dispositive motion. Further, if Plaintiffs' Counsel does not provide proposed dates for the depositions of Daniel Gonzalez and Cedric Henry, Aramark will file a Motion to Dismiss them for Failure to Prosecute.

**Wellpath**

Wellpath intends to file dispositive motions on behalf of various individually named Plaintiffs.

### 5.  AMENDMENT OF PLEADINGS

No further amendments are allowed.  However, the Alameda County Defendants intend to seek leave to file an amended answer to the Fifth Amended Complaint to assert additional affirmative defenses.

### 6.  EVIDENCE PRESERVATION

As no e-discovery issues have arisen, the parties have yet to meet and confer as to this Court's Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), but the parties have reviewed the ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

### 7.  DISCLOSURES

All Defendants have exchanged their Initial Disclosures.  Although the Court ordered Initial Disclosures to be exchanged by January 20, 2023, Plaintiffs served their Initial Disclosures on June 21, 2023.

### 8.  DISCOVERY

**Plaintiffs' Position:**

Defendants waited until late May before requesting depositions and then demanded that all depositions be on an expedited basis.  The delay in requesting depositions was to accommodate the European cruise vacation of counsel for CFMG/Wellpath.

Most of the named plaintiffs are in custody, including in the custody of the California Department of Corrections and Rehabilitation and The Federal Bureau of Prisons.  Plaintiff's counsel agreed to six depositions in the month of June, and agreed to two depositions in the month of July, and requested that the remainder be scheduled after counsel's August federal trial concludes.  None of the plaintiffs have testified before, and it is plaintiffs' counsel's practice– as much as possible to be physically present with her client.  The fact that these depositions are taking place in the carceral setting has provided challenges to the scheduling.

The proposed schedule for June was:

| 7 | 8 | 9 Eric Rivera/ACSO |
|---|---|---|
| 14 Timothy Phillips/ CFMG | 15 | 16 Lawrence Gerrans/ACSO |
| 21 Eric Wayne/ CFMG/Wellpath | 22 | 23 Tikisha Upshaw/ Wellpath |
| 28 | 29 | 30 Donald Corsetti 9 am/ACSO |

The deposition of Eric Rivera was unable to proceed because the week before his deposition, he was transferred to a different facility. The deposition of David Misch was rescheduled to July 7, 2023 because counsel for plaintiffs had a family medical emergency. The deposition of Timothy Phillips was unable to proceed because counsel for defendant CFMG/Wellpath was unable to coordinate with the facility to make the necessary arrangements. The deposition of Lawrence Gerrans took place but was not completed because the facility terminated the deposition at 2:30 p.m. in order to conduct count. There is 3 hours of deposition time remaining.

Defendant CFMG failed to coordinate with the facility, and Mr. Wayne was not brought to the deposition room . . . . Defendant CFMG did not request a court order to take either Mr. Wayne's or Mr. Phillips' deposition.

Cedric Henry has been released from custody, is residing in Oakland, is still suffering from long covid and is looking forward to his deposition. David Gonzalez is in the Bay Area and available for deposition.

Discovery has proceeded slowly. From Plaintiffs' perspective, it took over 18 months to obtain the documents requested from the County defendants in January 2022 in Plaintiffs' first request for production. This required two informal meetings with Judge Corley. Plaintiffs appreciate that County defendants have new counsel who may not be familiar with the history, but discovery

delays were the result of actions by all parties.

The parties agreed to bring the issue of discovery scheduling to the case management conference.

**Defendants' Position:**

The discovery to date has included the exchange of medical information for all Plaintiffs and various custody documents, the depositions of four Plaintiffs in August 2022 and an inspection made of the Santa Rita Jail kitchen facilities by Plaintiffs on April 29, 2021. Further, Aramark has provided Plaintiffs with an index of the documents it produced in the *Mohrbacher* action, with reference to their responsiveness to the Requests for Production in this matter and will soon supplement its document production. The Alameda County Defendants continue to meet and confer with Plaintiffs to resolve the issues outlined in Dkt. No. 254.

The Alameda County Defendants and Aramark have served Requests for Production and Interrogatories on Plaintiffs, but have yet to receive responses. In this regard, Aramark graciously granted Plaintiffs with a 30 day extension to respond to Aramark's written discovery to all Plaintiffs who are not bringing food claims and various extensions to the five Plaintiffs who are bringing food claims, with the understanding that Daniel Gonzalez and Cedric Henry (who are no longer incarcerated) will be dismissed if Plaintiffs' Counsel is unable to regain contact with them. The Alameda County Defendants also granted all Plaintiffs a 30-day extension to all pending discovery requests. Plaintiffs' discovery responses to the Alameda County Defendants are presently due July 12.

Although Defendants have been attempting to meet and confer with Plaintiffs to schedule the remaining Plaintiffs' depositions for almost two months (including participating in two telephonic meet and confers on May 22 and June 14), the scheduling of the depositions has been difficult because of Plaintiffs' Counsel's reluctance to attend depositions during July and August of 2023, and she has failed to associate in counsel to assist her with his matter as required by this Court's previous order. Examples of Defendants meet and confer efforts are attached as **Exhibit "A"**. It is imperative that the depositions of the Plaintiffs occur prior to the Expert Witness Disclosures deadline of August 25, 2023. Further, Plaintiffs' Counsel recently cancelled the

scheduled depositions of Eric Rivera (June 9, 2023) and David Misch (June 12, 2023) and has not yet provided Defendants with proposed alternative dates for the deposition of Eric Rivera.

The deposition of Eric Wayne was scheduled for June 21, 2023, at 9:00 a.m. PST at the California State Prison - Solano. At that time, counsel for all parties appeared remotely via Zoom, however, Mr. Wayne was not in attendance. The prison initially miscommunicated with Mr. Wayne about the start time of his deposition, which caused the deposition to be delayed. After the prison corrected the miscommunication and informed Mr. Wayne to go to the conference room where the deposition was set up for him to attend remotely, Mr. Wayne refused. As a result of Mr. Wayne's refusal to appear, Plaintiffs' Counsel is now insisting that she be physically present at any depositions in the future. Mr. Wayne's deposition has yet to be rescheduled as Plaintiff's Counsel has not provided alternative dates.

At the outset of Mr. Wayne's deposition, Ms. Huang indicated she needed time to prepare her client for the deposition. Mr. Bertling, counsel for Wellpath, asked the Court Reporter to have a technician set up a breakout room so Ms. Huang and her client could meet for the 15 minutes Ms. Huang requested. Mr. Bertling indicated Mr. Wayne should have been prepared for his deposition before June 21, 2023, and it was concerning that Ms. Huang had still not provided the Defendants with her clients' Initial Disclosures as she promised to do so by June 19, 2023. Mr. Bertling also expressed concern that Ms. Huang had still not complied with this Court's order to associate counsel in on this case. Ms. Huang responded by calling Mr. Bertling an "asshole" for raising these issues. The Court is requested to instruct Ms. Huang to refrain from using this type of unprofessional language during any future legal proceedings.

The following is a summary of the presently noticed depositions:

1. Tikisha Upshaw: June 23, 2023
2. Donald Corsetti: June 30, 2023
3. David Misch: July 7, 2023
4. Eric Mallett: July 11, 2023
5. Randy Harris: July 13, 2023
6. Eric Rivera: July 21, 2023

1 | Plaintiffs' counsel has indicated that she is not available on July 13 and 21.  The County of
2 | Alameda has repeatedly advised that it is happy to re-notice these depositions for a more convenient
3 | time for Plaintiffs' Counsel upon receiving alternative proposed dates that work for all counsel prior
4 | to the Expert Witness Disclosures deadline of August 25, 2023.  The first volume of Plaintiff
5 | Lawrence Gerrans' deposition was taken on June 16.  Defendants are meeting and conferring with
6 | Plaintiffs' counsel to schedule the second volume of his deposition before the Expert Witness
7 | Disclosure deadline.

Defendants have also repeatedly requested available dates for the depositions of the following Plaintiffs, but have not yet received a response:

1. Daniel Gonzalez
2. Cedric Henry
3. Michael Lockhart
4. Timothy Phillips

It is important to note that Plaintiffs' Counsel appears to have lost all contact with Daniel Gonzalez, Cedric Henry and Michael Lockhart.  In this regard, if Plaintiffs' Counsel is unable to regain contact with them after a reasonable time, Defendants will move for their dismissal.

**9. CLASS ACTIONS**

On May 9, 2023, the Court denied Plaintiff's Motion for Class Certification as to all food and medical care claims.  The Court also conditionally granted class certification as to the inadequate sanitation subclass against the County Defendants, "but only on the condition that Ms. Huang obtain qualified co-counsel to appear in this action and litigate it with her."  ECF 264 at p. 21.  Plaintiffs, however, have yet to identify "qualified co-counsel" to defense counsel (despite multiple inquiries) or to this Court.

**10. RELATED CASES**

There is a companion case, *Mohrbacher v. County of Alameda*, 3:19-cv-00050 JD, which concerns conditions of confinement as it affects specifically women.  The Honorable Judge Donato declined to relate these two cases, but agreed that *Mohrbacher* will address the conditions of confinement issues in Santa Rita Jail that pertain specifically to women prisoners.  Although

Plaintiffs settled their claims against the County of Alameda and Aramark in *Mohrbacher*, the claims against Wellpath remain pending. Judge Donato took the trial off calendar and requested that the parties re-brief the issues on class certification.

**11.  RELIEF**

Plaintiffs are seeking injunctive relief and money damages.

**12.  SETTLEMENT AND ADR**

Plaintiffs have not provided Defendants with a demand in this action. There have been no settlement discussions between the parties since the required mediation pursuant to Plaintiffs' failed appeal of the Court's denial of Plaintiffs' Motion for a Preliminary Injunction.

**13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defense counsel initially consented to a magistrate judge with this Court.

**14.  NARROWING OF ISSUES**

The parties will seek to narrow the issues via the discovery process, any stipulations that can be attained during the discovery process, as well as the filing of any dispositive motions, up to the time of trial.

**15.  EXPEDITED TRIAL PROCEDURE**

Plaintiffs previously indicated they do not consider this case to be appropriate for the Expedited Trial Procedure of General Order 64, Attachment A.

**16.  SCHEDULING**

| | |
|---|---|
| Designation of Experts | August 25, 2023 |
| Designation of Rebuttal Experts | September 22, 2023 |
| Fact Discovery Cut-off | October 16, 2023 |
| Discovery Cut-off for Experts | October 16, 2023 |
| Deadline for Filing Daubert and Dispositive Motions | November 16, 2023 |
| Dispositive Motions Hearing | January 18, 2024 at 10:00 a.m. |
| Pretrial Conference | April 25, 2024 at 2:00 p.m |
| Trial | May 6, 2024 |

**17.  TRIAL**

Plaintiffs have requested a jury, and anticipate that jury trial in this matter would be at least two weeks.  The trial is scheduled to commence May 6, 2024.

**Plaintiffs' Position:**

At the time of trial setting, Plaintiffs' counsel informed the Court that she is double set for trial in May 2024.  Plaintiffs' counsel's other case is *Pol v. City of Stockton*, 2:21-cv-00788-WBS-AC (CAED) and the case was set for trial in March, 2022 (ECF 35). In light of the discovery delays, Plaintiffs request that the trial date and all dates of the scheduling order be continued 90 days.

**Defendants' Position:**

Defendants oppose continuing the dates of the scheduling order and the trial date. Plaintiffs' counsel has caused countless delays in this case already, and any further delays would simply allow Plaintiffs' counsel to continue to drag out resolution of the issues in this litigation.  Defendants have expended, and continue to expend, tremendous time, effort and expense to comply with the Court's current scheduling order and remain willing to do so.

**18.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Aramark and Wellpath have not yet filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15, but will do so soon.

**19.  PROFESSIONAL CONDUCT**

Defense counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.  OTHER**

Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

| | |
|---|---|
| DATED: June 22, 2023 | LAW OFFICES OF YOLANDA HUANG |

By: /s/ Yolanda Huang
 Yolanda Huang
 Attorneys for Plaintiffs

| | |
|---|---|
| DATED: June 22, 2023 | BURKE WILLIAMS & SORENSEN LLP |

By: /s/ Temitayo O. Peters
 Temitayo O. Peters
 Attorneys for Defendants, County of Alameda, Alameda County Sheriff's Office, Deputy Joe, and Deputy Ignont

| | |
|---|---|
| DATED: June 22, 2023 | MORGAN, LEWIS & BOCKIUS LLP |

By: /s/ Charles J. Reitmeyer
 Charles J. Reitmeyer
 Attorneys for Defendant, Aramark Correctional Services, LLC

| | |
|---|---|
| DATED: June 22, 2023 | BERTLING LAW GROUP |

By: /s/ Peter G. Bertling
 Peter G. Bertling
 Attorneys for Defendant, Well-Path Management, Inc.

## ATTESTATION PER LOCAL RULE 5-1(h)(3)

I, Charles J. Reitmeyer, attest that concurrence in the filing of this document has been obtained from the other signatory.

1  DATED: June 22, 2023                    MORGAN, LEWIS & BOCKIUS LLP

                                           /s/ Charles J. Reitmeyer
                                           Charles J. Reitmeyer
                                           Attorneys for Defendant Aramark Correctional
                                           Services, LLC