1  Gregory B. Thomas (SBN 239870)
   E-mail: gthomas@bwslaw.com
2  Temitayo O. Peters (SBN 309913)
   E-mail: tpeters@bwslaw.com
3  Jasper L. Hall (SBN 341113)
   E-mail: jhall@bwslaw.com
4  BURKE, WILLIAMS & SORENSEN, LLP
   1999 Harrison Street, Suite 1650
5  Oakland, California 94612-3520
   Tel: 510.273.8780    Fax: 510.839.9104
6
   Attorneys for Defendants ALAMEDA COUNTY
7  SHERIFF'S OFFICE, ALAMEDA COUNTY,
   DEPUTY JOE, and DEPUTY IGNONT
8  (collectively "ALAMEDA COUNTY
   DEFENDANTS")
9

10                UNITED STATES DISTRICT COURT

11         NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

12

| | |
|---|---|
| 13  ALAMEDA COUNTY MALE PRISONERS And Former Prisoners, DANIEL GONZALEZ, et al. on behalf of themselves and others similarly situated, as a Class, and Subclass; <br><br> ALAMEDA COUNTY FEMALE PRISONERS And Former Prisoners, JACLYN MOHRBACHER, ERIN ELLIS, DOMINIQUE JACKSON, CHRISTINA ZEPEDA, ALEXIS WAH, AND KELSEY ERWIN, et al on behalf of themselves and others similarly situated, <br><br>        Plaintiffs, <br><br>   v. <br><br> ALAMEDA COUNTY SHERIFF'S OFFICE, ALAMEDA COUNTY, Deputy Joe, Deputy Ignont (sp) John and Jane ROEs, Nos. 1 – 25, <br><br>        Defendants. | Case No. 3:19-cv-07423-JSC <br><br> **ALAMEDA COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO AMEND ANSWER TO PLAINTIFFS' FIFTH AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> *Filed concurrently with Declaration & [Prop] Order* <br><br> Judge:   Hon. Jacqueline Scott Corley <br> Date:    August 3, 2023 <br> Time:    10:00 am <br> Crtrm.:  Courtroom 8—19th Floor <br><br> Action Filed:   November 12, 2019 <br> Trial Date:     May 6, 2024 |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4895-9293-1178v12                    1              Case No. 3:19-cv-07423-JSC
                                        ALAMEDA COUNTY DEFTS' MOTION TO
                                        AMEND ANSWER TO PLTFS' COMPLAINT

**TO ALL PARTIES AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that on **August 3, 2023** at **10:00 am**, or as soon thereafter as this matter may be heard before Judge Jacqueline Scott Corley, Courtroom 18, 19th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, ALAMEDA COUNTY SHERIFF'S OFFICE, ALAMEDA COUNTY, DEPUTY JOE, and DEPUTY IGNONT (collectively "Alameda County Defendants") will move for leave to amend their Answer to Plaintiffs' First Amended Complaint.

This motion is based on this Notice of Motion and Motion, Memorandum of Points and Authorities, Declaration of Jasper L. Hall, Esq., and the documents on file with the court, and such further evidence and argument as the court may permit.

Dated: June 29, 2023                    BURKE, WILLIAMS & SORENSEN, LLP

By: _____
Gregory B. Thomas
Temitayo O. Peters
Jasper L. Hall
Attorneys for Defendants ALAMEDA
COUNTY SHERIFF'S OFFICE,
ALAMEDA COUNTY, DEPUTY JOE, and
DEPUTY IGNONT (collectively
"ALAMEDA COUNTY DEFENDANTS")

4895-9293-1178v12

2

Case No. 3:19-cv-07423-JSC
ALAMEDA COUNTY DEFTS' MOTION TO
AMEND ANSWER TO PLTFS' COMPLAINT

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Alameda County Sheriff's Office, the County of Alameda, Deputy Joe, and Deputy Ignont (collectively, "Alameda County Defendants") seek leave to amend their Answer to Plaintiffs' Fifth Amended Complaint for the sole purpose of asserting the following additional affirmative defenses: (1) exhaustion of remedies; (2) res judicata/collateral estoppel; (3) *Monell*; (4) deliberate indifference; (5) attorney's fees; (6) negligence; (7) due care and good faith; (8) no fault; (9) no deprivation of rights, privileges, and immunities; and (10) no clearly established constitutional right.

This motion should be granted for several reasons. First, the Alameda County Defendants did not delay in filing this motion. Second, the Alameda County Defendants have acted in good faith by only seeking leave to assert a limited number of additional affirmative defenses. Third, the Alameda County Defendants' proposed amendments will not be futile because the affirmative defenses they are adding are related to Plaintiffs' claims. Lastly, although the Alameda County Defendants' proposed amendments will not prejudice Plaintiffs, the Alameda County Defendants will be prejudiced if the amendments are not permitted.

## II. PROCEDURAL HISTORY

Plaintiffs' original Complaint was filed on November 12, 2019. Dkt. No. 1. After substantial motion work, including several motions to dismiss, a motion for preliminary injunction, and two motions for class certification, Plaintiffs filed their Fifth Amended Complaint – the current operative complaint – on April 20, 2022. Dkt. No. 180. On May 9, 2022, the Court ordered the Alameda County Defendants to answer or otherwise respond to Plaintiffs' Fifth Amended Complaint by June 30, 2022. Dkt. No. 184. The Court subsequently vacated this deadline to permit briefing and discovery related to Plaintiffs' class certification motion. Dkt. Nos. 195, 199.

Following the resolution of Plaintiffs' class certification motion, the Alameda County Defendants filed a motion to dismiss in response to Plaintiffs' Fifth Amended Complaint in compliance with the responsive deadline set by Court Order on July 20, 2022. Dkt. Nos. 203, 204.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4895-9293-1178v12                               1                       Case No. 3:19-cv-07423-JSC
ALAMEDA COUNTY DEFTS' MOTION TO
AMEND ANSWER TO PLTFS' COMPLAINT

1  After the Court's November 7, 2022 ruling on their motion, the Alameda County Defendants
2  timely filed their Answer to the operative complaint on November 21, 2022.  Dkt. Nos. 216, 220.
3  The Court then issued, on December 1, 2022, an Amended Pretrial Scheduling Order which
4  remains in effect.  Dkt. No. 224.

5  Nearly two months after the Answer was filed, the undersigned counsel associated in as
6  counsel for the Alameda County Defendants on February 14, 2023.  Dkt. No. 255.  On June 5,
7  2023, the Alameda County Defendants filed notices substituting the undersigned in place of their
8  prior counsel as counsel of record for this lawsuit.  Dkt. Nos. 269-277.  On June 6, 2023, the Court
9  entered orders granting the Alameda County Defendants' attorney substitution requests.  Dkt. Nos.
10  278-285.

11  **III.    ARGUMENT**

12  **A.    The *Foman* Factors Weigh In Favor Of Granting the Alameda County
13  Defendants' Motion for Leave to Amend their Answer.**

14  Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's
15  written consent or the court's leave[]" and "[t]he court should freely give leave when justice so
16  requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend is liberally granted and it is an abuse of
17  discretion to deny leave in the absence of a showing of prejudice or bad faith, or without a
18  showing that the proposed amendment is frivolous.  *See Eminence Capital, LLC v. Aspeon, Inc.*,
19  316 F.3d 1048, 1051 (9th Cir. 2003) ("Generally, Rule 15 advises the court that leave shall be
20  freely granted when justice so requires. This policy is 'to be applied with extreme liberality'
21  (citations omitted)."); *see also Cooper Dev. Co. v. Emp'rs Ins. of Wausau*, 765 F. Supp. 1429,
22  1432 (N.D. Cal. 1991) ("Leave to amend should be denied only when there is a showing of undue
23  delay, bad faith, futility of amendment or prejudice to the opposing party.").

24  The four factors relevant to determining whether leave to amend should be granted are: (1)
25  whether there has been undue delay; (2) whether the moving party has acted in bad faith or with a
26  "dilatory motive;" (3) whether the amendment would be futile because the claims appear on their
27  face to be frivolous; and (4) whether the non-moving party would be prejudiced by granting leave
28  to amend.  *Foman v. Davis,* 371 U.S. 178, 182 (1962).  In the Ninth Circuit, the non-moving party

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4895-9293-1178v12

2

Case No. 3:19-cv-07423-JSC
ALAMEDA COUNTY DEFTS' MOTION TO
AMEND ANSWER TO PLTFS' COMPLAINT

bears the burden of demonstrating why leave to amend should be denied. *See DCD Programs*, 833 F.2d at 187 ("The party opposing amendment bears the burden of showing prejudice."). As set forth below, because none of these four factors are present in this case, the Alameda County Defendants' motion for leave to amend their Answer to Plaintiffs' Fifth Amended Complaint should be granted.

### 1. The Alameda County Defendants Did Not Delay.

First, the Alameda County Defendants did not delay in bringing this motion. As noted above, the undersigned associated in as counsel on February 14, 2023 and were substituted in as counsel of record for the Alameda County Defendants on June 5, 2023. Dkt. Nos. 278-285. Upon completing their review of the case file, the Alameda County Defendants' prior pleadings, and the Court's order on Plaintiffs' Second Motion for Class Certification, the undersigned counsel determined that several applicable affirmative defenses had been omitted from the Alameda County Defendants' Answer to Plaintiffs' Fifth Amended Complaint.

The Alameda County Defendants promptly filed this motion seeking leave to amend their Answer as soon as newly substituted counsel became aware of these omissions. *See Dabass v. Moffit & Associates*, No. 07cv0040, 2008 WL 686687 at *4, (S.D. Cal. March 12, 2008) (Court rejects the argument that the motion to amend should be denied due to delay after counsel was substituted in and discovered a mistake while reviewing the pleadings.). Indeed, this motion was filed less than one month after the Alameda County Defendants' attorney substitutions were executed and the omissions became apparent to newly substituted counsel. Even if the Court were to determine that there was unreasonable delay between the substitution and the filing of this motion, it is well established that delay alone is not a reason to deny a motion to amend a prior pleading. *See Howey v. United States*, 481 F.2d 1187, 1190-1192 (9th Cir. 1973) (denial of motion for leave to amend complaint held to be an abuse of discretion even though the motion was made five years after the original complaint was filed and "the [moving party] gave no reason for its lengthy delay"); *see also Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of So. Calif.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (holding that "[d]elay alone does not provide sufficient grounds for denying leave to amend" and that denial of motion for leave to amend was an abuse of

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4895-9293-1178v12

3

Case No. 3:19-cv-07423-JSC
ALAMEDA COUNTY DEFTS' MOTION TO
AMEND ANSWER TO PLTFS' COMPLAINT

discretion even though the motion was made two years after the original complaint was filed).

Therefore, this factor weighs in favor of granting the Alameda County Defendants' motion for leave to amend their Answer to Plaintiffs' Fifth Amended Complaint.

### 2. The Alameda County Defendants Have Acted in Good Faith in Asserting the Amendments.

Second, the Alameda County Defendants are not seeking to amend their Answer for a "wrongful motive." *See DCD Programs*, 833 F.2d at 187. As set forth above, this motion was brought promptly following the Alameda County Defendants' attorney substitution and as soon as it became apparent that several relevant affirmative defenses had been omitted from their Answer. The Alameda County Defendants are not seeking to harass Plaintiffs, delay proceedings, or substantially rewrite their Answer to Plaintiffs' Fifth Amended Complaint. On the contrary, Alameda County Defendants are only seeking leave to amend for the limited purpose of asserting ten (10) additional affirmative defenses. *See* Declaration of Jasper Hall ("Hall Decl.") at ¶¶ 2, 3. These amendments will assist the Alameda County Defendants in defending against Plaintiffs' claims through their anticipated dispositive motion and at trial. The Alameda County Defendants have no wish to delay the proceedings in this nearly four-year-old lawsuit and are ready, willing and able to comply with the Court's December 1, 2022 Amended Pretrial Scheduling Order. Indeed, these amendments will have no impact on the Court's scheduling order, for the reasons stated in more detail below.

Therefore, this factor also weighs in favor of granting the Alameda County Defendants' motion for leave to amend their Answer to Plaintiffs' Fifth Amended Complaint.

### 3. The Alameda County Defendants' Amendments Are Not Futile.

Third, the Alameda County Defendants' proposed amendments will not be futile. When the underlying facts or circumstances relied upon by a party may be a proper subject of relief, [they] ought to be afforded an opportunity to test their claims on the merits." *Foman*, 371 U.S. at 182; *See also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("[A] proposed amendment is futile and will be denied only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.").

Burke, Williams & Sorensen, LLP
Attorneys At Law
Oakland

4895-9293-1178v12

4

Case No. 3:19-cv-07423-JSC
ALAMEDA COUNTY DEFTS' MOTION TO
AMEND ANSWER TO PLTFS' COMPLAINT

Here, the Alameda County Defendants seek leave to amend to add a few additional affirmative defenses, including res judicata and exhaustion of remedies, which are well-established, necessary, and applicable to this case. Hall Decl. at ¶¶ 2, 3. Given the fact that the affirmative defenses the Alameda County Defendants are requesting leave to assert are, at minimum, plausible defenses to Plaintiffs' claims, they are clearly not futile or unnecessary. *Hip Hop Beverage Corp. v. RIC Representacoes Importacao e Comerico Ltda.*, 220 F.R.D. 614, 622-23 (C.D. Cal. 2003) ("An amendment is 'futile' only if it would clearly be subject to dismissal.") (*citing DCD Programs*, 833 F.2d at 188); *see also* Dkt. No. 264 at p. 15 (refusing to consider the Alameda County Defendants' res judicata argument in opposition to Plaintiffs' Second Motion for Class Action because Defendants did not pled the defense in their answer).

Therefore, this factor also weighs in favor of granting the Alameda County Defendants' motion for leave to amend their Answer to Plaintiffs' Fifth Amended Complaint.

### 4. The Alameda County Defendants' Amendments Will Not Prejudice Plaintiffs.

Finally, courts have held that "[p]rejudice is the touchstone of the inquiry under rule 15(a)." *Eminence*, 316 F.3d at 1052 (quotation omitted); *Howey*, 481 F.2d. 1190 (stating that "the crucial factor is the resulting prejudice to the opposing party").

Granting the Alameda County Defendants' motion will not prejudice Plaintiffs for several reasons. First, the Alameda County Defendants are not seeking to change their previously asserted responses to Plaintiffs' factual allegations; they are solely seeking leave to assert ten (10) new affirmative defenses. Hall Decl. at ¶¶ 2, 3. Second, fact discovery does not close until October 16, 2023, leaving ample time for Plaintiffs to conduct discovery on the newly added affirmative defenses, if desired. Dkt. No. 224. Third, Plaintiffs have been on notice that the Alameda County Defendants believed that res judicata is an applicable affirmative defense in this case for several months. *See* Dkt. No. 258 (arguing *res judicata* based on the Consent Decree entered in *Ashok Babu, et al. v. County of Alameda, et al.* (Case No. 5:18-cv-07677-NC)). *See also* Dkt. No. 12, p. 11 (Plaintiffs' motion for a temporary restraining order, which mentions *Babu*); Dkt. No. 180, p. (Plaintiffs' Fifth Amended Complaint, which also mentions *Babu*); *C.F.*

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4895-9293-1178v12

5

Case No. 3:19-cv-07423-JSC
ALAMEDA COUNTY DEFTS' MOTION TO
AMEND ANSWER TO PLTFS' COMPLAINT

*ex rel. Farnan*, 654 F.3d at 985 (amendments to an answer are not prejudicial "even when the timely assertion of an affirmative defense would have been dispositive had it been asserted at the outset of the suit").  Ultimately, Plaintiffs cannot carry their burden of demonstrating prejudice sufficient to deny the requested leave to amend.  *Hip Hop Beverage Corp.*, 220 F.R.D. at 622 (finding no prejudice where "the issues contained in [the] proposed claims are substantially related to the issues contained in [the] Plaintiff's Complaint").

The Alameda County Defendants, on the other hand, will be substantially prejudiced if this motion is denied.  The Court already declined to consider the Alameda County Defendants' res judicata argument in conjunction with ruling on Plaintiffs' Second Motion for Class Certification, because the defense was not pled in the Alameda County Defendants' Answer to Plaintiffs' Fifth Amended Complaint.  The Alameda County Defendants intend to file a motion for summary judgment to streamline this case in advance of trial.  Said forthcoming motion will include several arguments centered on the affirmative defenses the Alameda County Defendants are seeking to assert through this proposed amendment.  If leave to amend is denied, the Court may decline to consider all of the applicable affirmative defenses available to the Alameda County Defendants in a forthcoming motion.  The result will be highly prejudicial to the Alameda County Defendants and detrimental to their efforts narrow Plaintiffs' allegations in advance of trial.

All of the factors courts consider when determining whether a motion for leave to amend should be granted weigh in favor of the Alameda County Defendants.  Therefore, the Alameda County Defendants respectfully request that this motion be granted.

**B.    Good Cause Exists to Permit the Alameda County Defendants' Requested Amendments.**

Lastly, the Alameda County Defendants note that requests to amend pleadings after a deadline set by a scheduling order must comply with Federal Rule of Civil Procedure 16(a).  Here, the Alameda County Defendants' motion does not modify the Court's Amended Pretrial Scheduling Order for this case nor necessitate any changes to the deadlines set forth in the order.  *See* Dkt. No. 224.  Even if the Alameda County Defendants' motion did require the Court's Amended Pretrial Scheduling Order, good cause exists to modify the Court's scheduling order to

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4895-9293-1178v12

6

Case No. 3:19-cv-07423-JSC
ALAMEDA COUNTY DEFTS' MOTION TO
AMEND ANSWER TO PLTFS' COMPLAINT

1  permit the requested, limited amendments.

2  Federal Rule of Civil Procedure 16(b)(4) authorizes the Court to modify, for good cause, any scheduling order. Fed. R. Civ. P 16(b)(4); *Mammoth Recreations, Inc.*, 975 F.2d at 609. The good cause standard primarily considers whether the schedule cannot reasonably be met despite the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The primary focus is upon the moving party's reasons for modification. *Id.*

8  Here, good cause exists to modify the Court's December 1, 2022 Scheduling Order (Dkt. No. 224) to permit the Alameda County Defendants leave to amend their answer to Plaintiffs' Fifth Amended Complaint. Newly substituted counsel became involved in this case after the Alameda County Defendants' Motion to Dismiss had been fully briefed and the subsequent Answer had been filed. As discussed at length above, the Alameda County Defendants moved quickly to file this motion soon after their newly substituted counsel discovered that several relevant affirmative defenses had been omitted from their answer. The proposed amendments are not extensive; they are tailored for the purposes of asserting additional affirmative defenses most relevant to assisting with streamlining this case through dispositive motions in advance of trial. Hall Decl. at ¶ 2. And finally, but most importantly, the proposed amendments do not impact or modify any of the existing deadlines in the Court's Amended Pretrial Scheduling Order, nor do the Alameda County Defendants request the Court to do so. Therefore, if the Court determines that Rule 16(b)(4) is applicable to this case, good cause also exists to permit the requested, limited amendments.

22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4895-9293-1178v12

7

Case No. 3:19-cv-07423-JSC
ALAMEDA COUNTY DEFTS' MOTION TO AMEND ANSWER TO PLTFS' COMPLAINT

## IV. CONCLUSION

For the foregoing reasons, the Alameda County Defendants respectfully request that the Court grant their motion for leave to amend their Answer to Plaintiffs' Fifth Amended Complaint so that they may assert ten (10) additional affirmative defenses.

Dated: June 29, 2023

BURKE, WILLIAMS & SORENSEN, LLP

By: _____
Gregory B. Thomas
Temitayo O. Peters
Jasper L. Hall
Attorneys for Defendants ALAMEDA COUNTY SHERIFF'S OFFICE, ALAMEDA COUNTY, DEPUTY JOE, and DEPUTY IGNONT

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4895-9293-1178v12

8

Case No. 3:19-cv-07423-JSC
ALAMEDA COUNTY DEFTS' MOTION TO AMEND ANSWER TO PLTFS' COMPLAINT