1  Gregory B. Thomas (SBN 239870)
   E-mail: gthomas@bwslaw.com
2  Temitayo O. Peters (SBN 309913)
   E-mail: tpeters@bwslaw.com
3  Jasper L. Hall (SBN 341113)
   E-mail: jhall@bwslaw.com
4  BURKE, WILLIAMS & SORENSEN, LLP
   1999 Harrison Street, Suite 1650
5  Oakland, California 94612-3520
   Tel: 510.273.8780    Fax: 510.839.9104
6
   Attorneys for Defendants ALAMEDA COUNTY
7  SHERIFF'S OFFICE, ALAMEDA COUNTY,
   DEPUTY JOE, and DEPUTY IGNONT
8  (collectively "ALAMEDA COUNTY
   DEFENDANTS")
9

10              UNITED STATES DISTRICT COURT

11     NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

12

| | |
|---|---|
| 13  ALAMEDA COUNTY MALE PRISONERS And Former Prisoners, DANIEL 14  GONZALEZ, et al. on behalf of themselves and others similarly situated, as a Class, and 15  Subclass; 16  ALAMEDA COUNTY FEMALE PRISONERS And Former Prisoners, JACLYN 17  MOHRBACHER, ERIN ELLIS, DOMINIQUE JACKSON, CHRISTINA 18  ZEPEDA, ALEXIS WAH, AND KELSEY ERWIN, et al on behalf of themselves and 19  others similarly situated, 20              Plaintiffs, 21       v. 22  ALAMEDA COUNTY SHERIFF'S OFFICE, ALAMEDA COUNTY, Deputy Joe, Deputy 23  Ignont (sp) John and Jane ROEs, Nos. 1 – 25, 24              Defendants. | Case No. 3:19-cv-07423-JSC  **DECLARATION OF JASPER L. HALL IN SUPPORT OF ALAMEDA COUNTY DEFENDANTS' MOTION TO AMEND ANSWER TO PLAINTIFFS' FIFTH AMENDED COMPLAINT**  *Filed concurrently with Memorandum of Points and Authorities and [Prop] Order*  Judge:    Hon. Jacqueline Scott Corley Date:     August 3, 2023 Time:     10:00 am Crtrm.:   Courtroom 8—19th Floor  Action Filed:    November 12, 2019 Trial Date:      May 6, 2024 |

25
26
27
28

4858-1897-5082v4

1

## DECLARATION OF JASPER L. HALL

I, Jasper L. Hall, declare as follows:

1.     I am an associate with Burke, Williams & Sorensen, LLP, attorneys of record for Defendants ALAMEDA COUNTY SHERIFF'S OFFICE, ALAMEDA COUNTY, DEPUTY JOE, and DEPUTY IGNONT (collectively "ALAMEDA COUNTY DEFENDANTS"). I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of the Alameda County Defendants' Motion to Amend their Answer to Plaintiffs' Fifth Amended Complaint.

2.     On June 28, 2023 at 9:55 a.m., my colleague, Temitayo Peters, office emailed Plaintiffs' Counsel, Ms. Yolanda Huang, to ask whether Plaintiffs were willing to stipulate to permit the Alameda County Defendants to amend their Answer to Plaintiffs' Fifth Amended Complaint to assert ten (10) new affirmative defenses or whether Plaintiffs intended to oppose Defendants' requested amendment. As of the time of the filing of this motion, Ms. Peters had not yet received a response from Plaintiffs' Counsel to the aforementioned email. A true and correct copy of Ms. Peters' email to Ms. Huang is attached hereto as **Exhibit A**.

3.     A true and correct copy of the Alameda County Defendants' proposed Amended Answer to Plaintiffs' Fifth Amended Complaint is attached hereto as **Exhibit B**. Pursuant to this Court's standing order, the proposed amendments appear in tracked changes on Page 27, Line 22 through Page 29, Line 22.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct to the best of my knowledge.

Executed on this 29th day of June, 2023, at Oakland, California.

_____
Jasper L. Hall

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

4858-1897-5082v4                    2                    Case No. 3:19-cv-07423-JSC
HALL DECL ISO ALAMEDA COUNTY DEFTS'
MOTION TO AMEND ANSWER

# EXHIBIT A

**Lee, Tawnya**

| | |
|---|---|
| **From:** | Peters, Temitayo O. |
| **Sent:** | Wednesday, June 28, 2023 9:55 AM |
| **To:** | Yolanda Huang |
| **Cc:** | Thomas, Gregory B.; Hall, Jasper L.; Lee, Tawnya |
| **Subject:** | Gonzalez // Motion to Amend Answer |
| **Attachments:** | [draft] County of Alameda's Answer to Pltf's 5th Amended Complaint.doc |

Ms. Huang,

The Alameda County Defendants intend to file a motion to amend their answer to Plaintiffs' Fifth Amended Complaint for the sole purpose of asserting 10 new affirmative defenses.  No other changes will be made.  I've attached a copy of Defendants' proposed amended answer showing the addition of the new affirmative defenses with tracked changes.

Please advise whether you are willing to stipulate to this limited amendment or whether you intend to oppose.

Thanks,

**Temitayo O. Peters | Partner**
1999 Harrison Street, Suite 1650 | Oakland, CA  94612-3520
d - 510.903.8833 | t - 510.273.8780 | f - 510.839.9104
tpeters@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

# EXHIBIT B

Gregory B. Thomas (SBN 239870)
E-mail:  gthomas@bwslaw.com
Temitayo O. Peters (SBN 309913)
E-mail:  tpeters@bwslaw.com
Jasper L. Hall (SBN 341113)
E-mail:  jhall@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520
Tel:  510.273.8780     Fax:  510.839.9104

Attorneys for Defendants ALAMEDA COUNTY SHERIFF'S OFFICE, ALAMEDA COUNTY,
DEPUTY JOE, and DEPUTY IGNONT (collectively "ALAMEDA COUNTY
DEFENDANTS")Jonathan J. Belaga, Esq. (SBN 275229)
SKANE MILLS LLP
33 New Montgomery Street, Suite 1250
San Francisco, CA  94105
T: (415) 431-4150 / F: (415) 431-4151
jbelaga@skanewilcox.com
Attorneys for Defendants, ALAMEDA COUNTY SHERIFF'S OFFICE, DEPUTY IGNONT,
DEPUTY JOE, and COUNTY OF ALAMEDA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMEDA COUNTY MALE PRISONERS, et al. | CASE NO.: 3:19-cv-07423-JSC |
| Plaintiffs, | **DEFENDANTS, COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, DEPUTY JOE AND DEPUTY IGNONT'S AMENDED ANSWER TO PLAINTIFFS' FIFTH AMENDED COMPLAINT** |
| v. | |
| ALAMEDA COUNTY SHERIFF'S OFFICE, et al. | |
| Defendants. | Assigned To:      Hon. Jacqueline Scott Corley |

**COMES NOW** Defendants, COUNTY OF ALAMEDA, ALAMEDA COUNTY

SHERIFF'S OFFICE, DEPUTY JOE and DEPUTY IGNONT, hereby respond as follows to the

Fifth Amended Complaint of Plaintiffs:

## I.  GENERAL ALLEGATIONS

1.     As to paragraph 1 of Plaintiffs' Fourth Amended Complaint, Defendants admit that the majority of inmates at Santa Rita Jail are pretrial detainees; however, the percentage is subject to fluctuation. Defendants deny each and every additional allegation in paragraph 1.

2.     As to paragraph 2 of Plaintiffs' Complaint, Defendants deny this paragraph in its entirety.

3.     As to paragraph 3 of Plaintiffs' Complaint, Defendants acknowledge the nature of the case, but deny all allegations in this paragraph in their entirety.

4.     As to paragraph 4 of Plaintiffs' Complaint, Defendants deny this paragraph in its entirety.

5.     As to paragraph 5 of Plaintiffs' Complaint, Defendants acknowledge the nature of the case, but deny all allegations this paragraph in their entirety.

6.     As to paragraph 6 of Plaintiffs' Complaint, there is no paragraph 6, or it is wholly subsumed within paragraph 5.

7.     As to paragraph 7 of Plaintiffs' Complaint, Defendants acknowledge the nature of the case, but deny any and all class allegations alleged.

8.     As to paragraph 8 of Plaintiffs' Complaint, Defendants acknowledge the relief sought, but deny Plaintiffs' are entitled to said relief for the reasons alleged.

9.     As to paragraph 9 of Plaintiffs' Complaint, Defendants deny any individual Plaintiffs are entitled to damages.

10.    As to paragraph 10 of Plaintiffs' Complaint, Defendants admit that this Court has jurisdiction; however, Defendants note that Plaintiffs' claims under the Civil Rights Acts have been dismissed.

11.    As to paragraph 11 of Plaintiffs' Complaint, Defendants admit that this Court has Jurisdiction under 28 U.S.C. section 1331, but deny that there is jurisdiction under section 1343, which has been dismissed.

12.    As to paragraph 12 of Plaintiffs' Complaint, Defendants admit that venue is proper in this Court.

13.  As to paragraph 13 of Plaintiffs' Complaint, Defendants admit that Plaintiffs are demanding a jury trial in this matter.

14.  As to paragraph 14 of Plaintiffs' Complaint, Defendants deny that the named Plaintiffs have alleged any actionable facts individually and that these named Plaintiffs are representative of the class they are seeking to represent. In addition, Defendants note that the list of Plaintiffs includes persons with no claims or dismissed claims; therefore, Defendants deny that several of the named persons are Plaintiffs in this matter. To the extent that the individual Plaintiffs make individual allegations in Paragraphs 14.1-14.2.15, Defendants deny those allegations in their entirety.

15.  As to paragraph 15 of Plaintiffs' Complaint, Defendants admit the allegations contained therein, except for Paragraph 15.4, which has been dismissed from this Action, and is therefore denied.

16.  As to paragraph 16 of Plaintiffs' Complaint, Defendants admit, on information and belief, that Well-Path and its predecessors have a contract with Defendant Alameda County Sheriff's Office; however, Defendants do not possess sufficient knowledge to admit or deny any additional allegations contained in this paragraph.

17.  As to paragraph 17 of Plaintiffs' Complaint, Defendants admit that Defendant Aramark has a written contract with Defendant Alameda County Sheriff's Office to operate the kitchen at Santa Rita Jail; however, Defendants do not possess sufficient knowledge to admit or deny any additional allegations contained in this paragraph.

18.  As to paragraph 18 of Plaintiffs' Complaint, Defendants deny all allegations, including all class allegations, in this Paragraph.

19.  As to paragraph 19 of Plaintiffs' Complaint, Defendants admit that there was a reduction in population due to the Covid-19 pandemic, but lacks sufficient information to admit or deny the exact numbers Plaintiff has alleged.

20.  As to paragraph 20 of Plaintiffs' Complaint, Defendants deny all allegations, including all class allegations, in this Paragraph.

21.   As to paragraph 21 of Plaintiffs' Complaint, Defendants deny all allegations, including all class allegations, in this Paragraph.

22.   As to paragraph 22 of Plaintiffs' Complaint, Defendants deny all allegations, including all class allegations, in this Paragraph.

23.   As to paragraph 23 of Plaintiffs' Complaint, Defendants deny all allegations, including all class allegations, in this Paragraph.

24.   As to paragraph 24 of Plaintiffs' Complaint, Defendants deny all allegations, including all class allegations, in this Paragraph.

25.   As to paragraph 25 of Plaintiffs' Complaint, to the extent that there are any intelligible allegations, Defendants deny all such allegations, including all class allegations, in this Paragraph; however, the Paragraph does not contain a complete sentence such that it is unintelligible.

26.   As to paragraph 26 of Plaintiffs' Complaint , to the extent that there are any intelligible allegations, Defendants deny all such allegations, including all class allegations, in this Paragraph; however, the Paragraph does not contain a complete sentence such that it is unintelligible.

27.   As to paragraph 27 of Plaintiffs' Complaint, Defendants deny all allegations, including all class allegations, in this Paragraph.

28.   As to paragraph 28 of Plaintiffs' Complaint, Defendants deny all allegations, including all class allegations, in this Paragraph.

29.   As to paragraph 29 of Plaintiffs' Complaint , to the extent that there are any intelligible allegations, Defendants deny all such allegations, including all class allegations, in this Paragraph; however, the Paragraph does not contain a complete sentence such that it is unintelligible.

30.   As to paragraph 30 of Plaintiffs' Complaint, to the extent that there are any intelligible allegations, Defendants deny all such allegations, including all class allegations, in this Paragraph; however, the Paragraph does not contain a complete sentence such that it is unintelligible. Also, any cause of action related to these allegations has been dismissed.

31.     As to paragraph 31 of Plaintiffs' Complaint , to the extent that there are any intelligible allegations, Defendants deny all such allegations, including all class allegations, in this Paragraph; however, the Paragraph does not contain a complete sentence such that it is unintelligible.

32.     As to paragraph 32 of Plaintiffs' Complaint, Defendants deny all allegations, including all class allegations, in this Paragraph.

33.     As to paragraph 33 of Plaintiffs' Complaint, Defendants deny all allegations, including all class allegations, in this Paragraph.

34.     As to paragraph 34 of Plaintiffs' Complaint, Defendants deny all allegations, including all class allegations, in this Paragraph.

35.     As to paragraph 35 of Plaintiffs' Complaint, Defendants deny all allegations, including all class allegations, in this Paragraph.

36.     As to paragraph 36 of Plaintiffs' Complaint, Defendants deny all allegations, including all class allegations, in this Paragraph.

37.     As to paragraph 37 of Plaintiffs' Complaint, Defendants admit that Santa Rita Jail was originally designed with the concept of locking up prisoners; however, Defendants object that this is irrelevant to this litigation.

38.     As to paragraph 38 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

39.     As to paragraph 39 of Plaintiffs' Complaint, Defendants object that this is irrelevant to this litigation. Defendants admit that Deputies receive the salaries and benefits they deserve.

40.     As to paragraph 40 of Plaintiffs' Complaint, Defendants object that this is irrelevant to this litigation. Defendants admit that Deputies receive the salaries and benefits they deserve.

41.     As to paragraph 41 of Plaintiffs' Complaint, Defendants admit that the population at Santa Rita Jail declined in proportion to a decrease in the overall crime rate.

42.   As to paragraph 42 of Plaintiffs' Complaint, Defendants admit that the population at Santa Rita Jail declined in proportion to a decrease in the overall crime rate.

43.   As to paragraph 43 of Plaintiffs' Complaint, Defendants object that the material in this paragraph is irrelevant.

44.   As to paragraph 44 of Plaintiffs' Complaint, Defendants deny all allegations, including all class allegations, in this Paragraph.

45.   As to paragraph 45 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

46.   As to paragraph 46 of Plaintiffs' Complaint, Defendants admit the allegations in this Paragraph.

47.   As to paragraph 47 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph and note that such allegations refer to claims that have been dismissed.

48.   As to paragraph 48 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph and note that such allegations refer to claims that have been dismissed.

49.   As to paragraph 49 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph and note that such allegations refer to claims that have been dismissed.

50.   As to paragraph 50 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

51.   As to paragraph 51 of Plaintiffs' Complaint, Defendants admit that Plaintiffs are entitled to food that is sufficient to sustain their health.

52.   As to paragraph 52 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

53.   As to paragraph 53 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

54.   As to paragraph 54 of Plaintiffs' Complaint, Defendants admit that there is a contract with Aramark to prepare food for prisoners at Santa Rita Jail; however, Defendants deny all other allegations in this Paragraph.

55.     As to paragraph 55 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

56.     As to paragraph 56 of Plaintiffs' Complaint, Defendants admit that the retail food code requires food to be fit for human consumption.

57.     As to paragraph 57 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

58.     As to paragraph 58 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

59.     As to paragraph 59 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

60.     As to paragraph 60 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

61.     As to paragraph 61 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

62.     As to paragraph 62 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

63.     As to paragraph 63 of Plaintiffs' Complaint, Defendants object that this paragraph is inadmissible hearsay, and deny the allegations contained therein.

64.     As to paragraph 64 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

65.     As to paragraph 65 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

66.     As to paragraph 66 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

67.     As to paragraph 67 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

68.     As to paragraph 68 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

69.     As to paragraph 69 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

70.     As to paragraph 70 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

71.     As to paragraph 71 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

72.     As to paragraphs 72-76 of Plaintiffs' Complaint, Defendants understand that any cause of action related to these facts has been dismissed; however, in an abundance of caution, Defendants deny the allegations in these paragraphs, as well.

73.     As to paragraph 77 of Plaintiffs' Complaint, Defendants deny any factual allegations (to the extent that there are any) in this paragraph.

74.     As to paragraph 78 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

75.     As to paragraph 79 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

76.     As to paragraph 80 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

77.     As to paragraph 81 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

78.     As to paragraph 82 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

79.     As to paragraph 83 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

80.     As to paragraph 84 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

81.     As to paragraph 85 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

82.   As to paragraph 86 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

83.   As to paragraph 87 of Plaintiffs' Complaint, Defendants deny all allegations in this Paragraph.

84.   As to paragraph 88 of Plaintiffs' Complaint (erroneously numbered Paragraph 87), Defendants deny all allegations in this Paragraph.

85.   As to paragraph 89 of Plaintiffs' Complaint (erroneously numbered Paragraph 88), Defendants deny all allegations in this Paragraph.

86.   As to paragraph 90 of Plaintiffs' Complaint (erroneously numbered Paragraph 89), Defendants deny all allegations in this Paragraph.

87.   As to paragraph 91 of Plaintiffs' Complaint (erroneously numbered Paragraph 90), Defendants deny all allegations in this Paragraph.

88.   As to paragraph 92 of Plaintiffs' Complaint (erroneously numbered Paragraph 91), Defendants deny all allegations in this Paragraph.

89.   As to paragraph 93 of Plaintiffs' Complaint (erroneously numbered Paragraph 92), Defendants deny all allegations in this Paragraph.

90.   As to paragraph 94 of Plaintiffs' Complaint (erroneously numbered Paragraph 93), Defendants deny all allegations in this Paragraph.

91.   As to paragraph 95 of Plaintiffs' Complaint (erroneously numbered Paragraph 94), Defendants deny all allegations in this Paragraph.

92.   As to paragraph 96 of Plaintiffs' Complaint (erroneously numbered Paragraph 95, Defendants deny all allegations in this Paragraph.

93.   As to paragraph 97 of Plaintiffs' Complaint (erroneously numbered Paragraph 96), Defendants deny all allegations in this Paragraph.

94.   As to paragraph 98 of Plaintiffs' Complaint (erroneously numbered Paragraph 97), Defendants deny any factual allegations in this Paragraph (to the extent that there are any).

95.   As to paragraph 99 of Plaintiffs' Complaint (erroneously numbered Paragraph 98), Defendants deny any factual allegations in this Paragraph.

96.     As to paragraph 100 of Plaintiffs' Complaint (erroneously numbered Paragraph 99), Defendants deny all allegations in this Paragraph.

97.     As to paragraph 101 of Plaintiffs' Complaint (erroneously numbered Paragraph 100), Defendants deny all allegations in this Paragraph.

98.     As to paragraph 102 of Plaintiffs' Complaint (erroneously numbered Paragraph 101), Defendants deny all allegations in this Paragraph.

99.     As to paragraph 103 of Plaintiffs' Complaint (erroneously numbered Paragraph 102), Defendants deny all allegations in this Paragraph.

100.    As to paragraph 104 of Plaintiffs' Complaint (erroneously numbered Paragraph 103), Defendants deny all allegations in this Paragraph.

101.    As to paragraph 105 of Plaintiffs' Complaint (erroneously numbered Paragraph 104), Defendants deny all allegations in this Paragraph.

102.    As to paragraph 106 of Plaintiffs' Complaint (erroneously numbered Paragraph 105), Defendants deny all allegations in this Paragraph.

103.    As to paragraph 107 of Plaintiffs' Complaint (erroneously numbered Paragraph 106), Defendants deny all allegations in this Paragraph.

104.    As to paragraph 108 of Plaintiffs' Complaint (erroneously numbered Paragraph 107), Defendants deny all allegations in this Paragraph.

105.    As to paragraph 109 of Plaintiffs' Complaint (erroneously numbered Paragraph 108), Defendants deny all allegations in this Paragraph.

106.    As to paragraph 110 of Plaintiffs' Complaint (erroneously numbered Paragraph 109), Defendants deny all allegations in this Paragraph.

107.    As to paragraph 111 of Plaintiffs' Complaint (erroneously numbered Paragraph 110), Defendants deny all allegations in this Paragraph.

108.    As to paragraph 112 of Plaintiffs' Complaint (erroneously numbered Paragraph 111), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

109.  As to paragraph 113 of Plaintiffs' Complaint (erroneously numbered Paragraph 112), Defendants admit that, in response to the pandemic, additional cleaning procedures were implemented; however, Defendants deny all other factual allegations in this Paragraph.

110.  As to paragraph 114 of Plaintiffs' Complaint (erroneously numbered Paragraph 113), Defendants deny all allegations in this Paragraph.

111.  As to paragraph 115 of Plaintiffs' Complaint (erroneously numbered Paragraph 114), Defendants admit that the OPHU is staffed by medical personnel from Well-Path.

112.  As to paragraph 116 of Plaintiffs' Complaint (erroneously numbered Paragraph 115), Defendants deny all allegations in this Paragraph.

113.  As to paragraph 117 of Plaintiffs' Complaint (erroneously numbered Paragraph 116), Defendants deny all allegations in this Paragraph.

114.  As to paragraph 118 of Plaintiffs' Complaint (erroneously numbered Paragraph 117), Defendants deny all allegations in this Paragraph.

115.  As to paragraph 119 of Plaintiffs' Complaint (erroneously numbered Paragraph 118), Defendants deny all allegations in this Paragraph.

116.  As to paragraph 120 of Plaintiffs' Complaint (erroneously numbered Paragraph 119), Defendants deny all allegations in this Paragraph.

117.  As to paragraph 121 of Plaintiffs' Complaint (erroneously numbered Paragraph 120), Defendants deny all allegations in this Paragraph.

118.  As to paragraph 122 of Plaintiffs' Complaint (erroneously numbered Paragraph 121), Defendants admit that there is a written contract with Well-Path; however, Defendants lack sufficient information to admit or deny the rest of the allegations in this Paragraph.

119.  As to paragraph 123 of Plaintiffs' Complaint (erroneously numbered Paragraph 122), to the extent that there are any factual allegations, Defendants deny all allegations in this Paragraph.

120.  As to paragraph 124 of Plaintiffs' Complaint (erroneously numbered Paragraph 123), Defendants admit that there is a written contract with Well-Path; however, Defendants lack sufficient information to admit or deny the rest of the allegations in this Paragraph.

121.  As to paragraph 125 of Plaintiffs' Complaint (erroneously numbered Paragraph 124), Defendants admit that there is a written contract with Well-Path; however, Defendants lack sufficient information to admit or deny the rest of the allegations in this Paragraph.

122.  As to paragraph 126 of Plaintiffs' Complaint (erroneously numbered Paragraph 125), Defendants admit the allegations in this Paragraph.

123.  As to paragraph 127 of Plaintiffs' Complaint (erroneously numbered Paragraph 126), Defendants admit that there is a written contract with Well-Path; however, Defendants lack sufficient information to admit or deny the rest of the allegations in this Paragraph.

124.  As to paragraph 128 of Plaintiffs' Complaint (erroneously numbered Paragraph 127), Defendants admit that Well-Path, as the medical provider, should and does make medical decisions regarding patient care without input from County Defendants; however, Defendants deny the rest of the allegations in this Paragraph.

125.  As to paragraph 129 of Plaintiffs' Complaint (erroneously numbered Paragraph 128), Defendants admit that Well-Path, as the medical provider, should and does make medical decisions regarding patient care without input from County Defendants; however, Defendants deny the rest of the allegations in this Paragraph.

126.  As to paragraph 130 of Plaintiffs' Complaint (erroneously numbered Paragraph 129), to the extent that there are any factual allegations, Defendants deny all allegations in this Paragraph.

127.  As to paragraph 131 of Plaintiffs' Complaint (erroneously numbered Paragraph 130), to the extent that there are any factual allegations, Defendants deny all allegations in this Paragraph.

128.  As to paragraph 132 of Plaintiffs' Complaint (erroneously numbered Paragraph 131), to the extent that there are any factual allegations, Defendants deny all allegations in this Paragraph.

129.  As to paragraph 133 of Plaintiffs' Complaint (erroneously numbered Paragraph 132), to the extent that there are any factual allegations, Defendants deny all allegations in this Paragraph.

130.  As to paragraph 134 of Plaintiffs' Complaint (erroneously numbered Paragraph 133), to the extent that there are any factual allegations, Defendants deny all allegations in this Paragraph.

131.  As to paragraph 135 of Plaintiffs' Complaint (erroneously numbered Paragraph 134), to the extent that there are any factual allegations, Defendants deny all allegations in this Paragraph.

132.  As to paragraph 136 of Plaintiffs' Complaint (erroneously numbered Paragraph 135), to the extent that there are any factual allegations, Defendants deny all allegations in this Paragraph.

133.  As to paragraph 137 of Plaintiffs' Complaint (erroneously numbered Paragraph 136), to the extent that there are any factual allegations, Defendants deny all allegations in this Paragraph.

134.  As to paragraph 138 of Plaintiffs' Complaint (erroneously numbered Paragraph 137), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

135.  As to paragraph 139 of Plaintiffs' Complaint (erroneously numbered Paragraph 138), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

136.  As to paragraph 140 of Plaintiffs' Complaint (erroneously numbered Paragraph 139), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

137.  As to paragraph 141 of Plaintiffs' Complaint (erroneously numbered Paragraph 140), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

138.  As to paragraph 142 of Plaintiffs' Complaint (erroneously numbered Paragraph 141), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

139.  As to paragraph 143 of Plaintiffs' Complaint (erroneously numbered Paragraph 142), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

140.  As to paragraph 144 of Plaintiffs' Complaint (erroneously numbered Paragraph 143), Defendants deny the allegations in this Paragraph.

141.  As to paragraph 145 of Plaintiffs' Complaint (erroneously numbered Paragraph 144), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

142.  As to paragraph 146 of Plaintiffs' Complaint (erroneously numbered Paragraph 145), Defendants admit that prisoners are not allowed to bring drugs in from outside the facility; however, Defendants deny that they are denying access to medication and lack sufficient information to admit or deny whether Well-Path has made the medical determination as to whether such medication was needed.

143.  As to paragraph 147 of Plaintiffs' Complaint (erroneously numbered Paragraph 146), Defendants deny the allegations in this Paragraph.

144.  As to paragraph 148 of Plaintiffs' Complaint (erroneously numbered Paragraph 147), Defendants admit that, for housing requests based on specific medical requirements, those decisions must come from medical professionals. To the extent that Plaintiffs have difficulty obtaining such medical orders, Defendants lack sufficient information to admit or deny that allegation.

145.  As to paragraph 149 of Plaintiffs' Complaint (erroneously numbered Paragraph 148), Defendants admit that, for housing requests based on specific medical requirements, those decisions must come from medical professionals. To the extent that Plaintiffs have difficulty obtaining such medical orders, Defendants lack sufficient information to admit or deny that allegation.

146.  As to paragraph 150 of Plaintiffs' Complaint (erroneously numbered Paragraph 149), Defendants admit that, for housing requests based on specific medical requirements, those decisions must come from medical professionals. Defendants deny any additional factual allegations in this paragraph.

147.  As to paragraph 151 of Plaintiffs' Complaint (erroneously numbered Paragraph 150), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

148.  As to paragraph 152 of Plaintiffs' Complaint (erroneously numbered Paragraph 151), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

149.  As to paragraph 153 of Plaintiffs' Complaint (erroneously numbered Paragraph 152), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

150.  As to paragraph 154 of Plaintiffs' Complaint (erroneously numbered Paragraph 143), Defendants admit that prisoners are not permitted to bring drugs into the facility. Defendants lack sufficient information to admit or deny the rest of the allegations in this Paragraph.

151.  As to paragraph 155 of Plaintiffs' Complaint (erroneously numbered Paragraph 154), Defendants lack sufficient information to admit or deny the allegations in the first sentence. Defendants deny the remaining allegations in this Paragraph.

152.  As to paragraph 156 of Plaintiffs' Complaint (erroneously numbered Paragraph 155), Defendants admit the allegations in the first sentence. Defendants lack sufficient information to admit or deny the allegations in the second, third, and fourth sentences. Defendants deny the allegations in the fifth sentence, Defendants lack sufficient information to admit or deny the allegations in the sixth sentence. Defendants deny the allegations in the seventh and eighth sentences. Defendants lack sufficient information to admit or deny the remainder of the allegations in this Paragraph.

153.  As to paragraph 157 of Plaintiffs' Complaint (erroneously numbered Paragraph 156), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

154.  As to paragraph 158 of Plaintiffs' Complaint (erroneously numbered Paragraph 157), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

155.  As to paragraph 159 of Plaintiffs' Complaint (erroneously numbered Paragraph 158), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

156.  As to paragraph 160 of Plaintiffs' Complaint (erroneously numbered Paragraph 159), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

157.  As to paragraph 161 of Plaintiffs' Complaint (erroneously numbered Paragraph 160), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

158.  As to paragraph 162 of Plaintiffs' Complaint (erroneously numbered Paragraph 161), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

159.  As to paragraph 163 of Plaintiffs' Complaint (erroneously numbered Paragraph 162), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

160.  As to paragraph 164 of Plaintiffs' Complaint (erroneously numbered Paragraph 163), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

161.  As to paragraph 165 of Plaintiffs' Complaint (erroneously numbered Paragraph 164), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

162.  As to paragraph 166 of Plaintiffs' Complaint (erroneously numbered Paragraph 165), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

163.  As to paragraph 167 of Plaintiffs' Complaint (erroneously numbered Paragraph 166), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

164.  As to paragraph 168 of Plaintiffs' Complaint (erroneously numbered Paragraph 167), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

165.  As to paragraph 169 of Plaintiffs' Complaint (erroneously numbered Paragraph 168), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

166.  As to paragraph 170 of Plaintiffs' Complaint (erroneously numbered Paragraph 169), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

167.  As to paragraph 171 of Plaintiffs' Complaint (erroneously numbered Paragraph 170), Defendants lack sufficient information to admit or deny the allegations in the first seven sentences. Defendants deny the remaining allegations in this Paragraph.

168.  As to paragraph 172 of Plaintiffs' Complaint (erroneously numbered Paragraph 171), Defendants deny the allegations in this Paragraph.

169.  As to paragraph 173 of Plaintiffs' Complaint (erroneously numbered Paragraph 172), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

170.  As to paragraph 174 of Plaintiffs' Complaint (erroneously numbered Paragraph 173), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

171.  As to paragraph 175 of Plaintiffs' Complaint (erroneously numbered Paragraph 174), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

172.  As to paragraph 176 of Plaintiffs' Complaint (erroneously numbered Paragraph 175), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

173.  As to paragraph 177 of Plaintiffs' Complaint (erroneously numbered Paragraph 176), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

174.  As to paragraph 178 of Plaintiffs' Complaint (erroneously numbered Paragraph 177), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

175.  As to paragraph 179 of Plaintiffs' Complaint (erroneously numbered Paragraph 178), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

176.  As to paragraph 180 of Plaintiffs' Complaint (erroneously numbered Paragraph 179), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

177.  As to paragraph 181 of Plaintiffs' Complaint (erroneously numbered Paragraph 180), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

178.  As to paragraph 182 of Plaintiffs' Complaint (erroneously numbered Paragraph 181), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

179.  As to paragraph 183 of Plaintiffs' Complaint (erroneously numbered Paragraph 182), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

180.  As to paragraph 184 of Plaintiffs' Complaint (erroneously numbered Paragraph 183), Defendants lack sufficient information to admit or deny the allegations in this Paragraph. Except as to the last sentence, which Defendants deny.

181.  As to paragraph 185 of Plaintiffs' Complaint (erroneously numbered Paragraph 184), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

182.  As to paragraph 186 of Plaintiffs' Complaint (erroneously numbered Paragraph 185), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

183.  As to paragraph 187 of Plaintiffs' Complaint (erroneously numbered Paragraph 186), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

184.  As to paragraph 188 of Plaintiffs' Complaint (erroneously numbered Paragraph 187), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

185.  As to paragraph 189 of Plaintiffs' Complaint (erroneously numbered Paragraph 188), Defendants deny the allegations in this Paragraph.

186.  As to paragraph 190 of Plaintiffs' Complaint (erroneously numbered Paragraph 189), Defendants admit that this was part of the Covid-19 Outbreak Plan in August of 2020.

187.  As to paragraph 191 of Plaintiffs' Complaint (erroneously numbered Paragraph 190), Defendants deny the allegations in this Paragraph.

188.  As to paragraph 192 of Plaintiffs' Complaint (erroneously numbered Paragraph 191), Defendants deny the allegations in this Paragraph.

189.  As to paragraph 193 of Plaintiffs' Complaint (erroneously numbered Paragraph 192), Defendants lack sufficient information to admit or deny the allegations in this Paragraph, except that Defendants deny that there was a "mass outbreak" at any time.

190.  As to paragraphs 194-199 of Plaintiffs' Complaint (erroneously numbered Paragraphs 193-198),  Defendants recognize that any related claims have been dismissed, but, in an abundance of caution, Defendants deny the allegations in these Paragraphs.

191.  As to paragraph 201 of Plaintiffs' Complaint (erroneously numbered Paragraph 200), Defendants admit that on or around that date, dismissed Defendant Hesselein entered the common area of housing unit 31 in the company of others (race and ages unknown to Defendants).

192.  As to paragraph 202 of Plaintiffs' Complaint (erroneously numbered Paragraph 201), Defendants deny the allegations in this Paragraph.

193.  As to paragraph 203 of Plaintiffs' Complaint (erroneously numbered Paragraph 202), Defendants deny the allegations in this Paragraph.

194.  As to paragraph 204 of Plaintiffs' Complaint (erroneously numbered Paragraph 203), Defendants deny the allegations in this Paragraph.

195.  As to paragraph 205 of Plaintiffs' Complaint (erroneously numbered Paragraph 204), Defendants deny the allegations in this Paragraph.

196.  As to paragraph 206of Plaintiffs' Complaint (erroneously numbered Paragraph 205), Defendants deny the allegations in this Paragraph.

197.  As to paragraph 207 of Plaintiffs' Complaint (erroneously numbered Paragraph 206), Defendants deny the allegations in this Paragraph.

198.  As to paragraph 208 of Plaintiffs' Complaint (erroneously numbered Paragraph 207), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

199.  As to paragraph 209 of Plaintiffs' Complaint (erroneously numbered Paragraph 208, Defendants deny the allegations in this Paragraph.

200.  As to paragraph 210 of Plaintiffs' Complaint (erroneously numbered Paragraph 209), Defendants deny the allegations in this Paragraph.

201.  As to paragraph 211 of Plaintiffs' Complaint (erroneously numbered Paragraph 210), Defendants deny the allegations in this Paragraph.

202.  As to paragraph 212 of Plaintiffs' Complaint (erroneously numbered Paragraph 211), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

203.  As to paragraph 213 of Plaintiffs' Complaint (erroneously numbered Paragraph 212), Defendants deny the allegations in this Paragraph.

204.  As to paragraph 214 of Plaintiffs' Complaint (erroneously numbered Paragraph 213), Defendants object to this paragraph as speculation and conjecture. To the extent that there are facts alleged in this paragraph, Defendants deny those factual allegations.

205.  As to paragraph 215 of Plaintiffs' Complaint (erroneously numbered Paragraph 214), Defendants deny the allegations in this Paragraph.

206.  As to paragraph 216 of Plaintiffs' Complaint (erroneously numbered Paragraph 215), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

207.  As to paragraph 217 of Plaintiffs' Complaint (erroneously numbered Paragraph 216), Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

208.  As to paragraph 218 of Plaintiffs' Complaint (erroneously numbered Paragraph 217), Defendants deny all allegations in this Paragraph except for the first sentence, which Defendants lack sufficient information to admit or deny.

209.  As to paragraph 219 of Plaintiffs' Complaint (erroneously numbered Paragraph 218), Defendants deny the allegations in this Paragraph and note that any class claims related to these allegations have been dismissed.

210.  As to paragraph 220 of Plaintiffs' Complaint (erroneously numbered Paragraph 219), Defendants deny the allegations in this Paragraph.

211.  As to paragraph 221 of Plaintiffs' Complaint (erroneously numbered Paragraph 220), Defendants deny the allegations in this Paragraph.

212.  As to paragraph 222 of Plaintiffs' Complaint (erroneously numbered Paragraph 221), Defendants deny the allegations in this Paragraph.

## II.   CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF:   DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983 FOURTEENTH AMENDMENT**

**Sufficient, Unspoilt, Food Necessary To Sustain Health**

213.  As to paragraph 223 of Plaintiffs' Complaint (erroneously numbered Paragraph 222), Defendants adopt their responses as outlined above to the allegations in this Paragraph.

214.  As to paragraph 224 of Plaintiffs' Complaint (erroneously numbered Paragraph 223), to the extent that there are allegations of fact in this paragraph, Defendants deny those allegations.

215.  As to paragraph 225 of Plaintiffs' Complaint (erroneously numbered Paragraph 224), Defendants deny the allegations in this paragraph in their entirety.

216.  As to paragraph 226 of Plaintiffs' Complaint (erroneously numbered Paragraph 225), Defendants deny the allegations in this paragraph in their entirety.

217.  As to paragraph 227 of Plaintiffs' Complaint (erroneously numbered Paragraph 226), Defendants deny the allegations in this paragraph in their entirety.

**SECOND CLAIM FOR RELIEF:   DEPRIVATION OF FEDERAL CIVIL RIGHTSUNDER 42 U.S.C. § 1983 EIGHTH AMENDMENT**

**Sufficient, Non-Contaminated, Food Necessary To Sustain Health**

218.  As to paragraph 228 of Plaintiffs' Complaint (erroneously numbered Paragraph 227), Defendants adopt their responses as outlined above to the allegations in this Paragraph.

219.  As to paragraph 229 of Plaintiffs' Complaint (erroneously numbered Paragraph 228), Defendants deny the allegations in this paragraph in their entirety.

220.  As to paragraph 230 of Plaintiffs' Complaint (erroneously numbered Paragraph 229), Defendants deny the allegations in this paragraph in their entirety.

221.  As to paragraph 231 of Plaintiffs' Complaint (erroneously numbered Paragraph 230), Defendants deny the allegations in this paragraph in their entirety.

222.  As to paragraph 232 of Plaintiffs' Complaint (erroneously numbered Paragraph 231), Defendants deny the allegations in this paragraph in their entirety.

**THIRD CLAIM FOR RELIEF:   DEPRIVATION OF FEDERAL CIVIL RIGHTS**

**UNDER 42 U.S.C. § 1983 FOURTEENTH AMENDMENT**

**Medical Services**

223.  As to paragraph 233 of Plaintiffs' Complaint (erroneously numbered Paragraph 232), Defendants adopt their responses as outlined above to the allegations in this Paragraph.

224.  As to paragraph 234 of Plaintiffs' Complaint (erroneously numbered Paragraph 233), to the extent that there are allegations of fact in this paragraph, Defendants deny those allegations.

225.  As to paragraph 235 of Plaintiffs' Complaint (erroneously numbered Paragraph 234), these claims have been dismissed; however, Defendants deny these allegations to the extent that they are relevant to any other claims for relief.

226.  As to paragraph 236 of Plaintiffs' Complaint (erroneously numbered Paragraph 235), these claims have been dismissed; however, Defendants deny these allegations to the extent that they are relevant to any other claims for relief.

227.  As to paragraph 237 of Plaintiffs' Complaint (erroneously numbered Paragraph 236), Defendants deny the allegations in this paragraph in their entirety.

228.  As to paragraph 238 of Plaintiffs' Complaint (erroneously numbered Paragraph 237), Defendants deny the allegations in this paragraph in their entirety.

229.  As to paragraph 239 of Plaintiffs' Complaint (erroneously numbered Paragraph 238), Defendants deny the allegations in this paragraph in their entirety.

**FOURTH CLAIM FOR RELIEF:   DEPRIVATION OF FEDERAL CIVIL RIGHTS**

**UNDER 42 U.S.C. § 1983 EIGHTH AMENDMENT**

**Medical Services**

230.  As to paragraph 240 of Plaintiffs' Complaint (erroneously numbered Paragraph 239), Defendants adopt their responses as outlined above to the allegations in this Paragraph.

231.  As to paragraph 241 of Plaintiffs' Complaint (erroneously numbered Paragraph 240), to the extent that there are allegations of fact in this paragraph, Defendants deny those allegations.

232.  As to paragraph 242 of Plaintiffs' Complaint (erroneously numbered Paragraph 241), these claims have been dismissed; however, Defendants deny these allegations to the extent that they are relevant to any other claims for relief.

233.  As to paragraph 243 of Plaintiffs' Complaint (erroneously numbered Paragraph 242), these claims have been dismissed; however, Defendants deny these allegations to the extent that they are relevant to any other claims for relief.

234.  As to paragraph 244 of Plaintiffs' Complaint (erroneously numbered Paragraph 243), Defendants deny the allegations in this paragraph in their entirety.

235.  As to paragraph 245 of Plaintiffs' Complaint (erroneously numbered Paragraph 244), Defendants deny the allegations in this paragraph in their entirety.

236.  As to paragraph 246 of Plaintiffs' Complaint (erroneously numbered Paragraph 245), Defendants deny the allegations in this paragraph in their entirety.

237.  As to paragraph 247 of Plaintiffs' Complaint (erroneously numbered Paragraph 246), Defendants deny the allegations in this paragraph in their entirety.

**FIFTH CLAIM FOR RELIEF:   DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983 FOURTEENTH AMENDMENT**

**Adequate Sanitation**

238.  As to paragraph 248 of Plaintiffs' Complaint (erroneously numbered Paragraph 247), Defendants adopt their responses as outlined above to the allegations in this Paragraph.

239.  As to paragraph 249 of Plaintiffs' Complaint (erroneously numbered Paragraph 248), to the extent that there are allegations of fact in this paragraph, Defendants deny those allegations.

240.  As to paragraph 250 of Plaintiffs' Complaint (erroneously numbered Paragraph 249), Defendants deny the allegations in this paragraph in their entirety.

241.  As to paragraph 251 of Plaintiffs' Complaint (erroneously numbered Paragraph 250), Defendants deny the allegations in this paragraph in their entirety.

242.  As to paragraph 252 of Plaintiffs' Complaint (erroneously numbered Paragraph 251), Defendants deny the allegations in this paragraph in their entirety.

243.  As to paragraph 253 of Plaintiffs' Complaint (erroneously numbered Paragraph 252), Defendants deny the allegations in this paragraph in their entirety.

**SIXTH CLAIM FOR RELIEF:  DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983 EIGHTH AMENDMENT**

**Adequate Sanitation**

244.  As to paragraph 254 of Plaintiffs' Complaint (erroneously numbered Paragraph 253), Defendants adopt their responses as outlined above to the allegations in this Paragraph.

245.  As to paragraph 255 of Plaintiffs' Complaint (erroneously numbered Paragraph 254), to the extent that there are allegations of fact in this paragraph, Defendants deny those allegations.

246.  As to paragraph 256 of Plaintiffs' Complaint (erroneously numbered Paragraph 255), Defendants deny the allegations in this paragraph in their entirety.

247.  As to paragraph 257 of Plaintiffs' Complaint (erroneously numbered Paragraph 256), Defendants deny the allegations in this paragraph in their entirety.

248.  As to paragraph 258 of Plaintiffs' Complaint (erroneously numbered Paragraph 257), Defendants deny the allegations in this paragraph in their entirety.

249.  As to paragraph 259 of Plaintiffs' Complaint (erroneously numbered Paragraph 258), Defendants deny the allegations in this paragraph in their entirety.

**SIXTH CLAIM FOR RELIEF:  DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983 FIRST AMENDMENT**

250.   As to paragraph 260 of Plaintiffs' Complaint (erroneously numbered Paragraph 259), Defendants adopt their responses as outlined above to the allegations in this Paragraph.

251.  As to paragraph 261 of Plaintiffs' Complaint (erroneously numbered Paragraph 260), Defendants note that these claims have been dismissed except for Plaintiff Gerrans's individual claim against Defendants. With that caveat, Defendants deny the allegations in this paragraph in their entirety.

252.  As to paragraph 262 of Plaintiffs' Complaint (erroneously numbered Paragraph 261), Defendants note that these claims have been dismissed except for Plaintiff Gerrans's individual claim against Defendants. With that caveat Defendants admit the allegation in this Paragraph.

253.  As to paragraph 263 of Plaintiffs' Complaint (erroneously numbered Paragraph 262), Defendants note that these claims have been dismissed except for Plaintiff Gerrans's individual claim against Defendants. With that caveat Defendants deny the allegations in this paragraph in their entirety.

254.  As to paragraph 264 of Plaintiffs' Complaint (erroneously numbered Paragraph 263), Defendants note that these claims have been dismissed except for Plaintiff Gerrans's individual claim against Defendants. With that caveat Defendants deny the allegations in this paragraph in their entirety.

255.  As to paragraph 265 of Plaintiffs' Complaint (erroneously numbered Paragraph 264), Defendants note that these claims have been dismissed except for Plaintiff Gerrans's individual claim against Defendants. With that caveat Defendants deny the allegations in this paragraph in their entirety.

256.  As to paragraph 266 of Plaintiffs' Complaint (erroneously numbered Paragraph 265), Defendants note that these claims have been dismissed except for Plaintiff Gerrans's individual claim against Defendants. With that caveat Defendants deny the allegations in this paragraph in their entirety.

### III.   **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Valid Claim)**

To the extent the Complaint, and each and every purported cause of action contained therein, fails to set forth facts sufficient to state a cause of action, Plaintiffs are barred from any recovery against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Qualified Immunity)

To the extent the Complaint, and each and every purported cause of action contained therein, alleges actions taken by law enforcement officers acting in the course and scope of their duties, Defendants are immune from liability, and Plaintiffs are barred from any recovery against Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Rational Basis)

To the extent the Complaint, and each and every purported cause of action contained therein, alleges an interference with Plaintiffs' rights, Defendants had a legitimate state interest in enforcing the rules and policies related to the need to provide a safe and secure jail, and Defendants had a rational basis for taking the actions they took.

## FOURTH AFFIRMATIVE DEFENSE

### (Compelling Government Interest)

To the extent the Complaint, and each and every purported cause of action contained therein, alleges an interference with Plaintiffs' fundamental rights, Defendants had a compelling government interest related to the actions taken, and no less-restrictive measures were available; therefore, Plaintiffs are barred from any recovery against Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory Reason)

Each and every purported cause of action alleged in Plaintiffs' Complaint is barred because Defendants had legitimate, non-discriminatory reasons for the alleged conduct, and that they would have made the same decisions even in the absence of any purported unlawful motive.

## SIXTH AFFIRMATIVE DEFENSE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**(Statute of Limitations)**

To the extent that Plaintiffs allege issues and activities that occurred outside of the time-window proscribed by the statute of limitations (Cal. Code Civ. Proc., § 338(1)), Plaintiffs' actions are time-barred.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

To the extent that Plaintiffs and/or putative class members seek equitable relief for matters in which they sat on their rights to the detriment of Defendants, these actions are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Each and every purported cause of action alleged in Plaintiffs' Complaint is barred because Plaintiffs should not be allowed to profit off their own wrongdoing.

## NINTH AFFIRMATIVE DEFENSE

### (Exclusive Remedy)

To the extent that Plaintiffs allege violations of their property interest, there was an alternate remedy available under state tort law, and Plaintiffs' claims for relief under Section 1983 are time-barred.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs have failed to mitigate any or all of the damages alleged in the Complaint; therefore, they are precluded from recovering these damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Necessity)

Each and every purported cause of action alleged in Plaintiffs' Complaint is barred because the actions taken by Defendants were made necessary by emergency circumstances, including the outbreak of the COVID-19 pandemic.

## TWELFTH AFFIRMATIVE DEFENSE

**(Negligence or Willful Conduct of Plaintiffs)**

Each and every purported cause of action in Plaintiffs' Complaint is the result, at least in part, of the negligence and/or willful conduct of Plaintiffs themselves; therefore, they should be barred from recovery or their damages should be mitigated by their relative fault.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Acts of Third Parties)**

Each and every purported cause of action alleged in Plaintiffs' Complaint is barred because, to the extent that Plaintiffs incurred damages, those damages were the result of actions by third parties, either negligent or intentional.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Reliance on Appropriate Professionals)**

To the extent that Plaintiffs allege damages or deprivation of their rights related to medical needs, Defendants arranged for treatment and decision-making by the appropriate medical professionals and relied on the decisions of those professionals. These answering Defendants took no part in medical decision making.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Plaintiffs at Fault)**

To the extent that Plaintiffs allege damages or deprivation of their rights related to medical needs, Plaintiffs had a responsibility to follow the advice of medical professionals, and, to the extent that they failed to do so, Plaintiffs are responsible for the outcomes of that failure.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Exhaustion of Remedies)**

Defendants allege that Plaintiffs' claims are barred, in whole or in part, by their failure to comply with and/or exhaust any and all administrative and other available remedies.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Res Judicata/Collateral Estoppel)**

---

AMENDED ANSWER TO COMPLAINT
CASE NUMBER: 3:19-cv-07423-JSC                                    Page **27** of **31**
4890-3598-7052 v2

Defendants allege that Plaintiffs' claims are barred or limited, in whole or in part, by res judicata or collateral estoppel.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (*Monell*)

Defendants allege that Plaintiffs' Complaint fails to state a cause of action for violation of 42 U.S.C. § 1983 under *Monell v. Department of Social Services in the City of New York*, 436 U.S. 658 (1978). There can be no recovery for federal civil rights violation when there is no constitutional deprivation occurring pursuant to governmental custom or policy. *Id.*

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Deliberate Indifference)

Defendants allege that Plaintiffs do not state a claim for deliberate indifference to a serious medical or mental health need because a difference in opinion as to the need to pursue one course of treatment over another is insufficient as a matter of law to establish deliberate indifference, and Plaintiffs cannot show that the course of treatment chosen was medically unacceptable under the circumstances. *Jackson v. McIntosh*, 90 F.3d 330 (9th Cir. 1996); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Attorney's Fees)

Plaintiffs' Complaint fails to state a claim against Defendants upon which attorneys' fees or costs can be awarded.

### TWENTY-ONE AFFIRMATIVE DEFENSE

#### (Negligence)

Plaintiffs' claims, and each of them, as set forth in the Complaint, are barred because Plaintiffs have failed to state any claim upon which relief can be granted in that negligence in diagnosing or treating a medical condition does not state a valid claim for a federal civil rights violation. *Parratt v. Taylor*, 451 U.S. 527 (1981).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Defendants Acted with Due Care and in Good Faith)

Defendants allege that at all relevant times, Defendants and their agents or employees acted within the scope of their discretion, with due care and good faith fulfillment of their responsibilities in accordance with applicable Court orders, statutes, rules, regulations, and established and lawful policies and procedures, within the bounds of reason under all circumstances known to them, and with the good faith belief that their actions comported with all applicable federal and state laws, and they are therefore immune from liability.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Fault)

Defendants are not liable to Plaintiffs, in whole or in part, because the losses or harm that the Plaintiffs have allegedly suffered was not caused by any act or omission of Defendants.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Deprivation of Rights, Privileges, and Immunities)

Defendants did not deprive Plaintiffs of any right, privilege or immunity guaranteed by the Constitution, the laws of the United States, and the laws of California.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Clearly Established Constitutional Right)

Defendants allege that the acts and conduct of Defendants, who were at all times herein government officials or government entities performing discretionary functions, did not violate clearly established statutory or constitutional rights of Plaintiffs of which a reasonable person would have known. Furthermore, Defendants reasonably believed in good faith that their acts and conduct were constitutional. *Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982); *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981).

### IV. <u>DEMAND FOR TRIAL BY JURY</u>

Defendants, COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, DEPUTY JOE and DEPUTY IGNONT, hereby demand a trial by jury.

### V. <u>PRAYER</u>

1    The remainder of Plaintiffs' Complaint contains Plaintiffs' request for relief, to which no
2    response is required. To the extent a response is deemed required, Defendants denies each and
3    every allegation contained therein and specifically denies that Plaintiff is entitled to any relief.

4    Except as expressly admitted above, Defendants denies each and every allegation
5    contained in Plaintiff's Complaint.

6    **WHEREFORE**, these answering Defendants pray for judgment herein as follows:

7    1.    That Plaintiffs take nothing by way of his Complaint on file herein,

8    2.    For costs of suit incurred herein;

9    3.    For those costs, fees, and expenses incurred in the defense of the Complaint;

10   4.    For attorney's fees according to proof; and

11   For such other and further relief as the Court may deem just and proper.

12

13   Dated:  June 28, 2023                    BURKE, WILLIAMS & SORENSEN, LLP

14

15

16   By:    _____

17          Gregory B. Thomas
            Temitayo O. Peters
            Jasper L. Hall
18          Attorneys for Defendants ALAMEDA
            COUNTY SHERIFF'S OFFICE,
19          ALAMEDA COUNTY, DEPUTY JOE, and
            DEPUTY IGNONT
20   DATED: November 21, 2022                 SKANE MILLS LLP

21

22          By:    s/ Jonathan Belaga
23                 Jonathan Belaga, Esq.
                   Attorney for Defendants,
24                 COUNTY OF ALAMEDA, ALAMEDA COUNTY
25                 SHERIFF'S OFFICE, DEPUTY JOE and DEPUTY
                   IGNONT
26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28