Yolanda Huang (State Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
PO Box 5475
Berkeley, California 94705
Telephone:    (510) 329-2140
Facsimile:     (510) 580-9410
E-Mail:        yolanda@yhuanglaw.com

Thomas E. Nanney (State Bar No. 214342)
Law Office of Thomas E. Nanney
2217 W. 120th St.
Leawood, Kansas 66209
Phone: (816) 401-0047
Email: tomnanney@gmail.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| **ALAMEDA COUNTY MALE PRISONERS** And Former Prisoners, DANIEL GONZALEZ, et al. on behalf of themselves and others similarly situated, <u>as a Class, and Subclass</u><br>    **PLAINTIFFS,**<br><br>vs.<br><br>**ALAMEDA COUNTY SHERIFF'S OFFICE**, et al,<br>    **DEFENDANTS.** | No. 3:19-cv-07423 JSC<br><br>PLAINTIFFS' OPPOSITION TO COUNTY DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER<br><br>DATE:  August 3, 2023<br>TIME:   10 a.m.<br>COURTROOM: 8, 19th Floor<br><br>Hon. Jacqueline S. Corley, Presiding<br><br>Filing Date: Nov. 12, 2019<br>Trial Date: May 6, 2024 |

Plaintiffs file the following in opposition to COUNTY DEFENDANTS' Motion to Amend Answer to Fifth Amended Complaint (see ECF No. 291 ("Mot.")).

## I.  SUMMARY

The Alameda County Defendants have now untimely moved to amend their Answer for the sole purpose of asserting additional affirmative defenses, including exhaustion of remedies, res judicata/collateral estoppel, Monell, deliberate indifference, attorney's fees, negligence, due care and

1

good faith, no fault, no deprivation of rights, privileges, and immunities, and no clearly established constitutional right.

The basis for their motion is not substantiated by a material change in law or newly discovered facts but the mere substitution of new counsel. This does not constitute good cause to amend pleadings two years past the deadline, in accordance with the rules and principles governing amendments in federal courts.  The Alameda County Defendants' motion to amend their answer should be denied.

## II.  FACTUAL BACKGROUND

This litigation commenced with Plaintiffs' original Complaint, filed on November 12, 2019, alleging various constitutional violations by the Alameda County Sheriff's Office, the County of Alameda, Deputy Joe, and Deputy Ignont (collectively referred to as the "Alameda County Defendants") (ECF 1).   There were numerous rounds of motions to dismissal, and amendments of the complaint. After the Third Amended complaint was filed, Judge Donato consolidated all issues in the companion Mohrbacher case (3:19-cv-00050 JD) that did not pertain to pregnant women, with the present case. Thereupon, on March 29, 2021, plaintiffs filed a fourth Amended Complaint to comply with Judge Donato's Order. (ECF 102).   County defendants again raised a motion to dismiss.  On June 7, 2021, the Court issued its order granting in part and denying in part County defendant's motion to dismiss.  (ECF 116). On June 28, 2021, County defendants filed their answer.  (ECF 120)  In County defendants' answer, the proposed affirmative defenses County defendant now raises, were not included.

On July 29, 2021, the Court issued its Pretrial Order, which included setting a deadline of August 13, 2021 to amend pleadings.  (ECF128) Thereafter, in response to plaintiffs' motion for class certification, the Court permitted the filing of a Fifth Amended Complaint for the purpose of adding additional plaintiffs who were in custody. (ECF 179)  Plaintiffs filed their current operative complaint, the Fifth Amended Complaint, on April 20, 2022. (ECF 180). The Alameda County Defendants, in response, filed a motion to dismiss, which the Court ruled on November 7, 2022. (ECF 216). Consequently, the Alameda County Defendants filed their Answer on November 21, 2022.   In County defendants' answer, the proposed affirmative defenses County defendant now raises, were not included.

Two months after filing their Answer, on February 14, 2023, current counsel associated in as counsel for the Alameda County Defendants. (ECF 255)  On June 5, 2023, the Alameda County Defendants filed notices substituting current new counsel in place of their prior counsel as counsel of

1  record for this lawsuit.  (ECF 269-277) The Court granted the Orders for substitution shortly thereafter

2  on June 6-8, 2023. (ECF 278-285).

3       The Court scheduled a case management conference for June 29, 2023.  On June 22, 2023, the

4  parties filed a joint status statement. (ECF 287)  Current counsel for County defendants had been

5  associated in as counsel of record for four months.  County defendants did not reference and did not raise

6  the issue of their intention to move for leave to amend their answer.   County defendants did not

7  reference and did not raise any fact which would give rise to County defendants having a need to amend

8  their answer.

9       On June 29, 2023, over 22 months, after the deadline to amend pleadings, County defendants

10 filed their motion to amend their answer and add a significant number of affirmative defenses.  On June

11 29, 2023, at the case management conference, this Court pointed out that County defendants had failed to

12 address the Rule 16 good cause requirements and stated that she would permit County defendants to

13 amend their moving papers by filing supplemental pleadings by the end of the day.   County defendants

14 did not do so.  Fact discovery cut-off is set for  October 16, 2023.

15       ## II.  THE ALAMEDA COUNTY DEFENDANTS FAIL TO ESTABLISH "GOOD CAUSE" TO AMEND THEIR ANSWER

16       The "party seeking to amend [a] pleading after [the] date specified in [the] scheduling order must

17 first show 'good cause' for amendment under [Fed. R. Civ. P.] 16(b), then, if 'good cause' be shown, the

18 party must demonstrate that amendment was proper under [Fed. R. Civ. P.] 15." *Johnson v. Mammoth*

19 *Recreations Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

20       [Fed. R. Civ. P.] 16(b)'s "good cause" standard primarily considers the diligence of the
21       party seeking the amendment. The district court may modify the pretrial schedule if it
         cannot reasonably be met despite the diligence of the party seeking the extension.
22       Moreover, carelessness is not compatible with a finding of diligence and offers no reason
         for a grant of relief. Although the existence or degree of prejudice to the party opposing
23       the modification might supply additional reasons to deny a motion, the focus of the
         inquiry is upon the moving party's reasons for seeking modification. If that party was not
24       diligent, the inquiry should end.

25 *Johnson*, 975 F.3d at 609 (internal citations & quotation marks omitted).

26 *The Court's Pretrial Scheduling Order entered in this matter also required a showing of "good cause"*

27 *in order for a party to file an amended pleading in this action. [Cite]*

28       "[T]o demonstrate diligence under [Fed. R. Civ. P.] 16's 'good cause' standard, the movant may

3

be required to show the following: (1) that she was diligent in assisting the Court in creating a workable [Fed. R. Civ. P.] 16 order; (2) that her noncompliance with a [Fed. R. Civ. P.] 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the [Fed. R. Civ. P.] 16 scheduling conference; and (3) that she was diligent in seeking amendment of the [Fed. R. Civ. P.] 16 order, once it became apparent that she could not comply with the order[.]" *Jackson v. Laureate, Inc*., 186 F.R.D. 605, 608 (E.D. Cal. 1999).

The Alameda County Defendants' motion fails to raise, let alone consider, any of these required factors. Like in *Jackson*, "[Defendants'] motion fails to recognize that the liberal amendment standard set out in [Fed. R. Civ. P. 15(d)] is inapplicable until [they] first demonstrate[] that 'good cause' as prescribed by [Fed. R. Civ. P.] 16(b) justifies the amendment." *Jackson*, 186 F.R.D. at 608. Defendants' failure properly to set up and analyze the applicable legal framework on their own motion is reason enough to deny it because, where "Defendants neither provide legal authority nor advance any argument," the Court "cannot 'manufacture arguments'" on their behalf. See *Martinez v. County of Sonoma*, 2015 U.S. Dist. LEXIS 122427, **22-23 (N.D. Cal. Sept. 12, 2015). To the extent that Defendants attempt to "save" their deficient motion in reply by addressing Fed. R. Civ. P. 16(b)'s "good cause" requirement for the first time, they cannot, because "[n]ew material does not belong in a reply brief." See *Fredrick v. United States*, 163 F.2d 536, 549 (9th Cir. 1947); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *Ass'n of Irritated Residents v. C&R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006).

If the Court is inclined to consider the Jackson factors despite the Alameda County Defendants' failure to raise them, the Court should find that the factors weigh against permitting the Alameda County Defendants from amending their answer, as explained in detail below.

A.      The Alameda County Defendants' Status Report Was Deficient

As *Jackson* explains:

The first inquiry focuses on whether [the movant] discharged her duty to assist the Court in fashioning a [Fed. R. Civ. P.] 16 order that would accommodate circumstances she now presents. . . . Parties anticipating possible amendments to their pleadings have an "unflagging obligation" to alert the [Fed. R. Civ. P.] 16 scheduling judge of the nature and timing of such anticipated amendments in their status reports so that the judge can consider whether such amendments may properly be sought solely under the [Fed. R. Civ.

4

P. 15(d)] standard, and whether structuring discovery pertinent to the parties' decision whether to amend is feasible.

*Jackson*, 186 F.R.D. at 608 (citations omitted).

Defendants' Joint Status Report makes no reference to any intent to amend their Answer to assert additional affirmative defenses. *See* [ECF 287] "Since [Defendants] ha[ve] not articulated any reason sufficient to allow [them] to recant that representation, [they] [are] bound by it." *Jackson*, 186 F.R.D. at 608.  In *Jackson*, 186 F.R.D. at 608.  the Court held that where the moving party had an opportunity, in a case joint status statement, to alert the Court of a need to amend their pleading "but failed to use that opportunity to alert the Court to an anticipated amendment;" the moving party cannot then "recant that representation", is "bound by" that representation, which justified denial of a motion for leave to amend. *Jackson*, 186 F.R.D. at 608 n.5.  Since Defendants also did not alert the court, nor did defendants mentioned to seek to amend their answer, they have not articulated any reason sufficient to allow them to recant that representation, and are bound by that omission in their joint case management statement. *Jackson*, 186 F.R.D. at 608.

B.    The Alameda County Defendants Failed to Comply With the Rule 16 Scheduling Order Without Reasonable Excuse

This factor requires a moving party to "demonstrate that [their] inability to comply with the [Fed. R. Civ. P.] 16 Scheduling Order results from [their] having become aware of information that [they] could not have reasonably foreseen at the time the [Fed. R. Civ. P.] 16 Scheduling Order became final." *See Jackson*, 186 F.R.D. at 609. The inquiry includes evaluation of "'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) ("We have held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable.").

The Alameda County Defendants' acquisition of new counsel has not brought forth "new and previously unavailable information" which justifies the requested amendment. *See Eckert Cold Storage v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996). "Courts often find diligence where new facts underlying the proposed amendment occurred or became known to the moving party after the scheduling

5

order's deadline for amendment." *Amcor Flexibles Inc. v. Fresh Express Inc.*, 2015 U.S. Dist. LEXIS 25004, *13 (N.D. Cal. Mar. 2, 2015). However, where a party "either did know, or should have known," about a new claim or defense "much earlier in this litigation," a finding of "diligence" cannot be made. *See id.* at **15-16 & *18 ("The discrepancy is not based on events which only recently occurred, … nor was it identified through information discovered from [the opposing party]…"); *see also Eckert Cold Storage*, 943 F. Supp. at 1233 (party moving for amendment could "not adequately explain[] why they waited up to seven months after receiving the necessary documents before filing the motion to amend.").

The Alameda County Defendants were not "diligent" in pleading the proposed affirmative defenses against Plaintiffs, and their acquisition of new counsel does not change that.

> [Defendants] knew, or should have known, of the facts underlying the proposed amendments well before the scheduling order deadline to amend. The only purportedly new development since the deadline passed is a determination that long-known, underlying facts support additional legal theories. . . Counsel's delayed comprehension of legal theories readily available from the outset of the lawsuit does not establish reasonable diligence.

*Agricola Baja Best, S. De. R.L. de C.V. v. Harris Moran Seed Co.*, 2013 U.S. Dist. LEXIS 118162, *5 (S.D. Cal. Aug. 20, 2013) (internal citation omitted).

C.  <u>The Alameda County Defendants Were not Diligent in Filing Their Motion to Amend</u>

This factor requires a moving party "to show diligence in filing [their] motion to amend and having it heard." *Jackson*, 186 F.R.D. at 609. "[A]n attempt to obtain a stipulation does not constitute good cause." *Id.* at 609 n.6.

Again, as discussed in reference to the "efforts to comply" factor, above, Defendants either "knew or should have known,'" *see AmerisourceBergen Corp.*, 465 F.3d at 953, of all facts and legal theories that they now wish to plead when they were represented by their former counsel—their failure to do so was due to a lack of diligence. "If [a] party was not diligent, the inquiry should end." *Johnson*, 975 F.3d at 609.

**<u>CONCLUSION</u>**

For the reasons stated, Plaintiffs request that the Court deny Defendants' Motion to Amend Answer to Fifth Amended Complaint.

Dated: July 13, 2023                    Respectfully Submitted,


                                        By */s/ Yolanda Huang*_____
                                            Yolanda Huang
                                            Attorney for Plaintiffs

PLAINTIFFS' OPPOSITION TO COUNTY DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER
*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No. 3:19-cv-07423 JSC