Gregory B. Thomas (SBN 239870)
E-mail: gthomas@bwslaw.com
Temitayo O. Peters (SBN 309913)
E-mail: tpeters@bwslaw.com
Jasper L. Hall (SBN 341113)
E-mail: jhall@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520
Tel: 510.273.8780    Fax: 510.839.9104

Attorneys for Defendants ALAMEDA COUNTY SHERIFF'S OFFICE, ALAMEDA COUNTY, DEPUTY JOE, and DEPUTY IGNONT (collectively "ALAMEDA COUNTY DEFENDANTS")

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ALAMEDA COUNTY MALE PRISONERS And Former Prisoners, DANIEL GONZALEZ, et al. on behalf of themselves and others similarly situated, as a Class, and Subclass; <br><br> ALAMEDA COUNTY FEMALE PRISONERS And Former Prisoners, JACLYN MOHRBACHER, ERIN ELLIS, DOMINIQUE JACKSON, CHRISTINA ZEPEDA, ALEXIS WAH, AND KELSEY ERWIN, et al on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALAMEDA COUNTY SHERIFF'S OFFICE, ALAMEDA COUNTY, Deputy Joe, Deputy Ignont (sp) John and Jane ROEs, Nos. 1 – 25, <br><br> Defendants. | Case No. 3:19-cv-07423-JSC <br><br> **REPLY IN SUPPORT OF ALAMEDA COUNTY DEFENDANTS' MOTION TO AMEND ANSWER TO PLAINTIFFS' COMPLAINT** <br><br> Judge:   Hon. Jacqueline S. Corley <br> Date:    August 3, 2023 <br> Time:    10:00 a.m. <br> Crtrm.:  8, 19th Floor <br><br> Action Filed:   November 12, 2019 <br> Trial Date:     May 6, 2024 |

## I.  INTRODUCTION

A scheduling order may be modified to permit a party to amend a responsive pleading if good cause is established and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The court

4888-4391-1281v7     1     Case No. 3:19-cv-07423-JSC
REPLY ISO ALAMEDA COUNTY DEFTS'
MOTION TO AMEND ANSWER

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

should freely give leave when justice so requires" for a party to amend their pleading after the timeframe for doing so has lapsed when good cause is established. Fed. R. Civ. P. 15(a)(2).

Plaintiffs do not oppose the Alameda County Defendants' Motion for Leave to Amend their Answer to Plaintiffs' Fifth Amended Complaint ("Motion") on the basis of Rule 15. Nor do they claim that they would be prejudiced by the amendment. Instead, Plaintiffs oppose the Alameda County Defendants' Motion to add ten additional affirmative defenses because Plaintiffs believe that: (1) the Alameda County Defendants failed to establish good cause and did not consider the *Jackson* factors; (2) the Alameda County Defendants did not include any mention of their impending Motion in the parties' recently filed joint status report; (3) the Alameda County Defendants failed to comply with the Court's scheduling order without a reasonable excuse; and (4) the Alameda County Defendants were not diligent in filing their Motion.

None of the reasons proffered by Plaintiffs in their opposition to this Motion justify its denial. As discussed below and in the Motion, the Alameda County Defendants have established good cause exists and that they have been diligent in seeking leave to amend under Rule 16 to justify granting their Motion. Therefore, because good cause has been established, the Alameda County Defendants have been diligent, and "justice so requires it," the Alameda County Defendants respectfully ask the Court grant this Motion and permit them to amend their Answer to assert additional affirmative defenses.

## II. ARGUMENT

### A. The Alameda County Defendants Were Diligent In Requesting a Modification of the Court's Scheduling Order.

"Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking [the] amendment" after the date specified in the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In opposition to this Motion, Plaintiffs argue that the Alameda County Defendants cannot establish "good cause," because they were not diligent in filing this Motion. *See generally* Dkt. No. 300 at pp. 3-6. Plaintiffs' argument is without merit. As discussed at length in the Alameda County Defendants' Motion, and briefly reiterated below, the Alameda County Defendants exercised reasonable diligence in filing this

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4888-4391-1281v7

2

Case No. 3:19-cv-07423-JSC
REPLY ISO ALAMEDA COUNTY DEFTS'
MOTION TO AMEND ANSWER

Motion. *See generally* Dkt. No. 291 at pp. 3-4, 7.

### 1. The Alameda County Defendants' June 23 Status Report Was Not Deficient.

The Alameda County Defendants have reasonably met their duty of assisting the Court with establishing a workable Rule 16 order. *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). In their opposition, Plaintiffs claim that "Defendants' Joint Status Report" makes no reference to the Alameda County Defendants' intent to amend their answer to assert additional affirmative defenses.[1] Dkt. No. 300 at 5:4.

This is incorrect. The parties' June 22, 2023 Joint Case Management Statement states: "[t]he Alameda County Defendants also intend to file a motion to amend their answer to the Fifth Amended Complaint to assert additional affirmative defenses shortly." Dkt. No. 287 at 17:5. Less than a week later, the Alameda County Defendants filed their Motion. Dkt. No. 291. This status report was filed less than two weeks after the undersigned counsel substituted into this case as counsel for the Alameda County Defendants and became aware of the need to amend. *Compare* Dkt. Nos. 278-285 and Dkt. No. 287. Moreover, the undersigned counsel have been diligently meeting and conferring with all counsel in an attempt to ensure that their late addition to this case does not hinder the parties' ability to comply with the other deadlines set by the Court's Scheduling Order, including the fact discovery cutoff. *See, e.g.* Dkt. Nos. 287, 299. Therefore, the Alameda County Defendants have reasonably met their duty to assist the Court in establishing its Scheduling Order and their Motion should not be denied on this basis.

### 2. The Alameda County Defendants Have Reasonably Complied With the Court's Scheduling Order.

Second, in their opposition, Plaintiffs argue that the Alameda County Defendants failed to comply with the Rule 16 Scheduling Order without reasonable excuse. Dkt. No. 300 at pp. 5-6. Whether there is a reasonable excuse is not a measure of diligence under *Jackson*. *See Jackson*,

---

[1] Plaintiffs refer to the Parties Joint Case Management Statement [Dkt. No. 287] filed with the Court on June 22, 2023, as "status report".

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4888-4391-1281v7

3

Case No. 3:19-cv-07423-JSC
REPLY ISO ALAMEDA COUNTY DEFTS'
MOTION TO AMEND ANSWER

186 F.R.D. at 608. Instead, the inquiry relies on whether any actual or anticipated noncompliance resulted from circumstances not reasonably foreseen or anticipated at the time of the scheduling conference. *Id*.

Here, the Alameda County Defendants could not reasonably foresee or anticipate any non-compliance with the Court's Scheduling Order, which was set following a case management conference held on December 1, 2022. Dkt. No. 224. Following the Court's issuance of the Scheduling Order, the undersigned counsel was associated in as counsel on February 14, 2023 and the Alameda County Defendants' Supplemental Brief in Opposition to Plaintiffs' Motion for Class Certification was filed on March 9, 2023 in response to Plaintiffs' articulation of their inadequate sanitation subclass. Dkt. Nos. 255, 267, 258. As stated in the Motion, the Alameda County Defendants did not anticipate that the res judicata argument contained in their Supplemental Brief in Opposition to Plaintiffs' Motion for Class Certification would not be considered by the Court, because they were unaware that it had not been pled in their Answer at the time the brief was filed. *See* Dkt. No. 291 at p. 3. Following the Court's order on Plaintiffs' Motion for Class Certification, and after undersigned counsel were officially substituted into this matter, the Alameda County Defendants determined that several applicable affirmative defenses were omitted from their Answer to Plaintiffs' Fifth Amended Complaint, acted quickly to alert the Court of their intent to file an amended answer to Plaintiffs' Fifth Amended Complaint, and then filed this Motion shortly thereafter. Dkt. No. 291, p. 3; *see also* Dkt. Nos. 287; 291. Because none of these circumstances could have been anticipated prior to the issuance of the Court's Scheduling Order on December 1, 2022, the Court should find that the Alameda County Defendants have reasonably complied with its Scheduling Order.

### 3. The Alameda County Defendants' Request for Leave to Amend is Justified.

Third, Plaintiffs suggest that the Motion should be denied because Plaintiffs believe that the Alameda County Defendants' request is unjustifiable. Dkt. No. 300 at pp. 5-6. As stated in the Motion, the Alameda County Defendants did not delay and filed this Motion for leave to amend approximately three weeks after being substituted into this case. Dkt. No. 291 at 3:18-20;

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4888-4391-1281v7

4

Case No. 3:19-cv-07423-JSC
REPLY ISO ALAMEDA COUNTY DEFTS'
MOTION TO AMEND ANSWER

*Compare. id.* at 3:15-18 (citing to *Dabass v. Moffitt & Associates,* No. 07cv0040, 2008 WL 686687 at *4, (S.D. Cal. March 12, 2008) (rejecting argument that substitution of counsel should be denied following substitution of counsel) *with* Dkt. No. 300 at 6:5-7 (citing to *Eckert Cold Storage v. Behl*, 943 F.Supp. 1230 (E.D. Cal. 1996); *Ferguson v. Smith*, Case No. 3:18-cv-00372-SB, 2021 WL 5203152, at 3* (D. Or. May 21, 2021) (Defendants moved for leave to amend more than nineteen months after the amended pleading deadline expired and more than three months after the substitution); *Johns v. AutoNation USA Corp.*, 246 F.R.D. 608, 610 (D. Ariz. 2006) (Defendants waited four months after substitution of counsel to request leave to amend); *Melbye v. Accelerated Payment Technologies, Inc.*, No. 10-cv-2040-IEG (JMA), 2011 WL 6754088, at *2 (S.D. Ca. Dec. 22, 2011) (Plaintiff waited until after motion for summary judgment was filed and seven months after the pleading deadline, but only a few days after substitution of counsel).  Ultimately, the crux of Rule 16 is to prevent parties from delaying or procrastinating.  *See Alioto v. Town of Lisbon,* 651 F.3d 715, 720 (7th Cir. 2011).  This is not the situation here.  As stated in the Motion and reiterated herein, it is clear that the Alameda County Defendants did not delay or procrastinate and that they moved diligently to amend their Answer to Plaintiffs' Fifth Amended Complaint.  Therefore, the Alameda County Defendants respectfully request that the Court grant this Motion.

### B. Rule 16's "Good Cause" Standard Has Been Met.

Next, Plaintiffs argue that the Alameda County Defendants have failed to establish that good cause exists to permit them to amend their Answer.  *See* Dkt. No. 300 at p. 3. Good cause does, however, exist to permit the Alameda County Defendants' requested amendment.  *See* Dkt. No. 291 at pp. 6-7.

Here, as discussed at length in the Alameda County Defendants' Motion, good cause exists to grant the requested amendment for several reasons.  First, the Alameda County Defendants have moved for leave to amend based on the importance of the amendment.  As stated in the Motion, the Alameda County Defendants are seeking leave to assert the affirmative defenses they believe are relevant to assist with streamlining this case through dispositive motions in advance of trial. Dkt. No. 291 at 7:14-16.  Second, there is no prejudice to Plaintiffs if the requested amendment is permitted.  Dkt. No. 291 at pp. 5-6.  As stated in the Motion, the Alameda County Defendants are

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4888-4391-1281v7

5

Case No. 3:19-cv-07423-JSC
REPLY ISO ALAMEDA COUNTY DEFTS'
MOTION TO AMEND ANSWER

only seeking leave to amend for the purposes of asserting additional affirmative defenses. *See generally* Dkt. No. 291. The Alameda County Defendants are not seeking to add any additional claims, facts, or parties, and the amendments will not delay discovery or trial. Dkt. No. 291 at 4:6-21. Third, Plaintiffs do not claim that the proposed amendments will result in any prejudice towards them. *See generally* Dkt. No. 300. In comparison, the Alameda County Defendants will be greatly prejudiced if the Motion is denied and will be significantly limited in the number of arguments they will be able to make in a dispositive motion and at trial. Dkt. No. 291 at 5:15-6:20. Fourth, the Alameda County Defendants are seeking the amendments in good faith. The Alameda County Defendants are not seeking to harass Plaintiffs, delay any proceedings, or substantially rewrite their Answer to Plaintiffs' Fifth Amended Complaint. Dkt. No. 291 at pp. 4. The Alameda County Defendants are only seeking leave to amend their Answer to include relevant affirmative defenses that will assist the Alameda County Defendants in defending against Plaintiffs' claims in dispositive motions and at trial. Dkt. No. 291 at p. 4. Lastly, the Alameda County Defendants' proposed amendments are not futile. Dkt. No. 291 at pp. 4-5. Each of the amendments are plausible defenses to Plaintiffs' claims. *Id*.

Ultimately, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson.*, 975 F.2d at 609. Here, as summarized above and discussed at length in the Motion, the Alameda County Defendants have clearly demonstrated good cause for amending the scheduling order for the sole purpose of granting the Alameda County Defendants leave to assert additional affirmative defenses. Therefore, the Alameda County Defendants respectfully request that their Motion be granted.

### C. Justice Necessitates Granting This Motion.

Finally, once the good cause standard of Rule 16 is met, leave to amend should be granted when "justice so requires." Fed. R. Civ. P. 15(a)(2). Here, justice requires granting the Alameda County Defendants' Motion for the reasons stated therein and above. Plaintiffs have also not objected to the Alameda County Defendants' Motion pursuant to Rule 15. *See generally* Dkt. No. 300. Therefore, the Alameda County Defendants respectfully ask the Court to grant their Motion

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4888-4391-1281v7

6

Case No. 3:19-cv-07423-JSC
REPLY ISO ALAMEDA COUNTY DEFTS'
MOTION TO AMEND ANSWER

and permit them to amend their Answer to assert additional affirmative defenses.

### III.   CONCLUSION

Good cause and diligence are the basis for permitting amendment under Rule 16. The Alameda County Defendants have demonstrated that good cause exists and they have been diligent in seeking leave to amend under Rule 16. Furthermore, Plaintiff will not be prejudiced by the proposed amendment and principles of justice necessitate the amendment. Therefore, based on the foregoing reasons, and as further articulated in the Motion, the Alameda County Defendants respectfully request that the Court grant their Motion.

Dated: July 20, 2023                                    BURKE, WILLIAMS & SORENSEN, LLP

By:   */s/ Jasper L. Hall*
Gregory B. Thomas
Temitayo O. Peters
Jasper L. Hall
Attorneys for Defendants ALAMEDA COUNTY SHERIFF'S OFFICE, ALAMEDA COUNTY, DEPUTY JOE, and DEPUTY IGNONT (collectively "ALAMEDA COUNTY DEFENDANTS")

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4888-4391-1281v7

7

Case No. 3:19-cv-07423-JSC
REPLY ISO ALAMEDA COUNTY DEFTS'
MOTION TO AMEND ANSWER