UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF ALAMEDA, et al., <br><br> Defendants. | Case No. 19-cv-07423-JSC <br><br> **ORDER RE: COUNTY DEFENDANTS' MOTION TO AMEND ANSWER** <br><br> Re: Dkt. No. 291 |

Plaintiffs, current and former inmates at Santa Rita Jail, bring conditions of confinement claims against Alameda County, Wellpath Management, Inc., and Aramark Correctional Services, LLC. The County Defendants' motion to amend their answer to plead 10 affirmative defenses is now pending before the Court. (Dkt. No. 291.[1]) After carefully considering the parties' briefing, the Court concludes oral argument is not necessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the August 3, 2023 hearing, and GRANTS the motion in part and DENIES the motion in part. The further case management conference scheduled for August 3, 2023 is CONTINUED to August 24, 2023.

## BACKGROUND

Plaintiffs filed this action in November 2019 alleging they are subject to unlawful, inhumane, and unconstitutional treatment at the Santa Rita Jail. Over the following three and a half years, Plaintiffs filed five amended complaints and Defendants moved to dismiss each version of the complaint. The County Defendants' operative answer to the Fifth Amended Complaint was filed November 21, 2022. (Dkt. No. 220.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Two months later, on February 14, 2023, Burke, Williams & Sorensen, LLP, filed a notice of association as counsel for the County Defendants. (Dkt. No. 255.) The parties then completed class certification briefing, and on May 9, 2023, the Court denied Plaintiffs' motion for class certification as to Plaintiffs' inadequate medical care and inadequate food subclasses, and conditionally certified Plaintiffs' inadequate sanitation subclass. (Dkt. No. 264.) A month later, Burke, Williams & Sorensen, LLP filed a notice of substitution, and Mr. Belaga, who had represented the County Defendants since the case was filed, withdrew. (Dkt. Nos. 269-276.) Three weeks later, the County Defendants filed the now pending motion to amend their answer to the Fifth Amended Complaint to assert 10 new affirmative defenses. (Dkt. No. 291.)

## DISCUSSION

As a threshold matter, while the County Defendants initially maintained Rule 15 governs, their reply memorandum appears to concede Rule 16 governs. The Court's July 29, 2021 scheduling order set a "deadline to move to amend" which indisputably had passed when Defendants filed the instant motion. (Dkt. No. 128.) "[A] party seeking to amend [a] pleading after [the] date specified in [the] scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citation omitted). Accordingly, Defendants must meet Rule 16's standard to modify the scheduling order, followed by Rule 15's standard to amend their answer. *Johnson*, 975 F.2d at 608.

**A. Good Cause to Amend Under Rule 16(b)**

Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause" for doing so. Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment," and "[i]f that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. Although the Court may consider prejudice to the opposing party, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*.

Defendants insist they have been diligent in moving to amend because their new counsel

2

acted expeditiously upon reviewing the pleadings and discovering prior counsel had not included certain affirmative defenses in the answer.  In particular, the County Defendants emphasize that within two weeks of new counsel substituting in they notified the Court of their intent to move to amend, and they filed their motion to amend a week later after Plaintiffs declined to stipulate to amendment.  (Dkt. Nos. 287; 291.)   Plaintiffs maintain Defendants were not diligent because they do not seek to amend based on new information not previously available; that is, the basis for these affirmative defenses has existed since the inception of this action.

The Court is persuaded the County Defendants acted diligently in seeking to amend here.  While new counsel filed a notice of association of counsel in February 2023, they did not take over representation until June 2023 and plausibly contend they were not aware certain affirmative defenses had not been pled until after this Court's class certification order rejecting the County Defendants' invocation of a res judicata defense because it was raised for the first time on surreply.  Although the County Defendants have not cited any cases that provide good cause is shown merely because new counsel notices something substituted counsel did not, and usually it is not, the Court granted Plaintiffs leave to amend their complaint five different times, including to add named plaintiffs *after* the deadline to amend had passed.  (Dkt. No. 179.)  As a matter of fairness, then, the Court should modify the scheduling order as County Defendants request.  Further, the record does not suggest Plaintiffs will suffer any prejudice if amendment is allowed.  The County Defendants bear the burden of proving their affirmative defenses and they will not be allowed to redo discovery already conducted. And, to the extent Plaintiffs require discovery on any new affirmative defenses, the fact discovery deadline is not until October 16, 2023.  (Dkt. No. 224.)  Accordingly, the Court exercises its discretion to grant leave to amend the scheduling order under Rule 16(b).

**B. Leave to Amend Under Rule 15**

Next, the Court turns to whether amendment is proper under Rule 15.  *Johnson*, 975 F.2d at 608.  The district court is afforded discretion to grant leave to amend pleadings and "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Factors relevant to whether leave to amend should be granted are whether the moving party acted in bad faith or unduly

3

1    delayed in seeking amendment, whether the opposing party would be prejudiced, whether an
2    amendment would be futile, and whether the movant previously amended the pleading.  *See, e.g.*
3    *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).
4        As discussed above, the County Defendants have acted in good faith seeking to amend
5    their answer as soon as new counsel discovered the need to do so, and amendment will not
6    prejudice Plaintiffs.  The Court thus turns to the question of futility.
7        "[A] proposed amendment is futile only if no set of facts can be proved under the
8    amendment to the pleadings that would constitute a valid and sufficient claim or defense."
9    *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (internal quotations omitted).  "A[n
10   affirmative] defense may be insufficient either as a matter of law or as a matter of pleading."
11   *United States v. Gibson Wine Co.*, No. 1:15-CV-1900-AWI-SKO, 2016 WL 1626988, at *4 (E.D.
12   Cal. Apr. 25, 2016) (internal citation omitted).  "An affirmative defense is legally insufficient if it
13   lacks merit under any set of facts the defendant might allege." *Id*. (internal citation and quotations
14   marks omitted).  "The key to determining the sufficiency of pleading an affirmative defense is
15   whether it gives plaintiff fair notice of the defense."  *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827
16   (9th Cir. 1979).  "The 'fair notice' required by the pleading standards only requires describing the
17   defense in 'general terms.'"  *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir.
18   2015) (cleaned up).
19       The County Defendants seek leave to add 10 affirmative defenses: (1) exhaustion of
20   remedies; (2) res judicata/collateral estoppel; (3) *Monell*; (4) deliberate indifference; (5) attorney's
21   fees; (6) negligence; (7) due care and good faith; (8) no fault; (9) no deprivation of rights,
22   privileges, and immunities; and (10) no clearly established constitutional right.  (Dkt. No. 291-1 at
23   6.)  Of these, only the first two—res judicata and exhaustion—are proper affirmative defenses;
24   indeed, the County Defendants do not even make an argument as to the others.  (Dkt. No. 291 at
25   7.)  *Monell*, deliberative indifference, attorney's fees, negligence, due care and good faith, no
26   fault, no deprivation of rights, and no clearly established constitutional right allegations are not
27   affirmative defenses.  "A defense which demonstrates that plaintiff has not met its burden of proof
28   is not an affirmative defense."  *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th

Cir. 2002).

Addressing each specifically, "*Monell* is not an affirmative defense; rather, municipal liability is an element of the plaintiff's cause of action." *Chew v. City & Cnty. of San Francisco*, No. 13-CV-05286-MEJ, 2016 WL 631924, at *15 (N.D. Cal. Feb. 17, 2016), *aff'd*, 714 F. App'x 687 (9th Cir. 2017). Likewise, Defendants' argument Plaintiffs' deliberate indifference claim is insufficient is not an affirmative defense, but rather an argument Plaintiff cannot state a claim. (Dkt. No. 291-1 at 33.) *See Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) ("[a]n affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven."). The same is true for the negligence and no fault purported affirmative defenses. (Dkt. No. 291-1 at 33.) To the extent the County Defendants contend they are entitled to immunity because they acted with due care and good faith in compliance with all applicable federal and state laws, Defendants already pled the affirmative defense of qualified immunity. (*Id*. at 30, 33.) Defendants' deprivation of rights and no clearly established constitutional right affirmative defenses are likewise redundant of the qualified immunity affirmative defense. (*Id*. at 34.) Finally, there is no apparent basis for Defendants attorney's fees affirmative defense which contends the complaint "fails to state a claim against Defendants upon which attorneys' fees or costs can be awarded." (*Id*. at 33.) A prevailing party in a section 1983 action is entitled to fees under 42 U.S.C. § 1988. *See Lefemine v. Wideman*, 568 U.S. 1, at 4 (2012). Accordingly, with respect to these affirmative defenses, leave to amend would be futile as these claims would be stricken. *See* Fed. R. Civ. P. 12(f) (noting a court may strike an affirmative defense if it is insufficient as a matter of law or if it is "redundant, immaterial, impertinent, or scandalous."); *Park v. Kitt*, No. 19-CV-01551 AWI HBK (PC), 2021 WL 1210364, at *5 (E.D. Cal. Mar. 31, 2021) ("A mere defense that is pled as an affirmative defense may be stricken.").

The Court, however, grants leave to amend to plead the affirmative defenses of res judicata and exhaustion as both may be waived if not pled. *See ASCII Corp. v. Softool Corp*., 211 F.3d 1272 (9th Cir. 2000) ("Res judicata is an affirmative defense that can be waived."); *Lira v.*

5

*Herrera*, 427 F.3d 1164, 1171 (9th Cir. 2005) (failure to exhaust administrative remedies is a waivable affirmative defense).

## CONCLUSION

For the reasons stated above, the County Defendants' motion to amend their answer is GRANTED in part and DENIED in part. The County Defendants are granted leave to amend their answer to plead the affirmative defenses of res judicata and exhaustion. The County Defendants shall file their amended answer by July 28, 2023.

In light of the parties' stipulation regarding deposition dates and further meet and confer scheduled for August 15, 2023, the Court RESETS the August 3, 2023 case management conference for August 24, 2023 at 1:30 p.m. An updated joint statement with the remaining deposition dates shall be filed by August 18, 2023.

This Order disposes of Docket No. 291.

**IT IS SO ORDERED.**

Dated: July 25, 2023

JACQUELINE SCOTT CORLEY
United States District Judge