Yolanda Huang (State Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
PO Box 5475
Berkeley, California 94705

Thomas E. Nanney (State Bar No. 214342)
Law Office of Thomas E. Nanney
2217 W. 120th St.
Leawood, Kansas 66209
Phone: (816) 401-0047
Email: tomnanney@gmail.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMEDA COUNTY MALE PRISONERS And Former Prisoners, DANIEL GONZALEZ, et al. on behalf of themselves and others similarly situated, <u>as a Class, and Subclass,</u><br><br>Plaintiffs,<br><br>vs.<br><br>ALAMEDA COUNTY SHERIFFS OFFICE, et al.<br><br>Defendants. | Case No. 3:19-cv-07423-JSC<br><br>**PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES OF ALAMEDA COUNTY SHERIFF'S OFFICE, ALAMEDA COUNTY, DEPUTY JOE, and DEPUTY IGNONT**<br><br>DATE:   September 28, 2023<br>TIME:    10:00 a.m.<br>LOC.:     450 Golden Gate Ave.,<br>              San Francisco, CA 94102<br>DEPT.:   Courtroom 8, 19th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS:**

PLEASE TAKE NOTICE that on September 28, 2023 at 10:00a.m., or as soon as the matter may be heard before Judge Jacqueline Scott Corley, Courtroom 8, 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs will move to strike the affirmative defendants of Defendants Alameda County Sheriff's Office, Alameda County, Deputy Joe, and Deputy Ignont ("Alameda County Defendants").  The affirmative defenses should be struck because they merely deny Plaintiffs' allegations; cannot succeed as a matter of law; or are insufficiently pled.

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the pleadings on file in this action, and on such further argument that may be heard by this Court.

DATED: August 18, 2023          LAW OFFICES OF YOLANDA HUANG

By:  _____/s/ Yolanda Huang_____
Yolanda Huang
Attorney for Plaintiffs

DATED: August 18, 2023          LAW OFFICE OF THOMAS E. NANNEY

By:  _____/s/ Thomas E. Nanney_____
Thomas E. Nanney
Attorney for Plaintiffs

# TABLE OF CONTENTS

Page

INTRODUCTION ……………………………………………………………………1

LEGAL STANDARD……………………………………………………………………1

ARGUMENT…………………………………………………………………………..2

I.    THE COURT SHOULD STRIKE THE ALAMEDA COUNTY DEFENDANTS'
      AFFIRMATIVE DEFENSES THAT FAIL AS A MATTER OF LAW…………………2

      A.    Defenses That Merely Deny Plaintiffs' Allegations………………………………3

            1.    Failure to State a Valid Claim (First Affirmative Defense)………………4

            2.    Qualified Immunity (Second Affirmative Defense)………………………5

      B.    Defenses That Cannot Succeed As a Matter of Law: Exclusive Remedy (Ninth
            Affirmative Defense)…………………………………………………………………6

II.   THE COURT SHOULD STRIKE THE ALAMEDA COUNTY DEFENDANTS'
      AFFIRMATIVE DEFENSES THAT ARE INSUFFICIENTLY PLED…………………..6

      A.    Qualified Immunity (Second Affirmative Defense),,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,7

      B.    Rational Basis (Third Affirmative Defense); Compelling Government Interest
            (Fourth Affirmative Defense); Legitimate, Non-Discriminatory Reason (Fifth
            Affirmative Defense); Necessity (Eleventh Affirmative Defense); Acts of Third
            Parties (Thirteenth Affirmative Defense); Reliance on Appropriate Professionals
            (Fourteenth Affirmative Defense); Exhaustion of Remedies (Sixteenth Affirmative
            Defense) ……………………………………………………………………………8

      C.    Statute of Limitations (Sixth Affirmative Defense)………………………….....9

      D.    Laches (Seventh Affirmative Defense)…………………………………………10

      E.    Unclean Hands (Eighth Affirmative Defense)…………………………………10

      F.    Failure to Mitigate (Tenth Affirmative Defense)………………………………11

      G.    Negligence or Willful Conduct of Plaintiffs (Twelfth Affirmative Defense);
            Plaintiffs at Fault (Fifteenth Affirmative Defense)……………………………11

      H.    Res Judicata/Collateral Estoppel (Seventeenth Affirmative Defense)……………12

III.  CONCLUSION………………………………………………………………..……..12

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

Page

*Ansari v. Elec. Document Processing, Inc.*, 2012 WL 3945482 (N.D. Cal. Sept. 10, 2012) . . . . . .7

*Antonio v. Kokor*, 2017 WL 942386 (E.D. Cal. March 10, 2017) ……………………………9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ……………………………………………….2

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) ……………………………………………………………………2, 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ……………………………………2

*CTF Dev., Inc. v. Penta Hospitality, LLC*, No. C 09-02429, 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009) ……………………………………………………………………2, 3

*Comercializadora Recmaq v. Hollywood Auto Mall, LLC*, 2014 WL 3628272 (S.D. Cal. July 21, 2014) ……………………………………………………………4, 6, 10

*Cushing v. City of Chicago*, 3 F.3d 1156 (7th Cir. 1993) ……………………………………6

*Desert European Motorcars, LTD v. Desert European Motorcars, Inc.*, 2011 WL 3809933 (C.D. Cal. Aug. 25, 2011) ……………………………………………………….. 10, 11

*Devermont v. City of San Diego*, 2013 U.S. Dist. LEXIS 83495 (S.D. Cal. June 11, 2013) …..5, 12

*Dodson v. CSK Auto*, 2013 WL 3942002 (E.D. Cal. July 30, 2013) ……………………..10

*Ear v. Empire Collection Authorities, Inc.*, 2012 WL 3249514 (N.D. Cal. Aug. 7, 2012) ………..2

*Erickson Productions, Inc. v. Kast*, 2014 WL 1652478 (N.D. Cal. Apr. 23, 2014) ………………6

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517 (1994) ……………………………………………………………………1, 2

*Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259 (E.D. Cal. 1987) ………………5

*FDIC v. First Priority Fin.*, 2016 U.S. Dist. LEXIS 79390 (E.D. Cal. June 17, 2016) …………..6

*Ganley v. County of San Mateo*, 2007 WL 902551 (N.D. Cal. Mar. 22, 2007) ………………1, 12

*Gibson Brands, Inc. v. John Hornby Skewes & Co. Ltd.*, 2014 WL 4187979 (C.D. Cal. Aug. 22, 2014) ……………………………………………………………………4

*Gomez v. J. Jacobo Farm Labor Contr., Inc.*, 2016 U.S. Dist. LEXIS 66922 (E.D. Cal. May 20, 2016) ……………………………………………………………………..5

*Gonzalez v. Heritage Pac. Fin*., LLC, 2012 WL 3263749 (C.D. Cal. Aug. 8, 2012) …………..2, 3

*Gonzalez v. Preferred Freezer Services, LLC*, 2012 WL 2602882 (C.D. Cal. July 5, 2012) …...2, 7

*Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647 (D. Kan. 2009) ………………………………...3

*Heath v. Cleary*, 708 F.2d 1376, 1378 (9th Cir. 1983) …………………………………………6

*In re Beaty*, 306 F.3d 914, 926 (9th Cir. 2002) …………………………………………………...10

*J & J Sports Productions, Inc. v. Catano*, 2012 WL 5424677 (E.D. Cal. Nov. 6, 2012) …………3

*Kohler v. Big 5 Corp.*, 2012 WL 1511748 (C.D. Cal. 2012) …………………………………5, 10, 11

*LaLonde v. County of Riverside*, 204 F.3d 947 (9th Cir. 2000) ……………………………………5

*Leos v. Rasey*, 2016 U.S. Dist. LEXIS 38972 (E.D. Cal. Mar. 24, 2016) …………………………7

*Moore v. BASF Corp.*, 2012 WL 4794319 (E.D. La. Oct. 9, 2012) …………………………………11

*Munoz v. PHH Corp.*, 2013 WL 1278509 (E.D. Cal. Mar. 26, 2013) …………………………3, 4

*Nelson v. City of Davis*, 685 F.3d 867 (9th Cir. 2012) ……………………………………………5

*Neylon v. Cty. of Inyo*, 2017 U.S. Dist. LEXIS 137212 (E.D. Cal. Aug. 25, 2017) ……………7, 8

*Oneida Indian Nation of New York v. New York*, 194 F. Supp. 2d 104 (N.D.N.Y. 2002) ………..12

*Oracle Corp. v. DrugLogic, Inc.*, 807 F. Supp. 2d 885 (N.D. Cal. 2011) ………………………...11

*Patsy v. Board of Regents*, 457 US 496 (1982) …………………………………………………6

*Quintana v. Baca*, 233 F.R.D. 562 (C.D. Cal. 2005) …………………………………………... 5

*Roberge v. Hannah Marine Corp.*, 1997 WL 468330 (6th Cir. Aug. 13, 1997) …………………..4

*Robi v. Five Platters, Inc.*, 838 F.2d 318 (9th Cir. 1988) …………………………………………12

*Sarkis' Café, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034 (N.D. Ill. 2014) ………………2

*Simmons v. Navajo County, Ariz.*, 609 F.3d 1011 (9th Cir. 2010) …………………………………6

*Solis v. Couturier*, 2009 WL 3055207 (E.D. Cal. Sept. 17, 2009) …………………………………3

*Solis v. Zenith Capital, LLC*, 2009 WL 1324051 (N.D. Cal. May 8, 2009) ……………………3, 6

*Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438 (C.D. Cal. 2013) …..1, 4, 5, 7

*Vogel v. OM ABS, Inc.*, 2014 WL 340662 (C.D. Cal. Jan. 30, 2014) ["*Vogel II*"] …………..4, 10

*Walden v. Nevada*, 945 F.3d 1088 (9th Cir. 2019) ………………………………………………8

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) ………………………………2

PLAINTIFFS' MOTION TO STRIKE COUNTY DEFENDANTS' AFFIRMATIVE DEFENSES

1   *Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979) ……………………………………………6

2   *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080 (9th Cir. 2002)……………………………………… 4

3                                          **STATUTES**

4   Cal. Code Civ. Proc., § 388(1) …………………………………………………………..9

5   Fed. R. Civ. P. 8(c) ……………………………………………………………1, 9

6   Fed. R. Civ. P. 11 …………………………………………………………………..1

7   Fed. R. Civ. P. 12(f) …………………………………………………………1, 2

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION TO STRIKE COUNTY DEFENDANTS' AFFIRMATIVE DEFENSES

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

"In state court, lawyers routinely file kitchen-sink defenses. . . . In federal court, greater adherence to the rules is required. This sort of junk-pleading is unacceptable. . . . [I]nadequately pled affirmative defenses run afoul of Federal Rule of Civil Procedure 11," *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013). For example, "it is improper to plead affirmative defenses that do not relate to the subject matter of the claim." *Ganley v. County of San Mateo*, 2007 WL 902551, at *3 (N.D. Cal. Mar. 22, 2007) (citing Fed. R. Civ. P. 8(c), 11).

The Amended Answer of the Alameda County Defendants sets forth seventeen (17) purported affirmative defenses. (Dkt. No. 304, Answer at 24-27.) Several purported affirmative defenses fail as a matter of law because they merely deny Plaintiffs' allegations, and thus are not true affirmative defenses, but redundant of the Alameda County Defendants' denials. Some defenses cannot succeed as a matter of law on the allegations and facts of this case.  Most are inadequately pled, failing to give plaintiff fair notice of the defense. This includes both the Alameda County Defendants' failure to allege any facts that make the defense plausible, and to connect the defense with any specific causes of action

For the reasons set forth herein, the Court should strike the Alameda County Defendants' Affirmative Defenses.

### LEGAL STANDARD

Under Rule 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matter from the pleadings. Fed. R. Civ. P. 12(f). "An affirmative defense may be insufficient as a matter of pleading or as matter of law." *Vogel*, 291 F.R.D. at 440.  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (*quoting Sidney-Vinstein v. A.H. Robbins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)), *rev'd on other grounds*, 510 U.S. 517 (1994).

1    In practice, an affirmative defense must satisfy a three-part test to survive a motion to

2    strike under Rule 12(f): "(1) the matter must be properly pleaded as an affirmative defense; (2) the

3    matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8

4    and 9; and (4) the matter must withstand a Rule 12(b)(6) challenge." *Sarkis' Café, Inc. v. Sarks in*

5    *the Park, LLC*, 55 F. Supp. 3d 1034, 1039 (N.D. Ill. 2014) (*quoting Renalds v. S.R.G. Rest. Group*,

6    119 F. Supp. 2d 800, 802-803 (N.D. Ill. 2000)).

7    "'Immaterial' matter is that which has no essential or important relationship to the claim

8    for relief or the defenses being pleaded," and "'[i]mpertinent' matter consists of statements that do

9    not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d

10   1524, 1527 (9th Cir. 1993) (citation omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). The

11   purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from

12   litigating spurious issues by disposing of those issues prior to trial." *Whittlestone, Inc. v. Handi-*

13   *Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (*quoting Fantasy, Inc.*, 984 F.2d at 1527).

14   The heightened pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

15   570, 127 S. Ct. 1955, 1974 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949

16   (2009), require that Plaintiffs back up their claims with sufficient facts to make the claims

17   "plausible on their face." The weight of authority holds that those pleading requirements also

18   apply to affirmative defenses. *See Gonzalez v. Heritage Pac. Fin*., LLC, 2:12-CV-01816-ODW,

19   2012 WL 3263749, at *2 (C.D. Cal. Aug. 8, 2012) ("The Court therefore concludes that the

20   Twombly/Iqbal heightened pleading standard applies to affirmative defenses."); *Ear v. Empire*

21   *Collection Authorities, Inc.*, 2012 WL 3249514, at *1 (N.D. Cal. Aug. 7, 2012) (citations omitted)

22   (noting that courts in the Northern District of California "have uniformly, as far as [the court] can

23   tell, adopted the plausibility standard"); *Gonzalez v. Preferred Freezer Services, LBF, LLC*, CV

24   12-3467 ODW FMO, 2012 WL 2602882, at *2 (C.D. Cal. July 5, 2012); *Barnes v. AT & T*

25   *Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010)

26   (citations omitted) ("the vast majority of courts presented with the issue have extended Twombly's

27   heightened pleading standard to affirmative defenses"); *CTF Dev., Inc. v. Penta Hospitality, LLC*,

28   No. C 09-02429, 2009 WL 3517617, at *8 (N.D. Cal. Oct. 26, 2009) ("Under the Iqbal standard,

2

the burden is on the defendant to proffer sufficient facts and law to support an affirmative

defense"); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 n. 15 (D. Kan. 2009) (citing nine

cases applying Twombly and Iqbal to the pleading of affirmative defenses).

        Thus, each of the Alameda County Defendants' affirmative defenses must be "'plausible

on its face' and contain 'more than labels and conclusions.' " *Gonzalez v. Heritage Pac. Fin.,*

*LLC*, 2:12-CV-01816-ODW, 2012 WL 3263749, at *2 (C.D. Cal. Aug. 8, 2012) (citing Twombly,

550 U.S. at 570). Where an affirmative defense simply states a legal conclusion devoid of factual

support, it is insufficient and will not withstand a motion to strike. *Solis v. Zenith Capital, LLC*,

2009 WL 1324051, at *2 (N.D. Cal. May 8, 2009) (*citing Jones v. Community Redevelopment*

*Agency*, 733 F.2d 646, 649 (9th Cir.1984)).

## ARGUMENT

## I.    THE COURT SHOULD STRIKE THE ALAMEDA COUNTY DEFENDANTS' AFFIRMATIVE DEFENSES THAT FAIL AS A MATTER OF LAW

        "A defense is insufficient as a matter of law when there are no questions of fact, questions

of law are clear and not in dispute, and the defense would not succeed under any circumstances." *J*

*& J Sports Productions, Inc. v. Catano*, 2012 WL 5424677, at *1 (E.D. Cal. Nov. 6, 2012) (citing

SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (citations omitted)). "[T]he inclusion of a

legally insufficient affirmative defense may result in 'prejudice . . . delay, and confusion of the

issues.' " *Solis v. Couturier*, 2009 WL 3055207, at *1 (E.D. Cal. Sept. 17, 2009) (*quoting Fantasy,*

*Inc.*, 984 F.2d at 1528).

### A.    Defenses That Merely Deny Plaintiffs' Allegations

        "The affirmative defense is a descendant of the old plea of 'confession and avoidance,'

whereby a defendant admits the plaintiff's prima facie case, and then alleges additional material

that defeats the plaintiff's cause of action." *Munoz v. PHH Corp.*, 2013 WL 1278509, at *2 (E.D.

Cal. Mar. 26, 2013) (*quoting Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys.,*

*Inc.*, 487 F. Supp. 2d 1099, 1112 (N.D. Cal. 2007) (*citing Charles Alan Wright & Arthur R.*

Miller, Federal Practice and Procedure § 1270, at 558 (3d ed. 2004))). Therefore, "[d]enials of

allegations in the complaint or allegations that the plaintiff cannot prove the elements of [her]

claim are not affirmative defenses." *Id.*, at *3 (citation omitted); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense."); *Roberge v. Hannah Marine Corp.*, 1997 WL 468330, at *3 (6th Cir. Aug. 13, 1997) ("An affirmative defense, under the meaning of Fed. R. Civ. P. 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven."); *Vogel*, 291 F.R.D. at 442 ("An affirmative defense absolves defendant of liability 'even where the plaintiff has stated a prima facie case for recovery.'" (*quoting Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005)).

In addition, "[t]o the extent that [the defendant] restates negative defenses that exist in other parts of the complaint, those defenses are redundant pursuant to Rule 12(f) and should be struck so as to simplify and streamline the litigation." *Gibson Brands, Inc. v. John Hornby Skewes & Co. Ltd.*, 2014 WL 4187979, at *6 (C.D. Cal. Aug. 22, 2014) (*quoting Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010)).

Each of the following the Alameda County Defendants' purported affirmative defenses is actually a mere denial of plaintiff's allegations, and not a proper affirmative defense, so each should be stricken.

### 1.   Failure to State a Valid Claim (First Affirmative Defense)

The Alameda County Defendants' First Affirmative Defense asserts that "To the extent the Complaint, and each and every purported cause of action contained therein, fails to set forth facts sufficient to state a cause of action, Plaintiffs are barred from any recovery against Defendant." (Answer at 24.) It is well-established, however, that "failure to state a claim" is not a cognizable affirmative defense. *Comercializadora Recmaq v. Hollywood Auto Mall, LLC*, 2014 WL 3628272, at *17 (S.D. Cal. July 21, 2014) ("'Failure to State Sufficient Facts to Constitute a Cause of Action,' is not a valid defense." (*citing Helstern v. City of San Diego*, 2014 WL 294496, at *2 (S.D. Cal. Jan. 24, 2014))); *Vogel v. OM ABS, Inc.*, 2014 WL 340662, at *2 (C.D. Cal. Jan. 30, 2014) ["*Vogel II*"] (defendant's "affirmative defense, failure to state a claim, fails as a matter of law because it is not an affirmative defense, but rather a failure of Plaintiff's prima facie case."

(*citing Barnes*, 718 F. Supp. 2d at 1174)); *Vogel*, 291 F.R.D. at 442 ("failure to state a claim is . . . not an additional set of facts that would bar recovery notwithstanding the plaintiff's valid prima facie case" (citation omitted)); *Kohler v. Big 5 Corp.*, 2012 WL 1511748, at *3 (C.D. Cal. 2012); *Quintana*, 233 F.R.D. at 564. Accordingly, the Alameda County Defendants' First Affirmative Defense should be stricken.

## 2.   Qualified Immunity (Second Affirmative Defense)

The Alameda County Defendants' second affirmative defense asserts that "[t]o the extent the Complaint, and each and every purported cause of action contained therein, alleges actions taken by law enforcement officers acting in the course and scope of their duties, Defendants are immune from liability, and Plaintiffs are barred from any recovery against Defendant."

This defense is a redundant negative defense because it merely disclaims liability by contradicting Plaintiffs' allegations rather than pleading affirmative factual allegations accepting those allegations as true. "If a purported affirmative defense only addresses the elements of the cause of action, it is not an affirmative defense and it will be stricken as redundant." *Gomez v. J. Jacobo Farm Labor Contr., Inc.*, 2016 U.S. Dist. LEXIS 66922, at *4 (E.D. Cal. May 20, 2016). "Because Defendants are attacking Plaintiff[s'] prima facie case, not pleading matters extraneous to that case, this does not appear to be a proper affirmative defense." *Devermont v. City of San Diego*, 2013 U.S. Dist. LEXIS 83495, *16 (S.D. Cal. June 11, 2013). Defendants' assertion of "qualified immunity" as an affirmative defense is a redundant "negative defense" because it refuses to accept that "the allegations of the complaint are true," *see Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987), and, rather, pleads an alternative set of facts that contradicts Plaintiffs' allegations and "is merely rebuttal against the evidence presented by the plaintiff," *see Barnes*, 718 F. Supp. 2d at 1173.

Defendants' "qualified immunity" defense also fails because entitlement to qualified immunity is granted only when, "considering the facts and inferences in the light most favorable to the plaintiff, the officials [are] entitled to qualified immunity as a matter of law." *LaLonde v. County of Riverside*, 204 F.3d 947, 953 (9th Cir. 2000); *see also Nelson v. City of Davis*, 685 F.3d 867, 881 (9th Cir. 2012). But Defendants have not pleaded entitlement to qualified immunity

accepting Plaintiffs' allegations as true. The assertion of an affirmative defense claiming immunity based on unalleged facts is pointless and redundant, where Defendants have already denied the factual allegations that Plaintiffs did advance.  "'[I]f an affirmative defense is a negative defense and should instead be included as a denial in the answer, the motion to strike will be granted.'" *FDIC v. First Priority Fin.*, 2016 U.S. Dist. LEXIS 79390, at *3 (E.D. Cal. June 17, 2016).

### B.   Defenses That Cannot Succeed As a Matter of Law: Exclusive Remedy (Ninth Affirmative Defense)

The Alameda County Defendants' ninth affirmative defense asserts that "[t]o the extent that Plaintiffs allege violations of their property interest, there was an alternate remedy available under state tort law, and Plaintiffs' claims for relief under Section 1983 are time-barred."

This affirmative defense should be struck.  Exhaustion of state remedies is not a prerequisite to bringing an action under 42 USC § 1983. *Patsy v. Board of Regents*, 457 US 496, 73 L.Ed.2d 172 (1982); *Heath v. Cleary*, 708 F.2d 1376, 1378 (9th Cir. 1983); *Cushing v. City of Chicago*, 3 F.3d 1156 (7th Cir. 1993). Defendant's affirmative defense on this ground is therefore legally insufficient.

## II.   THE COURT SHOULD STRIKE THE ALAMEDA COUNTY DEFENDANTS' AFFIRMATIVE DEFENSES THAT ARE INSUFFICIENTLY PLED

An affirmative defense must give the plaintiff fair notice of the defense. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010); *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Comercializadora Recmaq*, 2014 WL 3628272, at *18. A defense is insufficiently pled if it "fails to point to the existence of some identifiable fact that would make the affirmative defense plausible on its face." *Erickson Productions, Inc. v. Kast*, 2014 WL 1652478, at *2 (N.D. Cal. Apr. 23, 2014) (*citing Barnes*, 718 F. Supp. 2d at 1170).

Affirmative defenses that do not properly allege new facts, but instead only state the existence of the defense in a conclusory fashion, are insufficiently pled and should be stricken. *See Comercializadora Recmaq*, 2014 WL 3628272, at *18 (striking 21 insufficiently-pled affirmative defenses); *Solis v. Zenith Capital, LLC*, 2009 WL 1324051, at *2 (N.D. Cal. May 8, 2009) ("Where an affirmative defense simply states a legal conclusion or theory without the support of

1   facts explaining how it connects to the instance case, it is insufficient and will not withstand a

2   motion to strike."); *Vogel*, 291 F.R.D. at 441 (Defendant "fails to link a single affirmative defense

3   to a specific claim, and its Answer fails to provide factual support for any of them. Instead, the

4   Answer provides a barebones recitation of legal doctrines, leaving [plaintiff] to guess how they

5   apply to his claims."); *Ansari v. Elec. Document Processing, Inc.*, 2012 WL 3945482, at *4 (N.D.

6   Cal. Sept. 10, 2012) (striking all 24 affirmative defenses where each "fails to 'point to the

7   existence of some identifiable fact that if applicable to [Plaintiff] would make the affirmative

8   defense plausible on its face" (*quoting Barnes*, 718 F. Supp. 2d at 1172)); *c.f. Gonzalez v.*

9   *Preferred Freezer Servs., LBF, LLC*, 2012 WL 2602882, at *3 (C.D. Cal. July 5, 2012) ("Because

10  there are numerous class and individual claims at issue, Defendant's failure to link its thirty-seven

11  (37) defenses to the particular claims for relief to which it purportedly applies is problematic--a

12  problem that is exacerbated by Defendant's failure to articulate any facts supporting its alleged

13  defenses.").

14          **A.   Qualified Immunity (Second Affirmative Defense)**

15          The Alameda County Defendants' second affirmative defense asserts that "[t]o the extent

16  the Complaint, and each and every purported cause of action contained therein, alleges actions

17  taken by law enforcement officers acting in the course and scope of their duties, Defendants are

18  immune from liability, and Plaintiffs are barred from any recovery against Defendant."

19          This defense is insufficient as a matter of pleading because it "does not address the specific

20  elements of qualified immunity." *See Leos v. Rasey*, 2016 U.S. Dist. LEXIS 38972, *7 (E.D. Cal.

21  Mar. 24, 2016). Those elements are (1) a violation of a constitutional right which (2) was clearly

22  established. Id. at **6-7. The Alameda County Defendants have alleged no facts supporting the

23  contention that the factual allegations do not "clearly establish" a violation of constitutional rights.

24          Moreover, if an affirmative defense of qualified immunity "requires [a plaintiff] to guess at

25  who is actually alleging immunity, at what conduct is entitled to immunity, and how the immunity

26  might apply or to which claims the immunity might apply," then a plaintiff "does not know the

27  true nature or grounds of the defense, and thus, does not have 'fair notice.'" *Neylon v. Cty. of Inyo*,

28  2017 U.S. Dist. LEXIS 137212, at *24–26 (E.D. Cal. Aug. 25, 2017).

1        In this case, County Defendants' assertion of unidentified "immunities" is insufficient. *See,*

2   *e.g., Walden v. Nevada*, 945 F.3d 1088, 1095 (9th Cir. 2019). Which "immunities"? What facts

3   support application of the "immunities"? Because Plaintiffs "do[] not know the true nature or

4   grounds of the defense," they "do[] not have 'fair notice.'" *See Neylon*, 2017 U.S. Dist. LEXIS

5   137212, at *24–26.

6       **B.**    **Rational Basis (Third Affirmative Defense); Compelling Government Interest**

7           **(Fourth Affirmative Defense); Legitimate, Non-Discriminatory Reason (Fifth**

8           **Affirmative Defense); Necessity (Eleventh Affirmative Defense); Acts of Third**

9           **Parties (Thirteenth Affirmative Defense); Reliance on Appropriate**

10          **Professionals (Fourteenth Affirmative Defense); Exhaustion of Remedies**

11          **(Sixteenth Affirmative Defense)**

12       The Alameda County Defendants' third affirmative defense asserts that "[t]o the extent the

13  Complaint, and each and every purported cause of action contained therein, alleges an interference

14  with Plaintiffs' rights, Defendants had a legitimate state interest in enforcing the rules and policies

15  related to the need to provide a safe and secure jail, and Defendants had a rational basis for taking

16  the actions they took."

17       The Alameda County Defendants' fourth affirmative defense asserts that "[t]o the extent

18  the Complaint, and each and every purported cause of action contained therein, alleges an

19  interference with Plaintiffs' fundamental rights, Defendants had a compelling government interest

20  related to the actions taken, and no less-restrictive measures were available; therefore, Plaintiffs

21  are barred from any recovery against Defendant."

22       The Alameda County Defendants' fifth affirmative defense asserts that "[e]ach and every

23  purported cause of action alleged in Plaintiffs' Complaint is barred because Defendants had

24  legitimate, non-discriminatory reasons for the alleged conduct, and that they would have made the

25  same decisions even in the absence of any purported unlawful motive."

26       The Alameda County Defendants' eleventh affirmative defense asserts that "[e]ach and

27  every purported cause of action alleged in Plaintiffs' Complaint is barred because the actions taken

28

1  by Defendants were made necessary by emergency circumstances, including the outbreak of the

2  COVID-19 pandemic."

3        The Alameda County Defendants' thirteenth affirmative defense asserts that "[e]ach and

4  every purported cause of action alleged in Plaintiffs' Complaint is barred because, to the extent

5  that Plaintiffs incurred damages, those damages were the result of actions by third parties, either

6  negligent or intentional."

7        The Alameda County Defendants' fourteenth affirmative defense asserts that "[t]o the

8  extent that Plaintiffs allege damages or deprivation of their rights related to medical needs,

9  Defendants arranged for treatment and decision-making by the appropriate medical professionals

10  and relied on the decisions of those professionals. These answering Defendants took no part in

11  medical decision making."

12        The Alameda County Defendants' sixteenth affirmative defense asserts that "Defendants

13  allege that Plaintiffs' claims are barred, in whole or in part, by their failure to comply with and/or

14  exhaust any and all administrative and other available remedies."

15        All of these affirmative defenses are insufficiently pled as they provide no supporting

16  factual basis.  See, e.g., *Antonio v. Kokor*, 2017 WL 942386, *2 (E.D. Cal. March 10, 2017)

17  ("Defendants provide no factual basis for [their] affirmative defenses . . . .Without something

18  more than reference to the doctrine identified, such pleadings give Plaintiff no information as to

19  whether Defendants have an arguable basis for any such claims or are simply asserting them just

20  in case facts might later arise to support them. If the latter, Plaintiff should not be put to the time

21  and expense of conducting discovery into the bases for raising such defenses. As pled, they will be

22  stricken . . . .").

23        **C.**      **Statute of Limitations (Sixth Affirmative Defense)**

24        The Alameda County Defendants' sixth affirmative defense asserts that "[t]o the extent

25  that Plaintiffs allege issues and activities that occurred outside of the time-window proscribed by

26  the statute of limitations (Cal. Code Civ. Proc., § 388(1)), Plaintiffs' actions are time barred."

27        The Federal Rules of Civil Procedure discuss the defense of statute of limitations,

28  providing that "a party shall set forth affirmatively . . . (a defense based upon the) statute of

Case No. 3:19-cv-07423-JSC

PLAINTIFFS' MOTION TO STRIKE COUNTY DEFENDANTS' AFFIRMATIVE DEFENSES

1   limitations." Fed. R. Civ. P. 8(c). The Alameda County Defendants do not, however, provides no

2   factual basis for when these claims began to accrue, and why they would have lapsed. Given the

3   foregoing, the Alameda County Defendants' affirmative defense of statute of limitations falls

4   below the pleading standard to give Plaintiff "fair notice" to the substance of the affirmative

5   defense. *See Kohler*, 280 F.R.D at 567-568. The affirmative defense should be struck.

6           **D.**      **Laches (Seventh Affirmative Defense)**

7           The Alameda County Defendants' seventh affirmative defense asserts that "[t]o the extent

8   that Plaintiffs and/or putative class members seek equitable relief for matters in which they sat on

9   their rights to the detriment of Defendants, these actions are barred by the doctrine of laches."

10           The Alameda County Defendants' invocation of the doctrine of laches is pled in

11   conclusory fashion and should be struck. *See Vogel II*, 2014 WL 340662, at *2-3 (striking laches

12   affirmative defense that "fail[ed] to set forth any facts regarding how Plaintiff's conduct allegedly

13   gave rise to [the] defense" (*citing Desert European Motorcars, LTD v. Desert European*

14   *Motorcars, Inc.*, 2011 WL 3809933, at *2-4 (C.D. Cal. Aug. 25, 2011)).  The Alameda County

15   Defendants fail to allege the two necessary elements for such a defense: (1) lack of diligence by

16   the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.

17   *In re Beaty*, 306 F.3d 914, 926 (9th Cir. 2002).

18           **E.**      **Unclean Hands (Eighth Affirmative Defense)**

19           The Alameda County Defendants' eighth affirmative defense asserts that "[e]ach and every

20   purported cause of action alleged in Plaintiffs' Complaint is barred because Plaintiffs should not

21   be allowed to profit off their own wrongdoing."

22           The Alameda County Defendants' invocation of the doctrine of unclean hands is pled in

23   conclusory fashion.  The Alameda County Defendants fails, for example, to allege what about

24   plaintiff's behavior constituted "reprehensible conduct in the course of the transaction at issue."

25   *See Dodson v. CSK Auto*, 2013 WL 3942002, at *3 (E.D. Cal. July 30, 2013) (granting motion to

26   strike unclean hands defense where "there is no indication anywhere in Defendant['s] pleadings

27   that Plaintiff engaged in activity that might constitute reprehensible conduct" (quotation omitted)).

28   Courts strike affirmative defenses invoking unclean hands when pled, as here, in a conclusory

PLAINTIFFS' MOTION TO STRIKE COUNTY DEFENDANTS' AFFIRMATIVE DEFENSES

1   manner. *See Comercializadora Recmaq*, 2014 WL 3628272, at *18 (striking unclean hands

2   affirmative defenses because "the unclean hands defense does not state how [plaintiff] acted in a

3   deceitful manner"); *Desert European Motorcars, LTD v. Desert European Motorcars, Inc.*, 2011

4   WL 3809933, at *2-4 (C.D. Cal. Aug. 25, 2011) (striking unclean hands affirmative defense that

5   "fails to provide sufficient facts to give Plaintiff fair notice of the conduct giving rise to this

6   defense"); *Moore v. BASF Corp.*, 2012 WL 4794319, at *2 (E.D. La. Oct. 9, 2012) (striking

7   unclean hands affirmative defenses where "[d]efendant does not indicate which of plaintiffs'

8   claims are barred . . . or the facts giving rise" to the claims).

9       Any answer averring inequitable conduct must be pled with specificity under Rule 9(b).

10  *See*, *e.g.*, *Oracle Corp. v. DrugLogic, Inc.*, 807 F. Supp. 2d 885, 897-98 (N.D. Cal. 2011) (N.D.

11  Cal. 2011). Because the Alameda County Defendants failed to meet this heightened pleading

12  standard, its unclean hands affirmative defense fails as a matter of law.

13      **F.      Failure to Mitigate (Tenth Affirmative Defense)**

14      The Alameda County Defendants' tenth affirmative defense asserts that "Plaintiffs have

15  failed to mitigate any or all of the damages alleged in the Complaint; therefore, they are precluded

16  from recovering these damages."

17      Because Defendants have provided no factual basis for these affirmative defenses and

18  because the nature of these defenses is not otherwise apparent given the claims before the Court,

19  the aforementioned defenses are insufficiently pled. *See Kohler v. Islands Rests.*, LP, 280 F.R.D.

20  560, 570 (S.D. Cal. 2012) (striking failure to mitigate defense where it lacked factual basis).

21      **G.      Negligence or Willful Conduct of Plaintiffs (Twelfth Affirmative Defense);**

22              **Plaintiffs at Fault (Fifteenth Affirmative Defense)**

23      The Alameda County Defendants' twelfth affirmative defense asserts that "[e]ach and

24  every purported cause of action in Plaintiffs' Complaint is the result, at least in part, of the

25  negligence and/or willful conduct of Plaintiffs themselves; therefore, they should be barred from

26  recovery or their damages should be mitigated by their relative fault."

27      The Alameda County Defendants' fifteenth affirmative defense asserts that "[t]o the extent

28  that Plaintiffs allege damages or deprivation of their rights related to medical needs, Plaintiffs had

1  a responsibility to follow the advice of medical professionals, and, to the extent that they failed to

2  do so, Plaintiffs are responsible for the outcomes of that failure."

3       Because Defendants have provided no factual basis for these affirmative defenses they are

4  insufficiently pled. *See Devermont v. City of San Diego*, 2013 WL 2898342, at *16-17 (S.D. Cal.

5  June 12, 2013) (*quoting Roe*, 289 F.R.D. at 611-12) ("[a] bare assertion of negligence or

6  contributory fault without 'any indication of the conduct supporting the defense' does not pass

7  muster, even under the fair notice standard.").

8       ### H.   Res Judicata/Collateral Estoppel (Seventeenth Affirmative Defense)

9       The Alameda County Defendants' seventeenth affirmative defense asserts that

10  "Defendants allege that Plaintiffs' claims are barred or limited, in whole or in part, by res judicata

11  or collateral estoppel."

12       The doctrines of res judicata and collateral estoppel include "two distinct types of

13  preclusion, claim preclusion and issue preclusion." *See Robi v. Five Platters, Inc.*, 838 F.2d 318,

14  321 (9th Cir. 1988); *Oneida Indian Nation of New York v. New York*, 194 F. Supp. 2d 104, 123

15  (N.D.N.Y. 2002) ("Collateral estoppel, or issue preclusion, bars a party from relitigating an issue

16  that was 'actually litigated and necessary to the outcome' of a prior adjudication." (*quoting*

17  *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979))). The Alameda County Defendants

18  do not identify what claims or issues were litigated, or even to what litigation of "Plaintiff's and

19  the putative Class's" its defense refers. Thus, the Alameda County Defendants' Seventeenth

20  Affirmative Defense should be stricken. *See Ganley v. Cty. of San Mateo*, 2007 WL 902551, at *3

21  - *5 (N.D. Cal. Mar. 22, 2007) (striking Res Judicata/Collateral Estoppel defense where "neither

22  Plaintiff nor Defendant has alleged that any prior judicial proceeding has occurred with respect to

23  these claims which would carry preclusive effect," finding the defense "[t]herefore . . . insufficient

24  as a matter of law").

25  ### III.   CONCLUSION

26       For all of these reasons, Plaintiffs respectfully request that the Court strike all of the

27  Alameda County Defendants' affirmative defenses.

28

DATED: August 18, 2023              LAW OFFICES OF YOLANDA HUANG


By: _____/s/ Yolanda Huang_____
    Yolanda Huang
    Attorney for Plaintiffs

DATED: August 18, 2023              LAW OFFICE OF THOMAS E. NANNEY


By: _____/s/ Thomas E. Nanney___
    Thomas E. Nanney
    Attorney for Plaintiffs