**LAW OFFICES OF YOLANDA HUANG**
Yolanda Huang (State Bar No. 104543)
2748 Adeline Street, Suite A
Berkeley, California 94703
Telephone:   (510) 329-2140
Facsimile:    (510) 580-9410
E-Mail:       yhuang.law@gmail.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| **ALAMEDA COUNTY MALE PRISONERS** And Former Prisoners, DANIEL GONZALEZ, et al. on behalf of themselves and others similarly situated, <u>as a Class, and Subclass,</u><br><br>**PLAINTIFFS,**<br><br>vs.<br><br>**ALAMEDA COUNTY SHERIFF'S OFFICE**, et al,<br><br>**DEFENDANTS** | No. 3:19-cv-07423 JSC<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLARIFICATION OF THIS COURT'S ORDER RE: CERTIFICATION OF A RULE 23(B)(2) CLASS (ECF 312); DECLARATION OF YOLANDA HUANG, AND (PROPOSED) ORDER**<br><br>Hon. Jacqueline Scott Corley, Presiding<br><br>Trial Date: |

## I.   INTRODUCTION

Plaintiffs respectfully seek an Order from the Court clarifying that the class which has been certified in this action consists of both male and female detainees at the Santa Rita Jail.

///

///

1

## II. STATEMENT OF PERTINENT FACTS AND PROCEDURAL HISTORY

On August 31, 2023, the Court issued its Order Re: Certification of a Rule 23(B)(2) Class. (ECF 312). For purposes of this Administrative Motion for Clarification, the pertinent portions of the Order are the following:

"Accordingly, the Court CERTIFIES a class under Rule 23(b)(2) of all *male* detainees who are now, or will in the future be, subjected to the following sanitation policies and practices of Santa Rita Jail:

1. The Jail's policy requiring inmates to maintain the sanitation of their own cells and common areas, but failing to have a policy or practice which provides inmates with adequate sanitation supplies, or a policy for addressing inmates housed with those who cannot functionally maintain their own sanitation because of mental health issues, which impacts sanitation for all inmates within that congregate housing area.

2. The Jail's policy of not providing bathrooms in the common areas, and inmates' difficulties obtaining access to bathroom areas during POD or out-of-cell time.

(ECF 312, pg. 1:19-27)(Emphasis added).

However, on February 5, 2021, the Hon. James Donato issued an order in the case of *Mohrbacher, et al. v. Alameda County Sheriff's Office, et al.*, C-18-00050-JD, stating that his Court "will handle all claims based on gender-specific allegations for female inmates." (See Civil Minutes, ECF 184, from the Mohrbacher case, attached as Exhibit A to the Declaration of Yolanda Huang). It was understood that this Court, in the *Gonzalez* case, would be responsible for adjudicating all claims of female inmates at the Santa Rita Jail that were not gender-specific claims and which were claims otherwise falling within the ambit of this Court's class certification order. (Huang Decl.). *See also*, Plaintiffs' Fifth Amended Complaint, pg. 2:13-19. (ECF 180).

Plaintiffs' motion for class certification was inclusive of all inmates in Santa Rita Jail, and did not distinguish between male or female inmates with regard to sanitation. Plaintiffs' motion requested that the Court certifying a class of "All adults who have been incarcerated anytime between November 19, 2017 and the final resolution of this lawsuit, in Santa Rita Jail". (ECF 225, p.2, l. 2). The policies of Alameda County Santa Rita Jail requiring inmates' to maintain the sanitation of their own cells do not differentiate between male and female inmates. The supplies provided by the jail for sanitation are identical for all inmates and the jail does not differentiate between male and female inmates. The architecture and lack of bathrooms in housing units and common areas are the same in all housing units, and housing units are used interchangeably for male and female inmates. In fact, Housing Unit 21 is half female and half male. (See Dec. Y Huang). Accordingly, Plaintiffs respectfully request that the Court issue an Order stating that the Class Certification in this case applies to both male and female detainees at the Santa Rita Jail.

### III. REQUESTS FOR CLARIFICATION ARE APPROPRIATE TO CLARIFY A LITIGANT'S DUTY

While there is no specific Federal Rule of Civil Procedure which governs requests for clarification, *United States v. Philip Morris USA, Inc* 793 F. Supp. 2d 165 (DC Dist. Ct. 2011); applying to the Courts for clarification is appropriate to clarify a litigant's duty. See *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945)("…we think courts would not be apt to withhold a clarification in the light of a concrete situation that left parties or "successors and assigns" in the dark as to their duty toward the court.")

Fed. R. Civ. P. 60(a) also provides in pertinent part that "the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." The Court has authority to modify its own interlocutory orders even when a motion for clarification

3

**PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLARIFICATION OF THIS COURT'S ORDER RE: CERTIFICATION OF A RULE 23(B)(2) CLASS (ECF 312)**
*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No. 3:19-cv-07423 JSC

does not meet the requirements for a motion for reconsideration. *Nancy Zhang v. Realty,* 2022 U.S. Dist. LEXIS 218965, at 7-8 (C.D. Cal. August 24, 2022).

### III. CONCLUSION

For the reasons set forth herein and in the attached Declaration of Yolanda Huang, Plaintiffs respectfully request that the Court issue an order stating that the Class Certification in this case applies to both male and female detainees at the Santa Rita Jail.

DATED: September 22, 2023          LAW OFFICE OF YOLANDA HUANG


                                   __/s/ Yolanda Huang_____
                                   Yolanda Huang

**PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLARIFICATION OF THIS COURT'S ORDER RE: CERTIFICATION OF A RULE 23(B)(2) CLASS (ECF 312)**
*Gonzalez v. Alameda County Sheriff's Office* United States District Court, Northern District of California, Case No. 3:19-cv-07423 JSC