1  Gregory B. Thomas (SBN 239870)
   E-mail: gthomas@bwslaw.com
2  Temitayo O. Peters (SBN 309913)
   E-mail: tpeters@bwslaw.com
3  Jasper L. Hall (SBN 341113)
   E-mail: jhall@bwslaw.com
4  BURKE, WILLIAMS & SORENSEN, LLP
   1999 Harrison Street, Suite 1650
5  Oakland, California 94612-3520
   Tel: 510.273.8780   Fax: 510.839.9104

Attorneys for Defendants ALAMEDA COUNTY
SHERIFF'S OFFICE, ALAMEDA COUNTY,
DEPUTY JOE, and DEPUTY IGNONT
(collectively "ALAMEDA COUNTY
DEFENDANTS")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ALAMEDA COUNTY MALE PRISONERS And Former Prisoners, DANIEL GONZALEZ, et al. on behalf of themselves and others similarly situated, as a Class, and Subclass;<br><br>ALAMEDA COUNTY FEMALE PRISONERS And Former Prisoners, JACLYN MOHRBACHER, ERIN ELLIS, DOMINIQUE JACKSON, CHRISTINA ZEPEDA, ALEXIS WAH, AND KELSEY ERWIN, et al on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, ALAMEDA COUNTY, Deputy Joe, Deputy Ignont (sp) John and Jane ROEs, Nos. 1 – 25,<br><br>        Defendants. | Case No. 3:19-cv-07423-JSC<br><br>**ALAMEDA COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLARIFICATION OF THIS COURT'S ORDER RE CERTIFICATION OF A RULE 23(B)(6) CLASS (ECF 312)**<br><br>*Filed concurrently with [Proposed] Order*<br><br>Judge:    District Judge Jacqueline Scott Corley<br><br>Trial Date:    May 6, 2024 |

4854-4676-5442 v1

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

1

Case No. 3:19-cv-07423-JSC
DEFTS' OPP TO PLTFS' ADMIN MOTION FOR
CLARIFICATION OF ORDER RE CLASS CERT

In accordance with Northern District of California Local Rule 7-11(b), Defendants COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, DEPUTY JOE, and DEPUTY IGNONT (collectively, "Alameda County Defendants") respectfully submit this opposition to "Plaintiffs' Administrative Motion for Clarification of This Court's Order Re: Certification of a Rule 23(B)(2) Class (ECF 312)" (Administrative Motion).

## PERTINENT FACTS

The operative Fifth Amended Complaint was filed on April 20, 2022.  Dkt. No. 180.  Of the fifteen originally named Plaintiffs, only two – Tikisha Upshaw and Tiara Arnold – are female. *Id.* at ¶¶ 14.3.8, 14.3.15.  Ms. Arnold, who did not assert any inadequate sanitation claims in the operative complaint, was dismissed by this Court on November 7, 2022.  Dkt. No. 216, pp. 5-6. *See also* Dkt. No. 180 ¶ 14.3.15.  Plaintiff Upshaw, the only remaining female inmate in this lawsuit, is also not asserting any inadequate sanitation claims in this lawsuit.  Dkt. No. 180 ¶ 14.3.8.

On May 9, 2023, the Court conditionally certified an inadequate sanitation subclass comprised of all male inmates.  Dkt. No. 264.  In so doing, the Court construed Plaintiffs' class certification request as applicable only to male inmates because "*Plaintiffs do not have a female class representative* (emphasis added)." *Id.* at 3:11-12.  The Court's recent order officially certifying Plaintiffs' inadequate sanitation class reiterates that the inadequate sanitation class certified under Federal Rule of Civil Procedure 23(b)(2) in this action is limited to "male inmates detainees who are now, or will in the future be" subjected to the two alleged sanitation policies stated in the order.  Dkt. No. 312 at 1.  On September 22, 2023, Plaintiffs filed the subject Administration Motion seeking to expand the certified inadequate sanitation class in this action to include female inmates.

## ARGUMENT

Plaintiffs' Administrative Motion should be denied for several reasons.  First, Plaintiffs' Administrative Motion should be denied because the requirements of Federal Rule of Civil Procedure 23 (Rule 23) have not been met as it pertains to an inadequate sanitation class comprised of female inmates.  *See generally* Dkt. No. 180.  The only remaining named female

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4854-4676-5442 v1

2

Case No. 3:19-cv-07423-JSC
DEFTS' OPP TO PLTFS' ADMIN MOTION FOR CLARIFICATION OF ORDER RE CLASS CERT

1  inmate in this lawsuit is not asserting any sanitation claims.  As a result, she cannot act as a female

2  class representative for the inadequate sanitation class.  Dkt. No. 264 at 3:11-12.  S*ee also, e.g.*

3  Fed. R. Civ. P. 23(a)(4) (certification only appropriate if "the representative parties will fairly and

4  adequately protect the interests of the class").

5        The male class representatives also cannot act as class representatives for an inadequate

6  sanitation class comprised of female inmates.  As the Court already found, Plaintiffs "do not

7  dispute that female inmates are housed in separate areas from male inmates."  Dkt. No. 264 at

8  3:13-14.  There is no evidence that the male class representatives', who are indisputably housed

9  separately from the female inmates, claims are "common" or "typical of the claims" of female

10 inmates.  Fed. R. Civ. P. 23(a)(2)-(3).  There is also no evidence that female inmates experience

11 the same sanitation challenges alleged by the male inadequate sanitation class representatives in

12 this lawsuit, which the Alameda County Defendants dispute.  Plaintiffs' belated and unsupported

13 attempt to argue that female inmates are subjected to the same alleged polices neither changes

14 these facts nor justifies modifying the scope of the certified class.  *See generally* Dkt. No. 319-1.

15       Second, Plaintiffs' attempt to rely on a two-sentence order issued by Judge James Donato

16 in *Jaclyn Mohrbacher, et al. v. Alameda County Sheriff's Office* (Case No. 3:18-cv-0050-JD) to

17 support their motion is puzzling and unavailing.  The Court already determined that this lawsuit is

18 not related to the *Mohrbacher* lawsuit.  *See* Dkt. No. 14 (rejecting request to relate this matter to

19 *Mohrbacher*).  Moreover, nothing in the order can be interpreted to relate to class certification in

20 this matter or to provide evidence establishing that the requirements of Rule 23 have been met as

21 applied to Plaintiffs' proposed female class.  *See generally* Fed. R. Civ. P. 23.  Finally, even if the

22 *Mohrbacher* order did some how relate to class certification in this case, it was not referenced in

23 Plaintiffs' Motion for Class Certification, nor anywhere in the supporting documentation, and

24 therefore should not be considered at this late hour.  *See generally* Dkt. No. 225, 263.

25 / / /

26 / / /

27 / / /

28 / / /

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

4854-4676-5442 v1

3

Case No. 3:19-cv-07423-JSC
DEFTS' OPP TO PLTFS' ADMIN MOTION FOR
CLARIFICATION OF ORDER RE CLASS CERT

## **CONCLUSION**

Accordingly, the Alameda County Defendants respectfully request that the Court deny Plaintiffs' Administrative Motion and continue defining the certified inadequate sanitation class as set forth in Dkt. No. 312.

Dated: September 26, 2023            BURKE, WILLIAMS & SORENSEN, LLP

By:      **/s/ *Temitayo O. Peters***
Gregory B. Thomas
Temitayo O. Peters
Jasper L. Hall
Attorneys for Defendants ALAMEDA COUNTY SHERIFF'S OFFICE, ALAMEDA COUNTY, DEPUTY JOE, and DEPUTY IGNONT

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

4854-4676-5442 v1

4

Case No. 3:19-cv-07423-JSC
DEFTS' OPP TO PLTFS' ADMIN MOTION FOR CLARIFICATION OF ORDER RE CLASS CERT