UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF ALAMEDA, et al., <br><br> Defendants. | Case No. 3:19-cv-07423-JSC <br><br> **ORDER RE: PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLARIFICATION OF CLASS CERTIFICATION ORDER** <br><br> Re: Dkt. No. 319 |

On September 22, 2023, Plaintiffs filed an administrative motion seeking clarification of the Court's August 31, 2023 order certifying a Rule 23(b)(2) class. (Dkt. Nos. 312, 319.) In particular, Plaintiffs seek clarification regarding the Court's certification of a class of "all male detainees" rather than a class of "all detainees." Plaintiffs' motion for clarification is DENIED.

As a threshold matter, the procedural basis for Plaintiffs' motion is unclear. Plaintiffs reference Federal Rule of Civil Procedure 60(a) which allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." There was, however, no clerical mistake here. As the Court explained in its May 9, 2023 conditional certification order:

> to the extent Plaintiffs seek certification of a class of "all inmates" which includes male and female inmates, Plaintiffs do not have a female class representative. (Dkt. No. 225 at 2.) Plaintiffs argue—without explanation or citation to any authority or evidence —that this argument is a 'red herring that goes nowhere,' but do not dispute that female inmates are housed in separate areas from male inmates. (Dkt. No. 236 at 19.) Accordingly, the Court construes Plaintiffs' motion for class certification as seeking certification of a class of all male inmates.

(Dkt. No. 264 at 3.) In its certification order, the Court thus certified a class of "all male detainees." (Dkt. No. 312.)

Plaintiffs' reliance on an order Judge Donato issued in *Mohrbacher, et al. v. Alameda County Sheriff's Office, et al.*, C-18-00050-JD, stating that case would handle "gender-specific allegations for female inmates" from which Plaintiffs' counsel "understood that this Court in the *Gonzalez* case, would be responsible for adjudicating all claims of female inmates at the Santa Rita Jail that were not gender-specific claims" is unavailing. (Dkt. No. 319-1 at ¶ 5.) Plaintiffs did not proffer a female class representative in this case and the only female named plaintiff does not plead sanitation-related claims. (Dkt. No. 180 at ¶ 14.3.15.) Plaintiffs' belated attempt to supplement the evidence offered on class certification with new evidence regarding the sanitation policies at the jail is improper. The Court has given Plaintiffs innumerable opportunities to provide evidence in support of class certification. Plaintiffs' attempt to resuscitate these issues with three weeks left in fact discovery, months after the Court stated it construed Plaintiffs' motion for class certification as on behalf of male detainees only, is too little, too late.

Plaintiffs' motion for clarification is DENIED.

This Order disposes of Docket No. 319.

**IT IS SO ORDERED.**

Dated: September 26, 2023

JACQUELINE SCOTT CORLEY
United States District Judge