**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
2748 Adeline Street, Suite A
Berkeley, CA 94703
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**LAW OFFICE OF THOMAS E. NANNEY**
Thomas E. Nanney (State Bar No. 214342)
2217 W. 120th St.
Leawood, Kansas 66209
Phone: (816) 401-0047
Email: tomnanney@gmail.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| ALAMEDA COUNTY MALE PRISONERS And Former Prisoners, DANIEL GONZALEZ, et al. on behalf of themselves and others similarly situated, as a Class, and Subclass<br><br>**PLAINTIFFS,**<br>vs.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, et al<br><br>**DEFENDANTS.** | No. 3:19-cv-07423 JSC<br><br>**PARTIES' JOINT STATEMENT OF DISCOVERY DISPUTE REGARDING DEFENDANT WELLPATH MANAGEMENT, INC.'S INTERROGATORY RESPONSES** |

Per this Court's Standing Order, the parties submit the following joint statements.

**PLAINTIFFS' STATEMENT**:

Plaintiffs served defendant Wellpath with interrogatories and requests for production of documents on July 12, 2023. The interrogatories requested as follows:

"Please state each and every fact that *witness*(name) will testify regarding treatment and care of (plaintiff - named)"

Plaintiffs served an interrogatory for each of the 130 witnesses listed by defendant Wellpath in its Initial Disclosures.

Defendant Wellpath requested an extension of time to respond until August 28, 2023. On August 28, 2023, defendant Wellpath responded to the interrogatories which requested the substance of by stating "Pursuant to FRCP Rule 33(d), responding party identifies the following responsive business records:" And the interrogatory responses concluded by referring generally to medical records. There are no actual interrogatory answers other than reference to medical records. Plaintiffs communicated to defendants that interrogatory responses which contain no response except to refer to a document does not comply with the requirements of Fed. Rule of Civ. Proc. 33(b)(3) which requires "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."

The parties had a productive meet and confer on September 6, 2023, and counsel for Wellpath agreed that the responses to interrogatories were not sufficient. As a result of the meet and confer, all agreed that defendant Wellpath would do further investigation, by contacting each witnesses referenced in an interrogatory and produce amended interrogatory responses no later than October 6, 2023. The agreement contemplated that if the witness had no further recollection than the limited notes or comments in a medical record, the parties would craft a stipulation limiting any trial testimony of said witnesses to the four corners of the medical record notation. For those witnesses with independent or supplemental recollections of matters beyond

what was recorded in a medical record, defendant Wellpath would provide amended interrogatories.

Plaintiffs' counsel memorialized this agreement with an email, which is attached as Exhibit A. Thereafter, defense counsel developed a conflict with plaintiffs' counsel which led to plaintiffs' counsel requesting that Wellpath's counsel agree to basic rules of decorum, including not interrupting others, and allowing others to finish speaking, or plaintiffs' counsel would insist that the scheduled deposition for September 19, 2023 be remote only. A true and correct copy of this text from plaintiffs' counsel to Peter Bertling is attached as Exhibit B.

Counsel for Wellpath insisted on attending in person. A telephone conversation was had with plaintiffs' counsel, counsel for Wellpath, and counsels for Aramark and County, in which counsel for Wellpath agreed to basic rules of decorum. The deposition proceeded and was completed without incident. Thereafter, at 9:30 p.m. on the evening of September 19, 2023, counsel for Wellpath texted plaintiffs' counsel, unilaterally declaring that he would refuse to amend Wellpath's interrogatory responses, and thereby reneging on the agreement reached in the prior meet and confer.

Plaintiffs request that this Court direct Wellpath to either stipulate that the witnesses identified in Wellpath's Initial Disclosures have nothing further to which they can testify to at trial, except the specifics within the four corners of the medical records that they noted, or if they have additional recollections or possible testimony, that the responses to interrogatories be amended, and that this be completed no later than October 6, 2023, so plaintiffs' can review any amended interrogatory responses and notice depositions.

**DEFENDANT WELLPATH'S STATEMENT**

Ms. Huang's insinuation that Wellpath's counsel, Peter Bertling, reneged on any discovery agreements because of a dispute that developed during a September 19, 2023, deposition is unfounded and self-serving. It was Ms. Huang who needed to agree to basic rules of decorum after she told Mr. Bertling to "fuck off" and accused

him of being a "priviledged, white male supremacist" who disrespected and discriminated against her because she was an Asian female. [1]

Mr. Bertling never agreed to limit the Wellpath medical provider's testimony to the "four corners" of what was contained in their individual medical records for the various Plaintiffs.  This proposal was discussed but never agreed to and Mr. Bertling was never even provided with a proposed Stipulation that set forth the terms of this alleged agreement.  Instead, Ms. Huang informed Ms. Huang that the Wellpath witnesses may be called to testify regarding several other topics including their credentials; training they received as Wellpath employees; rationale for the treatment decisions; and compliance with Wellpath's policies and procedures.  He also explained that many of the medical providers identified in Wellpath's Initial Disclosures never treated the Plaintiffs for the allegations in the 5th Amended Complaint of their responses to written discovery served by the Defendants.

On September 6, 2023, Mr. Bertling indicated he would try to determine whether the various medical providers had any independent recollection of the treatment they provided to a specific plaintiff. However, after discussing the issue with one of the providers and, following further consideration and discussion of the issue with his colleague, Ms. Jemma Saunders, they believed this approach was impracticable, burdensome and would not likely elicit any additional discoverable information regarding the medical treatment rendered to the individual Plaintiffs.

Regarding Wellpath's response to plaintiffs' July 12, 2023 interrogatories, Wellpath raised the following objections:

> Objection.  This interrogatory is compound in violation of FRCP Rule 33(a)(1).  Further objection the request is overly broad, prematurely seeks expert witness information in violation of FRCP Rule 26(a)(2) and seeks information protected from disclosure by the attorney-client privilege and attorney work product doctrines.  Responding party also

---

[1] Please see Declaration of Peter Bertling filed in support of this Joint Discovery Statement.

objects that the request is not proportional to the needs of discovery of this case.  Without waiving stated objections, and subject thereto, responding party responds as follows:  Pursuant to FRCP Rule 33(d), responding party identifies the following responsive business records: [omitted herein].

Then, for every interrogatory, Wellpath specifically identified the records previously produced by name and bates number as it's response.  This is more than adequate per FRCP Rule 33.  Rule 33(d) permits a party to respond to an interrogatory with identification of the business records wherein the propounding party can ascertain the information.  See *Mid-America Facilities, Inc. v. Argonaut Ins. Co.*, E.D.Wis.1978, 78 F.R.D. 497 [where defendant, in response to interrogatories, offered to make business records available to plaintiffs so as to allow plaintiffs to ascertain for themselves the information requested, plaintiffs would be required to do so despite fact that it might take approximately 30 days to go through such records to obtain such information] and see *Pascale v. G.D. Searle & Co.*, D.C.R.I.1981, 90 F.R.D. 55 [making pertinent business records available to an interrogating party is a sufficient response to interrogatories if both parties can ascertain the answer].  It is only where referencing business records en mass or referencing documents not provided to the propounding party is FRCP Rule 33(d) inappropriate.  See *Sabel v. Mead Johnson and Co.*, D.Mass.1986, 110 F.R.D. 553 [pharmaceutical company could not respond to interrogatories in products liability suit by allowing interrogator to view company's new drug application where…company was better able to cull information from 154,000 pages of documents] and see *U.S. ex rel. Englund v. Los Angeles County*, E.D.Cal.2006, 235 F.R.D. 675 [party must make the records available for inspection].  FRCP Rule 33 giving the party served with an interrogatory the option of producing records from which the answer can be obtained instead of preparing a direct answer . . . "relates especially to interrogatories which require a party to engage in burdensome or expensive research into his own business records in order to give an answer."  *Daiflon,*

*Inc. v. Allied Chemical Corp., C.A.10* (Okla.) 1976, 534 F.2d 221, *certiorari denied*, 429 U.S. 886.

Wellpath contends it was more than appropriate for them to rely on FRCP Rule 33(d) when responding to plaintiffs' overbroad interrogatories. To be clear, Wellpath never waived the other objections to the July 12, 2023, interrogatories because they were overbroad, compound and not proportionate to the discovery needs in this case.

Respectfully Submitted:

Dated: 9/28/23

LAW OFFICE OF YOLANDA HUANG
By: */s/ Yolanda Huang*
Yolanda Huang

LAW OFFICE OF THOMAS E. NANNEY
By */s/ Thomas E. Nanney*
Thomas E. Nanney

RICHARD BRODY

By: */s/ Richard Brody*

ATTORNEYS FOR PLAINTIFFS

Dated: September 28, 2023

BERTLING LAW GROUP

By: *Peter G Bertling*
PETER G. BERTLING
Attorney for Defendant Wellpath