UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>Defendants. | Case No. 19-cv-07423-JSC<br><br>**ORDER RE: INTERROGATORY DISPUTE**<br><br>Re: Dkt. No. 327 |

Pending before the Court is a discovery dispute joint letter regarding Wellpath's responses to Plaintiffs' interrogatories asking Wellpath to provide "each and every fact" to which each of the 130 witnesses Wellpath identified in its initial disclosures will testify regarding the medical treatment of individual plaintiffs. (Dkt. No. 137.) Wellpath responded to the interrogatories by providing medical records. That response, however, does not assist Plaintiffs with identifying who they need to depose. As most of these witnesses probably have no recollection of Plaintiffs and so no testimony to offer, Wellpath must identify which witnesses actually have an independent recollection of Plaintiffs and thus testimony to offer. So, on or before October 9, 2023, Wellpath shall advise Plaintiffs in a writing, to which it will be bound, as to which of the 130 witnesses have an independent recollection of any Plaintiff and the nature of that independent recollection. Wellpath should have done much of this investigation already given it responded to the interrogatories and listed the witnesses on its initial disclosures. Wellpath does not have to state "each and every fact"—if Plaintiffs want that information they need to depose the witness.

The Court is concerned about reports of foul language being used by counsel. Foul language is never appropriate. Never. Under any circumstances. If counsel cannot cooperate on the conduct of discovery, the Court will require that all oral conversation be recorded.

1   This Order disposes of Docket No. 327.

2   **IT IS SO ORDERED.**

3   Dated: September 29, 2023

_____
Jacqueline Scott Corley
United States District Judge