Yolanda Huang (State Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
2748 Adeline Street, Suite A
Berkeley, California 94705
Telephone:   (510) 329-2140
Facsimile:    (510) 580-9410
E-Mail:        yhuang.law@gmail.com

Thomas E. Nanney (State Bar No. 214342)
Law Office of Thomas E. Nanney
2217 W. 120th St.
Leawood, Kansas 66209
Telephone: (816) 401-0047
Email: tomnanney@gmail.com

Richard A. Brody, Esq. (State Bar No. 100379)
1206 Beattie Lane
Sebastopol, CA 95472
Telephone: (707) 235-6982
Facsimile: (707) 235-6982
Email:  rick@brodylaw.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| **ALAMEDA COUNTY MALE PRISONERS** And Former Prisoners, DANIEL GONZALEZ, et al. on behalf of themselves and others similarly situated, <u>as a Class, and Subclass</u>   **PLAINTIFFS,**<br><br>vs.<br><br>**ALAMEDA COUNTY SHERIFF'S OFFICE**, et al<br><br><br><br>   **DEFENDANTS.** | No. 3:19-cv-07423 JSC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR DEPOSITION OF MICHAEL LOCKHART, REQUEST FOR RECONSIDERATION**<br><br>LOC.:    450 Golden Gate Ave., San Francisco, CA 94102<br>DEPT.:   Courtroom 8, 19th Floor<br><br><br>Hon. Jacqueline S. Corley, Presiding |

1

On September 25, 2023, Defendants filed a joint letter brief to the Court to compel the deposition of Michael Lockhart. (ECF 320). The Court issued its Order (ECF 321) on September 26, 2023. Plaintiffs did not enter into the stipulation. Nor did Plaintiffs have the opportunity to respond.

**1. OPPORTUNITY TO RESPOND**

Civil Local Rule 7-11 allows four days for a response. Federal Rule of Civil Procedure 6 is also applied in calculating Plaintiffs' time for a response. Because Plaintiffs did not have, nor were plaintiffs permitted time to respond, Plaintiffs request that the Order be vacated and the opposition stated herein be considered.

**2. RECONSIDERATION**

Local Rule 7-9(a) provides that: "Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."

Civil L.R. 7-9(b) allows for reconsideration if the moving party acts with reasonable diligence and shows one of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

[. . .]

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

**3. NEW FACTS – DEFENDANTS' DEPOSITIONS EXCEED THE NUMBER PERMITTED BY RULE 30(a)(2)(A)(ii)**

When defendants jointly requested the Court's order to compel the deposition of Michael Lockhart, the defendants failed to inform the Court that at the time their request was made, defendants had already reached the limit of ten (10) depositions as specified in Code of Civ. Proc. Rule

2

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT STIPULATION TO COMPEL DEPOSITION OF MICHAEL LOCKHART AND REQUEST FOR RECONSIDERATION** - Case No. 3:19-cv-07423 JSC

30(a)(2)(A)(ii). As of September 29,2023, defendants have already have taken 11 depositions, and failed to request leave of the Court for taking depositions over the limit of 10.

"(2) With Leave. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):

(A) if the parties have not stipulated to the deposition and:

(i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;" *USCS Fed Rules Civ Proc* R 30

The language in the Rule specifically has both plaintiffs and defendants in plural, thereby the limit is not an individual party limit. For example, because there is a class and fourteen individual plaintiffs, plaintiffs cannot claim the right to 150 depositions. Nor can defendants make a corresponding claim. To take more than the limit of 10 depositions, parties must either obtain the consent of all parties or leave from the Court. Defendants did neither. Furthermore, defendants did not even inform the Court in its letter brief that taking the deposition of Michael Lockhart would put defendants over the limit. Therefore, defendants' stipulation and request to the Court was at best incomplete and at worst, misleading and their request should be denied until the first question is resolved.

## 4. DEFENDANTS HAVE FAILED TO MEET AND CONFER REGARDING THE TOTAL NUMBER OF DEPOSITIONS FOR THE PARTIES

The issue of defendants exceeding 10 depositions was raised at the meet and confer held by all parties on September 28, 2023. County defendants declared that they were not prepared to agree that plaintiffs should be permitted to have more than the statutory limit, and have as of today, refused to consider the topic further.

Inasmuch as all parties are first required to meet and confer prior to requesting intervention of the Court, plaintiffs request that this Court rescind its Order (ECF 321), and require the parties to meet and confer on this issue.

## 5. MICHAEL LOCKHART HAS BEEN NOTIFIED OF THE COURT ORDER

Michael Lockhart is local and resides in Alameda County. He has been notified of the Court's order. If this Court's Order (ECF 321) is rescinded, Mr. Lockhart will voluntarily appear at any future agreed upon deposition date, or agree to have his case dismissed.

3

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT STIPULATION TO COMPEL DEPOSITION OF MICHAEL LOCKHART AND REQUEST FOR RECONSIDERATION -** Case No. 3:19-cv-07423 JSC

WHEREFORE, plaintiffs request that its Order (ECF 321) be vacated, that defendants be required to first meet and confer on the limit of total depositions, Michael Lockhart's deposition and that the parties either negotiate a new stipulation with Plaintiffs' counsel or report back to the Court in a timely manner.

DATED: September 29, 2023         Respectfully submitted by:

By:   /s/ *Yolanda Huang*
       Yolanda Huang

4

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT STIPULATION TO COMPEL DEPOSITION OF MICHAEL LOCKHART AND REQUEST FOR RECONSIDERATION** - Case No. 3:19-cv-07423 JSC

[Proposed]
ORDER

Plaintiffs Opposition to Defendants Stipulation to Compel the Deposition of Michael Lockhart, and Request for Reconsideration of this Court's Order (ECF 321), was received and reviewed by this Court.

Good cause appearing, this Court's Order Compelling the Deposition of Michael Lockhart (ECF 321) is vacated.

IT IS FURTHER ORDERED that the parties shall meet and confer and either negotiate a new stipulation regarding depositions, the total number of, including the deposition of Michael Lockhart, or file a status report with the Court, no later than October ___, 2023.

Dated: _____, 2023

_____
JUDGE OF THE FEDERAL DISTRICT COURT

5

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT STIPULATION TO COMPEL DEPOSITION OF MICHAEL LOCKHART AND REQUEST FOR RECONSIDERATION -** Case No. 3:19-cv-07423 JSC