Peter G. Bertling (SBN 131602)
Jemma Parker Saunders (SBN 227962)
Bertling Law Group
21 East Canon Perdido Street, Suite 204B
Santa Barbara, CA 93101
Telephone: 805-879-7558
Facsimile: 805-962-0722
peter@bertlinglawgroup.com
jemma@bertlinglawgroup.com

Attorneys for Defendants
WELLPATH MANAGEMENT, INC.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALAMEDA COUNTY MALE PRISONERS** And Former Prisoners, DANIEL GONZALEZ, et al. on behalf of themselves and others similarly situated, <u>as a Class, and Subclass</u>; **ALAMEDA COUNTY FEMALE PRISONERS** And Former Prisoners, JACLYN MOHRBACHER, ERIN ELLIS, DOMINIQUE JACKSON, CHRISTINA ZEPEDA, ALEXIS WAH, AND KELSEY ERWIN, et al on behalf of themselves and other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**ALAMEDA COUNTY SHERIFF'S OFFICE**, ALAMEDA COUNTY, Deputy Joe, Deputy Ignont (sp) Jane ROEs, Nos. 1 – 25; **WELLPATH MANAGEMENT, INC.**, a Delaware Corporation (formerly known as California Forensic Medical Group) a corporation; its Employees and Sub-Contractors, and Rick & Ruth ROEs Nos. 26-50; **ARAMARK CORRECTIONAL SERVICES, LLC**, a Delaware Limited Liability Company; its Employees and Sub-Contractors, and Rick & Ruth ROES Nos. 51-75,<br><br>Defendants. | Case No.: 3:19-cv-07423 JSC<br><br>**DEFENDANT WELLPATH'S MOTION TO ENLARGE TIME FOR COMPLIANCE OF COURT ORDER (ECF NO. 328)**<br><br><br><br>Action Filed: November 12, 2019<br>Judge: Hon. Jacqueline Scott Corley<br>Ctrm: E—15th Floor |

Defendant, WELLPATH, moves pursuant to Northern District Local Rule 6-3 for an enlargement of time for compliance of the Court Order (ECF No. 328).  Wellpath respectfully requests that this Court grants a two-day extension to comply with the Court Order.

### I.   REASONS FOR REQUESTED ENLARGEMENT OF TIME

As this Court and plaintiffs' counsel are aware, Wellpath disclosed approximately 130 health care witnesses with their Rule 26 disclosures.  On September 29, 2023, as a result of a discovery dispute related to Wellpath's responses to interrogatories served by plaintiffs in this matter, this Court ordered Wellpath to:

> [I]dentify which witnesses actually have an independent recollection of Plaintiffs and thus testimony to offer.  So, on or before October 9, 2023, Wellpath shall advise Plaintiffs in a writing, to which it will be bound, as to which of the 130 witnesses have an independent recollection of any Plaintiff and the nature of that independent recollection.

ECF No. 328.

Subsequently, on October 2, 2023, through a filed motion, Wellpath sought clarification of the Court's Order at ECF No. 328.  Specifically, Wellpath requested the Court:

> [t]o please clarify which medical providers need to be identified? Many of the Plaintiffs received treatment for medical conditions that are not identified in the Fifth Amended Complaint or their discovery responses.  This is why Wellpath objected to the interrogatories as being overbroad.  Will the Court please clarify that to comply with ECF No. 328, Wellpath is only required to identify the providers who treated Plaintiffs for the medical conditions alleged in the Fifth Amended Complaint and/or medical conditions identified in Plaintiffs' responses to written discovery and not any and all medical treatment they received during each of their incarcerations?

ECF No. 329.

The Court then granted the previous order at ECF No. 328 with the above clarification requested by Wellpath on October 2, 2023.

///

Although Wellpath's counsel has conducted extensive investigation into this matter as discussed in relation to the briefing on the interrogatory dispute in the first instance, the nature of plaintiffs' actual medical allegations were excessively speculative leading to the necessary over-disclosure of witnesses early in the litigation.  With this Court's Order, and Clarifying Order, and the passage of time, Wellpath's counsel was required to re-triage the percipient witnesses disclosed to compare to the current allegations of plaintiffs' Fifth Amended Complaint and recent discovery responses.  Armed with a new more succinct and exacting list, and to be in total compliance with ECF No. 328, counsel undertook and is undertaking considerable efforts to identify from the new but still lengthy list of witnesses who "have an independent recollection of any Plaintiff."  As of the time of filing of this motion, 12 of the 37 witnesses have been confirmed and several are currently out.  None of the responding witnesses have "an independent recollection of any plaintiff."

In addition, a number of the identified witnesses are on leaves of absence or otherwise out, but still employed by Wellpath.  Counsel for Wellpath is endeavoring to ensure each of these individuals are accounted for.

**II.  TIMING**

Although discovery is closing on November 16, 2023, Wellpath does not believe this short extension of time will prove detrimental or prejudicial to any party.  Yet the potential for non-compliance with a Court Order is of serious concern to Wellpath's counsel.  Wellpath's counsel is continuing their efforts to achieve full compliance by the deadline of October 9, 2023.  It is only out of an abundance of caution that it seeks this short two-day extension so as to not be in violation of this Court's Order.

///
///
///
///
///

| | |
|---|---|
| | Respectfully submitted, |
| Dated: October 6, 2023 | BERTLING LAW GROUP |
| | |
| | */s/ Peter G. Bertling* |
| | Peter G. Bertling |
| | Jemma Parker Saunders |
| | Attorneys for Defendant |
| | WELLPATH |