Yolanda Huang (State Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
2748 Adeline Street, Suite A
Berkeley, California 94705
Telephone:   (510) 329-2140
Facsimile:    (510) 580-9410
E-Mail:        yhuang.law@gmail.com

Thomas E. Nanney (State Bar No. 214342)
Law Office of Thomas E. Nanney
2217 W. 120th St.
Leawood, Kansas 66209
Telephone: (816) 401-0047
Email: tomnanney@gmail.com

Richard A. Brody, Esq. (State Bar No. 100379)
1206 Beattie Lane
Sebastopol, CA 95472
Telephone: (707) 235-6982
Facsimile: (707) 235-6982
Email:  rick@brodylaw.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| **ALAMEDA COUNTY MALE PRISONERS** And Former Prisoners, DANIEL GONZALEZ, et al. on behalf of themselves and others similarly situated, <u>as a Class, and Subclass</u><br>    **PLAINTIFFS,**<br><br>vs.<br><br>**ALAMEDA COUNTY SHERIFF'S OFFICE**, et al<br><br><br>    **DEFENDANTS.** | No. 3:19-cv-07423 JSC<br><br>**PLAINTIFFS AND DEFENDANT WELLPATH MANAGEMENT, INC.'S JOINT STATEMENT RE: DISCOVERY DISPUTE**<br><br>DATE: October 19, 2023<br>TIME: 9:30 a.m.<br>LOC.:   450 Golden Gate Ave.,<br>         San Francisco, CA 94102<br>DEPT.: Courtroom 8, 19th Floor<br><br>Hon. Jacqueline S. Corley, Presiding |

I.         NATURE OF THE DISCOVERY DISPUTE

The Court's Order Re: Interrogatory Dispute (ECF No. 328) requires Defendant Wellpath to "…advise Plaintiffs in a writing, to which it shall be bound, which of the 130 witnesses have an independent recollection of any Plaintiff and the nature of that independent recollection" in order to "…assist Plaintiffs with identifying who they need to depose." On October 11, 2023, Wellpath's counsel sent a letter to all counsel indicating that one medical care provider, Dawnielle Mageloff, R.N., had a recollection of treating Darryl G. Geyer and also recalled statements made by other providers regarding Mr. Geyer that are not contained in Ms. Mageloff's records. Other than this one individual, no other individuals have been identified by Wellpath as having an independent recollection of any Plaintiff.

Plaintiffs' counsel Richard Brody and Wellpath's counsel Peter Bertling held a meet and confer session by Zoom on October 10, 2023. During this meet and confer session, counsel had discussions about the FRCP 30(b)(6) deposition of Wellpath, which is scheduled for November 6, 2023.

A new issue arose during the October 10, 2023, meet and confer session and in an e-mail exchange of that same date, regarding Wellpath's responses to the Court's Order. As stated during the session, and in a later e-mail exchange of that same day, Wellpath's counsel stated that:

"Wellpath employees are trained on various Wellpath and County policies and procedures. Adherence to these policies and procedures may impact a patient's treatment decisions. It does not appear there is a Monell theory of liability regarding lack of training pled against Wellpath in the 5th Amended Complaint. In addition, no individual Wellpath employee has been named as a defendant and, as you know, Wellpath cannot be held liable for their alleged deliberate indifference.

Policies and procedures are not routinely discussed in medical records. In addition, all Wellpath employees can be asked questions about why they followed a certain course of action regarding a patient's treatment and care based on their training, education and experience. If a provider testifies at trial I intend to ask them questions about the rationale for the treatment decisions they made based on their training, education, experience, custom and practice."

Wellpath's Rule 26(a) Initial Disclosures served on May 18, 2023, list 142 witnesses, 15 of whom are individual Plaintiffs and the majority of remaining witnesses are Wellpath health care providers. The only individual listed in the Initial Disclosures as offering testimony concerning CFMG's policies, procedures and protocols for inmates is Maria Magat, M.D. A true and accurate copy of Wellpath's Initial Disclosures is attached hereto as Exhibit A.

2
**PLAINTIFFS AND DEFENDANT WELLPATH MANAGEMENT, INC.'S JOINT STATEMENT RE: DISCOVERY DISPUTE**
Case No. 3:19-cv-07423 JSC

Plaintiffs' counsel contends that the position of Wellpath regarding testimony concerning policies and procedures is both contrary to the Court's Order and is contrary to the representations contained in Wellpath's Initial Disclosures. The parties have been unable to resolve this issue and thus submit it to the Court.

## II.     PLAINTIFFS' POSITION

The Court's Order Re: Interrogatory Dispute (ECF No. 328) was issued in order to allow Plaintiffs' counsel to determine which of the 130 witnesses designated by Wellpath in Wellpath's Rule 26 Initial Disclosures would need to be deposed by Plaintiffs' counsel. For individuals who are lay witnesses and who have no independent recollection of a Plaintiff, Plaintiffs' counsel should be able to safely assume that the testimony will be limited to the four corners of the medical records in this case. To Plaintiffs' counsel, that was the clear intent of this Court's Order Re: Interrogatory Dispute (ECF No. 328). Wellpath's position that it will ask its witnesses about policies and procedures which are not part of the medical records and how those policies and procedures formed a basis for the care and treatment of a Plaintiff makes it impossible for Plaintiffs' counsel to determine which of Wellpath's witnesses to depose, i.e. it adds topics to future trial testimony that are not within the four corners of the medical records.

In addition, Wellpath's Rule 26(a) Initial Disclosures served on May 18, 2023, list 142 witnesses, 15 of whom are individual Plaintiffs and the majority of remaining witnesses are Wellpath health care providers. The only individual listed in the Initial Disclosures as offering testimony concerning CFMG's policies, procedures and protocols for inmates is Maria Magat, M.D.

Accordingly, Plaintiffs' counsel requests that the Court considering issuing one of two proposed orders. Plaintiffs first request that the Court issue an order limiting any testimony regarding policies and procedures to Wellpath's FRCP 30(b)(6) witness and to Dr. Magat. Alternatively, Plaintiffs' counsel requests that the Court issue an order requiring Wellpath to provide a verified written response indicating which of their 120 witnesses will testify that a policy or procedure formed a basis for their care and treatment of a Plaintiff, identify which policy(ies) and procedure(s) formed a basis for the care and treatment of a Plaintiff, and how that policy(ies) and procedure(s) informed or directed the treatment

provided. Without such an Order, Plaintiffs are left to guess as to the course and scope of trial testimony which will be provided by all of these 130 witnesses, which is contrary to the intended purpose of the Court's Order (ECF No. 328).

In the alternative, Plaintiffs have noticed the depositions of 22 health care workers, plus one 30(b)(6) deposition of Wellpath in order to preserve plaintiffs' ability to so notice depositions before the deadline set by the Court's Standing Order. Some of the 22 health care worker depositions would not be necessary if the Court issued an order limiting any testimony regarding policies and procedures to Wellpath's FRCP 30(b)(6) witness and to Dr. Magat.

### III.     DEFENDANT WELLPATH'S POSITION

Wellpath has complied with this Court's order found at ECF No. 328. As expected, most of the providers who treated the Plaintiffs do not have an independent recollection of their individual encounters, and any testimony regarding the specific treatment they provided will be based on their medical record entries. However, each of these providers are also (1) trained on Wellpath's policies and procedures and (2) have certain customs and practices they rely upon when treating a patient. This Court's order did not require this information be provided to Plaintiffs' counsel, and it was never requested in any written discovery. If the Wellpath providers are called to testify at trial, each of them should be able to explain why they made certain treatment recommendations based on their training, education, experience, custom and practice.

Plaintiffs have not pled a constitutional claim for deliberate indifference against any individual Wellpath provider in their Fifth Amended Complaint. In addition, Plaintiffs have not pled a claim for medical malpractice against Wellpath or any individual provider. As such, Wellpath cannot be held *vicariously liable* for their employees' individual treatment decisions or actions. Instead, Wellpath can only be found liable if a specific Wellpath policy or procedure was the driving force behind an individual Plaintiff's alleged unconstitutional medical care.

This Court previously denied Plaintiffs' 2nd Motion Class Certification and stated:

> Plaintiffs' general theory of liability for their inadequate medical care and inadequate/contaminated food claims is that the Jail operates on a for-profit model and has implemented financially-driven policies which incentivize third-party contractors

Wellpath and Aramark to keep costs down and provide the least amount of services (medical or food) to inmates. (Dkt. No. 180 at ¶¶ 25-28.) *However, Plaintiffs' briefs do not identify any a particular policies or practices (or the absence thereof) that give rise to Plaintiffs' constitutional claims.* (See ECF No. 264 at para. 8, lines 17-24)

Plaintiffs' have still not identified any policy, procedure or practice, other than some type of vague" financial incentive," that gives rise to a deprivation of their constitutional rights and now, at the 11th hour, they are trying to conduct a discovery fishing expedition to do so. Plaintiffs have failed to show any justifiable cause for this late discovery, nor any justification for wanting to depose 22 providers whose depositions were just noticed on October 17, 2023. Not only does this number of depositions exceed the FRCP limit of ten depositions, but during meet and confer efforts, Plaintiffs' counsel failed to show any good cause why they should be able to depose these 22 individual Wellpath providers. In addition, Plaintiffs' counsel have offered no legitimate explanation why Dr. Magat should be the only person who can testify regarding Wellpath's policies and procedures.

Dated: October 18, 2023

Respectfully submitted by:

LAW OFFICE OF YOLANDA HUANG

By: /s/ Yolanda Huang

Yolanda Huang

LAW OFFICE OF RICHARD A. BRODY

By: /s/ Richard A. Brody

Richard A. Brody

Attorneys for Plaintiffs

BERTLING LAW GROUP

By: /s/ Peter G. Bertling

Peter G. Bertling

Attorneys for Defendant Wellpath Management, Inc.

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on October 18, 2023, from Yolanda Huang and Peter G. Bertling for the filing of this pleading.

/s/ Richard A. Brody