LAW OFFICES OF

## YOLANDA HUANG

PLAINTIFFS' EXHIBITS TO
THE JOINT DISCOVERY LETTER  FROM PLAINTIFFS
AND DEFENDANT ARAMARK
TO HON. JACQUELINE CORLEY

Exhibit **A** –    Tom Nanney Email to Charles Reitemeyer, 9/12/23 @ 2:49 P.M.

Exhibit **B** -    Tom Nanney Email to Charles Reitemeyer, 9/12/23 @ 3:00 p.m.

Exhibit **C** -    Tom Nanney Email to Charles Reitemeyer, 9/20/23

Exhibit **D**-    Tom Nanney Email to Charles Reitemeyer, 9/28/23 @ 8:49 a.m.

Exhibit **E**-    Tom Nanney Email to Charles Reitemeyer, 9/28/23 @ 9:15 a.m.

Exhibit **F**–    Charles Reitmeyer Email to Tom Nanney, 10/2/23

Exhibit **G**-    Tom Nanney Email to Charles Reitemeyer, 10/9/23

Exhibit **H**    Charles Reitemeyer Email to Tom Nanney, 10/11/23 A

Exhibit **I**    Aramark Responses and Objections to 3o(b)(6) Notice of Taking Deposition

Exhibit **J**    Charles Reitemeyer Email to Tom Nanney, 10/15/23

Exhibit **B**

Tom Nanney Email to Charles Reitemeyer,
9/12/23 @ 3:00 P.M.

 Gmail                                                    Tom Nanney <tomnanney@gmail.com>

## Gonzales - meet and confer
1 message

**Tom Nanney** <tomnanney@gmail.com>                          Tue, Sep 12, 2023 at 2:49 PM
To: "Reitmeyer, Charles J." <charles.reitmeyer@morganlewis.com>
Cc: Yolanda Huang <yhuang.law@gmail.com>
Bcc: Tom Nanney <tomnanney@gmail.com>

Buck,

I send the following in preparation for our meet and confer this afternoon at 4:00 p.m. Eastern time regarding Aramark's recent responses to Plaintiffs' interrogatories and requests for production of documents.

As we discussed previously, to comply with the Federal Rules of Civil Procedure, each interrogatory must be responded to "separately and fully." The response may be either an answer or objection. If an objection, the reasons for the objection must be stated. Fed. R. Civ. Proc. 33(b)(3). An answer to an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories. *See, e.g., Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F3d 88, 93 (1st Cir. 2012) (answering interrogatories simply by directing the proponent to look through other discovery materials is inadequate).

Aramark's answers to plaintiffs' interrogatories are inadequate and do not comply with the Federal Rules of Civil Procedure. For example, in response to interrogatory No. 1 from Cedric Henry that requires Aramark to describe in detail Peter Burt's employment history with Defendant and all dates Peter Burt has been on location at Santa Rita Jail, Aramark responded: "[H]e has visited the Santa Rita Jail on various occasions during his employment at Aramark. Further, Aramark directs Plaintiff to the personnel records of Mr. Burt being produced in this matter." This response fails to answer the question fully and improperly directs Plaintiffs to other discovery materials. Moreover, Aramark has not produced Mr. Burt's personnel files.

Armark's answers to interrogatory No. 1 from other plaintiffs seeking the same information regarding Cynthia Irizarry, Hal Yasa, Willie Singleton, Michael Maltese, Rick Huking, David Lauria, Alice Fausto, Robin Weiss, and Kenneth Flynn are similarly deficient. In response, Aramark fails to provide any detailed information and then directs Plaintiffs to personnel files or employment records Aramark indicates it has produced, but has not produced.

Aramark's answers to interrogatories Nos. 2-4 from plaintiffs seeking the employment history, job duties, and dates of attendance at Santa Rita Jail of the individuals listed above is equally deficient. In response, Aramark fails to provide any detailed information and then directs Plaintiffs to personnel files or employment records Aramark indicates it has produced, but has not produced.

Interrogatory No. 5 requires Aramark to provide the name and date of every interaction each of the individuals listed above had with any inmate at Santa Rita Jail. Aramark fails to provide any detailed information in response to this interrogatory.

In response to interrogatories 6-8, Aramark improperly refers to its inadequate answer to interrogatory No. 5.

In response to interrogatory No. 12 that seeks information regarding what the individuals listed above witnessed regarding Aramark's provision of food services, Aramark again improperly directs Plaintiffs to personnel records or employment records it has not produced.

In response to interrogatory 16 that requires Aramark to describe in complete detail what the individuals listed above witnessed regarding unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail, Aramark fails to provide any detailed information in violation of the Rules of Civil Procedure.

I look forward to resolving these issues with you.

Thank you.

Tom

Law Office of Thomas E. Nanney

(816) 401-0047

 Gmail

Tom Nanney <tomnanney@gmail.com>

## Re: Gonzales - meet and confer
1 message

**Tom Nanney** <tomnanney@gmail.com>        Tue, Sep 12, 2023 at 3:00 PM
To: "Reitmeyer, Charles J." <charles.reitmeyer@morganlewis.com>
Cc: Yolanda Huang <yhuang.law@gmail.com>
Bcc: Tom Nanney <tomnanney@gmail.com>

P.S.  To be more specific, the documents produced by Aramark contain limited personnel and employment information for the following individuals: Robin Weiss, Willie Singleton, Richard Huking, and Kenneth Flynn.  None of these documents, however, sufficiently provides the information sought in plaintiffs' interrogatories.  The documents produced by Aramark contain no personnel or employment files for Peter Burt, Cynthia Irizarry, Hal Yasa, Michael Maltese, David Lauria, and Alice Fausto, despite Aramark's representations in its interrogatory responses.  Regardless, it is not plaintiffs' burden to comb through Aramark's document production to answer interrogatories to which Aramark must fully respond.

On Tue, Sep 12, 2023 at 2:49 PM Tom Nanney <tomnanney@gmail.com> wrote:
> Buck,
>
> I send the following in preparation for our meet and confer this afternoon at 4:00 p.m. Eastern time regarding Aramark's recent responses to Plaintiffs' interrogatories and requests for production of documents.
>
> As we discussed previously, to comply with the Federal Rules of Civil Procedure, each interrogatory must be responded to "separately and fully." The response may be either an answer or objection. If an objection, the reasons for the objection must be stated. Fed. R. Civ. Proc. 33(b)(3).  An answer to an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or to other documents, or to other interrogatories.  *See, e.g., Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F3d 88, 93 (1st Cir. 2012) (answering interrogatories simply by directing the proponent to look through other discovery materials is inadequate).
>
> Aramark's answers to plaintiffs' interrogatories are inadequate and do not comply with the Federal Rules of Civil Procedure.  For example, in response to interrogatory No. 1 from Cedric Henry that requires Aramark to describe in detail Peter Burt's employment history with Defendant and all dates Peter Burt has been on location at Santa Rita Jail, Aramark responded: "[H]e has visited the Santa Rita Jail on various occasions during his employment at Aramark. Further, Aramark directs Plaintiff to the personnel records of Mr. Burt being produced in this matter."  This response fails to answer the question fully and improperly directs Plaintiffs to other discovery materials.  Moreover, Aramark has not produced Mr. Burt's personnel files.
>
> Armark's answers to interrogatory No. 1 from other plaintiffs seeking the same information regarding Cynthia Irizarry, Hal Yasa, Willie Singleton, Michael Maltese, Rick Huking, David Lauria, Alice Fausto, Robin Weiss, and Kenneth Flynn are similarly deficient.  In response, Aramark fails to provide any detailed information and then directs Plaintiffs to personnel files or employment records Aramark indicates it has produced, but has not produced.
>
> Aramark's answers to interrogatories Nos. 2-4 from plaintiffs seeking the employment history, job duties, and dates of attendance at Santa Rita Jail of the individuals listed above is equally deficient.  In response, Aramark fails to provide any detailed information and then directs Plaintiffs to personnel files or employment records Aramark indicates it has produced, but has not produced.
>
> Interrogatory No. 5 requires Aramark to provide the name and date of every interaction each of  the individuals listed above had with any inmate at Santa Rita Jail.  Aramark fails to provide any detailed information in response to this interrogatory.
>
> In response to interrogatories 6-8, Aramark improperly refers to its inadequate answer to interrogatory No. 5.
>
> In response to interrogatory No. 12 that seeks information regarding what the individuals listed above witnessed regarding Aramark's provision of food services, Aramark again improperly directs Plaintiffs to personnel records or employment records it has not produced.
>
> In response to interrogatory 16 that requires Aramark to describe in complete detail what the individuals listed above witnessed regarding unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail, Aramark fails to provide any detailed information in violation of the Rules of Civil Procedure.

I look forward to resolving these issues with you.

Thank you.

Tom

Law Office of Thomas E. Nanney
(816) 401-0047

Exhibit **C**

Tom Nanney Email to Charles Reitemeyer, 9/20/23

 Gmail

Tom Nanney <tomnanney@gmail.com>

## Re: Gonzalez - meet and confer
1 message

**Tom Nanney** <tomnanney@gmail.com>                                          Wed, Sep 20, 2023 at 6:38 PM
To: "Reitmeyer, Charles J." <charles.reitmeyer@morganlewis.com>
Cc: Yolanda Huang <yhuang.law@gmail.com>
Bcc: tomnanney@gmail.com

Dear Buck,

Thank you for your email and its attachments in which you identify where in your document production some of the information requested in Plaintiffs' interrogatories may be found.  Much information, however, requested in Plaintiffs' interrogatories is not provided in Aramarks' interrogatory responses nor in Aramark's document production.  Moreover, as I indicated previously, Aramark may not simply direct Plaintiffs to search through its document production rather than answering Plaintiffs' interrogatories.  Fed. R. Civ. Proc. 33(b)(3); *Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F3d 88, 93 (1st Cir. 2012) (answering interrogatories simply by directing the proponent to look through other discovery materials is inadequate).

Specifically, in response to interrogatory Nos. 2, 3, 4, and 12 regarding Peter Burt, Aramark "directs Plaintiffs to the personnel records of Peter Burt being produced in this matter."  But Aramark has not produced any personnel records of Mr. Burt.  Similarly in response to interrogatory Nos. 1, 2, 3, 4, and 12, regarding Hal Yasa, Aramark directs Plaintiffs to the "personnel records of Mr. Yasa being produced in this matter."  But Aramark has not produced any personnel records of Mr. Yasa.  Similarly, in interrogatory responses regarding Kenneth Flynn, Rick Huking, Michael Maltese, Willie Singleton, Hal Yasa, and Robin Weiss, Aramark directs Plaintiffs to the personnel records of each of these witnesses "being produced in this matter" but Aramark has not produced any of the personnel records.

Interrogatory No. 1 requires Aramark to describe in detail the training received by the Aramark employee that is the subject of the interrogatory.  The training records to which Aramark directs Plaintiffs for Peter Burt, Richard Huking, David Lauria, Michael Maltese, Robin Weiss, and Hal Yasa, while listing the topics of the training, do not indicate the time spent on the training nor who provided the training.  If the time spent on the training is supposed to be indicated in the "Total Hours" column of the Excel spreadsheets, I note that for many of these trainings marked "complete," the "Total Hours" is zero.

Interrogatories Nos. 2 and 4 require Aramark to provide all dates each subject of the interrogatory has been on location at Santa Rita jail.  Aramark provides no specific dates, except to refer to personnel records it has not produced.  Aramark surely must know when its employees were or are at Santa Rita Jail.  This information is directly relevant to Plaintiffs' claims and must be provided.

Regarding interrogatories 5-8, 12, and 16:

Interrogatory No. 5 requires Aramark to provide the name and date of every interaction each of  the individuals listed above had with any inmate at Santa Rita Jail.  Aramark fails to provide any detailed information in response to this interrogatory.

In response to interrogatories 6-8, Aramark improperly refers to its inadequate answer to interrogatory No. 5.

In response to interrogatory No. 12 that seeks information regarding what the individuals listed above witnessed regarding Aramark's provision of food services, for many employees Aramark again improperly directs Plaintiffs to personnel records it has not produced.

In response to interrogatory 16 that requires Aramark to describe in complete detail what the individuals listed above witnessed regarding unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail, Aramark fails to provide any detailed information.

Regarding interrogatories 5-8, 12 and 16, you indicated in our last meet and confer that the employees involved would have no other memory than the vague responses contained in the special interrogatories.  It is Aramark, however, not the employees, who must answer the interrogatories.  If Aramark has records, as it should, that reflect specific interactions of the employees in question with inmates; what those employees specifically witnessed regarding provision of food

services; and what the employees specifically witnessed regarding unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail, Aramark must draw on those records to answer the interrogatories.

Please supplement Aramark's interrogatory responses as requested by Monday, September 25 or we will take the matter up with Judge Corley.

Thank you.

Tom

Law Office of Thomas E. Nanney
(816) 401-0047

On Sep 14, 2023, at 12:02 PM, Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com> wrote:

Tom,

As we discussed, Aramark produced the employment histories, job descriptions and training logs for all the Aramark employees identified in your discovery requests.  Specifically, the employment histories identify the dates of employment, job title, job function and location for all the Aramark employees identified in your discovery requests.  Further, the corresponding job descriptions provide a detailed discussion of the duties and responsibilities of the Aramark employees identified in your discovery requests.  For your convenience , please find attached two Excel spreadsheets that list the Bates numbers for the employment histories, job descriptions and training logs for all the Aramark employees identified in your discovery requests.

Thanks and I hope all is well.

Buck

**Charles J. Reitmeyer**

**Morgan, Lewis & Bockius LLP**

1701 Market Street | Philadelphia, PA 19103-2921

Direct: +1.215.963.4841 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.267.334.8723

charles.reitmeyer@morganlewis.com | www.morganlewis.com

Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com

**From:** Tom Nanney <tomnanney@gmail.com>
**Sent:** Tuesday, September 12, 2023 4:01 PM
**To:** Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com>
**Cc:** Yolanda Huang <yhuang.law@gmail.com>
**Subject:** Re: Gonzales - meet and confer


[EXTERNAL EMAIL]

P.S.  To be more specific, the documents produced by Aramark contain limited personnel and employment information for the following individuals: Robin Weiss, Willie Singleton, Richard Huking, and Kenneth Flynn. None of these documents, however, sufficiently provides the information sought in plaintiffs' interrogatories. The documents produced by Aramark contain no personnel or employment files for Peter Burt, Cynthia Irizarry, Hal Yasa, Michael Maltese, David Lauria, and Alice Fausto, despite Aramark's representations in its interrogatory responses.  Regardless, it is not plaintiffs' burden to comb through Aramark's document production to answer interrogatories to which Aramark must fully respond.


On Tue, Sep 12, 2023 at 2:49 PM Tom Nanney <tomnanney@gmail.com> wrote:

> Buck,
>
>
> I send the following in preparation for our meet and confer this afternoon at 4:00 p.m. Eastern time regarding Aramark's recent responses to Plaintiffs' interrogatories and requests for production of documents.
>
>
> As we discussed previously, to comply with the Federal Rules of Civil Procedure, each interrogatory must be responded to "separately and fully." The response may be either an answer or objection. If an objection, the reasons for the objection must be stated. Fed. R. Civ. Proc. 33(b)(3).  An answer to an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories.  *See*, *e.g.*, *Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F3d 88, 93 (1st Cir. 2012) (answering interrogatories simply by directing the proponent to look through other discovery materials is inadequate).
>
>
> Aramark's answers to plaintiffs' interrogatories are inadequate and do not comply with the Federal Rules of Civil Procedure.  For example, in response to interrogatory No. 1 from Cedric Henry that requires Aramark to describe in detail Peter Burt's employment history with Defendant and all dates Peter Burt has been on location at Santa Rita Jail, Aramark responded: "[H]e has visited the Santa Rita Jail on various occasions during his employment at Aramark. Further, Aramark directs Plaintiff to the personnel records of Mr. Burt being produced in this matter."  This response fails to answer the question fully and improperly directs Plaintiffs to other discovery materials.  Moreover, Aramark has not produced Mr. Burt's personnel files.
>
>
> Armark's answers to interrogatory No. 1 from other plaintiffs seeking the same information regarding Cynthia Irizarry, Hal Yasa, Willie Singleton, Michael Maltese, Rick Huking, David Lauria, Alice Fausto, Robin Weiss, and Kenneth Flynn are similarly deficient.  In response, Aramark fails to provide any detailed information and then directs Plaintiffs to personnel files or employment records Aramark indicates it has produced, but has not produced.
>
>
> Aramark's answers to interrogatories Nos. 2-4 from plaintiffs seeking the employment history, job duties, and dates of attendance at Santa Rita Jail of the individuals listed above is equally deficient.  In response, Aramark fails to provide any detailed information and then directs Plaintiffs to personnel files or employment records Aramark indicates it has produced, but has not produced.

Interrogatory No. 5 requires Aramark to provide the name and date of every interaction each of the individuals listed above had with any inmate at Santa Rita Jail. Aramark fails to provide any detailed information in response to this interrogatory.

In response to interrogatories 6-8, Aramark improperly refers to its inadequate answer to interrogatory No. 5.

In response to interrogatory No. 12 that seeks information regarding what the individuals listed above witnessed regarding Aramark's provision of food services, Aramark again improperly directs Plaintiffs to personnel records or employment records it has not produced.

In response to interrogatory 16 that requires Aramark to describe in complete detail what the individuals listed above witnessed regarding unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail, Aramark fails to provide any detailed information in violation of the Rules of Civil Procedure.

I look forward to resolving these issues with you.

Thank you.

Tom

Law Office of Thomas E. Nanney

(816) 401-0047

---

**3 attachments**



**image001.gif**
63K

**Aramark employment histories & training logs.xlsx**
11K

**Aramark Job Descriptions.xlsx**
11K

# Exhibit **D**
# Tom Nanney Email to Charles Reitemeyer
## 9/28/23 @ 8:49 a.m.

 Gmail

**Tom Nanney <tomnanney@gmail.com>**

## Re: Gonzalez - meet and confer
1 message

**Tom Nanney** <tomnanney@gmail.com>                                          Thu, Sep 28, 2023 at 9:16 AM
To: "Reitmeyer, Charles J." <charles.reitmeyer@morganlewis.com>
Cc: "Wheeling, Emily Kimmelman" <emily.wheeling@morganlewis.com>, Yolanda Huang <yhuang.law@gmail.com>
Bcc: tomnanney@gmail.com

Buck,

Thank you for your response.

As I noted in my prior email to you, the training records to which Aramark directs Plaintiffs for Peter Burt, Richard Huking, David Lauria, Michael Maltese, Robin Weiss, and Hal Yasa, while listing the topics of the training, do not indicate the time spent on the training nor who provided the training.  The "credit hour" reference to which you refer does not appear to provide the time spent in training, as in many instances the time indicated for a designated training module marked complete is zero.  You mention that Aramark is searching for additional documents regarding training and will produce those documents.  By Monday, October 2, please produce those documents or let me know that there are no additional documents.

You state that Aramark is searching for any time and attendance records for the employees in Plaintiffs' discovery requests to show when they were on location at Santa Rita Jail.  By Monday, October 2, please produce those records or let me know that there are no additional records.

After I receive and review the documents described above, I will determine whether to bring this matter to Judge Corley.

Thank you.

Tom

Law Office of Thomas E. Nanney
(816) 401-0047


On Sep 25, 2023, at 3:40 PM, Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com> wrote:



Tom,


The following are Aramark's responses to the discovery issues raised below:

- Training - Aramark produced the training logs for all the Aramark employees identified in your discovery requests. The training logs clearly show that these individuals completed numerous food safety courses and each course includes a "credit hours" reference. Further, Aramark produced numerous documents concerning its food safety training. For example, Aramark produced its "Food Safety QA Tool." See Aramark_Gonzalez-0003005-25. Aramark is presently searching its files for any materials associated with the food safety training in the training logs that have not already been produced. Please note, however, that most, if not all, of the food safety training courses consist of on-line, interactive training sessions. Please also note that Plaintiffs' Interrogatories concerning training call for a narrative response that goes beyond the proper scope of interrogatories and a request for such information is more properly obtained through deposition testimony of Aramark's corporate representative. See, e.g., Bashkin v. San Diego County, No. 08-cv-1450-WQH-WVG, 2011 WL 109229 at *2 (S.D. Cal. Jan. 13, 2011) ("[T]o the extent [p]laintiff seeks every minute detail and narratives . . . written discovery is not the proper vehicle to obtain such detail") (citing Johnson v. Couturier, 261 F.R.D. 188, 192 (E.D. Cal. 2009)).
- On Location at Santa Rita Jail - Aramark is presently searching its files for any time and attendance records as to the Aramark employees listed in Plaintiffs discovery requests to show when they were "on location at Santa Rita jail" and will produce any such records to Plaintiffs. Please note that Aramark generally only has time and attendance records for its hourly employees. Indeed, it is our understanding that managerial employees are not required to "clock in." However, as a general matter, a "General Manager," such as Robin Weiss and Richard Huking are on location at Santa Rita jail several times a week. In contrast, a "District Manager" or "Regional Vice President," such as Michael Maltese, David Lauria and Peter Burt, generally split their time among various locations. Further, you state in a conclusory fashion that "[t]his information is directly relevant to Plaintiffs' claims and must be provided." Please tell us how this information is relevant in that the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible." (Nov. 7, 2022 Order, Dkt. 216 at 4.) Finally, Plaintiffs' Interrogatories concerning when certain Aramark employees are on location at Santa Rita Jail call for a narrative response that goes beyond the proper scope of interrogatories and a request for such information is more properly obtained through deposition testimony of Aramark's corporate representative. See, e.g., Bashkin v. San Diego County, No. 08-cv-1450-WQH-WVG, 2011 WL 109229 at *2 (S.D. Cal. Jan. 13, 2011) ("[T]o the extent [p]laintiff seeks every minute detail and narratives . . . written discovery is not the proper vehicle to obtain such detail") (citing Johnson v. Couturier, 261 F.R.D. 188, 192 (E.D. Cal. 2009)).
- Interactions and Conversations with Santa Rita Jail Inmates – Plaintiffs' Interrogatories concerning interactions and conversations with Santa Rita Jail inmates are so vague, ambiguous and overly broad as to be unanswerable. For example, if one of the Aramark employees identified in your discovery requests said "hello" to an inmate while walking into the Jail, it arguably could be considered an interaction or conversation. There is no dispute, however, that such an instance would be entirely irrelevant to this matter and documenting every such instance would be utterly impossible, incredibly burdensome and imposing an obligation on Aramark beyond those imposed by applicable rules. Indeed, the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible." (Nov. 7, 2022 Order, Dkt. 216 at 4.) In this regard, the vast majority of any interactions and conversations between the Aramark employees identified in your discovery requests and any Santa Rita Jail inmates are irrelevant. Further, Plaintiffs' Interrogatories concerning interactions and conversations with Santa Rita Jail inmates call for a narrative response that goes beyond the proper scope of interrogatories and a request for such information is more properly obtained through deposition testimony of Aramark's corporate representative. See, e.g., Bashkin v. San Diego County, No. 08-cv-1450-WQH-WVG, 2011 WL 109229 at *2 (S.D. Cal. Jan. 13, 2011) ("[T]o the extent [p]laintiff seeks every minute detail and narratives . . . written discovery is not the proper vehicle to obtain such detail") (citing Johnson v. Couturier, 261 F.R.D. 188, 192 (E.D. Cal. 2009)).
- Unsanitary Conditions, Vermin and Rodents, and Food Spoilage in the Santa Rita Jail - As noted in our Interrogatory responses, some of the Aramark employees identified in your discovery requests have witnessed some isolated incidents associated with unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail.

Although such minor incidents are generally not documented, Aramark has produced documents of such incidents for which it has records.  Further, Aramark identified which Aramark employees have witnessed such incidents and which have not.  Although, as we discussed, the Aramark employees that have witnessed such incidents do not have specific recollections of such incidents and cannot identify dates and times of such incidents, Aramark has provided specific recollections when they are available.  For example, as to Mr. Burt, Aramark stated that he "has on one occasion witnessed expired milk in storage. As to this occasion, Aramark quickly disposed of the milk at issue and it was not used in food preparation operations or served to the inmates. As such, this occasion did not result in any contamination to the food served to the inmates or any food borne illnesses to any inmates."  Further, Plaintiffs' Interrogatories concerning the isolated incidents associated with unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail call for a narrative response that goes beyond the proper scope of interrogatories and a request for such information is more properly obtained through deposition testimony of Aramark's corporate representative.  *See, e.g.*, *Bashkin v. San Diego County*, No. 08-cv-1450-WQH-WVG, 2011 WL 109229 at *2 (S.D. Cal. Jan. 13, 2011) ("[T]o the extent [p]laintiff seeks every minute detail and narratives . . . written discovery is not the proper vehicle to obtain such detail") (citing *Johnson v. Couturier*, 261 F.R.D. 188, 192 (E.D. Cal. 2009)).

Please let me know if we failed to address any of your concerns and I will keep you in the loop as to our efforts as to supplementing Aramark's responses.

Thanks and I hope all is well.

Buck

**Charles J. Reitmeyer**

**Morgan, Lewis & Bockius LLP**

1701 Market Street | Philadelphia, PA 19103-2921

Direct: +1.215.963.4841 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.267.334.8723

charles.reitmeyer@morganlewis.com | www.morganlewis.com

Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com



150 YEARS OF RAISING THE BAR

Learn More

**From:** Tom Nanney <tomnanney@gmail.com>
**Sent:** Wednesday, September 20, 2023 7:38 PM
**To:** Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com>
**Cc:** Yolanda Huang <yhuang.law@gmail.com>
**Subject:** Re: Gonzalez - meet and confer

[EXTERNAL EMAIL]

Dear Buck,


Thank you for your email and its attachments in which you identify where in your document production some of the information requested in Plaintiffs' interrogatories may be found. Much information, however, requested in Plaintiffs' interrogatories is not provided in Aramarks' interrogatory responses nor in Aramark's document production. Moreover, as I indicated previously, Aramark may not simply direct Plaintiffs to search through its document production rather than answering Plaintiffs' interrogatories. Fed. R. Civ. Proc. 33(b)(3); *Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F3d 88, 93 (1st Cir. 2012) (answering interrogatories simply by directing the proponent to look through other discovery materials is inadequate).


Specifically, in response to interrogatory Nos. 2, 3, 4, and 12 regarding Peter Burt, Aramark "directs Plaintiffs to the personnel records of Peter Burt being produced in this matter." But Aramark has not produced any personnel records of Mr. Burt. Similarly in response to interrogatory Nos. 1, 2, 3, 4, and 12, regarding Hal Yasa, Aramark directs Plaintiffs to the "personnel records of Mr. Yasa being produced in this matter." But Aramark has not produced any personnel records of Mr. Yasa. Similarly, in interrogatory responses regarding Kenneth Flynn, Rick Huking, Michael Maltese, Willie Singleton, Hal Yasa, and Robin Weiss, Aramark directs Plaintiffs to the personnel records of each of these witnesses "being produced in this matter" but Aramark has not produced any of the personnel records.


Interrogatory No. 1 requires Aramark to describe in detail the training received by the Aramark employee that is the subject of the interrogatory. The training records to which Aramark directs Plaintiffs for Peter Burt, Richard Huking, David Lauria, Michael Maltese, Robin Weiss, and Hal Yasa, while listing the topics of the training, do not indicate the time spent on the training nor who provided the training. If the time spent on the training is supposed to be indicated in the "Total Hours" column of the Excel spreadsheets, I note that for many of these trainings marked "complete," the "Total Hours" is zero.


Interrogatories Nos. 2 and 4 require Aramark to provide all dates each subject of the interrogatory has been on location at Santa Rita jail. Aramark provides no specific dates, except to refer to personnel records it has not produced. Aramark surely must know when its employees were or are at Santa Rita Jail. This information is directly relevant to Plaintiffs' claims and must be provided.


Regarding interrogatories 5-8, 12, and 16:


Interrogatory No. 5 requires Aramark to provide the name and date of every interaction each of the individuals listed above had with any inmate at Santa Rita Jail. Aramark fails to provide any detailed information in response to this interrogatory.

In response to interrogatories 6-8, Aramark improperly refers to its inadequate answer to interrogatory No. 5.

In response to interrogatory No. 12 that seeks information regarding what the individuals listed above witnessed regarding Aramark's provision of food services, for many employees Aramark again improperly directs Plaintiffs to personnel records it has not produced.

In response to interrogatory 16 that requires Aramark to describe in complete detail what the individuals listed above witnessed regarding unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail, Aramark fails to provide any detailed information.

Regarding interrogatories 5-8, 12 and 16, you indicated in our last meet and confer that the employees involved would have no other memory than the vague responses contained in the special interrogatories.  It is Aramark, however, not the employees, who must answer the interrogatories.  If Aramark has records, as it should, that reflect specific interactions of the employees in question with inmates; what those employees specifically witnessed regarding provision of food services; and what the employees specifically witnessed regarding unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail, Aramark must draw on those records to answer the interrogatories.

Please supplement Aramark's interrogatory responses as requested by Monday, September 25 or we will take the matter up with Judge Corley.

Thank you.

Tom

Law Office of Thomas E. Nanney

(816) 401-0047

On Sep 14, 2023, at 12:02 PM, Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com> wrote:

Tom,

As we discussed, Aramark produced the employment histories, job descriptions and training logs for all the Aramark employees identified in your discovery requests.  Specifically, the employment histories identify the dates of employment, job title, job function and location for all the Aramark employees identified in your discovery requests.  Further, the corresponding job descriptions provide a detailed discussion of the duties and responsibilities of the Aramark employees identified in your discovery requests.  For your convenience , please find attached two Excel spreadsheets that list the Bates numbers for the employment histories, job descriptions and training logs for all the Aramark employees identified in your discovery requests.

Thanks and I hope all is well.

Buck

**Charles J. Reitmeyer**

**Morgan, Lewis & Bockius LLP**

1701 Market Street | Philadelphia, PA 19103-2921

Direct: +1.215.963.4841 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.267.334.8723

charles.reitmeyer@morganlewis.com | www.morganlewis.com

Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com





---

**From:** Tom Nanney <tomnanney@gmail.com>
**Sent:** Tuesday, September 12, 2023 4:01 PM
**To:** Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com>
**Cc:** Yolanda Huang <yhuang.law@gmail.com>
**Subject:** Re: Gonzales - meet and confer


[EXTERNAL EMAIL]

P.S.  To be more specific, the documents produced by Aramark contain limited personnel and employment information for the following individuals: Robin Weiss, Willie Singleton, Richard Huking, and Kenneth Flynn.  None of these documents, however, sufficiently provides the information sought in plaintiffs' interrogatories.  The documents produced by Aramark contain no personnel or employment files for Peter Burt, Cynthia Irizarry, Hal Yasa, Michael Maltese, David Lauria, and Alice Fausto, despite Aramark's representations in its interrogatory responses.  Regardless, it is not plaintiffs' burden to comb through Aramark's document production to answer interrogatories to which Aramark must fully respond.


On Tue, Sep 12, 2023 at 2:49 PM Tom Nanney <tomnanney@gmail.com> wrote:

> Buck,
>
>
> I send the following in preparation for our meet and confer this afternoon at 4:00 p.m. Eastern time regarding Aramark's recent responses to Plaintiffs' interrogatories and requests for production of documents.

As we discussed previously, to comply with the Federal Rules of Civil Procedure, each interrogatory must be responded to "separately and fully." The response may be either an answer or objection. If an objection, the reasons for the objection must be stated. Fed. R. Civ. Proc. 33(b)(3). An answer to an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories. *See, e.g., Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F3d 88, 93 (1st Cir. 2012) (answering interrogatories simply by directing the proponent to look through other discovery materials is inadequate).

Aramark's answers to plaintiffs' interrogatories are inadequate and do not comply with the Federal Rules of Civil Procedure. For example, in response to interrogatory No. 1 from Cedric Henry that requires Aramark to describe in detail Peter Burt's employment history with Defendant and all dates Peter Burt has been on location at Santa Rita Jail, Aramark responded: "[H]e has visited the Santa Rita Jail on various occasions during his employment at Aramark. Further, Aramark directs Plaintiff to the personnel records of Mr. Burt being produced in this matter." This response fails to answer the question fully and improperly directs Plaintiffs to other discovery materials. Moreover, Aramark has not produced Mr. Burt's personnel files.

Armark's answers to interrogatory No. 1 from other plaintiffs seeking the same information regarding Cynthia Irizarry, Hal Yasa, Willie Singleton, Michael Maltese, Rick Huking, David Lauria, Alice Fausto, Robin Weiss, and Kenneth Flynn are similarly deficient. In response, Aramark fails to provide any detailed information and then directs Plaintiffs to personnel files or employment records Aramark indicates it has produced, but has not produced.

Aramark's answers to interrogatories Nos. 2-4 from plaintiffs seeking the employment history, job duties, and dates of attendance at Santa Rita Jail of the individuals listed above is equally deficient. In response, Aramark fails to provide any detailed information and then directs Plaintiffs to personnel files or employment records Aramark indicates it has produced, but has not produced.

Interrogatory No. 5 requires Aramark to provide the name and date of every interaction each of the individuals listed above had with any inmate at Santa Rita Jail. Aramark fails to provide any detailed information in response to this interrogatory.

In response to interrogatories 6-8, Aramark improperly refers to its inadequate answer to interrogatory No. 5.

In response to interrogatory No. 12 that seeks information regarding what the individuals listed above witnessed regarding Aramark's provision of food services, Aramark again improperly directs Plaintiffs to personnel records or employment records it has not produced.

In response to interrogatory 16 that requires Aramark to describe in complete detail what the individuals listed above witnessed regarding unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail, Aramark fails to provide any detailed information in violation of the Rules of Civil Procedure.

I look forward to resolving these issues with you.

Thank you.


Tom


Law Office of Thomas E. Nanney

(816) 401-0047



image001.gif
63K

Learn More

Exhibit **E**
Tom Nanney Email to Charles Reitemeyer
9/28/23 @ 9:15 a.m.

 Gmail

**Tom Nanney <tomnanney@gmail.com>**

---

## Re: Gonzalez - meet and confer
1 message

---

**Tom Nanney** <tomnanney@gmail.com>            Thu, Sep 28, 2023 at 9:16 AM
To: "Reitmeyer, Charles J." <charles.reitmeyer@morganlewis.com>
Cc: "Wheeling, Emily Kimmelman" <emily.wheeling@morganlewis.com>, Yolanda Huang <yhuang.law@gmail.com>
Bcc: tomnanney@gmail.com

Buck,

Thank you for your response.

As I noted in my prior email to you, the training records to which Aramark directs Plaintiffs for Peter Burt, Richard Huking, David Lauria, Michael Maltese, Robin Weiss, and Hal Yasa, while listing the topics of the training, do not indicate the time spent on the training nor who provided the training. The "credit hour" reference to which you refer does not appear to provide the time spent in training, as in many instances the time indicated for a designated training module marked complete is zero. You mention that Aramark is searching for additional documents regarding training and will produce those documents. By Monday, October 2, please produce those documents or let me know that there are no additional documents.

You state that Aramark is searching for any time and attendance records for the employees in Plaintiffs' discovery requests to show when they were on location at Santa Rita Jail. By Monday, October 2, please produce those records or let me know that there are no additional records.

After I receive and review the documents described above, I will determine whether to bring this matter to Judge Corley.

Thank you.

Tom

Law Office of Thomas E. Nanney
(816) 401-0047

> On Sep 25, 2023, at 3:40 PM, Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com> wrote:
>
>
>
> Tom,
>
> The following are Aramark's responses to the discovery issues raised below:

- Training - Aramark produced the training logs for all the Aramark employees identified in your discovery requests. The training logs clearly show that these individuals completed numerous food safety courses and each course includes a "credit hours" reference. Further, Aramark produced numerous documents concerning its food safety training. For example, Aramark produced its "Food Safety QA Tool." See Aramark_Gonzalez-0003005-25. Aramark is presently searching its files for any materials associated with the food safety training in the training logs that have not already been produced. Please note, however, that most, if not all, of the food safety training courses consist of on-line, interactive training sessions. Please also note that Plaintiffs' Interrogatories concerning training call for a narrative response that goes beyond the proper scope of interrogatories and a request for such information is more properly obtained through deposition testimony of Aramark's corporate representative. *See, e.g.*, *Bashkin v. San Diego County*, No. 08-cv-1450-WQH-WVG, 2011 WL 109229 at *2 (S.D. Cal. Jan. 13, 2011) ("[T]o the extent [p]laintiff seeks every minute detail and narratives . . . written discovery is not the proper vehicle to obtain such detail") (citing *Johnson v. Couturier*, 261 F.R.D. 188, 192 (E.D. Cal. 2009)).
- On Location at Santa Rita Jail - Aramark is presently searching its files for any time and attendance records as to the Aramark employees listed in Plaintiffs discovery requests to show when they were "on location at Santa Rita jail" and will produce any such records to Plaintiffs. Please note that Aramark generally only has time and attendance records for its hourly employees. Indeed, it is our understanding that managerial employees are not required to "clock in." However, as a general matter, a "General Manager," such as Robin Weiss and Richard Huking are on location at Santa Rita jail several times a week. In contrast, a "District Manager" or "Regional Vice President," such as Michael Maltese, David Lauria and Peter Burt, generally split their time among various locations. Further, you state in a conclusory fashion that "[t]his information is directly relevant to Plaintiffs' claims and must be provided." Please tell us how this information is relevant in that the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible." (Nov. 7, 2022 Order, Dkt. 216 at 4.) Finally, Plaintiffs' Interrogatories concerning when certain Aramark employees are on location at Santa Rita Jail call for a narrative response that goes beyond the proper scope of interrogatories and a request for such information is more properly obtained through deposition testimony of Aramark's corporate representative. *See, e.g., Bashkin v. San Diego County*, No. 08-cv-1450-WQH-WVG, 2011 WL 109229 at *2 (S.D. Cal. Jan. 13, 2011) ("[T]o the extent [p]laintiff seeks every minute detail and narratives . . . written discovery is not the proper vehicle to obtain such detail") (citing *Johnson v. Couturier*, 261 F.R.D. 188, 192 (E.D. Cal. 2009)).
- Interactions and Conversations with Santa Rita Jail Inmates – Plaintiffs' Interrogatories concerning interactions and conversations with Santa Rita Jail inmates are so vague, ambiguous and overly broad as to be unanswerable. For example, if one of the Aramark employees identified in your discovery requests said "hello" to an inmate while walking into the Jail, it arguably could be considered an interaction or conversation. There is no dispute, however, that such an instance would be entirely irrelevant to this matter and documenting every such instance would be utterly impossible, incredibly burdensome and imposing an obligation on Aramark beyond those imposed by applicable rules. Indeed, the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible." (Nov. 7, 2022 Order, Dkt. 216 at 4.) In this regard, the vast majority of any interactions and conversations between the Aramark employees identified in your discovery requests and any Santa Rita Jail inmates are irrelevant. Further, Plaintiffs' Interrogatories concerning interactions and conversations with Santa Rita Jail inmates call for a narrative response that goes beyond the proper scope of interrogatories and a request for such information is more properly obtained through deposition testimony of Aramark's corporate representative. *See, e.g., Bashkin v. San Diego County*, No. 08-cv-1450-WQH-WVG, 2011 WL 109229 at *2 (S.D. Cal. Jan. 13, 2011) ("[T]o the extent [p]laintiff seeks every minute detail and narratives . . . written discovery is not the proper vehicle to obtain such detail") (citing *Johnson v. Couturier*, 261 F.R.D. 188, 192 (E.D. Cal. 2009)).
- Unsanitary Conditions, Vermin and Rodents, and Food Spoilage in the Santa Rita Jail - As noted in our Interrogatory responses, some of the Aramark employees identified in your discovery requests have witnessed some isolated incidents associated with unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail.

Although such minor incidents are generally not documented, Aramark has produced documents of such incidents for which it has records. Further, Aramark identified which Aramark employees have witnessed such incidents and which have not. Although, as we discussed, the Aramark employees that have witnessed such incidents do not have specific recollections of such incidents and cannot identify dates and times of such incidents, Aramark has provided specific recollections when they are available. For example, as to Mr. Burt, Aramark stated that he "has on one occasion witnessed expired milk in storage. As to this occasion, Aramark quickly disposed of the milk at issue and it was not used in food preparation operations or served to the inmates. As such, this occasion did not result in any contamination to the food served to the inmates or any food borne illnesses to any inmates." Further, Plaintiffs' Interrogatories concerning the isolated incidents associated with unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail call for a narrative response that goes beyond the proper scope of interrogatories and a request for such information is more properly obtained through deposition testimony of Aramark's corporate representative. *See, e.g.*, *Bashkin v. San Diego County*, No. 08-cv-1450-WQH-WVG, 2011 WL 109229 at *2 (S.D. Cal. Jan. 13, 2011) ("[T]o the extent [p]laintiff seeks every minute detail and narratives . . . written discovery is not the proper vehicle to obtain such detail") (citing *Johnson v. Couturier*, 261 F.R.D. 188, 192 (E.D. Cal. 2009)).

Please let me know if we failed to address any of your concerns and I will keep you in the loop as to our efforts as to supplementing Aramark's responses.

Thanks and I hope all is well.

Buck

**Charles J. Reitmeyer**

**Morgan, Lewis & Bockius LLP**

1701 Market Street | Philadelphia, PA 19103-2921

Direct: +1.215.963.4841 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.267.334.8723

charles.reitmeyer@morganlewis.com | www.morganlewis.com

Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com



150 YEARS OF RAISING THE BAR

Learn More

**From:** Tom Nanney <tomnanney@gmail.com>
**Sent:** Wednesday, September 20, 2023 7:38 PM
**To:** Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com>
**Cc:** Yolanda Huang <yhuang.law@gmail.com>
**Subject:** Re: Gonzalez - meet and confer

[EXTERNAL EMAIL]

Dear Buck,

Thank you for your email and its attachments in which you identify where in your document production some of the information requested in Plaintiffs' interrogatories may be found. Much information, however, requested in Plaintiffs' interrogatories is not provided in Aramarks' interrogatory responses nor in Aramark's document production. Moreover, as I indicated previously, Aramark may not simply direct Plaintiffs to search through its document production rather than answering Plaintiffs' interrogatories. Fed. R. Civ. Proc. 33(b)(3); *Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F3d 88, 93 (1st Cir. 2012) (answering interrogatories simply by directing the proponent to look through other discovery materials is inadequate).

Specifically, in response to interrogatory Nos. 2, 3, 4, and 12 regarding Peter Burt, Aramark "directs Plaintiffs to the personnel records of Peter Burt being produced in this matter." But Aramark has not produced any personnel records of Mr. Burt. Similarly in response to interrogatory Nos. 1, 2, 3, 4, and 12, regarding Hal Yasa, Aramark directs Plaintiffs to the "personnel records of Mr. Yasa being produced in this matter." But Aramark has not produced any personnel records of Mr. Yasa. Similarly, in interrogatory responses regarding Kenneth Flynn, Rick Huking, Michael Maltese, Willie Singleton, Hal Yasa, and Robin Weiss, Aramark directs Plaintiffs to the personnel records of each of these witnesses "being produced in this matter" but Aramark has not produced any of the personnel records.

Interrogatory No. 1 requires Aramark to describe in detail the training received by the Aramark employee that is the subject of the interrogatory. The training records to which Aramark directs Plaintiffs for Peter Burt, Richard Huking, David Lauria, Michael Maltese, Robin Weiss, and Hal Yasa, while listing the topics of the training, do not indicate the time spent on the training nor who provided the training. If the time spent on the training is supposed to be indicated in the "Total Hours" column of the Excel spreadsheets, I note that for many of these trainings marked "complete," the "Total Hours" is zero.

Interrogatories Nos. 2 and 4 require Aramark to provide all dates each subject of the interrogatory has been on location at Santa Rita jail. Aramark provides no specific dates, except to refer to personnel records it has not produced. Aramark surely must know when its employees were or are at Santa Rita Jail. This information is directly relevant to Plaintiffs' claims and must be provided.

Regarding interrogatories 5-8, 12, and 16:

Interrogatory No. 5 requires Aramark to provide the name and date of every interaction each of the individuals listed above had with any inmate at Santa Rita Jail. Aramark fails to provide any detailed information in response to this interrogatory.

In response to interrogatories 6-8, Aramark improperly refers to its inadequate answer to interrogatory No. 5.

In response to interrogatory No. 12 that seeks information regarding what the individuals listed above witnessed regarding Aramark's provision of food services, for many employees Aramark again improperly directs Plaintiffs to personnel records it has not produced.

In response to interrogatory 16 that requires Aramark to describe in complete detail what the individuals listed above witnessed regarding unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail, Aramark fails to provide any detailed information.

Regarding interrogatories 5-8, 12 and 16, you indicated in our last meet and confer that the employees involved would have no other memory than the vague responses contained in the special interrogatories. It is Aramark, however, not the employees, who must answer the interrogatories. If Aramark has records, as it should, that reflect specific interactions of the employees in question with inmates; what those employees specifically witnessed regarding provision of food services; and what the employees specifically witnessed regarding unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail, Aramark must draw on those records to answer the interrogatories.

Please supplement Aramark's interrogatory responses as requested by Monday, September 25 or we will take the matter up with Judge Corley.

Thank you.

Tom

Law Office of Thomas E. Nanney

(816) 401-0047

On Sep 14, 2023, at 12:02 PM, Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com> wrote:

Tom,

As we discussed, Aramark produced the employment histories, job descriptions and training logs for all the Aramark employees identified in your discovery requests. Specifically, the employment histories identify the dates of employment, job title, job function and location for all the Aramark employees identified in your discovery requests. Further, the corresponding job descriptions provide a detailed discussion of the duties and responsibilities of the Aramark employees identified in your discovery requests. For your convenience , please find attached two Excel spreadsheets that list the Bates numbers for the employment histories, job descriptions and training logs for all the Aramark employees identified in your discovery requests.

Thanks and I hope all is well.

Buck

**Charles J. Reitmeyer**

**Morgan, Lewis & Bockius LLP**

1701 Market Street | Philadelphia, PA 19103-2921

Direct: +1.215.963.4841 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.267.334.8723

charles.reitmeyer@morganlewis.com | www.morganlewis.com

Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com





---

**From:** Tom Nanney <tomnanney@gmail.com>
**Sent:** Tuesday, September 12, 2023 4:01 PM
**To:** Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com>
**Cc:** Yolanda Huang <yhuang.law@gmail.com>
**Subject:** Re: Gonzales - meet and confer

[EXTERNAL EMAIL]

P.S.  To be more specific, the documents produced by Aramark contain limited personnel and employment information for the following individuals: Robin Weiss, Willie Singleton, Richard Huking, and Kenneth Flynn.  None of these documents, however, sufficiently provides the information sought in plaintiffs' interrogatories.  The documents produced by Aramark contain no personnel or employment files for Peter Burt, Cynthia Irizarry, Hal Yasa, Michael Maltese, David Lauria, and Alice Fausto, despite Aramark's representations in its interrogatory responses.  Regardless, it is not plaintiffs' burden to comb through Aramark's document production to answer interrogatories to which Aramark must fully respond.

On Tue, Sep 12, 2023 at 2:49 PM Tom Nanney <tomnanney@gmail.com> wrote:

> Buck,
>
> I send the following in preparation for our meet and confer this afternoon at 4:00 p.m. Eastern time regarding Aramark's recent responses to Plaintiffs' interrogatories and requests for production of documents.

As we discussed previously, to comply with the Federal Rules of Civil Procedure, each interrogatory must be responded to "separately and fully." The response may be either an answer or objection. If an objection, the reasons for the objection must be stated. Fed. R. Civ. Proc. 33(b)(3). An answer to an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories. *See*, *e.g.*, *Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F3d 88, 93 (1st Cir. 2012) (answering interrogatories simply by directing the proponent to look through other discovery materials is inadequate).

Aramark's answers to plaintiffs' interrogatories are inadequate and do not comply with the Federal Rules of Civil Procedure. For example, in response to interrogatory No. 1 from Cedric Henry that requires Aramark to describe in detail Peter Burt's employment history with Defendant and all dates Peter Burt has been on location at Santa Rita Jail, Aramark responded: "[H]e has visited the Santa Rita Jail on various occasions during his employment at Aramark. Further, Aramark directs Plaintiff to the personnel records of Mr. Burt being produced in this matter." This response fails to answer the question fully and improperly directs Plaintiffs to other discovery materials. Moreover, Aramark has not produced Mr. Burt's personnel files.

Armark's answers to interrogatory No. 1 from other plaintiffs seeking the same information regarding Cynthia Irizarry, Hal Yasa, Willie Singleton, Michael Maltese, Rick Huking, David Lauria, Alice Fausto, Robin Weiss, and Kenneth Flynn are similarly deficient. In response, Aramark fails to provide any detailed information and then directs Plaintiffs to personnel files or employment records Aramark indicates it has produced, but has not produced.

Aramark's answers to interrogatories Nos. 2-4 from plaintiffs seeking the employment history, job duties, and dates of attendance at Santa Rita Jail of the individuals listed above is equally deficient. In response, Aramark fails to provide any detailed information and then directs Plaintiffs to personnel files or employment records Aramark indicates it has produced, but has not produced.

Interrogatory No. 5 requires Aramark to provide the name and date of every interaction each of the individuals listed above had with any inmate at Santa Rita Jail. Aramark fails to provide any detailed information in response to this interrogatory.

In response to interrogatories 6-8, Aramark improperly refers to its inadequate answer to interrogatory No. 5.

In response to interrogatory No. 12 that seeks information regarding what the individuals listed above witnessed regarding Aramark's provision of food services, Aramark again improperly directs Plaintiffs to personnel records or employment records it has not produced.

In response to interrogatory 16 that requires Aramark to describe in complete detail what the individuals listed above witnessed regarding unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail, Aramark fails to provide any detailed information in violation of the Rules of Civil Procedure.

I look forward to resolving these issues with you.

Thank you.


Tom


Law Office of Thomas E. Nanney

(816) 401-0047



**image001.gif**
63K

Learn More

Exhibit **F**

Charles Reitmeyer Email to Tom Nanney,
10/2/23

 **Gmail**

**Tom Nanney <tomnanney@gmail.com>**

---

## FW: Gonzalez - meet and confer
1 message

---

**Reitmeyer, Charles J.** <charles.reitmeyer@morganlewis.com>          Mon, Oct 2, 2023 at 4:34 PM
To: Tom Nanney <tomnanney@gmail.com>
Cc: "Wheeling, Emily Kimmelman" <emily.wheeling@morganlewis.com>, Yolanda Huang <yhuang.law@gmail.com>

Tom,

The following responds to your questions below:

- Training - As to your statement that the training logs do not indicate the time spent on the training, nor who provided the training, please remember that that most, if not all, of the food safety training courses consist of on-line, interactive training sessions.  In this regard, Column N is used for "Instructor Led" trainings and does not apply here.  Instead, Column O is the relevant column. At this time, we are attempting to gather additional training materials to be produced to you.  The problem, however, is that the on-line, interactive training sessions are produced by a third party vendor and are constantly being revised.  In this regard, we are trying to determine if prior versions of the on-line, interactive training sessions still exist.  If such prior versions exist, we will still need to obtain the vendor's approval to share them with you and determine an efficient and secure way to produce these materials.
- On Location at Santa Rita Jail - Aramark has time and attendance records for the Aramark hourly employees listed in Plaintiffs' discovery requests and is willing to produce such records to Plaintiffs. Please note that these records are extremely voluminous and comprise of 2,764 pages of documents. Please let us know if Plaintiffs still want these documents.  In this regard, Aramark reserves the rights to charge Plaintiffs for any costs associated with responding to Plaintiffs' irrelevant and burdensome discovery request.

We will continue to keep you in the loop as to our efforts to obtain the outstanding requested information.

Thanks.

Buck

**Charles J. Reitmeyer**

**Morgan, Lewis & Bockius LLP**

1701 Market Street | Philadelphia, PA 19103-2921

Direct: +1.215.963.4841 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.267.334.8723

charles.reitmeyer@morganlewis.com | www.morganlewis.com

Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com



150 YEARS OF RAISING THE BAR

[ Learn More ]

---

**From:** Tom Nanney <tomnanney@gmail.com>
**Sent:** Thursday, September 28, 2023 10:16 AM
**To:** Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com>
**Cc:** Wheeling, Emily Kimmelman <emily.wheeling@morganlewis.com>; Yolanda Huang <yhuang.law@gmail.com>
**Subject:** Re: Gonzalez - meet and confer

[EXTERNAL EMAIL]

Buck,

Thank you for your response.

As I noted in my prior email to you, the training records to which Aramark directs Plaintiffs for Peter Burt, Richard Huking, David Lauria, Michael Maltese, Robin Weiss, and Hal Yasa, while listing the topics of the training, do not indicate the time spent on the training nor who provided the training. The "credit hour" reference to which you refer does not appear to provide the time spent in training, as in many instances the time indicated for a designated training module marked complete is zero. You mention that Aramark is searching for additional documents regarding training and will produce those documents. By Monday, October 2, please produce those documents or let me know that there are no additional documents.

You state that Aramark is searching for any time and attendance records for the employees in Plaintiffs' discovery requests to show when they were on location at Santa Rita Jail. By Monday, October 2, please produce those records or let me know that there are no additional records.

After I receive and review the documents described above, I will determine whether to bring this matter to Judge Corley.


Thank you.


Tom


Law Office of Thomas E. Nanney

(816) 401-0047


On Sep 25, 2023, at 3:40 PM, Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com> wrote:


Tom,


The following are Aramark's responses to the discovery issues raised below:


1.    Training - Aramark produced the training logs for all the Aramark employees identified in your discovery requests.  The training logs clearly show that these individuals completed numerous food safety courses and each course includes a "credit hours" reference.  Further, Aramark produced numerous documents concerning its food safety training.  For example, Aramark produced its "Food Safety QA Tool." See Aramark_Gonzalez-0003005-25.  Aramark is presently searching its files for any materials associated with the food safety training in the training logs that have not already been produced.  Please note, however, that most, if not all, of the food safety training courses consist of on-line, interactive training sessions.  Please also note that Plaintiffs' Interrogatories concerning training call for a narrative response that goes beyond the proper scope of interrogatories and a request for such information is more properly obtained through deposition testimony of Aramark's corporate representative. *See, e.g., Bashkin v. San Diego County*, No. 08-cv-1450-WQH-WVG, 2011 WL 109229 at *2 (S.D. Cal. Jan. 13, 2011) ("[T]o the extent [p]laintiff seeks every minute detail and narratives . . . written discovery is not the proper vehicle to obtain such detail") (citing *Johnson v. Couturier*, 261 F.R.D. 188, 192 (E.D. Cal. 2009)).

2.    On Location at Santa Rita Jail - Aramark is presently searching its files for any time and attendance records as to the Aramark employees listed in Plaintiffs discovery requests to show when they were "on location at Santa Rita jail" and will produce any such records to Plaintiffs.  Please note that Aramark generally only has time and attendance records for its hourly employees.  Indeed, it is our understanding that managerial employees are not required to "clock in."   However, as a general matter, a "General Manager," such as Robin Weiss and Richard Huking are on location at Santa Rita jail several times a week.  In contrast, a "District Manager" or "Regional Vice President," such as Michael Maltese, David Lauria and Peter Burt, generally split their time among various locations.  Further, you state in a conclusory fashion that "[t]his information is directly relevant to Plaintiffs' claims and must be provided."  Please tell us how this information is relevant in that the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt.

216 at 4.)  Finally, Plaintiffs' Interrogatories concerning when certain Aramark employees are on location at Santa Rita Jail call for a narrative response that goes beyond the proper scope of interrogatories and a request for such information is more properly obtained through deposition testimony of Aramark's corporate representative. *See, e.g.*, *Bashkin v. San Diego County*, No. 08-cv-1450-WQH-WVG, 2011 WL 109229 at *2 (S.D. Cal. Jan. 13, 2011) ("[T]o the extent [p]laintiff seeks every minute detail and narratives . . . written discovery is not the proper vehicle to obtain such detail") (citing *Johnson v. Couturier*, 261 F.R.D. 188, 192 (E.D. Cal. 2009)).

    3.   Interactions and Conversations with Santa Rita Jail Inmates – Plaintiffs' Interrogatories concerning interactions and conversations with Santa Rita Jail inmates are so vague, ambiguous and overly broad as to be unanswerable.  For example, if one of the Aramark employees identified in your discovery requests said "hello" to an inmate while walking into the Jail, it arguably could be considered an interaction or conversation.  There is no dispute, however, that such an instance would be entirely irrelevant to this matter and documenting every such instance would be utterly impossible, incredibly burdensome and imposing an obligation on Aramark beyond those imposed by applicable rules.  Indeed, the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.)  In this regard, the vast majority of any interactions and conversations between the Aramark employees identified in your discovery requests and any Santa Rita Jail inmates are irrelevant.  Further, Plaintiffs' Interrogatories concerning interactions and conversations with Santa Rita Jail inmates call for a narrative response that goes beyond the proper scope of interrogatories and a request for such information is more properly obtained through deposition testimony of Aramark's corporate representative.  *See, e.g.*, *Bashkin v. San Diego County*, No. 08-cv-1450-WQH-WVG, 2011 WL 109229 at *2 (S.D. Cal. Jan. 13, 2011) ("[T]o the extent [p]laintiff seeks every minute detail and narratives . . . written discovery is not the proper vehicle to obtain such detail") (citing *Johnson v. Couturier*, 261 F.R.D. 188, 192 (E.D. Cal. 2009)).

    4.   Unsanitary Conditions, Vermin and Rodents, and Food Spoilage in the Santa Rita Jail -  As noted in our Interrogatory responses, some of the Aramark employees identified in your discovery requests have witnessed some isolated incidents associated with unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail.  Although such minor incidents are generally not documented, Aramark has produced documents of such incidents for which it has records.  Further, Aramark identified which Aramark employees have witnessed such incidents and which have not.  Although, as we discussed, the Aramark employees that have witnessed such incidents do not have specific recollections of such incidents and cannot identify dates and times of such incidents, Aramark has provided specific recollections when they are available.  For example, as to Mr. Burt, Aramark stated that he "has on one occasion witnessed expired milk in storage. As to this occasion, Aramark quickly disposed of the milk at issue and it was not used in food preparation operations or served to the inmates. As such, this occasion did not result in any contamination to the food served to the inmates or any food borne illnesses to any inmates."  Further, Plaintiffs' Interrogatories concerning the isolated incidents associated with unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail call for a narrative response that goes beyond the proper scope of interrogatories and a request for such information is more properly obtained through deposition testimony of Aramark's corporate representative.  *See, e.g.*, *Bashkin v. San Diego County*, No. 08-cv-1450-WQH-WVG, 2011 WL 109229 at *2 (S.D. Cal. Jan. 13, 2011) ("[T]o the extent [p]laintiff seeks every minute detail and narratives . . . written discovery is not the proper vehicle to obtain such detail") (citing *Johnson v. Couturier*, 261 F.R.D. 188, 192 (E.D. Cal. 2009)).

Please let me know if we failed to address any of your concerns and I will keep you in the loop as to our efforts as to supplementing Aramark's responses.

Thanks and I hope all is well.

Buck

**Charles J. Reitmeyer**

**Morgan, Lewis & Bockius LLP**

1701 Market Street | Philadelphia, PA 19103-2921

Direct: +1.215.963.4841 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.267.334.8723

charles.reitmeyer@morganlewis.com | www.morganlewis.com

Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com



150 YEARS OF RAISING THE BAR



---

**From:** Tom Nanney <tomnanney@gmail.com>
**Sent:** Wednesday, September 20, 2023 7:38 PM
**To:** Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com>
**Cc:** Yolanda Huang <yhuang.law@gmail.com>
**Subject:** Re: Gonzalez - meet and confer

[EXTERNAL EMAIL]

Dear Buck,

Thank you for your email and its attachments in which you identify where in your document production some of the information requested in Plaintiffs' interrogatories may be found. Much information, however, requested in Plaintiffs' interrogatories is not provided in Aramarks' interrogatory responses nor in Aramark's document production. Moreover, as I indicated previously, Aramark may not simply direct Plaintiffs to search through its document production rather than answering Plaintiffs' interrogatories. Fed. R. Civ. Proc. 33(b)(3); *Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F3d 88, 93 (1st Cir. 2012) (answering interrogatories simply by directing the proponent to look through other discovery materials is inadequate).

Specifically, in response to interrogatory Nos. 2, 3, 4, and 12 regarding Peter Burt, Aramark "directs Plaintiffs to the personnel records of Peter Burt being produced in this matter." But Aramark has not produced any personnel records of Mr. Burt. Similarly in response to interrogatory Nos. 1, 2, 3, 4, and 12, regarding Hal Yasa, Aramark directs Plaintiffs to the "personnel records of Mr. Yasa being produced in this matter." But Aramark has not produced any personnel records of Mr. Yasa. Similarly, in interrogatory responses regarding Kenneth Flynn, Rick Huking, Michael Maltese, Willie Singleton, Hal Yasa, and Robin

Weiss, Aramark directs Plaintiffs to the personnel records of each of these witnesses "being produced in this matter" but Aramark has not produced any of the personnel records.

Interrogatory No. 1 requires Aramark to describe in detail the training received by the Aramark employee that is the subject of the interrogatory. The training records to which Aramark directs Plaintiffs for Peter Burt, Richard Huking, David Lauria, Michael Maltese, Robin Weiss, and Hal Yasa, while listing the topics of the training, do not indicate the time spent on the training nor who provided the training. If the time spent on the training is supposed to be indicated in the "Total Hours" column of the Excel spreadsheets, I note that for many of these trainings marked "complete," the "Total Hours" is zero.

Interrogatories Nos. 2 and 4 require Aramark to provide all dates each subject of the interrogatory has been on location at Santa Rita jail. Aramark provides no specific dates, except to refer to personnel records it has not produced. Aramark surely must know when its employees were or are at Santa Rita Jail. This information is directly relevant to Plaintiffs' claims and must be provided.

Regarding interrogatories 5-8, 12, and 16:

Interrogatory No. 5 requires Aramark to provide the name and date of every interaction each of the individuals listed above had with any inmate at Santa Rita Jail. Aramark fails to provide any detailed information in response to this interrogatory.

In response to interrogatories 6-8, Aramark improperly refers to its inadequate answer to interrogatory No. 5.

In response to interrogatory No. 12 that seeks information regarding what the individuals listed above witnessed regarding Aramark's provision of food services, for many employees Aramark again improperly directs Plaintiffs to personnel records it has not produced.

In response to interrogatory 16 that requires Aramark to describe in complete detail what the individuals listed above witnessed regarding unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail, Aramark fails to provide any detailed information.

Regarding interrogatories 5-8, 12 and 16, you indicated in our last meet and confer that the employees involved would have no other memory than the vague responses contained in the special interrogatories. It is Aramark, however, not the employees, who must answer the interrogatories. If Aramark has records, as it should, that reflect specific interactions of the employees in question with inmates; what those employees specifically witnessed regarding provision of food services; and what the employees specifically witnessed regarding unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail, Aramark must draw on those records to answer the interrogatories.

Please supplement Aramark's interrogatory responses as requested by Monday, September 25 or we will take the matter up with Judge Corley.

Thank you.

Tom

Law Office of Thomas E. Nanney

10/16/23, 7:52 PM    Gmail - Re: Gonzales et al. v. Aramark Uniform
Case 3:19-cv-07423-JSC    Document 342-1    Filed 10/18/20    Page 37 of 81
(816) 401-0047

On Sep 14, 2023, at 12:02 PM, Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com>
wrote:

Tom,

As we discussed, Aramark produced the employment histories, job descriptions and
training logs for all the Aramark employees identified in your discovery requests.  Specifically,
the employment histories identify the dates of employment, job title, job function and location
for all the Aramark employees identified in your discovery requests.  Further, the
corresponding job descriptions provide a detailed discussion of the duties and responsibilities
of the Aramark employees identified in your discovery requests.  For your convenience ,
please find attached two Excel spreadsheets that list the Bates numbers for the employment
histories, job descriptions and training logs for all the Aramark employees identified in your
discovery requests.

Thanks and I hope all is well.

Buck

**Charles J. Reitmeyer**

**Morgan, Lewis & Bockius LLP**

1701 Market Street | Philadelphia, PA 19103-2921

Direct: +1.215.963.4841 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile:
+1.267.334.8723

charles.reitmeyer@morganlewis.com | www.morganlewis.com

Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com



150 YEARS OF RAISING THE BAR

Learn More

**From:** Tom Nanney <tomnanney@gmail.com>
**Sent:** Tuesday, September 12, 2023 4:01 PM
**To:** Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com>
**Cc:** Yolanda Huang <yhuang.law@gmail.com>
**Subject:** Re: Gonzales - meet and confer

[EXTERNAL EMAIL]

P.S.  To be more specific, the documents produced by Aramark contain limited personnel and employment information for the following individuals: Robin Weiss, Willie Singleton, Richard Huking, and Kenneth Flynn.  None of these documents, however, sufficiently provides the information sought in plaintiffs' interrogatories.  The documents produced by Aramark contain no personnel or employment files for Peter Burt, Cynthia Irizarry, Hal Yasa, Michael Maltese, David Lauria, and Alice Fausto, despite Aramark's representations in its interrogatory responses.  Regardless, it is not plaintiffs' burden to comb through Aramark's document production to answer interrogatories to which Aramark must fully respond.

On Tue, Sep 12, 2023 at 2:49 PM Tom Nanney <tomnanney@gmail.com> wrote:

Buck,

I send the following in preparation for our meet and confer this afternoon at 4:00 p.m. Eastern time regarding Aramark's recent responses to Plaintiffs' interrogatories and requests for production of documents.

As we discussed previously, to comply with the Federal Rules of Civil Procedure, each interrogatory must be responded to "separately and fully." The response may be either an answer or objection. If an objection, the reasons for the objection must be stated. Fed. R. Civ. Proc. 33(b)(3).  An answer to an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories. *See*, *e.g.*, *Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F3d 88, 93 (1st Cir. 2012) (answering interrogatories simply by directing the proponent to look through other discovery materials is inadequate).

Aramark's answers to plaintiffs' interrogatories are inadequate and do not comply with the Federal Rules of Civil Procedure.  For example, in response to interrogatory No. 1 from Cedric Henry that requires Aramark to describe in detail Peter Burt's employment history with Defendant and all dates Peter Burt has been on location at Santa Rita Jail, Aramark responded: "[H]e has visited the Santa Rita Jail on various occasions during his employment at Aramark. Further, Aramark directs Plaintiff to the personnel records of Mr. Burt being produced in this matter."  This response fails to answer the question fully and improperly directs Plaintiffs to other discovery materials.  Moreover, Aramark has not produced Mr. Burt's personnel files.

Armark's answers to interrogatory No. 1 from other plaintiffs seeking the same information regarding Cynthia Irizarry, Hal Yasa, Willie Singleton, Michael Maltese, Rick Huking, David Lauria, Alice Fausto, Robin Weiss, and Kenneth Flynn are similarly deficient.  In response, Aramark fails to provide any detailed information and then directs Plaintiffs to personnel files or employment records Aramark indicates it has produced, but has not produced.

Aramark's answers to interrogatories Nos. 2-4 from plaintiffs seeking the employment history, job duties, and dates of attendance at Santa Rita Jail of the individuals listed above is equally deficient.  In response, Aramark fails to provide any detailed information and then directs Plaintiffs to personnel files or employment records Aramark indicates it has produced, but has not produced.

Interrogatory No. 5 requires Aramark to provide the name and date of every interaction each of  the individuals listed above had with any inmate at Santa Rita Jail.  Aramark fails to provide any detailed information in response to this interrogatory.

In response to interrogatories 6-8, Aramark improperly refers to its inadequate answer to interrogatory No. 5.

In response to interrogatory No. 12 that seeks information regarding what the individuals listed above witnessed regarding Aramark's provision of food services, Aramark again improperly directs Plaintiffs to personnel records or employment records it has not produced.

In response to interrogatory 16 that requires Aramark to describe in complete detail what the individuals listed above witnessed regarding unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail, Aramark fails to provide any detailed information in violation of the Rules of Civil Procedure.

I look forward to resolving these issues with you.

Thank you.

Tom

Law Office of Thomas E. Nanney

(816) 401-0047



**image001.gif**
63K

# Exhibit **G**
# Tom Nanney Email to Charles Reitemeyer, 10/9/23

 Gmail

Tom Nanney <tomnanney@gmail.com>

## Gonzalez - meet and confer regarding 30(b)(6) deposition of Aramark
1 message

**Tom Nanney** <tomnanney@gmail.com>                                    Mon, Oct 9, 2023 at 12:30 PM
To: "Reitmeyer, Charles J." <charles.reitmeyer@morganlewis.com>
Cc: Rick Brody <rick@brodylaw.com>, Yolanda Huang <yhuang.law@gmail.com>
Bcc: Tom Nanney <tomnanney@gmail.com>

Dear Buck,

I am writing to meet and confer regarding the following 30(b)(6) deposition topics to which Aramark objects and also the time needed for the deposition. The topics are numbered below as they appear in Plaintiffs' amended deposition notice. Aramark's typical objection to each of these topics is as follows: "Aramark objects to this Topic . . . because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they 'receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible.' (Nov. 7, 2022 Order, Dkt. 216 at 4.) Aramark further objects to this Topic insofar as it seeks Aramark's confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive information." These objections are without merit, as explained below.

I.    <u>Topics related to Aramark's Budget to Provide Food Services to Plaintiffs and Santa Rita Jail</u>

**TOPIC NO. 1: Overall budget allocation, including details on the overall budget for food services provided to Santa Rita Jail.**

**TOPIC NO. 2: Cost of goods, including the budget allocated for the procurement of raw materials, prepackaged foods, and other goods necessary for Aramark's food service.**

**TOPIC NO. 3: Labor costs, including specifics on the budget allocated for salaries, benefits, and other compensation for employees.**

**TOPIC NO. 4: Operational expenses, including the budget allocation for daily operations, including maintenance of kitchen equipment, transportation, and preparation and service of food.**

**TOPIC NO. 5: Allocation of funds for ensuring compliance with local, state, and federal regulations, as well as any specific jail standards or requirements.**

**TOPIC NO. 6: Quality insurance and control, including budget details focused on quality checks, including but not limited to, internal audits, inspections, and third-party consultations.**

**TOPIC NO. 7: The budget for capital investments like machinery, equipment, or software upgrades that aid in food preparation and service.**

**TOPIC NO. 8: The budget for employee training programs, covering general, specialized, and compliance-based training.**

**TOPIC NO. 9: Profit margin and financial goals, including the company's budget in relation to expected revenue, profit margins, and financial objectives.**

**TOPIC NO. 17: Cost comparison between the cook chill method currently employed by defendant at Santa Rita Jail versus a cook serve method.**

**TOPIC NO. 24: Pricing and payment terms under the contract between Aramark and the County, including specifics on how pricing was determined, the payment schedule, and any conditions for price adjustments**

All of these topics relate to Aramark's budget to provide the services for which it contracted. Plaintiffs' allege "The cost reductions instituted by Defendants ARAMARK, Sheriff and AHERN in the food budget contract had a devastating impact on the quantity and quality of food provided to prisoners at SRJ, creating a situation where the food served is high in white flour, starches and sugar to reach minimum caloric requirements, with little in the way of fresh fruits and vegetables. Protein is primarily soy powder. Availability, frequency and variety of fresh fruits and vegetables diminished significantly, and portion size also diminished." (4AC ¶ 45.) How Aramark allocates its budget to provide food services is directly relevant to Plaintiffs' claims.

## II.    <u>Topics Related to Food Waste</u>

**TOPIC NO. 11: All efforts to source food locally.**

**TOPIC NO. 12: All efforts to reduce waste, particularly food waste.**

**TOPIC NO. 13: The amount of food waste generated, and all efforts used to monitor food waste and reduce food waste.**

**TOPIC NO. 18: All efforts to reduce solid waste and to meet Alameda County's stated policy of 75% waste reduction by County operations by 2010.**

Food waste is an indication of food that inmates have been unable or refuse to consume and substantiate the inedible condition of the food served. The amount of food waste is relevant to plaintiffs' claims. Presumably, fresh, delicious food would be eaten, and not wasted.

## III.    <u>Topics Related to Contract Violations</u>

**TOPIC NO. 33: Any and all penalties to Aramark for contract violations, and if so for which contract violations and the amount of the penalties, the history of penalty assessment and the process by which penalties are assessed.**

Whether Aramark has incurred penalties for violating its contract with the County is directly relevant to Plaintiffs' claims. Last December, Sheriff Ahern requested a contract increase so that Aramark could purchase better quality food. Whether, for example, Aramark is buying postdated, spoilt or contaminated foods to save money, and therefore not meeting county contract standards and incurring penalties as a result, is relevant as a discovery issue.

## IV.    <u>Topics Related to Training of Aramark Employees</u>

**TOPIC NO. 41: Training policies related to employee interactions with inmates, including behavioral guidelines, security protocols, and quality control.**

**TOPIC NO. 44: Training relating to cultural sensitivity and accommodating diverse dietary needs, including religious or health-related restrictions.**

Plaintiffs have alleged inadequate food, and insufficient portion size, poorly cleaned trays, etc. Training and employee interaction with inmates is an essential part of the food services, Aramark provides as Aramark has stated that inmates are supervised and directed by Aramark employees.

**TOPIC NO. 54: Procedures and training for preparing and complying with external audits, inspections, or any other third-party evaluations.**

Both Aramark and ACSO have claimed that the "inspections" by BSCC and the County health demonstrate ACSO and Aramark's compliance with community standards. How Aramark prepares for audits and inspections is therefore relevant in discovery.

Please let me know by Tuesday, October 10, whether you will withdraw your objections to these topics and produce the person most knowledgeable at Aramark to testify regarding them. For those topics which you refuse to withdraw your objections, we will seek the assistance of Judge Corley.

Finally, given that this is a multi-party class action, more than seven hours will be needed to fairly depose Aramark's 30(b)(6) representative. *See* Fed. R. Civ. Proc. 30(d)(1). Plaintiffs' anticipate needing 21 hours to depose Aramark's 30(b)(6) representative – 7 hours on issues relating to Aramark's budget; 7 hours on issues relating to training of Armark's employees; and 7 hours relating on issues related to the contract between Aramark and the County. Please let me know by Tuesday, October 10, whether Aramark will stipulate to the 21 hours necessary to take Aramark's 30(b)(6) representative. Otherwise, Plaintiffs will seek a court order from Judge Corley.

Thank you.

Tom

Law Office of Thomas E. Nanney
(816) 401-0047

Exhibit **H**

Charles Reitemeyer Email to Tom Nanney,
10/11/23

 Gmail

Tom Nanney <tomnanney@gmail.com>

---

## Gonzalez - meet and confer regarding 30(b)(6) deposition of Aramark
1 message

---

**Reitmeyer, Charles J.** <charles.reitmeyer@morganlewis.com>     Wed, Oct 11, 2023 at 4:40 PM
To: Tom Nanney <tomnanney@gmail.com>
Cc: "Wheeling, Emily Kimmelman" <emily.wheeling@morganlewis.com>, Yolanda Huang <yhuang.law@gmail.com>,
"yolanda@yhuanglaw.com" <yolanda@yhuanglaw.com>, Rick Brody <rick@brodylaw.com>

Tom,

As an initial matter, the issues you raised below have been mooted by Plaintiff Timothy Phillips' amended Notice of Deposition and Aramark's response to the amended Notice.

It is also important to note that Plaintiff Timothy Phillips' list of 54 deposition topics to Aramark is overly burdensome. Indeed, Rule 30(b)(6) does not permit "burdening the responding party with production and preparation of a witness on every facet of the litigation." *See Apple Inc. v. Samsung Elecs. Co.*, Case No. C 11-1846 LHK (PSG), 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (holding that preparing corporate witnesses for deposition "becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand"). It is entirely unreasonable to force Aramark to prepare its witness to testify as to so many irrelevant, vague and obscure topics. Notwithstanding, Aramark has agreed to produce a witness as to many of the listed topics. Further, Aramark has agreed to produce a witness to testify generally regarding its operations at the Santa Rita Jail, including but not limited to compliance, training and food safety issues. In this regard, Aramark has and will fully comply with its obligations imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California and has satisfied the issues you raised below.

Further, Aramark's relevance objections are spot on. During the extensive briefing on Aramark's various Motions to Dismiss as to Plaintiffs numerous Amended Complaints, Plaintiffs disavowed that they were basing any of their claims on the nutritional adequacy of the food. As a result, the Court significantly limited the scope of Plaintiffs' claims against Aramark. Specifically, in its November 7, 2002 Order, the Court stated:

> To the extent that Aramark's motion is based on Plaintiffs' allegations regarding the adequacy of their diet, Plaintiffs have repeatedly disavowed that this is a basis for their conditions of confinement claim. (Dkt. No. 114 at 2; Dkt. No. 116 at 2; Dkt. No. 179.) And Plaintiffs were not granted leave to amend their complaint to add a new theory of liability. See Fed. R. Civ. P. 15(a)(2) (requiring leave of court to amend the complaint). Plaintiffs' food claims are based on the theory that detainees receive constitutionally inadequate food because it is contaminated, spoiled, and otherwise inedible. (Dkt. No. 180 at ¶ 6.1.)

As to your comments concerning the specific deposition topics listed below, please note the following:

- Budget Topics
  - Plaintiffs claim that the budget topics are relevant to Plaintiffs' allegation that "[t]he cost reductions instituted by Defendants ARAMARK, Sheriff and AHERN in the food budget contract had a devastating impact on the quantity and quality of food provided to prisoners at SRJ, creating a situation where the food served is high in

white flour, starches and sugar to reach minimum caloric requirements, with little in the way of fresh fruits and vegetables. Protein is primarily soy powder. Availability, frequency and variety of fresh fruits and vegetables diminished significantly, and portion size also diminished."  (4AC ¶ 45.).  However, as noted above, Plaintiffs disavowed that they were basing any of their claims on the nutritional adequacy of the food.  In this regard, questions regarding whether the food served is high in white flour, starches and sugar, contains sufficient fresh fruits and vegetables or includes proper protein sources are irrelevant.  As we have stated numerous times and Plaintiffs continue to ignore, the claims against Aramark are limited to "the theory that detainees receive constitutionally inadequate food because it is contaminated, spoiled, and otherwise inedible."

- Concepts such as "labor costs," "capital investments," "software upgrades," "cook chill" and "cook serve" are not found in the Fifth Amend Complaint.
- Even though Aramark properly objected to the listed budget topics, Aramark has agreed to produce a witness to testify generally regarding many of the issues in these topics.  Specifically, Aramark has agreed to produce a witness to testify generally regarding:
  - its operations at the Santa Rita Jail.
  - its compliance efforts at the Santa Rita Jail.
  - quality insurance, quality control, quality checks and kitchen inspections at the Santa Rita Jail
  - its policies and practices related to training for its food service operations at the Santa Rita Jail.
- Aramark, however, is not required and will not force its witness to review voluminous budget and financial records in order to prepare for this deposition.

- Food Waste Topics
  - The issues of "food waste" and "sourcing food locally" are not found in the Fifth Amend Complaint.
  - Plaintiffs do not allege that "sourcing food locally" is a Constitutional requirement.
  - It is still unclear exactly what type of food waste to which you refer in your topics and to which Aramark operations, if any, are implicated.  In this regard, it is impossible for Aramark to properly prepare its witness for these topics.
  - Even though Aramark properly objected to the listed food waste topics, Aramark has agreed to produce a witness to testify generally regarding its operations at the Santa Rita Jail.

- Contract Violation Topic
  - Topic No. 33 is so vague and broad that it is impossible for Aramark to properly prepare its witness for this topic.

- Training Topics
  - The issues of "behavioral guidelines," "cultural sensitivity" and "accommodating diverse dietary needs" are not found in the Fifth Amend Complaint.
  - Plaintiffs do not allege that any "security protocols" were breached by Aramark in the service of food to the inmates at Santa Rita Jail.
  - Plaintiffs also do not allege any claims against Aramark concerning "religious restrictions."
  - As previously stated, the claims against Aramark are limited to "the theory that detainees receive constitutionally inadequate food because it is contaminated, spoiled, and otherwise inedible."
  - Even though Aramark properly objected to the listed food waste topics, Aramark has agreed to produce a witness to testify generally regarding its policies and practices related to training for its food service operations at the Santa Rita Jail. Aramark has also agreed to produce a witness to testify generally regarding its compliance efforts at the Santa Rita Jail, quality control and kitchen inspections, which are relevant to the training topics that you listed below.


Finally, Aramark will not stipulate to the requested 21 hours to take Aramark's 30(b)(6) representative.  Indeed, Aramark does not understand how the fact that "this is a multi-party class action" necessitates more than seven hours to depose Aramark's 30(b)(6) representative.


Thanks and please do not hesitate to call me with any questions that you may have concerning this matter.

Buck

**Charles J. Reitmeyer**

**Morgan, Lewis & Bockius LLP**

1701 Market Street | Philadelphia, PA 19103-2921

Direct: +1.215.963.4841 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.267.334.8723

charles.reitmeyer@morganlewis.com | www.morganlewis.com

Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com





---

**From:** Tom Nanney <tomnanney@gmail.com>
**Sent:** Monday, October 9, 2023 1:31 PM
**To:** Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com>
**Cc:** Rick Brody <rick@brodylaw.com>; Yolanda Huang <yhuang.law@gmail.com>
**Subject:** Gonzalez - meet and confer regarding 30(b)(6) deposition of Aramark


[EXTERNAL EMAIL]

Dear Buck,


I am writing to meet and confer regarding the following 30(b)(6) deposition topics to which Aramark objects and also the time needed for the deposition. The topics are numbered below as they appear in Plaintiffs' amended deposition notice. Aramark's typical objection to each of these topics is as follows: "Aramark objects to this Topic . . . because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they 'receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible.' (Nov. 7, 2022 Order, Dkt. 216 at 4.) Aramark further objects to this Topic insofar as it seeks Aramark's confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive information." These objections are without merit, as explained below.

## I.     <u>Topics related to Aramark's Budget to Provide Food Services to Plaintiffs and Santa Rita Jail</u>

**TOPIC NO. 1: Overall budget allocation, including details on the overall budget for food services provided to Santa Rita Jail.**

**TOPIC NO. 2: Cost of goods, including the budget allocated for the procurement of raw materials, prepackaged foods, and other goods necessary for Aramark's food service.**

**TOPIC NO. 3: Labor costs, including specifics on the budget allocated for salaries, benefits, and other compensation for employees.**

**TOPIC NO. 4: Operational expenses, including the budget allocation for daily operations, including maintenance of kitchen equipment, transportation, and preparation and service of food.**

**TOPIC NO. 5: Allocation of funds for ensuring compliance with local, state, and federal regulations, as well as any specific jail standards or requirements.**

**TOPIC NO. 6: Quality insurance and control, including budget details focused on quality checks, including but not limited to, internal audits, inspections, and third-party consultations.**

**TOPIC NO. 7: The budget for capital investments like machinery, equipment, or software upgrades that aid in food preparation and service.**

**TOPIC NO. 8: The budget for employee training programs, covering general, specialized, and compliance-based training.**

**TOPIC NO. 9: Profit margin and financial goals, including the company's budget in relation to expected revenue, profit margins, and financial objectives.**

**TOPIC NO. 17: Cost comparison between the cook chill method currently employed by defendant at Santa Rita Jail versus a cook serve method.**

**TOPIC NO. 24: Pricing and payment terms under the contract between Aramark and the**

**County, including specifics on how pricing was determined, the payment schedule, and any**

**conditions for price adjustments**


All of these topics relate to Aramark's budget to provide the services for which it contracted.  Plaintiffs' allege "The cost reductions instituted by Defendants ARAMARK, Sheriff and AHERN in the food budget contract had a devastating impact on the quantity and quality of food provided to prisoners at SRJ, creating a situation where the food served is high in white flour, starches and sugar to reach minimum caloric requirements, with little in the way of fresh fruits and vegetables. Protein is primarily soy powder. Availability, frequency and variety of fresh fruits and vegetables diminished significantly, and portion size also diminished." (4AC ¶ 45.)  How Aramark allocates its budget to provide food services is directly relevant to Plaintiffs' claims.


## II.     Topics Related to Food Waste


**TOPIC NO. 11: All efforts to source food locally.**


**TOPIC NO. 12: All efforts to reduce waste, particularly food waste.**


**TOPIC NO. 13: The amount of food waste generated, and all efforts used to monitor food**

**waste and reduce food waste.**


**TOPIC NO. 18: All efforts to reduce solid waste and to meet Alameda County's stated policy**

**of 75% waste reduction by County operations by 2010.**


Food waste is an indication of food that inmates have been unable or refuse to consume and substantiate the inedible condition of the food served.  The amount of food waste is relevant to plaintiffs' claims. Presumably, fresh, delicious food would be eaten, and not wasted.


## III.     Topics Related to Contract Violations


**TOPIC NO. 33: Any and all penalties to Aramark for contract violations, and if so for which contract violations and the amount of the penalties, the history of penalty assessment and the process by which penalties are assessed.**


Whether Aramark has incurred penalties for violating its contract with the County is directly relevant to Plaintiffs' claims. Last December, Sheriff Ahern requested a contract increase so that Aramark could purchase better quality food.  Whether, for example, Aramark is buying postdated, spoilt or contaminated

foods to save money, and therefore not meeting county contract standards and incurring penalties as a result, is relevant as a discovery issue.

## IV.      Topics Related to Training of Aramark Employees

**TOPIC NO. 41: Training policies related to employee interactions with inmates, including behavioral guidelines, security protocols, and quality control.**

**TOPIC NO. 44: Training relating to cultural sensitivity and accommodating diverse dietary needs, including religious or health-related restrictions.**

Plaintiffs have alleged inadequate food, and insufficient portion size, poorly cleaned trays, etc. Training and employee interaction with inmates is an essential part of the food services, Aramark provides as Aramark has stated that inmates are supervised and directed by Aramark employees.

**TOPIC NO. 54: Procedures and training for preparing and complying with external audits, inspections, or any other third-party evaluations.**

Both Aramark and ACSO have claimed that the "inspections" by BSCC and the County health demonstrate ACSO and Aramark's compliance with community standards. How Aramark prepares for audits and inspections is therefore relevant in discovery.

Please let me know by Tuesday, October 10, whether you will withdraw your objections to these topics and produce the person most knowledgeable at Aramark to testify regarding them. For those topics which you refuse to withdraw your objections, we will seek the assistance of Judge Corley.

Finally, given that this is a multi-party class action, more than seven hours will be needed to fairly depose Aramark's 30(b)(6) representative. *See* Fed. R. Civ. Proc. 30(d)(1). Plaintiffs' anticipate needing 21 hours to depose Aramark's 30(b)(6) representative – 7 hours on issues relating to Aramark's budget; 7 hours on issues relating to training of Aramark's employees; and 7 hours relating on issues related to the contract between Aramark and the County. Please let me know by Tuesday, October 10, whether Aramark will stipulate to the 21 hours necessary to take Aramark's 30(b)(6) representative. Otherwise, Plaintiffs will seek a court order from Judge Corley.

Thank you.

Tom

10/16/23, 7:49 PM
Gmail - Conferral meet and confer regarding Colbert deposition and Pardun
Case 3:19-cv-07423-JSC - Document 342-1 Filed 10/16/23 Page 51 of 81

Law Office of Thomas E. Nanney

(816) 401-0047

Exhibit **I**
Aramark Responses and Objections to 30(b)(6)
Notice of Taking Deposition

1
2
3
4
5
6

MORGAN, LEWIS & BOCKIUS LLP
CHARLES J. REITMEYER (pro hac vice)
Email: Charles.Reitmeyer@morganlewis.com
EMILY K. WHEELING
Email: Emily.Wheeling@morganlewis.com
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001

7

Attorneys for Defendant
ARAMARK CORRECTIONAL SERVICES LLC

8
9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10

SAN FRANCISCO/OAKLAND DIVISION

11

| | |
|---|---|
| 12  ALAMEDA COUNTY MALE PRISONERS, And Former Prisoners, Daniel Gonzalez, et al. 13  on behalf of themselves and others similarly situated, <u>as a Class, and Subclass,</u> 14 15                              Plaintiffs, 16               vs. 17  ALAMEDA COUNTY SHERIFF'S OFFICE, <i>et al.</i> 18 19                              Defendants. | CASE NO. 3:19-cv-07423-JSC  JUDGE: Hon. Jacqueline Scott Corley  **DEFENDANT ARAMARK CORRECTIONAL SERVICES LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF TIMOTHY PHILLIPS' AMENDED NOTICE OF TAKING ORAL DEPOSITION**  Action filed: November 12, 2019 Trial Date: May 6, 2024 |

20
21
22
23
24
25
26
27
28

1  PROPOUNDING PARTY: Plaintiff TIMOTHY PHILLIPS

2  RESPONDING PARTY: Defendant ARAMARK CORRECTIONAL SERVICES, LLC

3       Defendant Aramark Correctional Services, LLC ("Aramark"), by and through its

4  undersigned counsel, provides the following objections to Plaintiff Timothy Phillips' Amended

5  "Notice of Taking Oral Deposition of Defendent [sic] Aramrk [sic] Correctional Services Ink

6  [sic]" (the "Amended Notice") and the topics for testimony set forth in Attachment A thereto (the

7  "Topics").  Aramark reserves the right to supplement or amend these objections as necessary.

## GENERAL OBJECTIONS

10      The following General Objections apply to each and every applicable Topic, and are

11  incorporated by reference into each and every applicable response as if set forth in full in each

12  numbered Response:

13      1.      Aramark objects to the Notice because it is directed to "Aramark Correctional

14  Services Ink" which is an entity that does not exist. To the extent Plaintiff sought to notice the

15  deposition of Aramark Services Inc., that entity is not a party to this action. Aramark will

16  interpret the Notice as being directed to Aramark Correctional Services, LLC.

17      2.      Aramark objects to the Notice to the extent it seeks to impose obligations on

18  Aramark that are inconsistent with or greater than those imposed by the Federal Rules of Civil

19  Procedure or the Local Rules of the United States District Court for the Northern District of

20  California.

21      3.      Aramark objects generally to the list of fifty-four Topics as overly burdensome.

22  Indeed, Federal Rule of Civil Procedure 30(b)(6) does not permit "burdening the responding

23  party with production and preparation of a witness on every facet of the litigation." *See Apple*

24  *Inc. v. Samsung Elecs. Co.*, Case No. C 11-1846 LHK (PSG), 2012 WL 1511901, at *2 (N.D.

25  Cal. Jan. 27, 2012) (holding that preparing corporate witnesses for deposition "becomes less

26  realistic and increasingly impossible as the number and breadth of noticed subject areas

27  expand").

28

DEFENDANT ARAMARK CORRECTIONAL SERVICES LLC'S RESPONSES AND OBJECTIONS TO
PLAINTIFF TIMOTHY PHILLIPS' AMENDED DEPOSITION NOTICE

4.     Aramark objects generally to each proposed Topic to the extent that it seeks to impose upon Aramark obligations inconsistent with or beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.

5.     Aramark objects to each proposed Topic to the extent that it is overbroad in time and in scope, unduly burdensome, seeks information that is not reasonably calculated to lead to the production of admissible evidence and/or seeks information that is not relevant to the claims or defenses of any party to this action.

6.     Aramark objects to each proposed Topic in that they seek information that is not relevant to the claims of Plaintiff Timothy Phillips.  Indeed, Plaintiff Timothy Phillips has asserted no claims against Aramark or concerning the food in the Fifth Amended Complaint.

7.     Aramark objects to each proposed Topic to the extent that it purports to obligate Aramark to produce a witness or witnesses to testify about information that is subject to one or more privileges or protections from disclosure, including, but not limited to: the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection available under applicable law.

8.     Aramark objects to each proposed Topic to the extent that it purports to obligate Aramark to produce a witness or witnesses to testify about specific documents, the terms of which speak for themselves.

9.     Aramark objects to each proposed Topic to the extent that it is vague and/or ambiguous. To the extent the Topics use undefined terms, this renders the Topics vague, ambiguous, unintelligible, and unanswerable.

10.     Aramark objects to each proposed Topic to the extent that it seeks information that is confidential and/or proprietary, including commercial, financial or other trade secret documents or information pertaining to Aramark or third parties that is protected from disclosure.

Subject to and without waiver of the foregoing General Objections applicable to all proposed topics, Aramark further objects and responds as follows:

DEFENDANT ARAMARK CORRECTIONAL SERVICES LLC'S RESPONSES AND OBJECTIONS TO
PLAINTIFF TIMOTHY PHILLIPS' AMENDED DEPOSITION NOTICE

## SPECIFIC OBJECTIONS TO THE TOPICS

**TOPIC NO. 1:  Overall budget allocation, including details on the overall budget for food services provided to Santa Rita Jail.**

      **RESPONSE TO TOPIC NO. 1:**  In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.) Aramark further objects to this Topic insofar as it seeks Aramark's confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive information.

**TOPIC NO. 2:  Cost of goods, including the budget allocated for the procurement of raw materials, prepackaged foods, and other goods necessary for Aramark's food service.**

      **RESPONSE TO TOPIC NO. 2:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.) Aramark further objects to this Topic insofar as it seeks Aramark's confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive information.

**TOPIC NO. 3:  Labor costs, including specifics on the budget allocated for salaries, benefits, and other compensation for employees.**

      **RESPONSE TO TOPIC NO. 3:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has

repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible." (Nov. 7, 2022 Order, Dkt. 216 at 4.) Aramark further objects to this Topic insofar as it seeks Aramark's confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive information.

**TOPIC NO. 4:  Operational expenses, including the budget allocation for daily operations, including maintenance of kitchen equipment, transportation, and preparation and service of food.**

**RESPONSE TO TOPIC NO. 4:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible." (Nov. 7, 2022 Order, Dkt. 216 at 4.) Aramark further objects to this Topic insofar as it seeks Aramark's confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive information.  Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally regarding its operations at the Santa Rita Jail.

**TOPIC NO. 5:  Allocation of funds for ensuring compliance with local, state, and federal regulations, as well as any specific jail standards or requirements.**

**RESPONSE TO TOPIC NO. 5:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible." (Nov. 7, 2022 Order, Dkt. 216 at 4.) Aramark further objects to this Topic insofar as it seeks Aramark's

confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive information.  Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally regarding its compliance efforts at the Santa Rita Jail.

**TOPIC NO. 6:  Quality insurance and control, including budget details focused on quality checks, including but not limited to, internal audits, inspections, and third-party consultations.**

**RESPONSE TO TOPIC NO. 6:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague and ambiguous because the terms "quality insurance," "control," "quality checks," "internal audits," "inspections," and "third-party consultations" are undefined and capable of multiple interpretations. Aramark further objects to this Topic to the extent it seeks Aramark's confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive information. Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally regarding quality insurance, quality control, quality checks and kitchen inspections.

**TOPIC NO. 7:  The budget for capital investments like machinery, equipment, or software upgrades that aid in food preparation and service.**

**RESPONSE TO TOPIC NO. 7:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.) Aramark further objects to this Topic insofar as it seeks Aramark's confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive information.

**TOPIC NO. 8:  The budget for employee training programs, covering general, specialized, and compliance-based training.**

  **RESPONSE TO TOPIC NO. 8:** In addition to and without waiving the foregoing

General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as

seeking information not relevant to the prosecution or defense of this action because the Court has

repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive

constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov.

7, 2022 Order, Dkt. 216 at 4.) Aramark further objects to this Topic insofar as it seeks Aramark's

confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive

information.  Subject to and without waiving the foregoing objections, Aramark responds as

follows: Aramark responds as follows: Aramark will produce a witness to testify generally as to

Aramark's policies and practices related to training for its food service operations at the Santa Rita

Jail.

**TOPIC NO. 9:  Profit margin and financial goals, including the company's budget in relation to expected revenue, profit margins, and financial objectives.**

  **RESPONSE TO TOPIC NO. 9:** In addition to and without waiving the foregoing

General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as

seeking information not relevant to the prosecution or defense of this action because the Court has

repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive

constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov.

7, 2022 Order, Dkt. 216 at 4.) Aramark further objects to this Topic insofar as it seeks Aramark's

confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive

information.

**TOPIC NO. 10: Food sources and food vendors for all food used in the Santa Rita Jail food operations.**

  **RESPONSE TO TOPIC NO. 10:** In addition to and without waiving the foregoing

Case No. 3:19-cv-07423-JSC

DEFENDANT ARAMARK CORRECTIONAL SERVICES LLC'S RESPONSES AND OBJECTIONS TO
PLAINTIFF TIMOTHY PHILLIPS' AMENDED DEPOSITION NOTICE

General Objections, Aramark objects to this Topic as vague and ambiguous because the terms "food sources", "food vendors", and "food operations" are undefined and capable of multiple interpretations. Aramark further objects to this Topic to the extent it seeks Aramark's confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive information. Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally regarding this Topic.

**TOPIC NO. 11: All efforts to source food locally.**

  **RESPONSE TO TOPIC NO. 11:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.)

**TOPIC NO. 12: All efforts to reduce waste, particularly food waste.**

  **RESPONSE TO TOPIC NO. 12:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark  will produce a witness to testify generally regarding its operations at the Santa Rita Jail.

**TOPIC NO. 13: The amount of food waste generated, and all efforts used to monitor food waste and reduce food waste.**

  **RESPONSE TO TOPIC NO. 13:** In addition to and without waiving the foregoing

General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally regarding its operations at the Santa Rita Jail.

**TOPIC NO. 14: Any and all steps to evaluate and improve the quality of food purchased for food services provided to Santa Rita Jail's inmates.**

**RESPONSE TO TOPIC NO. 14:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague and ambiguous because the phrase "[a]ny and all steps to evaluate and improve the quality of the food purchased for food services" contains several undefined terms that render the phrase capable of multiple interpretations. Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally regarding this Topic.

**TOPIC NO. 15: Any and all steps to evaluate the quality of food prepared for Santa Rita Jail's inmates.**

**RESPONSE TO TOPIC NO. 15:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague and ambiguous because the phrase "[a]ny and all steps to evaluate the quality of the food" contains several undefined terms that render the phrase capable of multiple interpretations. Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally regarding this Topic.

**TOPIC NO. 16: Any and all steps to improve the quality of food prepared for Santa Rita Jail's inmates.**

**RESPONSE TO TOPIC NO. 16:** In addition to and without waiving the foregoing

DEFENDANT ARAMARK CORRECTIONAL SERVICES LLC'S RESPONSES AND OBJECTIONS TO
PLAINTIFF TIMOTHY PHILLIPS' AMENDED DEPOSITION NOTICE

General Objections, Aramark objects to this Topic as vague and ambiguous because the phrase "[a]ny and all steps to improve the quality of the food purchased for food services" contains several undefined terms that render the phrase capable of multiple interpretations. Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally regarding this Topic.

**TOPIC NO. 17: Cost comparison between the cook chill method currently employed by defendant at Santa Rita Jail versus a cook serve method.**

**RESPONSE TO TOPIC NO. 17:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible." (Nov. 7, 2022 Order, Dkt. 216 at 4.) Aramark further objects to this Topic insofar as it seeks Aramark's confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive information.

**TOPIC NO. 18: All efforts to reduce solid waste and to meet Alameda County's stated policy of 75% waste reduction by County operations by 2010.**

**RESPONSE TO TOPIC NO. 18:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible." (Nov. 7, 2022 Order, Dkt. 216 at 4.)

**TOPIC NO. 19: The costs of using single use trays versus reusable trays.**

**RESPONSE TO TOPIC NO. 19:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as

DEFENDANT ARAMARK CORRECTIONAL SERVICES LLC'S RESPONSES AND OBJECTIONS TO
PLAINTIFF TIMOTHY PHILLIPS' AMENDED DEPOSITION NOTICE

seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.) Aramark further objects to this Topic insofar as it seeks Aramark's confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive information. Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to generally testify as to Aramark's tray washing processes and operations.

**TOPIC NO. 20: The costs of washing and sanitizing reusable trays.**

      **RESPONSE TO TOPIC NO. 20:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.) Aramark further objects to this Topic insofar as it seeks Aramark's confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive information. Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to generally testify as to Aramark's tray washing processes and operations.

**TOPIC NO. 21: Familiarity with the processes, equipment and costs of tray and equipment washing in the Santa Rita Jail food operation.**

      **RESPONSE TO TOPIC NO. 21:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive

constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.) Aramark further objects to this Topic insofar as it seeks Aramark's confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive information. Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to generally testify as to Aramark's tray and equipment washing processes and operations.

**TOPIC NO. 22:  How the contract between Aramark and the County was negotiated, drafted, and finalized, including the parties involved.**

**RESPONSE TO TOPIC NO. 22:**  In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague and ambiguous because "how the contract between Aramark was negotiated, drafted, and finalized" includes multiple undefined terms and the phrase is therefore capable of multiple interpretations.  Aramark further objects to this Topic as overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.)  Aramark further objects to this Topic insofar as it seeks Aramark's confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive information.

**TOPIC NO. 23:  Details outlining the specific services Aramark contracted with the County to provide, such as meal planning, food preparation, delivery, and timing of food deliveries.**

**RESPONSE TO TOPIC NO. 23:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague and ambiguous because the terms "details," "meal planning," "food preparation," "delivery," and "timing" are undefined and capable of multiple interpretations. Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally regarding the

services Aramark performs at the Santa Rita Jail.

**TOPIC NO. 24:  Pricing and payment terms under the contract between Aramark and the County, including specifics on how pricing was determined, the payment schedule, and any conditions for price adjustments.**

      **RESPONSE TO TOPIC NO. 24:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.) Aramark further objects to this Topic insofar as it seeks Aramark's confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive information.

**TOPIC NO. 25:  Aramark's duties under its contract with the County to comply with federal, state, and local laws, including food safety and jail-specific regulations.**

      **RESPONSE TO TOPIC NO. 25:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally regarding food safety issues.

**TOPIC NO. 26:  Provisions in the contract between Aramark and the County for ensuring and assessing the quality of food and service, including any performance indicators or audit procedures.**

      **RESPONSE TO TOPIC NO. 26:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague and ambiguous because the phrase

"ensuring and assessing the quality of food and service" and the undefined terms "performance indicators" and "audit procedures" are capable of multiple interpretations. Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally regarding this Topic.

**TOPIC NO. 27:  Provisions in the contract between Aramark and the County allowing or disallowing the use of subcontractors for providing food services, and any required approvals or disclosures.**

**RESPONSE TO TOPIC NO. 27:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague and ambiguous because the phrase "allowing or disallowing the use of subcontractor" and the undefined terms "approvals" and "disclosures" are capable of multiple interpretations. Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally regarding this Topic.

**TOPIC NO. 28:  Specifics on staffing levels or employee qualifications mandated by the contract between Aramark and the County, including background checks or training.**

**RESPONSE TO TOPIC NO. 28:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.) Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally to employee staffing and training for its food service operations at the Santa Rita Jail.

**TOPIC NO. 29:  How emergencies or unforeseen events are to be handled under the contract between Aramark and the County, including food recalls or natural disasters.**

**RESPONSE TO TOPIC NO. 29:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as

seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.) Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally to issues regarding food recalls.

**TOPIC NO. 30: How reviews, performance metrics, and any penalties for not meeting established standards are to be handled under the contract between Aramark and the County.**

**RESPONSE TO TOPIC NO. 30:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague and ambiguous because the terms "reviews", "performance metrics", "penalties", and "established standards" are undefined and capable of multiple interpretations. Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally regarding contractual standards.

**TOPIC NO. 31: The rights of the County to audit Aramark's performance and compliance with the terms of the contract between Aramark and the County.**

**RESPONSE TO TOPIC NO. 31:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague and ambiguous because the phrase "performance and compliance with the terms of the contract" contains undefined terms that render the phrase capable of multiple interpretations. Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally regarding this Topic.

**TOPIC NO. 32: All clauses in the contract on food quality, sourcing of food, and other Alameda County policies regarding the quality and source of food utilized.**

**RESPONSE TO TOPIC NO. 32:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague and ambiguous because the terms and

phrases "food quality," "sourcing of food," and "quality and source of food utilized" are undefined and capable of multiple interpretations. Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally regarding this Topic.

**TOPIC NO. 33: Any and all penalties to Aramark for contract violations, and if so for which contract violations and the amount of the penalties, the history of penalty assessment and the process by which penalties are assessed.**

  **RESPONSE TO TOPIC NO. 33:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.) Aramark further objects to this Topic insofar as it seeks Aramark's confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive information.

**TOPIC NO. 34: Any and all contract terms regarding Aramark's obligations to inmate grievances.**

  **RESPONSE TO TOPIC NO. 34:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.) Aramark further objects to this Topic insofar as it seeks Aramark's confidential, non-public, and/or proprietary information, or otherwise commercially-sensitive information. Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally to inmate grievances concerning

1   contaminated, spoiled and otherwise inedible food.

2   **TOPIC NO. 35: Any and all contract obligations for Aramark to make or take corrective**
3   **actions.**

4      **RESPONSE TO TOPIC NO. 35:** In addition to and without waiving the foregoing

5   General Objections, Aramark objects to this Topic as vague and ambiguous because the phrases

6   "[a]ny and all contract obligations" and the term "corrective actions" are undefined terms and

7   capable of multiple interpretations.

8   **TOPIC NO. 36:  Hiring criteria and hiring policies, including qualifications, background**
9   **checks, and vetting procedures specifically for employees responsible for food services in**
    **jails.**
10

11      **RESPONSE TO TOPIC NO. 36:**  In addition to and without waiving the foregoing

12   General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as

13   seeking information not relevant to the prosecution or defense of this action because the Court has

14   repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive

15   constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov.

16
17   7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark

18   responds as follows: Aramark will produce a witness to testify generally as to Aramark's hiring

19   policies and practices at the Santa Rita Jail.

20   **TOPIC NO. 37:  Initial employee training, including mandatory training programs new**
21   **hires must complete before working in a jail environment and any specialized training on**
    **food safety and correctional facility protocols.**

22      **RESPONSE TO TOPIC NO. 37:**  In addition to and without waiving the foregoing

23   General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as

24   seeking information not relevant to the prosecution or defense of this action because the Court has

25   repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive

26   constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov.

27   7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark

28

17                          Case No. 3:19-cv-07423-JSC
DEFENDANT ARAMARK CORRECTIONAL SERVICES LLC'S RESPONSES AND OBJECTIONS TO
PLAINTIFF TIMOTHY PHILLIPS' AMENDED DEPOSITION NOTICE

responds as follows: Aramark will produce a witness to testify generally as to Aramark's policies

and practices related to training for its food service operations at the Santa Rita Jail.

**TOPIC NO. 38:  Ongoing employee training, including continual or periodic training and how often it occurs, the subjects covered, and how compliance is monitored.**

     **RESPONSE TO TOPIC NO. 38:**  In addition to and without waiving the foregoing

General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as

seeking information not relevant to the prosecution or defense of this action because the Court has

repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive

constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov.

7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark

responds as follows: Aramark will produce a witness to testify generally as to Aramark's policies

and practices related to training for its food service operations at the Santa Rita Jail.

**TOPIC NO. 39:  Compliance training, including training on compliance with local, state, and federal regulations, including those specifically relating to food safety standards in jails.**

     **RESPONSE TO TOPIC NO. 39:**  In addition to and without waiving the foregoing

General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as

seeking information not relevant to the prosecution or defense of this action because the Court has

repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive

constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov.

7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark

responds as follows: Aramark will produce a witness to testify generally as to Aramark's policies

and practices related to training for its food service operations at the Santa Rita Jail.

**TOPIC NO. 40:  Safety training, including training focused on minimizing safety risks, such as food contamination, and how these are adapted for a jail setting.**

     **RESPONSE TO TOPIC NO. 40:**  In addition to and without waiving the foregoing

General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as

seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally as to Aramark's policies and practices related to training for its food service operations at the Santa Rita Jail.

**TOPIC NO. 41:  Training policies related to employee interactions with inmates, including behavioral guidelines, security protocols, and quality control.**

  **RESPONSE TO TOPIC NO. 41:** In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally as to Aramark's policies and practices related to training for its food service operations at the Santa Rita Jail.

**TOPIC NO. 42:  Supervisory training, including training programs for managerial and supervisory staff, with a focus on maintaining food quality and safety.**

  **RESPONSE TO TOPIC NO. 42:**  In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally as to Aramark's policies

and practices related to training for its food service operations at the Santa Rita Jail.

**TOPIC NO. 43:  Emergency response training, including training materials and methods concerning procedures for various emergency situations, including fires, medical emergencies, or security issues.**

      **RESPONSE TO TOPIC NO. 43:**  In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.)

**TOPIC NO. 44:  Training relating to cultural sensitivity and accommodating diverse dietary needs, including religious or health-related restrictions.**

      **RESPONSE TO TOPIC NO. 44:**  In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally as to Aramark's policies and practices related to training for its food service operations at the Santa Rita Jail.

**TOPIC NO. 45:  How employees are trained to perform quality assurance checks, from procurement to food preparation and distribution.**

      **RESPONSE TO TOPIC NO. 45:**  In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov.

7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark

responds as follows: Aramark will produce a witness to testify generally as to Aramark's policies

and practices related to training for its food service operations at the Santa Rita Jail.

**TOPIC NO. 46:  Record keeping, including how employees are trained to document relevant activities, including food safety checks, inventory, and any incidents or deviations from standard procedures.**

> **RESPONSE TO TOPIC NO. 46:**  In addition to and without waiving the foregoing

General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as

seeking information not relevant to the prosecution or defense of this action because the Court has

repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive

constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov.

7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark

responds as follows: Aramark will produce a witness to testify generally as to Aramark's policies

and practices related to food safety issues for its food service operations at the Santa Rita Jail.

**TOPIC NO. 47:  Initial inmate training, including mandatory training programs inmate workers must complete before working in Santa Rita's kitchen and any specialized training on food safety and correctional facility protocols.**

> **RESPONSE TO TOPIC NO. 47:**  In addition to and without waiving the foregoing

General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as

seeking information not relevant to the prosecution or defense of this action because the Court has

repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive

constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov.

7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark

responds as follows: Aramark will produce a witness to testify generally as to Aramark's policies

and practices related to training for its food service operations at the Santa Rita Jail.

**TOPIC NO. 48: Ongoing inmate training, including continual or periodic training and how often it occurs, the subjects covered, and how compliance is monitored.**

Case No. 3:19-cv-07423-JSC

DEFENDANT ARAMARK CORRECTIONAL SERVICES LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF TIMOTHY PHILLIPS' AMENDED DEPOSITION NOTICE

**RESPONSE TO TOPIC NO. 48:**  In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally as to Aramark's policies and practices related to training for its food service operations at the Santa Rita Jail.

**TOPIC NO. 49: Compliance training and regulation for inmates, including training on compliance with local, state, and federal regulations, including those specifically relating to food safety standards in jails.**

**RESPONSE TO TOPIC NO. 49:**  In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally as to Aramark's policies and practices related to training for its food service operations at the Santa Rita Jail.

**TOPIC NO. 50: Safety training for inmates, including training focused on minimizing safety risks, such as food contamination, and how these are adapted for a jail setting.**

**RESPONSE TO TOPIC NO. 50:**  In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov.

Case No. 3:19-cv-07423-JSC

7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark

responds as follows: Aramark will produce a witness to testify generally as to Aramark's policies

and practices related to training for its food service operations at the Santa Rita Jail.

**TOPIC NO. 51: Training relating to cultural sensitivity and accommodating diverse dietary needs, including religious or health-related restrictions.**

      **RESPONSE TO TOPIC NO. 51:**  In addition to and without waiving the foregoing

General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as

seeking information not relevant to the prosecution or defense of this action because the Court has

repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive

constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov.

7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark

responds as follows: Aramark will produce a witness to testify generally as to Aramark's policies

and practices related to training for its food service operations at the Santa Rita Jail.

**TOPIC NO. 52: How inmates are trained to perform quality assurance checks, from procurement to food preparation and distribution.**

      **RESPONSE TO TOPIC NO. 52:**  In addition to and without waiving the foregoing

General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as

seeking information not relevant to the prosecution or defense of this action because the Court has

repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive

constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov.

7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark

responds as follows: Aramark will produce a witness to testify generally as to Aramark's policies

and practices related to training for its food service operations at the Santa Rita Jail.

**TOPIC NO. 53: Record keeping, including how inmates are trained to document relevant activities, including food safety checks, inventory, and any incidents or deviations from standard procedures.**

      **RESPONSE TO TOPIC NO. 53:**  In addition to and without waiving the foregoing

General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally as to Aramark's policies and practices related to food safety issues for its food service operations at the Santa Rita Jail.

**TOPIC NO. 54: Procedures and training for preparing and complying with external audits, inspections, or any other third-party evaluations.**

　　　　**RESPONSE TO TOPIC NO. 54:**  In addition to and without waiving the foregoing General Objections, Aramark objects to this Topic as vague, ambiguous, overly broad and as seeking information not relevant to the prosecution or defense of this action because the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible."  (Nov. 7, 2022 Order, Dkt. 216 at 4.)  Subject to and without waiving the foregoing objections, Aramark responds as follows: Aramark will produce a witness to testify generally as to Aramark's policies and practices related to training for its food service operations at the Santa Rita Jail.

DATED:  October 11, 2023　　　　　　　MORGAN, LEWIS & BOCKIUS LLP

　　　　　　　　　　　　　　　　By:　 */s/ Charles J. Reitmeyer*
　　　　　　　　　　　　　　　　　　　Charles J. Reitmeyer
　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Aramark Correctional*
　　　　　　　　　　　　　　　　　　　*Services, LLC*

## PROOF OF SERVICE

I, Emily Wheeling, am a citizen of the United States and employed in Philadelphia County, Pennsylvania.  I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1701 Market Street, Philadelphia, PA 19103.

On October 11, 2023, I served a copy of the within documents:

**DEFENDANT ARAMARK CORRECTIONAL SERVICES LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF TIMOTHY PHILLIPS' AMENDED NOTICE OF TAKING ORAL DEPOSITION**

☒    by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below:

**See Attached Service List**

I am readily familiar with Morgan, Lewis & Bockius LLP's practice for collection and processing of documents for delivery according to instructions indicated above. In the ordinary course of business, documents would be handled accordingly.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Philadelphia, Pennsylvania on October 11, 2023.

/s/ *Emily Wheeling*
Emily Wheeling

1

## **SERVICE LIST**

2

Yolanda Huang (State Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
3
PO Box 5475
Berkeley, California 94705
4
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
5
E-Mail: yolanda@yhuanglaw.com
6

Thomas E. Nanney (State Bar No. 214342)
7
Law Office of Thomas E. Nanney
2217 W. 120th St.
8
Leawood, Kansas 66209
Phone: (816) 401-0047
9
Email: tomnanney@gmail.com
10

11
*Attorneys for Plaintiffs*

12
Gregory B. Thomas (SBN 239870)
E-mail:  gthomas@bwslaw.com
13
Temitayo O. Peters (SBN 309913)
E-mail:  tpeters@bwslaw.com
14
Jasper L. Hall (SBN 341113)
E-mail:  jhall@bwslaw.com
15
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
16
Oakland, California 94612-3520
Tel:  510.273.8780     Fax:  510.839.9104
17

18
*Attorneys for Defendant Alameda County
Sheriff's Office*
19

20
Peter G. Bertling
Jemma S. Parker Saunders
21
BERTLING LAW GROUP, INC.
21 East Canon Perdido Street, Suite 204B
22
Santa Barbara, CA 93101-8215
Phone: (805) 879-7558  Fax: (805) 869-1597
23
peter@bertlinglawgroup.com
jemma@bertlinglawgroup.com
24

25
*Attorneys for Defendant Well-Path
Management, Inc.*
26

27

28

Exhibit **J**

Charles Reitemeyer Email to Tom Nanney,
10/15/23



**Tom Nanney <tomnanney@gmail.com>**

---

## RE: meet and confer issues
1 message

---

**Reitmeyer, Charles J.** <charles.reitmeyer@morganlewis.com>                    Sun, Oct 15, 2023 at 1:03 PM
To: Yolanda Huang <yhuang.law@gmail.com>
Cc: Tom Nanney <tomnanney@gmail.com>, Rick Brody <rick@brodylaw.com>, "Wheeling, Emily Kimmelman"
<emily.wheeling@morganlewis.com>, "Thomas, Gregory B." <GThomas@bwslaw.com>, "Peters, Temitayo O."
<TPeters@bwslaw.com>, Jemma Parker Saunders <jemma@bertlinglawgroup.com>, Stephanie Aguiniga
<stephanie@bertlinglawgroup.com>

Yolanda,

As to the time parameters for Aramark's Rule 30(b)(6) deposition, we are willing to go a little over the seven
hour limit and we will not count any examination by the other defendants against the seven hour limit, but the requested
21 hours of examination is excessive, unreasonable and burdensome.

Thanks.

Buck

**Charles J. Reitmeyer**

**Morgan, Lewis & Bockius LLP**

1701 Market Street | Philadelphia, PA 19103-2921

Direct: +1.215.963.4841 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.267.334.8723

charles.reitmeyer@morganlewis.com | www.morganlewis.com

Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com



150 YEARS OF RAISING THE BAR

Learn More

**From:** Yolanda Huang <yhuang.law@gmail.com>
**Sent:** Thursday, October 12, 2023 1:10 AM
**To:** Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com>
**Cc:** Tom Nanney <tomnanney@gmail.com>; Rick Brody <rick@brodylaw.com>
**Subject:** meet and confer issues


[EXTERNAL EMAIL]

Chuck,

Tom just phoned. He is in Norway, says hi, and wishes you were there.


He wanted me to follow-up with you on the meet and confer issues he's raised, particularly on the time parameters for the 30(b)(6) deposition.  That needs to be resolved before the deposition, and since you will be in Europe visiting your daughter the week before the depo, it would be best to try and resolve this next week.  Tom said he could try and participate in the informal conference with Judge Corley if he had a few days notice (or I could be the stand in).


  If you wish to discuss this with me further, I am available Thursday morning anytime.  Or, we could just draft up an informal discovery letter for submission to Judge Corley?


Please let me know.


Yours truly,


--

**Yolanda Huang, Esq.**

PO Box 5475 • Berkeley • CA • 94705 •  Phone:510-329-2140 • Fax:510-580-9410

<u>Confidentiality Notice</u>: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.