| | |
|---|---|
| **From:** | Reitmeyer, Charles J. |
| **Sent:** | Monday, October 2, 2023 5:35 PM |
| **To:** | Tom Nanney |
| **Cc:** | Wheeling, Emily Kimmelman; Yolanda Huang |
| **Subject:** | FW: Gonzalez - meet and confer |

Tom,

The following responds to your questions below:

- Training - As to your statement that the training logs do not indicate the time spent on the training, nor who provided the training, please remember that that most, if not all, of the food safety training courses consist of on-line, interactive training sessions.  In this regard, Column N is used for "Instructor Led" trainings and does not apply here.  Instead, Column O is the relevant column. At this time, we are attempting to gather additional training materials to be produced to you.  The problem, however, is that the on-line, interactive training sessions are produced by a third party vendor and are constantly being revised.  In this regard, we are trying to determine if prior versions of the on-line, interactive training sessions still exist.  If such prior versions exist, we will still need to obtain the vendor's approval to share them with you and determine an efficient and secure way to produce these materials.
- On Location at Santa Rita Jail - Aramark has time and attendance records for the Aramark hourly employees listed in Plaintiffs' discovery requests and is willing to produce such records to Plaintiffs.  Please note that these records are extremely voluminous and comprise of 2,764 pages of documents.  Please let us know if Plaintiffs still want these documents.  In this regard, Aramark reserves the rights to charge Plaintiffs for any costs associated with responding to Plaintiffs' irrelevant and burdensome discovery request.

We will continue to keep you in the loop as to our efforts to obtain the outstanding requested information.

Thanks.

Buck

**Charles J. Reitmeyer**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.4841 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.267.334.8723
charles.reitmeyer@morganlewis.com | www.morganlewis.com
Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com

1



**150 YEARS OF RAISING THE BAR**

Learn More

---

**From:** Tom Nanney <tomnanney@gmail.com>
**Sent:** Thursday, September 28, 2023 10:16 AM
**To:** Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com>
**Cc:** Wheeling, Emily Kimmelman <emily.wheeling@morganlewis.com>; Yolanda Huang <yhuang.law@gmail.com>
**Subject:** Re: Gonzalez - meet and confer

[EXTERNAL EMAIL]
Buck,

Thank you for your response.

As I noted in my prior email to you, the training records to which Aramark directs Plaintiffs for Peter Burt, Richard Huking, David Lauria, Michael Maltese, Robin Weiss, and Hal Yasa, while listing the topics of the training, do not indicate the time spent on the training nor who provided the training.  The "credit hour" reference to which you refer does not appear to provide the time spent in training, as in many instances the time indicated for a designated training module marked complete is zero.  You mention that Aramark is searching for additional documents regarding training and will produce those documents.  By Monday, October 2, please produce those documents or let me know that there are no additional documents.

You state that Aramark is searching for any time and attendance records for the employees in Plaintiffs' discovery requests to show when they were on location at Santa Rita Jail.  By Monday, October 2, please produce those records or let me know that there are no additional records.

After I receive and review the documents described above, I will determine whether to bring this matter to Judge Corley.

Thank you.

Tom

Law Office of Thomas E. Nanney
(816) 401-0047


On Sep 25, 2023, at 3:40 PM, Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com> wrote:


Tom,

The following are Aramark's responses to the discovery issues raised below:

1. Training - Aramark produced the training logs for all the Aramark employees identified in your discovery requests.  The training logs clearly show that these individuals completed numerous food safety courses and each course includes a "credit hours" reference.  Further, Aramark produced numerous documents concerning its food safety training.  For example, Aramark produced its "Food Safety QA Tool."  See Aramark_Gonzalez-0003005-25.  Aramark is presently searching its files for any materials associated with the food safety training in the training logs that have not already been produced.  Please note, however, that most, if not all, of the food safety training courses consist of on-line, interactive training sessions.  Please also note that Plaintiffs' Interrogatories concerning training call for a narrative response that goes beyond the proper scope of interrogatories and a request for such information is more properly obtained through deposition testimony of Aramark's corporate representative.  *See, e.g.*, *Bashkin v. San Diego County*, No. 08-cv-1450-WQH-WVG, 2011 WL 109229 at *2 (S.D. Cal. Jan. 13, 2011) ("[T]o the extent [p]laintiff seeks every minute detail and narratives . . . written discovery is not the proper vehicle to obtain such detail") (citing *Johnson v. Couturier*, 261 F.R.D. 188, 192 (E.D. Cal. 2009)).

2. On Location at Santa Rita Jail - Aramark is presently searching its files for any time and attendance records as to the Aramark employees listed in Plaintiffs discovery requests to show when they were "on location at Santa Rita jail" and will produce any such records to Plaintiffs.  Please note that Aramark generally only has time and attendance records for its hourly employees.  Indeed, it is our understanding that managerial employees are not required to "clock in."   However, as a general matter, a "General Manager," such as Robin Weiss and Richard Huking are on location at Santa Rita jail several times a week.  In contrast, a "District Manager" or "Regional Vice President," such as Michael Maltese, David Lauria and Peter Burt, generally split their time among various locations.  Further, you state in a conclusory fashion that "[t]his information is directly relevant to Plaintiffs' claims and must be provided."  Please tell us how this information is relevant in that the Court has repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible." (Nov. 7, 2022 Order, Dkt. 216 at 4.)  Finally, Plaintiffs' Interrogatories concerning when certain Aramark employees are on location at Santa Rita Jail call for a narrative response that goes beyond the proper scope of interrogatories and a request for such information is more properly obtained through deposition testimony of Aramark's corporate representative.  *See, e.g.*, *Bashkin v. San Diego County*, No. 08-cv-1450-WQH-WVG, 2011 WL 109229 at *2 (S.D. Cal. Jan. 13, 2011) ("[T]o the extent [p]laintiff seeks every minute detail and narratives . . . written discovery is not the proper vehicle to obtain such detail") (citing *Johnson v. Couturier*, 261 F.R.D. 188, 192 (E.D. Cal. 2009)).

3. Interactions and Conversations with Santa Rita Jail Inmates – Plaintiffs' Interrogatories concerning interactions and conversations with Santa Rita Jail inmates are so vague, ambiguous and overly broad as to be unanswerable.  For example, if one of the Aramark employees identified in your discovery requests said "hello" to an inmate while walking into the Jail, it arguably could be considered an interaction or conversation.  There is no dispute, however, that such an instance would be entirely irrelevant to this matter and documenting every such instance would be utterly impossible, incredibly burdensome and imposing an obligation on Aramark beyond those imposed by applicable rules.  Indeed, the Court has

repeatedly held that Plaintiffs' claims are limited to their allegations that they "receive constitutionally inadequate food because it is contaminated, spoiled, or otherwise inedible." (Nov. 7, 2022 Order, Dkt. 216 at 4.)  In this regard, the vast majority of any interactions and conversations between the Aramark employees identified in your discovery requests and any Santa Rita Jail inmates are irrelevant.  Further, Plaintiffs' Interrogatories concerning interactions and conversations with Santa Rita Jail inmates call for a narrative response that goes beyond the proper scope of interrogatories and a request for such information is more properly obtained through deposition testimony of Aramark's corporate representative.  *See, e.g.*, *Bashkin v. San Diego County*, No. 08-cv-1450-WQH-WVG, 2011 WL 109229 at *2 (S.D. Cal. Jan. 13, 2011) ("[T]o the extent [p]laintiff seeks every minute detail and narratives . . . written discovery is not the proper vehicle to obtain such detail") (citing *Johnson v. Couturier*, 261 F.R.D. 188, 192 (E.D. Cal. 2009)).

4.  Unsanitary Conditions, Vermin and Rodents, and Food Spoilage in the Santa Rita Jail -  As noted in our Interrogatory responses, some of the Aramark employees identified in your discovery requests have witnessed some isolated incidents associated with unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail.  Although such minor incidents are generally not documented, Aramark has produced documents of such incidents for which it has records.  Further, Aramark identified which Aramark employees have witnessed such incidents and which have not.  Although, as we discussed, the Aramark employees that have witnessed such incidents do not have specific recollections of such incidents and cannot identify dates and times of such incidents, Aramark has provided specific recollections when they are available.  For example, as to Mr. Burt, Aramark stated that he "has on one occasion witnessed expired milk in storage. As to this occasion, Aramark quickly disposed of the milk at issue and it was not used in food preparation operations or served to the inmates. As such, this occasion did not result in any contamination to the food served to the inmates or any food borne illnesses to any inmates."  Further, Plaintiffs' Interrogatories concerning the isolated incidents associated with unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail call for a narrative response that goes beyond the proper scope of interrogatories and a request for such information is more properly obtained through deposition testimony of Aramark's corporate representative.  *See, e.g.*, *Bashkin v. San Diego County*, No. 08-cv-1450-WQH-WVG, 2011 WL 109229 at *2 (S.D. Cal. Jan. 13, 2011) ("[T]o the extent [p]laintiff seeks every minute detail and narratives . . . written discovery is not the proper vehicle to obtain such detail") (citing *Johnson v. Couturier*, 261 F.R.D. 188, 192 (E.D. Cal. 2009)).

Please let me know if we failed to address any of your concerns and I will keep you in the loop as to our efforts as to supplementing Aramark's responses.

Thanks and I hope all is well.

Buck

**Charles J. Reitmeyer**
**Morgan, Lewis & Bockius LLP**

1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.4841 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.267.334.8723
charles.reitmeyer@morganlewis.com | www.morganlewis.com
Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com

Morgan Lewis 150 YEARS

150 YEARS OF RAISING THE BAR



---

**From:** Tom Nanney <tomnanney@gmail.com>
**Sent:** Wednesday, September 20, 2023 7:38 PM
**To:** Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com>
**Cc:** Yolanda Huang <yhuang.law@gmail.com>
**Subject:** Re: Gonzalez - meet and confer

[EXTERNAL EMAIL]
Dear Buck,

Thank you for your email and its attachments in which you identify where in your document production some of the information requested in Plaintiffs' interrogatories may be found.  Much information, however, requested in Plaintiffs' interrogatories is not provided in Aramarks' interrogatory responses nor in Aramark's document production.  Moreover, as I indicated previously, Aramark may not simply direct Plaintiffs to search through its document production rather than answering Plaintiffs' interrogatories.  Fed. R. Civ. Proc. 33(b)(3); *Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F3d 88, 93 (1st Cir. 2012) (answering interrogatories simply by directing the proponent to look through other discovery materials is inadequate).

Specifically, in response to interrogatory Nos. 2, 3, 4, and 12 regarding Peter Burt, Aramark "directs Plaintiffs to the personnel records of Peter Burt being produced in this matter."  But Aramark has not produced any personnel records of Mr. Burt.  Similarly in response to interrogatory Nos. 1, 2, 3, 4, and 12, regarding Hal Yasa, Aramark directs Plaintiffs to the "personnel records of Mr. Yasa being produced in this matter."  But Aramark has not produced any personnel records of Mr. Yasa.  Similarly, in interrogatory responses regarding Kenneth Flynn, Rick Huking, Michael Maltese, Willie Singleton, Hal Yasa, and Robin Weiss, Aramark directs Plaintiffs to the personnel records of each of these witnesses "being produced in this matter" but Aramark has not produced any of the personnel records.

Interrogatory No. 1 requires Aramark to describe in detail the training received by the Aramark employee that is the subject of the interrogatory.  The training records to which Aramark directs Plaintiffs for Peter Burt, Richard Huking, David Lauria, Michael Maltese, Robin Weiss, and Hal Yasa, while listing the topics of the training, do not indicate the time spent on the training nor who provided the training.  If the time spent on the training is supposed to be indicated in the "Total Hours" column of the Excel spreadsheets, I note that for many of these trainings marked "complete," the "Total Hours" is zero.

Interrogatories Nos. 2 and 4 require Aramark to provide all dates each subject of the interrogatory has been on location at Santa Rita jail.  Aramark provides no specific dates, except to refer to personnel records it has not produced.  Aramark surely must know when its employees were or are at Santa Rita Jail.  This information is directly relevant to Plaintiffs' claims and must be provided.

Regarding interrogatories 5-8, 12, and 16:

Interrogatory No. 5 requires Aramark to provide the name and date of every interaction each of the individuals listed above had with any inmate at Santa Rita Jail. Aramark fails to provide any detailed information in response to this interrogatory.

In response to interrogatories 6-8, Aramark improperly refers to its inadequate answer to interrogatory No. 5.

In response to interrogatory No. 12 that seeks information regarding what the individuals listed above witnessed regarding Aramark's provision of food services, for many employees Aramark again improperly directs Plaintiffs to personnel records it has not produced.

In response to interrogatory 16 that requires Aramark to describe in complete detail what the individuals listed above witnessed regarding unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail, Aramark fails to provide any detailed information.

Regarding interrogatories 5-8, 12 and 16, you indicated in our last meet and confer that the employees involved would have no other memory than the vague responses contained in the special interrogatories. It is Aramark, however, not the employees, who must answer the interrogatories. If Aramark has records, as it should, that reflect specific interactions of the employees in question with inmates; what those employees specifically witnessed regarding provision of food services; and what the employees specifically witnessed regarding unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail, Aramark must draw on those records to answer the interrogatories.

Please supplement Aramark's interrogatory responses as requested by Monday, September 25 or we will take the matter up with Judge Corley.

Thank you.

Tom

Law Office of Thomas E. Nanney
(816) 401-0047

On Sep 14, 2023, at 12:02 PM, Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com> wrote:

Tom,

As we discussed, Aramark produced the employment histories, job descriptions and training logs for all the Aramark employees identified in your discovery requests. Specifically, the employment histories identify the dates of employment, job title, job function and location for all the Aramark employees identified in your discovery requests. Further, the corresponding job descriptions provide a detailed discussion of the duties and responsibilities of the Aramark employees identified in your discovery requests. For your convenience , please find attached two Excel spreadsheets that list the Bates numbers for the employment histories, job descriptions and training logs for all the Aramark employees identified in your discovery requests.

Thanks and I hope all is well.

Buck

**Charles J. Reitmeyer**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.4841 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.267.334.8723
charles.reitmeyer@morganlewis.com | www.morganlewis.com
Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com

Morgan Lewis 150 YEARS

150 YEARS OF RAISING THE BAR

Learn More

---

**From:** Tom Nanney <tomnanney@gmail.com>
**Sent:** Tuesday, September 12, 2023 4:01 PM
**To:** Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com>
**Cc:** Yolanda Huang <yhuang.law@gmail.com>
**Subject:** Re: Gonzales - meet and confer

[EXTERNAL EMAIL]
P.S.  To be more specific, the documents produced by Aramark contain limited personnel and employment information for the following individuals: Robin Weiss, Willie Singleton, Richard Huking, and Kenneth Flynn.  None of these documents, however, sufficiently provides the information sought in plaintiffs' interrogatories.  The documents produced by Aramark contain no personnel or employment files for Peter Burt, Cynthia Irizarry, Hal Yasa, Michael Maltese, David Lauria, and Alice Fausto, despite Aramark's representations in its interrogatory responses.  Regardless, it is not plaintiffs' burden to comb through Aramark's document production to answer interrogatories to which Aramark must fully respond.

On Tue, Sep 12, 2023 at 2:49 PM Tom Nanney <tomnanney@gmail.com> wrote:

Buck,

I send the following in preparation for our meet and confer this afternoon at 4:00 p.m. Eastern time regarding Aramark's recent responses to Plaintiffs' interrogatories and requests for production of documents.

As we discussed previously, to comply with the Federal Rules of Civil Procedure, each interrogatory must be responded to "separately and fully." The response may be either an answer or objection. If an objection, the reasons for the objection must be stated. Fed. R. Civ. Proc. 33(b)(3).  An answer to an interrogatory should be complete in itself

and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories. *See, e.g., Mulero-Abreu v. Puerto Rico Police Dept.*, 675 F3d 88, 93 (1st Cir. 2012) (answering interrogatories simply by directing the proponent to look through other discovery materials is inadequate).

Aramark's answers to plaintiffs' interrogatories are inadequate and do not comply with the Federal Rules of Civil Procedure.  For example, in response to interrogatory No. 1 from Cedric Henry that requires Aramark to describe in detail Peter Burt's employment history with Defendant and all dates Peter Burt has been on location at Santa Rita Jail, Aramark responded: "[H]e has visited the Santa Rita Jail on various occasions during his employment at Aramark. Further, Aramark directs Plaintiff to the personnel records of Mr. Burt being produced in this matter."  This response fails to answer the question fully and improperly directs Plaintiffs to other discovery materials.  Moreover, Aramark has not produced Mr. Burt's personnel files.

Armark's answers to interrogatory No. 1 from other plaintiffs seeking the same information regarding Cynthia Irizarry, Hal Yasa, Willie Singleton, Michael Maltese, Rick Huking, David Lauria, Alice Fausto, Robin Weiss, and Kenneth Flynn are similarly deficient.  In response, Aramark fails to provide any detailed information and then directs Plaintiffs to personnel files or employment records Aramark indicates it has produced, but has not produced.

Aramark's answers to interrogatories Nos. 2-4 from plaintiffs seeking the employment history, job duties, and dates of attendance at Santa Rita Jail of the individuals listed above is equally deficient.  In response, Aramark fails to provide any detailed information and then directs Plaintiffs to personnel files or employment records Aramark indicates it has produced, but has not produced.

Interrogatory No. 5 requires Aramark to provide the name and date of every interaction each of  the individuals listed above had with any inmate at Santa Rita Jail.  Aramark fails to provide any detailed information in response to this interrogatory.

In response to interrogatories 6-8, Aramark improperly refers to its inadequate answer to interrogatory No. 5.

In response to interrogatory No. 12 that seeks information regarding what the individuals listed above witnessed regarding Aramark's provision of food services, Aramark again improperly directs Plaintiffs to personnel records or employment records it has not produced.

In response to interrogatory 16 that requires Aramark to describe in complete detail what the individuals listed above witnessed regarding unsanitary conditions, vermin and rodents, and food spoilage in the Santa Rita Jail, Aramark fails to provide any detailed information in violation of the Rules of Civil Procedure.

I look forward to resolving these issues with you.

Thank you.

Tom

Law Office of Thomas E. Nanney
(816) 401-0047