| | |
|---|---|
| **From:** | Reitmeyer, Charles J. |
| **Sent:** | Sunday, October 15, 2023 1:37 PM |
| **To:** | Yolanda Huang |
| **Cc:** | Tom Nanney; Rick Brody; Wheeling, Emily Kimmelman; Thomas, Gregory B.; Peters, Temitayo O.; Peter Bertling; Jemma Parker Saunders; Stephanie Aguiniga |
| **Subject:** | RE: Gonzalez - Henry and Rivera Documents |

Yolanda,

It is not clear from your e-mail as to what issues you are seeking "caselaw authorities"?

It is, however, clear that you have failed to preserve and search for responsive and relevant documents in this case.  As previously stated, all parties and their counsel have a duty to preserve relevant evidence, which includes identifying, locating, and maintaining possession of relevant documents.  *Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1137 (N.D. Cal. 2012).  As such, please produce the missing documents for Messrs. Henry and Rivera or confirm that they no longer can be found.  Aramark hereby reserves the right to raise these spoilation issues with the Court at the appropriate time.  *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (explaining that the district courts have inherent authority to impose sanctions for spoilation).

Thanks.


Buck


**Charles J. Reitmeyer**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.4841 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.267.334.8723
charles.reitmeyer@morganlewis.com | www.morganlewis.com
Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com



**150 YEARS OF RAISING THE BAR**

Learn More

---

**From:** Yolanda Huang <yhuang.law@gmail.com>
**Sent:** Friday, October 13, 2023 4:52 PM
**To:** Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com>
**Subject:** Re: Gonzalez - Henry and Rivera Documents

[EXTERNAL EMAIL]

Chuck,

If you have any caselaw authorities please forward them.  Thanks.

On Thu, Oct 12, 2023 at 2:41 PM Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com> wrote:

Yolanda,

In addition to the concerns that we raised regarding Mr. Henry's failure to produce any documents, we have concerns about whether the documents produced regarding Mr. Rivera's claims are complete.

Mr. Rivera testified that he packed various boxes of documents to be sent to his criminal attorney, Darryl Stallworth, and that Mr. Stallworth did, in fact, receive two such boxes.  See generally Dep. of Rivera at pages 119-120.  Mr. Rivera also testified that grievances concerning his stay at Santa Rita Jail were included in the documents that he packed to be sent to Mr. Stallworth.  Dep. of Rivera at page 120, lines 5-12.  There is, however, no indication that these two boxes of documents were ever searched for responsive and relevant documents in this case.  Indeed, Mr. Rivera testified that he does not know what is contained in the two boxes received by Mr. Stallworth.  Dep. of Rivera at page 120, lines 16-19.  Further, Mr. Rivera testified that he does not know whether any of the grievances that he packed in the boxes to be sent to Mr. Stallworth were ever produced in this case.  Dep. of Rivera at page 122, lines 8-12.

Further, you only produced a few grievances from Mr. Rivera two days before his deposition on September 1, 2023.  See attached.  However, Mr. Rivera testified that he provided you with "many" grievances "[b]efore the complaint was filed."   Dep. of Rivera at page 124, lines 4-25.  Mr. Rivera was added as a plaintiff to this action on August 31, 2020.

Mr. Rivera's testimony also confirms your usual practice of producing documents for a witness on the day of or one or two days before the deposition, even though you have had the documents in your possession for months.  This practice prejudices defendants and amounts to improper gamesmanship.

As to the timeliness of your document productions, you recently produced thousands of pages of documents after almost of all the Plaintiffs have been deposed without any explanation.

Please produce the missing documents for Messrs. Henry and Rivera or confirm that they no longer can be found.

Thanks.

Buck

**Charles J. Reitmeyer**

**Morgan, Lewis & Bockius LLP**

1701 Market Street | Philadelphia, PA 19103-2921

Direct: +1.215.963.4841 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.267.334.8723

charles.reitmeyer@morganlewis.com | www.morganlewis.com

Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com



150 YEARS OF RAISING THE BAR

Learn More

---

**From:** Yolanda Huang <yhuang.law@gmail.com>
**Sent:** Monday, September 25, 2023 6:31 PM
**To:** Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com>
**Subject:** Re: Request to Meet and Confer


[EXTERNAL EMAIL]

I will take a look at the deposition - who was the court reporter, she/he did not send me a copy.  Please let me know his/her contact info. Thanks.


On Mon, Sep 25, 2023 at 3:18 PM Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com> wrote:

Yolanda,

   Mr. Henry clearly testified that he had these documents **after** his incarceration.  Specifically, he stated that "I took it to where I was living at first, and then I put it in a storage, and I was going in and out and getting things here and there, and some things I no longer know where they are. Some things I do know where they are. Some things I threw away."  In this regard, it is clear that you failed to instruct Mr. Henry to preserve relevant evidence in this case and you failed to collect relevant documents that he had in his possession while you were representing him and while he was no longer incarcerated.  Indeed, you cannot blame the guards for Mr. Henry throwing away documents after he was incarcerated.

   Thanks.


                                    Buck



**Charles J. Reitmeyer**

**Morgan, Lewis & Bockius LLP**

1701 Market Street | Philadelphia, PA 19103-2921

Direct: +1.215.963.4841 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.267.334.8723

charles.reitmeyer@morganlewis.com | www.morganlewis.com

Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com


---

**From:** Yolanda Huang <yhuang.law@gmail.com>
**Sent:** Monday, September 25, 2023 5:38 PM

**To:** Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com>
**Cc:** Tom Nanney <tomnanney@gmail.com>; Wheeling, Emily Kimmelman <emily.wheeling@morganlewis.com>; Thomas, Gregory B. <gthomas@bwslaw.com>; Peters, Temitayo O. <TPeters@bwslaw.com>; Peter Bertling <peter@bertlinglawgroup.com>; Jemma <jemma@bertlinglawgroup.com>; Stephanie Aguiniga <stephanie@bertlinglawgroup.com>
**Subject:** Re: Request to Meet and Confer

[EXTERNAL EMAIL]

Mr. Reitmeyer,

I do not have those documents.  I never had those documents.  Any grievances hopefully were preserved by SRJ.

As you know from taking Eric Rivera's deposition, inmates are not given possession of their paperwork and belongings when they travel.  SRJ and CDCR packs and ships the materials for them.  And there are strict limits on how much property an inmate is permitted to have.  As Eric told you, he was not permitted to see his boxes, they were simply shipped for him to his criminal defense attorney, and only one of 2 boxes actually arrived.

Each institution has its own policies for the type of personal property permitted and the quantity.

I have clarified with Mr. Henry that these same practices applied to him.  If you wish, you can have a brief further deposition on this issue.  Mr. Henry will testify that when he returned to High Desert, he was taken to reception and shown boxes of his property.  This included property of his left from when he was in. High Desert before he returned to SRJ as well as whatever was shipped from SRJ.  During this time, he was told he was permitted to keep 2 boxes of the approximately 8 boxes there.  He was not permitted to examine the contents of boxes.  The boxes were merely marked 1 through 8 with his name on them.  There was no indication of the contents in each box. The guards opened the boxes and told him what he could keep, and as a result, what he was allowed to keep was a t.v., a hot pot, some music CD's, and some clothing. This amounted to approximately 2 boxes and everything else was thrown away by the guards, because they were in excessive of the permitted amount.  Mr. Henry will testify that this process took less than 10 minutes, and that he did not have an opportunity to examine the contents of the boxes, and could not verify that his paperwork from SRJ had actually traveled to High Desert.

If you wish to make a motion for spoliation of evidence, please do so.  If you wish to take the further deposition of Mr. Henry on this topic alone, please let me know.

Yours truly,

--

**Yolanda Huang, Esq.**

PO Box 5475 • Berkeley • CA • 94705 •  Phone:510-329-2140 • Fax:510-580-9410

<u>Confidentiality Notice</u>: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

On Mon, Sep 25, 2023 at 1:47 PM Reitmeyer, Charles J. <<u>charles.reitmeyer@morganlewis.com</u>> wrote:

Yolanda,

As a follow up to Cedric Henry's failure to preserve documents, I reviewed his deposition transcript and it confirms that Mr. Henry testified that he left prison with numerous documents relevant to this case, but either lost or threw the documents away.  See generally Dep. of Henry at pages 39-41.  Specifically, Mr. Henry testified that he collected documents "from 1995 up to 20 -- to the day I was released" concerning his conditions of confinement and his grievances.  *Id.* at page 39, lns. 16-18.  Mr. Henry also stated that "I done lost a lot of that stuff, and I went through a lot of the things and couldn't find majority of the stuff that I had from being there."  *Id.* at page 40, lns. 24-25 and page 41, lns. 1-2.  It is important to note that Mr. Henry was added as a Plaintiff in the First Amended Complaint, which was filed on May 7, 2020, and he was released from prison on February 5, 2022.

As you have produced **no** documents concerning Mr. Henry in this litigation, it is clear that you have failed to ensure that Mr. Henry properly preserved relevant evidence in this case.  All parties and their counsel have a duty to preserve relevant evidence, which includes identifying, locating, and maintaining possession of relevant documents.  *Apple Inc. v. Samsung Elecs. Co*., 881 F. Supp. 2d 1132, 1137 (N.D. Cal. 2012).  You had an obligation to secure the relevant documents that Mr. Henry "lost or threw away" the moment you anticipated that he would join this action.  *See, id*. at 1136.  Your failure to take any affirmative action for more than two years to fulfill your obligation is not only inexcusable, but sanctionable.  *See Leon v. IDX Sys. Corp*., 464 F.3d 951, 958 (9th Cir. 2006) (explaining that the district courts have inherent authority to impose sanctions for spoliation).  Unless you can miraculously produce these lost documents, Aramark hereby reserves the right to raise these spoliation issues with the Court at the appropriate time.

Thanks.

Buck

**Charles J. Reitmeyer**

**Morgan, Lewis & Bockius LLP**

1701 Market Street | Philadelphia, PA 19103-2921

Direct: +1.215.963.4841 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.267.334.8723

charles.reitmeyer@morganlewis.com | www.morganlewis.com

Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com

---

**From:** Reitmeyer, Charles J.
**Sent:** Tuesday, August 29, 2023 3:53 PM
**To:** 'Yolanda Huang' <yhuang.law@gmail.com>
**Cc:** Tom Nanney <tomnanney@gmail.com>; Wheeling, Emily Kimmelman <emily.wheeling@morganlewis.com>
**Subject:** RE: Request to Meet and Confer

Yolanda,

Please let me know when would be a good time for our meet and confer.

As to your first issue, it is entirely unclear as to what you request.

As to your second issue, we produced the documents in our standard format, which is the generally preferred practice in litigation. Indeed, the other parties did not complain about the format. It is not our fault that you do not have the capabilities to engage in standard document production practices. Regardless, we are presently converting the documents to the requested format and will provide them to you when you resolve the two outstanding issues with your documents, the overlapping Bates numbers and missing Bates ranges.

In addition to your issues, we would like to discuss the following at the meet and confer:

- Cedric Henry – As you know, Mr. Henry's failed to produce any documents in this case. However, during his deposition, Mr. Henry testified that he left prison with numerous documents relevant to this case. If Mr. Henry does not produce such documents, Aramark will move for spoilation sanctions.

- Medical Records – We have requested that each Plaintiffs produce (1) their complete medical records, including any treatment notes, test results, laboratory findings and reports; (2) all documents relating to any injuries allegedly suffered by Plaintiff concerning the food served to Plaintiff while incarcerated at the Santa Rita Jail; and (3) all documents relating to any medical treatment for Plaintiff caused by the food served to Plaintiff while incarcerated at the Santa Rita Jail. However, the only medical records produced in this litigation have been by WellPath concerning Plaintiff's treatment at Santa Rita Jail. If Plaintiffs do not produce any medical records of the Plaintiffs after they left Santa Rita Jail, Aramark will move to exclude evidence of any continuing injury to the Plaintiffs

- Documents for Upcoming Depositions – Will you be producing documents on behalf of Eric Rivera and the other Plaintiffs who will be deposed over the next few weeks? If you are going to produce any documents for any of the deponents, please do so as soon as possible. Indeed, your usual practice of producing documents for a witness on the day of or the evening before the deposition prejudices defendants and amounts to improper gamesmanship. Aramark reserves the right to bring any witness back for a second day of testimony if you produce documents from them at the last second.

- Michael Lochart – Does Mr. Lockhart still refuse to reschedule his deposition?

Thanks.

Buck

**Charles J. Reitmeyer**

**Morgan, Lewis & Bockius LLP**

1701 Market Street | Philadelphia, PA 19103-2921

Direct: +1.215.963.4841 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.267.334.8723

charles.reitmeyer@morganlewis.com | www.morganlewis.com

Assistant: Angela P. Garden | +1.215.963.5463 | angela.garden@morganlewis.com

---

**From:** Yolanda Huang <yhuang.law@gmail.com>
**Sent:** Friday, August 25, 2023 8:12 PM
**To:** Reitmeyer, Charles J. <charles.reitmeyer@morganlewis.com>
**Cc:** Tom Nanney <tomnanney@gmail.com>
**Subject:** Request to Meet and Confer

[EXTERNAL EMAIL]

Dear Mr. Reitmeyer,

This is a request to meet and confer.

1) the document response and production to plaintiffs 2nd RFP is inadequate.  The index of documents you provided does not list documents which are responsive to many of  plaintiffs' request.  And although the document response was due in March, you took 3 months to produce that one index which referenced non-responsive documents.

2) The documents produced on the 23rd are all in TIF format, which is cumbersome and difficult to access.  For example, a four page document consists of 4 separate TIFF files, which requires opening each file separately, rather than having a single document as a PDF file, which can be opened and reviewed with one effort.  I have requested that all documents also be produced in their NORMAL format, and have as of yet, not received a response to this request.

Inasmuch as you are aware that plaintiffs had been planning on using our review of your document production to determine the necessary depositions - and to prepare for these depositions, the inadequate document production, and the awkward and difficult format is hindering our discovery efforts.

You indicated to Judge Corley your opposition to continuing the fact discovery cut-off, yet your efforts are directly hampering plaintiffs ability to conduct discovery.  I am available anytime Monday after 9 am EDT, or I suggest we take a break during Randy Harris' deposition on Tuesday for a meet and confer to see if we can resolve this.

Yours truly,

--

Yolanda Huang, Esq.

PO Box 5475 • Berkeley • CA • 94705 • Phone:510-329-2140 • Fax:510-580-9410

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

--

Yolanda Huang, Esq.

PO Box 5475 • Berkeley • CA • 94705 • Phone:510-329-2140 • Fax:510-580-9410

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

--

Yolanda Huang, Esq.

PO Box 5475 • Berkeley • CA • 94705 • Phone:510-329-2140 • Fax:510-580-9410

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.