LAW OFFICES OF

# YOLANDA HUANG

Date: October 17, 2023

Hon. Jacqueline Corley
Courtroom 8, 19th Floor
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

Re: Plaintiffs' and the Alameda County Defendants' Discovery Disputes

Dear Judge Corley :

Plaintiffs have had one meet and confer with just County defendants, and a second meet and confer with all parties.  We have not been able to resolve the issue of the total number of depositions plaintiffs will be permitted to take, not the total number of hours allotted for depositions.

1. **Plaintiffs' Request for Leave To Take Additional Depositions**

Plaintiffs' Statement

There are 12 individual plaintiffs as well as the certified class on three major issues:  food and medical care for the 12 individual plaintiffs plus sanitation for the class.  On October 16, 2023, County defendants responded to written discovery requests with across the board objections, which plaintiffs have requested to meet and  confer regarding.  In addition plaintiffs are in the process of bringing a motion to compel where counsel for the County raised 3 objections to almost every question and County defendant witness who refused to answer – over the course of a four hour deposition – hardly any questions – responding "Can you please clarify" to even simple straightforward fact questions. Plaintiffs anticipate these issues will be brought to the Court's attention next week.

Because County defendants objected to all written discovery questions, including questions on their belatedly added affirmative defenses, plaintiffs articulated five categories for 30(b)(6) depositions on the three major issues,  a fourth on grievance processing and the fifth is on County defendants' affirmative responses.  Plaintiffs, on October 17, 2023 noticed depositions of 7additional individuals which is in addition to the 2 already taken, for a total of 9.

Plaintiffs have noticed 4 depositions for Aramark, and 23 for Wellpath.  There is a separate statement from Richard Brody regarding the Wellpath discovery issues.  And a.separate statement drafted by Tom Nanney on the Aramark discovery issues.

The number of depositions for County defendants, including the detailed 30(b)(6) descriptions is necessitated in part because the County refused to affirmative respond to any written discovery

requests, choosing instead to object to all interrogatories posed, and Plaintiffs needed to notice depositions by the deadline of October 17, 2023, set by the Court's standing order.

Plaintiffs would request that the Court give Plaintiffs leave to take all Plaintiffs' pending noticed depositions.

Defendants' Statement
Plaintiffs' request to take all thirty-seven (37) of their pending noticed depositions, all of which were served October 17, 2023, must be denied.  (The Alameda County Defendants (Defendants) prepared the chart attached as "**Exhibit A**" to assist the Court with its analysis of this issue.)

Plaintiffs' belated deposition notices are an attempt to modify the Court's Scheduling Orders without good cause.  Dkt. Nos. 311, 316; *see City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).  Since the undersigned defense counsel substituted into this action earlier this year, Plaintiffs have only taken two depositions - the depositions of Defendants Joe and Ignont, which both occurred on October 11, 2023.  It does not appear that any defense depositions were taken prior to last week even though this case is nearly four-years-old.  *See Authentec, Inc. v. Atrua Technologies, Inc.*, Case No. C 08-1423 PJH, 2008 WL 5120767, *1 (N.D. Cal. Dec. 4, 2008) (unpublished) ("courts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)").  Instead, Plaintiffs waited until the very last minute to notice 37 additional depositions (bringing the proposed total up to 39), including multiple 30(b)(6) depositions, and set multiple depositions on unilaterally selected dates over the course of the next month without regard for defense counsel's busy litigation schedules and other case commitments.  *See* Exh. A.  Defendants should not be required to jump through hoops to permit Plaintiffs to take such an excessive number of depositions on an emergency basis when the time crunch is an issue entirely of Plaintiffs' own making.

Moreover, absent from Plaintiffs' request to take thirty-seven (37) additional depositions is the required "particularized showing" of the need for the additional depositions.  *Authentec, Inc.*, 2008 WL 5120767 at *1.  Defendants have repeatedly asked Plaintiffs to identify the specific number of excess depositions sought and explain the need for each additional deposition.  Defendants did not obtain a concrete number of proposed additional depositions until receiving Plaintiffs' deposition notices on October 17, 2023, nearly four years after this action commenced.  To date, Plaintiffs have not made a particularized showing as to why each additional deposition is needed.

Ultimately, Plaintiffs' October 17, 2023 deposition requests are unreasonably cumulative, duplicative, and overbroad.  *See Authentec, Inc.*, 2008 WL 5120767 at *1 (outlining factors courts should consider when determining whether to grant leave to take excess depositions).  They are also untimely under the Court's Civil Standing Order since they were not served 30 days prior to the close of fact discovery for this issue.  Dkt. Nos. 311, 316.  Therefore, and in light of the fact that Defendant Alameda County Sheriff's Office (ACSO) has produced 18,843 pages of documents in response to Plaintiffs' various requests for productions at great expense and the limited scope of Plaintiffs' surviving claims and the certified sanitation subclass claim (Dkt. Nos. 264, 312), Plaintiffs' belated request for leave to take

additional depositions should be rejected. To the extent the Court is inclined to allow Plaintiffs to take additional depositions, Defendants respectfully ask the Court to order Plaintiffs to provide Defendants with a particularized showing of the need for each additional deposition, in compliance with the applicable case law and Federal Rule of Civil Procedure 26(b)(2), sufficiently in advance of a court-mandated further meet and confer, to serve amended notices by a date certain, and to meaningfully meet and confer with Defendants to tailor the scope of the requests to the subject matter of this litigation. Finally, with regards to Plaintiffs' allegedly forthcoming motion to compel, Defendants completely disagree that counsel objected to every question and that the witness refused to answer any questions and will brief these issues at the appropriate time. Until then, Defendants ask the Court decline from considering issues related to this issue, which Plaintiffs have also not yet met and conferred with Defendants about.

   2.  **Plaintiffs Request to Exceed 7 Hours for the Deposition of County's 30(b)(6) Witness(es)**

Plaintiffs' Statement

Plaintiff was required to serve detailed 30(b)(6) descriptions on all the subjects of this lawsuit because the County refused to affirmative respond to any written discovery choosing instead to object to every discovery request.

Because Plaintiffs are unable to obtain the name of the relevant witnesses on these five major topics: sanitation, food, medical care, grievances and County defendants' belatedly added affirmative defenses. To cover all of these topics will require more than 7 hours, and logically would require multiple witnesses. Plaintiffs anticipate 3 to 4 hours per topic for deposition, and so request that the Court grant Plaintiffs leave of up to 20 hours for the deposition of the 30(b)(6) witnesses.

Defendants' Statement

Plaintiffs' request must be rejected. Courts have found that 30(b)(6) depositions are not an invitation to conduct "fishing expedition(s)." *See Tatung Co., Ltd. v. Hsu*, Case No. SA CV 13-1743-DOC (ANx), 2016 WL 3475328, *2; *Aero Ways Inc. v. Burbank Air Serv., Inc.*, Case No. CV-14-1194-MWF (JCX), 2015 WL 10791901, *4 (C.D. Cal. Apr. 28, 2015). Plaintiffs have not made a particularized showing for why they need additional time to complete Defendant Alameda's County of Sheriff's Office's 30(b)(6) deposition. *See Authentec, Inc.*, 2008 WL 5120767 at *1. Defendants also seek a Court order confirming that Plaintiffs can only take a single 30(b)(6) deposition, despite serving four separate notices, which currently encompass a total of 58 different topics, many of which are not tailored to the existing claims in this action. *See* Exhibit A, log numbers 2, 5, 8, and 9.

Further, Defendants dispute Plaintiffs' representation that they simply objected to Plaintiffs' discovery requests. While Defendants did object to some of Plaintiffs' requests, they also provided responses to many of them, as evidenced by the almost 19,000 pages of produced documents referenced above. Plaintiffs have neither identified their specific concerns with Defendants' discovery responses nor met and conferred with Defendants about them. Moreover, it is unclear how Defendants' responses to Plaintiffs' written discovery requests, which were not served until September 15, 2023, have anything to do with Plaintiffs' decision to wait until the last minute to notice Defendant Alameda's County of Sheriff's Office's 30(b)(6) deposition, of which 8 of the 58 topics relate to Defendants' affirmative

defenses, particularly since affirmative defenses are not appropriate topics for 30(b)(6) notices. *See McCormick–Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275 (N.D.Cal.1991) (overruled on other grounds by 765 F. Supp. 611).

1. **Plaintiffs' Ability to Document Conditions at the Santa Rita Jail**

<u>Plaintiffs' Statement</u>

Plaintiffs requested that class members and named plaintiffs be permitted to document conditions regarding sanitation inside Santa Rita Jail. Under normal situations, for example, in a warranty of habitability lawsuit, residents/tenants of a premises would have the free ability to document conditions inside the residence, without being required to seek leave of the property owner. In the present situation, because County Defendants are in total control of all aspects of class members and plaintiffs living situation, plaintiffs have had to seek leave from. County defendants in order for class members and incarcerated plaintiffs to document the unsanitary conditions.

Plaintiffs requested that a select number of class members be permitted to use disposable film cameras to take photos of the shower areas, common areas and multi-purpose rooms where there are no toilets, and inmates are held, sometimes for extended periods of time. Plaintiffs proposed that the jail can control the situation by handing out the cameras, and noting who has the cameras, and then collecting the cameras. The cameras will then be provided to Plaintiffs' counsel and the resulting images will only be provided to Plaintiffs' counsel, Plaintiffs' consultants and Plaintiffs' expert witnesses. Because these are film cameras without internet connectivity, these would be no security breach during the time that the cameras are in the physical possession of the select number of class members.

The documentation of these conditions is necessary in order for Plaintiffs' to address the two areas for which the Court has granted class certification, namely certain Jail sanitation policy and practices and the Jail's policy of not providing bathrooms in common areas. (ECF 312). County defendants have refused this request from Plaintiffs' counsel .
Plaintiffs then served County defendants with a written discovery request for entry on land on October 8, 2033.

On or about September 13, 2023, Plaintiffs and County Defendants filed a stipulation to extend fact discovery through November 16, 2023. The stipulation excluded written discovery which was a condition required by County defendants. While plaintiffs agreed that for the purposes of the stipulation, written discovery was not included, plaintiffs did not agree that they would not serve and seek leave to file written discovery.

There is still more than 4 weeks remaining for fact discovery and there is no good cause why plaintiffs should be denied access to document conditions. Plaintiffs have no other means of doing so.

**Defendants' Statement**

"Eric Gonzalez's Request for Entry on Land to Wit – Santa Rita Jail" (Inspection Demand) should be barred for several reasons.[1] (Attached hereto as **Exhibit "B"**.)

---

[1] The Inspection Demand lists "Eric Gonzalez" as the propounding party in the caption. The body of the Inspection demand lists "Daniel Gonzalez" as the propounding party.

First, the Inspection Demand should be rejected, because it is untimely. On September 21, 2023, Plaintiffs and the Alameda County Defendants (collectively, "the Parties." filed a "Stipulation for Limited Extension of Fact Discovery Deadline" (Stipulation), which the Court granted that same day. Dkt. No. 316. The stipulation explicitly states: "WHEREAS, the parties agree that no additional written discovery requests are permitted." *Id.* at 2:12. The Court's order reiterates this fact. *Id.* at 4:12-14. Here, it is indisputable that the Inspection Demand is not encompassed by the Stipulation, because it was not served until October 8, 2023 – seventeen (17) days after the Parties entered into their limited fact discovery extension. For this reason, the Inspection Demand, which requests inspection dates on November 2023, should have been served by the original fact discovery deadline, October 16, 2023, which encompasses all discovery matters not implicated by the stipulation. *See* Dkt. No. 316. Plaintiffs had ample opportunity to meet and confer with Defendants about a proposed inspection of Santa Rita Jail after the original fact discovery deadline and to seek its inclusion in the Stipulation, but they did not do so. Instead, a belated Inspection Demand was served on October 8, 2023. It was only after the Inspection Demand (which was preceded by an informal and unenforceable inspection request that was emailed to defense counsel on Plaintiffs' counsel's letterhead on October 2, 2023) was served that an attempt to meet and confer was made. Therefore, it is indisputable that the Inspection Demand is untimely and must be rejected.

Second, the Inspection Demand should be rejected because it does not comply with Federal Rule of Civil Procedure 34(b)(1), which states the request "must describe with reasonable particularity each item or category of items to be inspected." Here, the scope of the Inspection Demand is unclear and overbroad. While the "Purpose" section of the Inspection Demand seems to suggest the request is to inspect certain housing unit shower areas and "the rooms used to stage inmates for court," it also references a request "that class members and plaintiffs be permitted to document these conditions themselves, including with the use of disposable film cameras, which County defendants have refused." The request to inspect "the rooms used to stage inmates for court" is improper because it does not appear to be related to any claims asserted by the sanitation subclass representatives. *See generally* Dkt. No. 180. Nor does this request appear to be related to the claims of the certified sanitation subclass. *See generally* Dkt. No. 312. The unclear reference to inmates being provided with disposable film cameras is similarly improper and would severely impact the safety and security of Santa Rita Jail for many reasons, including because inmates could use the cameras, which are deemed contraband themselves under the Jail's rules, to move contraband throughout the facility, take unauthorized photographs of each other which could cause fights and disciplinary issues, and take photos of confidential areas of the jail that are irrelevant to the claims being asserted in this lawsuit. *See Bell v. Wolfish*, 441 U.S. 520, 548 (1979) ("Prison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel and to prevent escape or unauthorized entry."). The unclear request to collect "biological specimens" may also negatively implicate jail safety and secuirty since it is unclear how Plaintiffs intend to collect said "specimens."

Third, the Inspection Demand should be rejected, because Plaintiff "Eric Gonzalez" is not a named party in this lawsuit. Even if the Court construes the Inspection Demand to be from Daniel Gonzalez, who is a named Plaintiff in this lawsuit, Mr. Gonzalez did not assert any sanitation claims in the operative

complaint, nor is he a representative of the certified sanitation subclass. *See* generally Dkt. Nos. 180, 216. There is also no evidence that he is currently incarcerated at Santa Rita Jail. As a result, the Inspection Demand is neither relevant nor proportional to Mr. Gonzalez's claims in this lawsuit and should be rejected. *But see* Fed. R. Civ. P. 26(b)(1).

Ultimately, Plaintiff is attempting to modify the scheduling order in this case in the guise of a discovery dispute. Plaintiffs have had four years to conduct discovery, yet have chosen to attempt to conduct 37 deposition depositions and a site inspection in an untimely manner during a limited fact discovery extension. There is no good cause to modify the Court's Scheduling Orders to permit this belated Inspection Demand. Dkt. Nos.311; 316. *See generally, e.g. City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (laying out the guidelines to be considered when a party bring a motion to amend a Rule 16 scheduling order to reopen discovery). Since commencing this action in November 2019, Plaintiffs have had ample opportunity to conduct an inspection of the Jail's sanitation conditions, including during their prior inspection of the Jail's kitchen on March 1, 2022 (*see, e.g.* Dkt. Nos. 1, 171, 182). after the Court certified the sanitation subclass (*see* Dkt. Nos. 264, 312), and at any point during the discovery period of this now nearly four-year-old case. Plaintiffs should not be permitted to benefit from failing to diligently pursue their claims against defendants as evidenced by this belated Inspection Demand, which is oppressive and unduly burdensome for the reasons stated above. *Compare Wake Forest Acquisitions, L.P. v. Vanderbilt Commerical Lending, Inc.*, Case No. 2:15-cv-02167 KJM DB, 2018 WL 1586362, *4 (E.D. Cal. Apr. 2, 2018) (outlining a parties' diligent attempts to take a deposition in the context of a motion to amend a Rule 16 scheduling order). *See also McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 76 (D. DC. 1999 ) (proper objections to a request to inspect land include "annoyance, embarrassment, oppression or undue burden or expense).

For all of these reasons, the Alameda County Defendants respectfully request that the Court deem the Inspection Demand untimely and improper and therefore bar it from proceeding.

**4      Defendants' Request for a Court Order Regarding Plaintiffs' Missing Verifications**

**Defendants' Statement**

On May 11, 2023, Defendants served each Plaintiff with interrogatories. Although Plaintiffs provided responses to the interrogatories, to date no verifications have been received, despite multiple meet and confer attempts. On September 26, Plaintiffs' counsel recognized that no interrogatory verifications had been served, indicated that some where in their possession, and stated they would "proceed to get" the remaining verifications, but have not yet produced any verifications.

Plaintiffs' unverified responses are incomplete and inadequate. *See Blakeney v. Realph*, 1996 WL 175941 (N.D. Cal. April 3, 1996) (dismissing action, *inter alia*, for failure to cooperate with discovery, where plaintiff failed to serve verified interrogatory responses and failed to respond to letters demanding verified responses). The County also notes that it has been prejudiced by the delay in receiving the verifications in that it cannot rely on the current interrogatory responses to be accurate. At least one plaintiff (Timothy Phillips) testified that he had never seen Defendant Aramark's Interrogatories or his

alleged responses (which are also unverified) during his deposition and that some of the responses were inaccurate and incomplete.

For these reasons, the County respectfully requests that the Court order Plaintiffs to supply the missing verifications by a specific date.

**Plaintiffs' Statements**

The majority of the individuals are incarcerated, and communications are challenging. Telephone calls require two weeks advanced appointments. Due to the inability to have in person meetings, the length of time for transmittal of written communications, it is absolutely true and most of the plaintiffs did not view the interrogatory responses in a final format.

Timothy Phillips' interrogatory responses were made in the context of objections posed. While his deposition responses, were to verbal questions are posed in a legal format. In the context of the objections, the responses were absolutely correct. However, responses in the abstract or not in the context of the objections may be different. There was nothing inconsistent between Timothy Phillips' deposition responses and his interrogatory responses. Plaintiffs have verbally informed County defendants that verifications will be produced. Plaintiffs request 30 days to produce all verifications.

5.  **Defendants' Request for Clarification on Plaintiffs' Disputed Request for Admission Responses**

**Defendants' Statement**

On May 11, 2023, all Plaintiffs were served with Defendants Joe's and Ignont's Requests For Admission, Set One ("RFAs"). Defendants granted Plaintiffs' single requested extension, which made the responses due on or before July 12. Defendants did not receive the Plaintiffs' responses to the RFAs as of this date. On August 23, Defendants sent Plaintiffs a meet and confer letter, which addressed the missing responses. After several back and forth communications on this issue, during which Defendants advised Plaintiffs that no other defendant had received the missing responses, on September 29 Plaintiffs emailed the missing responses and claimed they had been served on July 19 along with other discovery responses within a dropbox link, but due to a "technology snafu" the RFA responses were not transmitted.

Failure to timely respond to requests for admission results in automatic admission of the matters requested. Fed. R. Civ. P. 36(a)(3). Once admitted, the matter is conclusively established "unless the court, on motion, permits the admission to be withdrawn or amended" pursuant to Rule 36(b). Moreover, relief from such automatic admissions is not warranted without good cause shown for such delay. *Chartsis Specialty Ins. Co. v. Tel. Hill Properties, Inc.*, Case No. C 11-05696-RS, 2013 WL 1629173, at *8 (N.D. Cal. Apr. 16, 2013).

Here, the matter is complicated because there is a dispute as to whether Plaintiffs' RFA responses were served timely. It is Defendants' position that, even if there was an unspecified "technology snafu," Plaintiffs' responses were late as of the day they were allegedly intended to be transmitted (July 19).

Defendants further note that even after receiving notice, Plaintiffs did not "retransmit" the responses until over a month after they were requested. As a result, Defendants respectfully asks the Court for clarification as to whether the RFAs can be deemed automatically admitted per Federal Rule of Civil Procedure 36(a)(3) or for direction as to whether further briefing, including declarations and exhibits, should be submitted by the parties on this issue.

**Plaintiffs' Statement**

Plaintiffs understood that they had until July 19th to serve response. Plaintiffs served discovery responses on July 19, 2023 via a link to a Dropbox folder. Plaintiffs' end showed that the responses to requests for admissions were included, but not as individual files but as a folder. It was Plaint8ffs' intent to serve all discovery, and there is a proof of service so indicating. Defendants – belatedly stated they did not receive the responses to the requests for admissions. And plaintiffs provided defendants with the proof of service and emailed these to defendants again.

A copy of the proofs of service and the responses to requests for admissions are attached to each response.


6.      **Defendants Request for Leave to Take and Use Kimberly Moule Deposition**

**Defendants' Statement**

On September 28, 2023, the County took the deposition of Kimberly Moule, a non-party to this matter. Ms. Moule's deposition was Defendants' eleventh deposition at the time and first non-party deposition. Subsequently, Defendants took Plaintiff Michael Lockhart's deposition (he did not appear) and Plaintiff Randy Harris's deposition (the last remaining Plaintiff) is currently scheduled for October 30. The additional Plaintiff depositions were stipulated to by the parties (*see* Dkt. Nos. 287, 299, 306, 320).

It is undisputed that Ms. Moule's September 28 deposition was absent the parties' stipulation and a court order. However, Defendants reasonably believed that Plaintiffs had agreed to Ms. Moule's deposition and therefore did not seek leave of court. On August 23, Defendant County of Alameda served all parties with notice of Ms. Moule's deposition. Plaintiffs did not object or request to reschedule the deposition. On the morning of Ms. Moule's deposition, the parties participated in a meet and confer during which Plaintiffs' counsel repeatedly referenced Ms. Moule's deposition, but never objected to or stated that they did not intend to appear. Before officially starting the deposition, defense counsel emailed Plaintiffs' counsel to advise that defendants were waiting for Plaintiffs to make an appearance and to advise that defendants would wait a few additional minutes before starting the deposition. A few hours later, Plaintiffs' counsel emailed to say that they objected to the deposition.

Therefore, while Defendants concede they did not seek Plaintiffs' stipulation or leave of Court before taking Ms. Moule's deposition, they respectfully request that the Court retroactively grant leave (or allow the County to file a motion for retroactive leave) to use Ms. Moule's September 28 deposition. Ms. Moule's deposition is directly relevant to Plaintiffs' surviving inadequate sanitation claims and the claims of the certified sanitation subclass. Ms. Moule, in her capacity as an employee of the California

Board of State and Community Corrections, has conducted numerous inspections throughout the years of Santa Rita Jail for compliance with Title 15, including Section 1280 which pertains to "Facility Sanitation, Safety, and Maintenance." Ms. Moule's testimony is directly relevant to Plaintiffs' claims and neither unreasonably cumulative or duplicative, because she is the only non-party deposition taken by defendants. *See* Fed R. Civ. P. 26(b)(2)(C)(i). Ms. Moule is the only person with first-hand knowledge of the methodology she used to conduct her inspections of the Jail, her personal observations during her inspections, and the results of her inspections. *See* Fed R. Civ. P. 26(b)(2)(C)(ii). Moreover, all defendants have already incurred the expense of taking Ms. Moule's deposition. Therefore, and in light of Plaintiffs' delayed objection, Defendants apologize to the Court for failing to seek leave prior to taking Ms. Moule's deposition and respectfully request retroactive leave (or permission to file a motion for retroactive leave) to use Ms. Moule's September 28 deposition for all purposes during this litigation, including trial.

**Plaintiffs' Statement**
Cooperation is a two way street. Defendants desire to have informal processes that benefit them, while refusing to extend those same courtesies to plaintiffs. The federal code requires that leave of the court be sought and obtained to go over the limit of 10 depositions. Counsel for County defendants has been very clear that she will insist on imposing the limitations of the federal code on plaintiffs. Therefore, plaintiffs' position is that if County defendants is going to insist on imposing the limitations of the federal code, then all parties should be bound by the limits of the federal code. It seems unfair and illogical that County defendants should carve out benefits for themselves only.

Sincerely,

Yolanda Huang
Counsel for Plaintiffs

Temitayo Peters
Counsel for Defendants