1
2
3
4              UNITED STATES DISTRICT COURT
5             NORTHERN DISTRICT OF CALIFORNIA
6
7    DANIEL GONZALEZ, et al.,              Case No.  3:19-cv-07423-JSC
8                   Plaintiffs,
                                           **ORDER RE: JOINT DISCOVERY
9         v.                               LETTER BRIEFS**
10   COUNTY OF ALAMEDA, et al.,            Re: Dkt. Nos. 346, 347, 348, 349, 350, 351,
11                  Defendants.            352, 353
12
13        The parties have submitted eight joint discovery letter briefs.  (Dkt. Nos. 346, 347, 348,

14   349, 350, 351, 352, 353.)  Oral argument is not required to resolve these disputes. *See* Civ. L.R. 7-

15   1(b).

16        **1.  Aramark's Responses to Plaintiffs' Special Interrogatories (Dkt. No. 346)**

17        Plaintiffs seek supplemental responses to three special interrogatories.

18        First, Plaintiffs seek a supplemental response to Interrogatory No. 1 which "requires

19   Aramark to describe in detail the training received by the Aramark employee that is the subject of

20   the interrogatory." (Dkt. No. 346 at 1.)  Aramark responded by directing Plaintiffs to the training

21   records for the specified individuals.  Plaintiffs object because these records "do not indicate the

22   time spent on the training nor who provided the training."  (*Id.*)  Plaintiffs allege that while

23   Aramark offered to provide additional materials they have not done so.  Aramark disputes

24   Plaintiffs' account and contends it produced over 750 pages of training materials on October 10,

25   2023, but Plaintiffs neither downloaded or opened the links to these documents.  Aramark also

26   offers an explanation of how the training logs provide the information Plaintiffs indicate they seek.

27   Plaintiffs' portion of the letter brief does not address Aramark's representations.  As Aramark has

28   met its burden of showing Plaintiffs do not need the additional information they seek, Plaintiffs'

United States District Court
Northern District of California

1   request is DENIED.

2   Second, as to Interrogatory Nos. 2 and 4, Plaintiffs seek information regarding "all dates

3   each subject of the interrogatory has been on location at Santa Rita Jail." (Dkt. No. 346 at 2.)

4   While Aramark objects to these requests on numerous grounds including burden and scope, it

5   offered to produce time and attendance records for Aramark employees but warned Plaintiffs that

6   these records were voluminous—2,764 pages. Plaintiffs contend Aramark cannot simply direct

7   them to review all these documents because "Aramark surely must know when its employees were

8   or are at Santa Rose Jail." (*Id.*) The Court agrees—Aramark does have this information in the

9   form of the time and attendance records it offered to Plaintiff. Under Rule 33(d), "If the answer to

10  an interrogatory may be determined by examining, auditing, compiling, abstracting, or

11  summarizing a party's business records (including electronically stored information), and if the

12  burden of deriving or ascertaining the answer will be substantially the same for either party, the

13  responding party may answer by" among other options "specifying the records that must be

14  reviewed." Plaintiffs do not complain they cannot discern the information they are looking for

15  from the records, just that they want Aramark to do so. That is not a sufficient response.

16  Accordingly, Plaintiffs' supplementation requests are DENIED.

17  **2.   Aramark 30(b)(6) Deposition Topics and Length (Dkt. Nos. 347, 348)**

18  Plaintiffs have filed two letter briefs relating to Aramark's Rule 30(b)(6) deposition. The

19  letter brief regarding the deposition topics is missing the second and fourth pages and is thus

20  denied without prejudice to renewal. (Dkt. No. 347.) While the letter states the parties have had

21  substantial communications regarding the dispute, it does not represent the parties met in person or

22  by video. If the letter brief is refiled, it must set forth the date(s) and times the parties met and

23  conferred in person or by video, and who participated in those discussions. *See* Civil Standing

24  Order ¶ F ("each party shall meet and confer in person or via videoconference to attempt to

25  resolve their dispute informally. A mere exchange of letters, emails, telephone calls or facsimile

26  transmissions does not satisfy the meet and confer requirement").

27  Plaintiffs have also filed a letter brief seeking leave to exceed Rule 30(d)(1)'s seven-hour

28  limit to take 21 hours of testimony for Aramark's Rule 30(b)(6) deposition. Plaintiffs contend

2

"given that this is a multi-party action with 12 plaintiffs, more than seven hours will be needed to fairly depose Aramark's 30(b)(6) representative." (Dkt. No. 348 at 1.)  The court may grant leave for a party to exceed the seven-hour limit where a showing is made that additional time is needed for a "fair examination of the deponent," or where the examination has been "impeded or delayed by the deponent, another person" or "other circumstances." RUTTER GROUP PRAC. GUIDE Fed. Civ. Pro. Before Trial Ch. 11(IV)-A, § 11:1518 (April 2023 Update).  Plaintiffs' conclusory request to triple the seven-hour limit for Aramark's Rule 30(b)(6) deposition is denied.  Plaintiffs must narrowly tailor their request to seek discovery related to their individual claims remaining in this action.  To the extent Aramark inserted an unrelated issue regarding document preservation into this letter brief, this was improper and will not be considered by the Court as the letter does not include a discussion from both sides of this issue.

### 3.  Plaintiffs' Request to Take Additional Depositions (Dkt. No. 349)

On October 17, 2023, Plaintiffs served 37 separate deposition notices.  Plaintiffs request leave to exceed Rule 30(a)(2)'s ten-deposition limit to take these depositions.  Plaintiffs make no particularized showing as to why these unidentified depositions are needed and instead assert they are necessary given the number of Plaintiffs (12) and the sanitation class, as well as based on the County Defendants' interrogatories responses—an issue they concede they have not meet and conferred with the County about.  A party seeking to exceed Rule 30(a)(2)'s presumptive ten-witness "limit bears the burden of making a 'particularized showing' of the need for additional depositions." *X One, Inc. v. Uber Techs., Inc.*, No. 16-CV-06050 LHK (SVK), 2019 WL 2207645, at *2 (N.D. Cal. May 22, 2019); *see also Vega v. DNC Parks & Resorts at Asilomar, Inc.*, No. 19-CV-00484 ADA (SAB), 2023 WL 2617044, at *4 (E.D. Cal. Mar. 23, 2023) (collecting cases).

Plaintiffs' blanket request to exceed the ten-deposition limit without (1) identifying the additional depositions they seek, or (2) making a particularized showing as to why a deposition is necessary is unpersuasive.  Because Plaintiffs do not even identify the proposed deponents, let alone explain why the depositions are needed, Plaintiffs have not satisfied their burden to demonstrate all these additional depositions are necessary. *See Thykkuttathil v. Keese*, 294 F.R.D. 597, 600 (W.D. Wash. 2013).

United States District Court
Northern District of California

Despite Plaintiffs' failure, the Court will allow an additional five depositions given the number of individual plaintiffs and claims in this lawsuit. The Court will also allow the depositions, even though they were noticed one-day late. **On or before 5:00 p.m. on Wednesday, November 2, 2023, Plaintiffs shall advise Defendants of the 15 depositions Plaintiffs wish to proceed with.**

To the extent Plaintiffs also seek leave to take up to 20 hours of testimony from the Country's Rule 30(b)(6) witness(es), this request is denied for the same reason as for their request to exceed the limit for Aramark's Rule 30(b)(6) limit.

### 4. Plaintiffs' Inspection Demand (Dkt. No. 350)

On October 8, 2023, Plaintiffs served the County Defendants with an Inspection Demand. (Dkt. No. 350-1.) Defendants request the Court deem the request untimely and improper.

On September 21, 2023, the Court granted the parties' limited stipulation to extend the fact discovery deadline from October 16, 2023 to November 16, 2023 "solely to permit the parties to" (1) "Schedule, conduct and complete all depositions properly noticed in compliance with all applicable rules and the Court's standing order"; (2) "Permit the parties to complete all currently, existing written discovery, to complete any necessary met [sic] and conferring, and to seek the Court's assistance resolving any remaining issues"; and (3) to "Permit the Court to resolve the issues surrounding the parties' forthcoming informal written discovery brief to compel Plaintiff Michael Lockhart to appear for deposition or to have his claims dismissed." (Dkt. No. 316 at 2.) The stipulation and order explicitly stated "the parties agree that no additional written discovery requests are permitted." (*Id.*) Over two weeks after the Court issued its Order, Plaintiffs served the underlying site inspection request seeking permission to inspect the Jail between November 9-16, 2023. (Dkt. No. 350-1.)

Plaintiffs' request both violates the parties' agreement and the Court's Order as it is indisputably a new written discovery request. Even if this were not the case, because it does not fall within the scope matters for which discovery was extended until November 16, it was subject to the October 16 fact discovery deadline and thus violates Civil Local Rule 37-3 which states "[d]iscovery requests that call for responses or depositions after the applicable discovery cut-off

4

1    are not enforceable, except by order of the Court for good cause shown."   Plaintiffs have not

2    shown good cause nor could they.  *See City of Pomona v. SQM N. Am. Corp*., 866 F.3d 1060,

3    1066 (9th Cir. 2017) (holding, among other factors, the court looks at "whether the moving party

4    was diligent in obtaining discovery within the guidelines established by the court.").

5         This action has been pending for nearly four years.  Plaintiffs' lack of pursuit of discovery

6    has resulted in the denial of several motions from Plaintiffs' preliminary injunction motion to their

7    first motion for class certification.  (*See, e.g*., Dkt. Nos. 95 at 25; Dkt. No. 175.)  Indeed, over 18

8    months ago, the Ninth Circuit Court of Appeals stated in affirming this Court's denial of

9    Plaintiffs' motion for preliminary injunction:

10            It is concerning that at oral argument before our court, the parties
             expressed starkly different views regarding their progress on
11           foundational aspects of the necessary discovery for this case,
             including production of the relevant cleaning protocols. As noted,
12           serious health and safety allegations are at issue. We leave it to the
             parties to pursue the necessary discovery and/or related motions
13           practice in the district court.

14   *Gonzalez v. Ahern*, No. 21-15485, 2022 WL 964212, at *2 (9th Cir. Mar. 30, 2022).  Despite this,

15   at the time of Plaintiffs' renewed motion for class certification—over a year later—Plaintiffs still

16   did not proffer evidence in support of their claims, which according to Defendants, was because

17   they had not obtained it.  (Dkt. No. 264 at 12.) The Court nonetheless partially certified a class on

18   Plaintiffs' sanitation claims.  (*Id*. at 14.)  Plaintiffs have thus been aware *since at least May 9,*

19   *2023*, of the scope of the sanitation claims and presumably the evidence needed to support these

20   claims.  There is no good cause for Plaintiffs waiting five months—until the week before the fact

21   discovery deadline—to propound an inspection request seeking this information.

22        Accordingly, Plaintiffs' inspection request is untimely and therefore denied.

23        **5.  Dispute re: Moule Deposition (Dkt. No. 351)**

24        The County Defendants seek leave to exceed the ten-deposition limit to take the deposition

25   of non-party witness Kimberly Moule.  Ms. Moule was deposed on September 28, 2023 and was

26   Defendants' eleventh deposition at the time.  Defendants believed Plaintiffs agreed they could

27   exceed the deposition limit to take her deposition and did not realize until after the fact that

28   Plaintiffs objected to her deposition.  Defendants deposed Ms. Moule in her capacity as an

employee of the California Board of State and Community Corrections and contend her testimony

is relevant to Plaintiffs' sanitation claims because she "has conducted numerous inspections

throughout the years of Santa Rita Jail for compliance with Title 15, including Section 1280 which

pertains to 'Facility Sanitation, Safety, and Maintenance.'"  (Dkt. No. 351 at 2.)  Plaintiffs do not

object to Ms. Moule's deposition on relevance, cumulativeness, or any other ground.  Instead,

Plaintiffs contend "cooperation is a two way street" and because Defendants will not agree

Plaintiffs can exceed the ten-deposition limit, Plaintiffs will not agree to allow Defendants to do so

for Ms. Moule's deposition.  (Dkt. No. 351 at 2-3.)

  To be sure, Defendants should have either confirmed the agreement in writing or sought

leave of the Court before taking Ms. Moule's deposition.  But discovery is not conducted on a "tit

for tat basis." *National Academy Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256

F.R.D. 678, 680-81 (C.D. Cal. 2009).  Discovery is about obtaining the evidence each side needs

to fairly and fully present their case.  Thus, when a party can demonstrate good cause to modify

discovery limits, courts routinely grant their request.  Counsel should too.  Defendants have made

a particularized showing as to why Ms. Moule's deposition is necessary and have thus

demonstrated good cause to exceed the ten-deposition limit to take her deposition.

### 6.  Dispute re: Plaintiffs' Interrogatory Verifications (Dkt. No. 352)

  Defendants seek verifications for interrogatories served on May 11, 2023.  On September

26, 2023, Plaintiffs acknowledged they had not provided verifications.  Plaintiffs contend the

verification process is difficult because Plaintiffs are incarcerated, but indicates they will provide

them in 30 days.  **Plaintiffs' verifications were required at the time the interrogatory**

**responses were served <u>five months ago</u>**.  *See* Fed. R. Civ. Pro. 33(b)(5).  Plaintiff shall provide

verifications by November 22, 2023.

### 7.  Dispute re: Plaintiffs' RFA Responses (Dkt. No. 353)

  Defendants seek a ruling regarding whether requests for admission they served on May 11,

2023 may be deemed admitted based on Plaintiffs' failure to timely respond.  Defendants granted

Plaintiffs an extension of time until July 12, 2023 to respond, but Plaintiffs did not do so.  On

August 23, 2023, Defendants reached out to Plaintiffs because they had not received responses.

United States District Court
Northern District of California

1  While Plaintiffs contend the discovery responses were not transmitted on July 19 due to a

2  "technology snafu," they do not explain why it took over a month after Defendants reached out to

3  send the responses they believed they had provided in July.

4      First, there is no excuse for it taking Plaintiffs over a month to provide the responses once

5  Defendants raised the issue of their non-receipt.  Second, Plaintiffs' responses—even if sent on

6  July 19—were untimely.  Defendants granted Plaintiffs an extension until July 12—not July 19—

7  to provide the responses.  (Dkt. No. 353-1.)   Plaintiffs' unsupported statement that they believed

8  they had until July 19 to provide their responses is contrary to the evidence Defendants offer of

9  their written agreement to a July 12 extension.

10     Under Federal Rule of Civil Procedure 36(a)(3), "[a] matter is admitted unless, within 30

11  days after being served, the party to whom the request is directed serves on the requesting party a

12  written answer or objection addressed to the matter and signed by the party or its attorney."

13  "Failure to respond to requests for admission results in automatic admission of the matters

14  requested ... No motion to establish the admissions is needed because Federal Rule of Civil

15  Procedure 36(a) is self-executing." *Federal Trade Commission v. Medicor LLC*, 217 F.Supp.2d

16  1048, 1053 (C.D. Cal. 2002); RUTTER GROUP PRAC. GUIDE Fed. Civ. Proc. Before Trial Ch.

17  11(IV)-D ("Failure to timely respond to RFAs results in *automatic admission* of the matters

18  requested.") (emphasis in original).  The Court thus grants Defendants' motion without prejudice

19  to Plaintiffs proffering evidence—in the form of an attorney declaration under oath or written

20  correspondence—substantiating their contention that Defendants granted an extension until July

21  19.

22                                          ***

23     This Order resolves all the pending discovery disputes.  The Court reminds the parties of

24  their obligation to **meet and confer in person or by video prior to filing a discovery dispute**.  If

25  the Court's review of any future discovery dispute indicates the parties have not adequately met

26  and conferred, the Court will order the parties to appear in person so they can meet and confer in

27  the Court's jury room.

28     //

7

1    This Order disposes of Docket Nos. 346, 347, 348, 349, 350, 351, 352, 353.

2    **IT IS SO ORDERED.**

3    Dated: October 31, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

8