UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No. 3:19-cv-07423-JSC<br><br>**ORDER RE: MOTION TO DISMISS PLAINTIFF MICHAEL LOCKHART**<br><br>Re: Dkt. No. 340 |

Plaintiff Michael Lockhart brings individual claims regarding the denial of medical care while he was incarcerated in an Alameda County jail. (Dkt. No. 180 at ¶ 14.3.4.) Following a meet and confer, Defendants noticed Mr. Lockhart's deposition for the mutually agreed upon date of August 25, 2023. (Dkt. No. 317 at 1.). On August 21, 2023, Plaintiffs' counsel advised Defendants Mr. Lockhart would not be appearing for his deposition and "he will not be rescheduling his deposition." (*Id*. at 11-12.) Plaintiffs' counsel thereafter declined to join in a stipulation to dismiss Mr. Lockhart's claims. (*Id.* at 7-10.) Plaintiffs also declined to join in a discovery letter brief seeking a court order compelling Mr. Lockhart to appear for deposition. (*Id*. at 45.) The Court thus ordered Mr. Lockhart to appear for deposition on October 5, 2023 and warned him failure to appear could result in dismissal of this action for failure to prosecute. (Dkt. No. 320.) After Mr. Lockhart failed to appear at the October 5, 2023 deposition, Defendant Wellpath filed the now pending motion to dismiss his claims with prejudice. (Dkt. No. 340.) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the November 16, 2023 hearing, and GRANTS IN PART and DENIES IN PART Wellpath's motion to dismiss.

**DISCUSSION**

Under Federal Rule of Civil Procedure 37(b)(2)(A)(v), the court can dismiss an action in whole or part where a party disobeys an order to provide or permit discovery. Further, the court must order the disobedient party to pay the "reasonable expenses" caused by the failure unless the failure was "substantially justified" or it would be "unjust." *See* Fed. R. Civ. Pro. 37(b)(2)C). Wellpath seeks dismissal Mr. Lockhart's claims with prejudice based on his failure to appear for his deposition after being ordered to do so. Wellpath also seeks its expenses for appearing for the deposition, although Plaintiff's counsel advised Wellpath in advance Mr. Lockhart would not appear on October 5, 2023.

**A. Dismissal**

"Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986). "A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv*., 833 F.2d 128, 130 (9th Cir. 1987). This is the same standard the court applies when determining whether dismissal for failure to prosecute is appropriate under Federal Rule of Civil Procedure 41(b). *Id.* The district court's dismissal is reviewed for an abuse of discretion. *See Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 832 (9th Cir. 1986)

Here, four of the five *Malone* factors weigh in favor of dismissal. "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A*., 662 F.2d 1275, 1279 (9th Cir. 1980). Mr. Lockhart has delayed adjudication of his claims by refusing to appear for his deposition, refusing to participate in a joint discovery letter brief, and refusing to appear for his deposition when ordered to do so by the Court. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other ... criminal and

civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As for the third *Malone* factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Mr. Lockhart's failure to prosecute his claims despite the Court's Order weighs in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999).

The fourth factor, which favors disposition on the merits, by definition, weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

The fifth factor is the availability of less drastic sanctions. The Court cautioned Mr. Lockhart failure to appear for his deposition would result in dismissal of his claims. (Dkt. No. 320.) Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement.") (citation omitted).  Further, in light of Mr. Lockhart's lack of resources, there are no other sufficient sanctions available.

In sum, four of the five relevant factors weigh strongly in favor of dismissing Mr. Lockhart's claims. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).  Wellpath's motion to dismiss Mr. Lockhart's claims with prejudice is therefore granted.

### B. Request for Fees and Costs

Where a party disobeys a court order regarding discovery, Rule 37 requires the court to award fees and costs "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).  Mr. Lockhart's refusal to appear for his deposition and insistence that he would only stipulate to a dismissal without prejudice was not substantially justified.  Indeed, Plaintiffs make no argument as to why dismissal without prejudice is appropriate given Mr. Lockhart's repeated failure to prosecute his claims.

Wellpath seeks $1,300 which includes court reporter fees of $300, attorneys' fees in the amount of $250 for attending Mr. Lockhart's deposition, and attorneys' fees in the amount of $750

3

for preparing the underlying motion. (Dkt. No. 340-1 at ¶ 10.) While Wellpath has attached the invoice from the court reporter, it has not substantiated the request for attorneys' fees for either filing this motion or appearing at the deposition. (Dkt. No. 340-7.) That is, Wellpath has not provided information from which the Court could determine the reasonableness of the fees sought. *See In re Telescopes Antitrust Litig.*, No. 20-CV-03642 EJD (VKD), 2023 WL 4983178, at *2 (N.D. Cal. Aug. 2, 2023) (finding the lodestar method applies to a motion for fees and costs under Rule 37(b)(2)(C)) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see also* Civ. L.R. 37-4(b)(3) ("If attorney fees or other costs or expenses are requested, itemize with particularity the otherwise unnecessary expenses, including attorney fees, directly caused by the alleged violation or breach, and set forth an appropriate justification for any attorney-fee hourly rate claimed."). Accordingly, the Court orders Mr. Lockhart to pay $300 as a sanction for his failure to appear for the October 5, 2023 deposition as ordered by the Court.

## CONCLUSION

For the reasons set forth above, Wellpath's motion to dismiss is GRANTED IN PART and DENIED IN PART. The Court DISMISSES Plaintiff Lockhart's claims with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) for failure to prosecute. Mr. Lockhart is ordered to pay Wellpath $300 as a sanction for failing to appear for his deposition.

This Order disposes of Docket No. 340.

**IT IS SO ORDERED.**

Dated: November 7, 2023

JACQUELINE SCOTT CORLEY
United States District Judge