1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    DANIEL GONZALEZ, et al.,              Case No.  3:19-cv-07423-JSC

8                  Plaintiffs,

9          v.                             **ORDER RE: JOINT DISCOVERY
                                          LETTER BRIEF ABOUT
10   COUNTY OF ALAMEDA, et al.,           LIEUTENANT JOE DEPOSITION**

11                 Defendants.            Re: Dkt. No. 363

12

13         The parties submitted a joint discovery letter brief regarding Lieutenant Joe's deposition.

14   (Dkt. No. 363.)  Plaintiffs seek to compel Lieutenant Joe to sit for a further deposition due to his

15   failure to answer questions and defense counsel's improper objections.  After reviewing the

16   parties' submission, including the attached exhibits, the Court concludes oral argument is not

17   needed, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS Plaintiffs' request as set forth below.

18                                  **DISCUSSION**

19         A party taking a deposition may move to compel a response where a deponent fails to

20   answer a question. Fed. R. Civ. P. 37(a)(3)(B)(i). The party taking the deposition "may complete

21   or adjourn the examination before moving for [such] an order."  Fed. R. Civ. P. 37(a)(3)(C).

22   Lieutenant Joe sat for approximately four hours of testimony before Plaintiffs adjourned the

23   deposition based on his failure to respond to counsel's questions and defense counsel's repeated

24   objections.  The Court has reviewed the deposition transcript and finds Lieutenant's Joe's

25   testimony was evasive and obstructionist.  Throughout the deposition, Lieutenant Joe responded to

26   questions with "can you be more specific?" to avoid actually responding to the question.  (*See,*

27   *e.g*., Dkt. No. 363-1, 80:2-13; 84:14; 86:10, 13; 87:20; 88:18; 90:4; 91:2-3; 96:23-24; 97:23-24;

28   98:15-16; 103:1, 6, 13; 110:25; 111:19; 113:19; 114:22.)  For example, Plaintiffs' counsel asked:

United States District Court
Northern District of California

Q. When you were a sergeant, what were your responsibilities for that housing unit?

A. When?

Q. In 2018, after your promotion.

A. I was responsible for more than one housing floor.

Q. Okay.  What were your responsibilities?

A. To ensure that the incarcerated population received care and we maintained their custody and control.

Q. And what did you mean by "received care"?

MS. PETERS:  Objection, vague.

THE WITNESS:  Could you be more specific?

(Dkt. No. 363-1, 88:6-18.)  How could Plaintiffs' counsel be more specific?  She was asking what Lieutenant Joe meant by his own words.  As frequently as he responded "could you be more specific," Lieutenant Joe responded to questions saying "there are a myriad of reasons" or "factors" for something.  (*See, e.g.*, 27:14-15; 79:8-9, 21-22; 81:9-10; 82:7-8.) The following exchange is especially telling:

Q: Lieutenant, in 2017, when you worked the housing unit before your promotion as a sergeant at Santa Rita Jail, whose responsibility was it to maintain the sanitation of individual inmate cells?

MS. PETERS:  Objection, vague, calls for speculation.

THE WITNESS:  Could you be a little bit more specific?

Q: Do you know whose responsibility it was?

A.  I do, but it depends.

Q. What does it depend on?

A. There are a myriad of factors that it would depend upon.

Q. Okay.  So for example, in housing unit one, whose responsibility was it to maintain the sanitation of the cell area where inmates slept?

MS. PETERS:  Objection, vague, calls for speculation.

THE WITNESS:  It depends.  Could you be more specific?

BY MS. HUANG:  Q. Do you have an answer to that question?

A. I do, but it would depend on what you're referring to.  Could you be more specific?

(Dkt. No. 363-1 at 96:17-97:16; *see also* 85:19-87:2.)  Throughout the deposition, Lieutenant Joe consistently refused to answer questions, thwarting counsel's efforts to obtain a response to even the simplest inquiries:

Q: Did you ever clean a cell that was housing an inmate?

A. Could you be more specific?  Did I clean a cell while a person was sleeping?  No, I did not.

Q. That's not what my question was.

A. That was what I understood your question to be. If you'd like to restate the question, then I promise I will answer to the best of my ability.

Q. Did you ever clean a cell that was assigned and occupied by an inmate whether the inmate was physically present at that time or not?

A. I have cleaned a cell.

(103:11-22.)

Discovery is not a game. The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *United States v. Chapman Univ*., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).  Lieutenant Joe's obstructionist conduct during his deposition was improper.

Defense counsel's repeated speaking objections did not help.  During a deposition, an attorney may properly state objections "concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2).  Instructions not to answer questions at a deposition are improper except in limited circumstances.  *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 365 (N.D. Cal. 2000). Relevance is not a proper basis on which to instruct a witness not to answer. (*See, e.g.*, Dkt. No. 363-1 at 58:9-11.)  *See Holloway v. Cty. of Orange*, No. 19-01514 DOC (DFMx), 2021 WL 430697, at *5 (C.D. Cal. Jan. 11, 2021) (noting instructions not to answer based on relevance and harassment are improper and collecting cases). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

1   Accordingly, Lieutenant Joe is ordered to sit for a further three-hour deposition by Zoom.

2   The additional deposition will not count towards any deposition limits.  The parties shall meet and

3   confer to select a time for his continued deposition to occur before December 22, 2023 and shall

4   coordinate the date with the Courtroom Deputy to ensure the Court is available on the date and

5   time selected in the event any issues arise during the deposition.

6   **For Lieutenant Joe and all other remaining depositions, the Court orders all**

7   **objections to form are preserved and only legally proper instructions not to answer may be**

8   **made on the record.** *See* **Fed. R. Civ. P. 30(c)(2).**

9   This Order disposes of Docket No. 363.

10   **IT IS SO ORDERED.**

11   Dated: November 8, 2023

12

13

14   JACQUELINE SCOTT CORLEY
    United States District Judge