UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>  Defendants. | Case No. 3:19-cv-07423-JSC<br><br>**ORDER RE: JOINT DISCOVERY LETTER BRIEF RE: COUNTY'S RULE 30(B)(6) DEPOSITION**<br><br>Re: Dkt. No. 369 |

The parties submitted a joint discovery letter brief regarding Plaintiff Timothy Phillip's Rule 30(b)(6) deposition notice to the County. (Dkt. No. 369.) The parties indicate they have met and conferred and resolved their disputes regarding the Rule 30(b)(6) deposition notice except as to four categories: (1) food quality; (2) food waste; (3) commissary spending; and (4) contract rate increases. Oral argument is not necessary to resolve this dispute. *See* N.D. Cal. Civ. L.R. 7-1(b).

Plaintiffs' food claims are based on the theory that detainees receive constitutionally inadequate food because it is contaminated, spoiled, and otherwise inedible. (Dkt. No. 180 at ¶ 6.1.) The Court denied Plaintiffs' motion to certify a class regarding these claims and only Plaintiffs Daniel Gonzalez, Lawrence Gerrans, Cedric Henry, and David Misch alleged food related claims in the operative Fifth Amended Complaint. (*Id.* at ¶¶ 14.3.1, 14.3.2, 14.3.3, 14.3.7.)

**1. Food Quality and Quality Control**

Plaintiffs seek testimony regarding four topics related to food quality and control at the Jail. (Dkt. No. 369-2 at Topics 4, 5, 20, 21.) The County insists Aramark is the more appropriate deponent on these topics because under the County and Aramark's contract Aramark has "full responsibility for the operation of the food service program at Santa Rita Jail, including quality and quantity control of the meals prepared and served at Santa Rita Jail." (Dkt. No. 369 at 4.)

1 Plaintiffs, however, point to the declaration Sergeant Barnes, which attests he is "in charge of
2 overseeing the kitchen, bakery, and food transport at Santa Rita Jail," and he spends on average 8-
3 10 hours each day in the food preparation areas.  (Dkt. No. 369 at 2; Dkt. No. 369-1 at 6.)
4 Sergeant Barnes' declaration suggests the County retains oversight of at least some food
5 preparation and distribution at the Jail.  Topics 4 and 5, which seek information regarding quality
6 control of food prepared and served in the Jail are therefore appropriate topics for Plaintiffs to
7 explore with a County designee—in addition to an Aramark designee.  Topics 20 and 21, which
8 seek communications and efforts between Jail staff (County employees) and Aramark to improve
9 food served at the Jail, are also appropriate topics.

### 2. Food Waste

Plaintiffs seek information regarding the County's efforts to reduce, measure, and quantify food waste generated at the Jail.  (Dkt. No. 369-2 at Topics 16, 17, 28.)  These requests are not tethered to Plaintiffs' claims or proportional to the needs of the case.

### 3. Commissary Spending

Plaintiffs seek information regarding the amount of money spent by inmates at the Jail Commissary since 2019 and the amount of money the Jail earned on these purchases.  (Dkt. No. 369-2 at Topics 22-23.)  The County objects "[t]he federal issue of inmate spending on commissary food purchases is not reasonably tailored to Plaintiffs' remaining food claims."  (Dkt. No. 369 at 4.)  However, Plaintiffs allege commissary sales generate profit for the County which incentivizes the County to increase sales, allegedly by providing inadequate food.  (Dkt. No. 180 at ¶ 6.2.)  Information responsive to topics 22 and 23 is therefore relevant to Plaintiffs' claims in this action.

### 4. Contract Rate Increases

Plaintiffs seek information regarding efforts to verify or provide oversight into changes to the food served at the Jail following the December 2022 contract rate increase.  (Dkt. No. 369-2 at Topic 27.)  The County objects because it contends none of the remaining Plaintiffs have food-related claims arising in 2022.  (Dkt. No. 369 at 5.)  Plaintiff Misch, however, submitted a declaration in support of class certification, indicating that as of March 2023 he has been

incarcerated at the Jail since March 2018. (Dkt. No. 263-1.) As Plaintiff Misch has individual food claims (Dkt. No. 180 at ¶ 14.3.7), testimony regarding this issue is relevant to Plaintiffs' theory that the financial arrangement between the County and Aramark impacts the food served at the Jail.

***

For the reasons stated above, the County is ordered to provide a designee regarding Topics 4, 5, 20-23, and 27.

This Order disposes of Docket No. 369.

**IT IS SO ORDERED.**

Dated:  November 17, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge