UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>　　　　Defendants. | Case No. 3:19-cv-07423-JSC<br><br>**ORDER RE: DISCOVERY LETTER BRIEFS RE: DEPOSITIONS**<br><br>Re: Dkt. Nos. 386, 387, 388, 389 |

The parties submitted four joint discovery letter briefs regarding Plaintiffs' requests for additional depositions. (Dkt. Nos. 386, 387, 388, 389.) Oral argument is not necessary to resolve these disputes. *See* N.D. Cal. Civ. L.R. 7-1(b).

**RELEVANT PROCEDURAL HISTORY**

Plaintiffs filed this action in November 2019. They filed an amended complaint as of right in May 2020, as no defendant had been served in the interim. (Dkt. No. 10.) After significant motion practice, including several motions to dismiss and a motion for a preliminary injunction, the Court entered a pretrial schedule. (Dkt. No. 128.) The schedule, which the parties had proposed, had a fact discovery deadline of May 1, 2022. (*Id.*) The Pretrial Order directed that all depositions must be noticed at least 30 days before the fact discovery deadline. (*Id.* at 1-2.) The parties did not meet the fact discovery deadline. On December 1, 2022, the Court amended the pretrial order (Dkt. No. 128), and set an October 16, 2023 deadline for the close of fact and expert discovery. (Dkt. No. 224.)

More than seven months after the Court's amended scheduling order, Plaintiffs had not noticed any depositions. (Dkt. No. 299 at 1-2.) Plaintiffs stipulated to meet with Defendants on August 15, 2023 to schedule depositions of Defendants and provide the Court with the deposition schedule (*id.*); however, Plaintiffs did not do so. (Dkt. No. 306 at 7.) Following an August 23, 2023 status

conference, the Court amended the pretrial schedule again to extend the expert discovery deadline. The Order specified the October 16, 2023 fact discovery deadline remained in effect. (Dkt. No. 311 at 1.) The parties subsequently stipulated (and the Court agreed) to a 30-day extension of the fact discovery deadline to, among other things, "[s]chedule, conduct and complete all depositions properly noticed in compliance with all applicable rules and the Court's standing order." (Dkt. No. 316.)

On October 17, 2023, Plaintiff served 37 separate deposition notices on Defendants. (Dkt. No. 359 at 3.) These notices violated the Court's order that all depositions be noticed at least 30 days before the close of fact discovery. They also exceeded, without agreement or Court permission, the default ten deposition notice. After Defendants objected, and despite Plaintiffs' lack of diligence, the Court allowed Plaintiffs to take a total of 15 depositions. (*Id.* at 4.) The Court ordered Plaintiffs to advise Defendants of the 15 depositions they wished to proceed with by 5:00 p.m. on November 2, 2023. Following a November 2, 2023 status conference, and given Plaintiffs scheduling or taking of three depositions, the Court ordered the parties by November 6, 2023 to file a stipulation regarding "Plaintiffs' top-12 remaining depositions," and ordered the depositions be completed by December 22, 2023. (Dkt. No. 362.) They filed the stipulation. (Dkt. No. 365.)

The Court held a further status conference on December 21, 2023. While the Court advised that a joint case management statement was not required (Dkt. No. 362), the parties submitted a statement that identified a number of brewing discovery disputes. (Dkt. No. 377.) In light of the upcoming holidays, the Court gave the parties until January 9, 2024 to formally present the disputes to the Court for resolution. (Dkt. No. 383.) Now pending before the Court are those disputes.

## DISCOVERY DISPUTE JOINT SUBMISSIONS

### A. Request for Additional Wellpath Depositions (Dkt. No. 386)

Plaintiffs object to Wellpath's refusal to produce a witness to testify regarding all of the topics listed in Plaintiffs' Rule 30(b)(6) notice. They also seek the deposition of the current Medical Director for Santa Rita Jail or Wellpath's Regional Medical Director. (Dkt. No. 386.) Plaintiffs' request is DENIED.

As for the additional deposition, despite Plaintiffs' untimely notice of *any* depositions, the Court gave Plaintiffs leave to take 15 depositions and issued numerous orders to force Plaintiffs to

identify and take those depositions. Plaintiffs finally did. No cause, let alone good cause, exists to allow Plaintiffs to take a 16th untimely deposition.

Plaintiffs' motion regarding Wellpath's 30(b)(6) witness fails because, in their current form, the relevance (if any) of the disputed topics is outweighed by the burden on Wellpath at this late date. For example, Plaintiffs insist Wellpath must designate a witness on "record retention policy." (Dkt. No. 386 at 3.) Wellpath responds its witness testified as to medical record retention policies. (*Id.* at 4.) Plaintiffs do not respond and, in any event, offer no explanation why such testimony is relevant or even what, exactly they seek. Similarly, they seek testimony on "policies and procedures for the hiring and retention of individuals" involved in the care of inmates at facilities *other than* Santa Rita. (*Id.* at 3.) Why? How could Plaintiffs even use that information given discovery is closed? Plaintiffs have not met their burden.

**B. County Rule 30(b)(6) Designee Lt. Pickett (Dkt. No. 387)**

Plaintiffs contend the County's Rule 30(b)(6) designee on food service at the Jail, Lt. Pickett, was not sufficiently knowledgeable and seek either a new deposition or an order binding the County to the "four corners of [the] transcript." (Dkt. No. 387 at 4.) Plaintiffs also seek sanctions. Plaintiffs' request is DENIED.

Plaintiffs' submission does not identify the testimony they believe was insufficient. They list a series of subjects they contend Lt. Pickett was unable to provide testimony about; however, they do not identify the deposition topics which sought the information Lt. Pickett did not know. Nor do Plaintiffs cite to the particular pages of Lt. Pickett's testimony containing the allegedly non-responsive testimony. (Dkt. No. 387 at 2-3.) While Plaintiffs have attached a handful of pages of Lt. Pickett's deposition testimony with highlighting, this highlighted testimony does not support Plaintiffs' argument. (Dkt. No. 387-2.) For example, Plaintiffs complain that in response to questions about topics 12, 13 and 14, Lt. Pickett responded he did not know or had no specific information. (*Id.* at 3.) Those topics, however, ask about "policies and procedures. (Dkt. No. 387-1.) None of the highlighted deposition testimony shows Lt. Pickett unable to answer questions about policies and procedures. (Dkt. No. 387-2.) To the contrary, Defendants identify testimony showing he answered Plaintiffs' question on these topics. (Dkt. No. 387-3 at 3.) To the extent

3

1  Plaintiffs sought testimony regarding the County's response to particular grievances, none of their
2  proffered topics asks for testimony about specific grievances. (Dkt. No. 387-1.) And, Defendants
3  advised Plaintiffs the 30(b)(6) testimony would accordingly be limited to policies and procedures.
4  (Dkt. No. 387-4 ("Responding Party will designate and produce a witness to testify regarding
5  Responding Party's *policies and procedures* for receiving and responding to inmate complaints
6  and grievances about food that is allegedly 'contaminated, spoiled, and otherwise inedible' from
7  2018-2020 when the remaining Plaintiff-related food claims.") (emphasis added).)

8  So, Plaintiffs have not met their burden of demonstrating Lt. Pickett was inadequately
9  prepared or knowledgeable regarding any particular topic. *See Alexander v. Munguia*, No. 21-CV-
10 01390-KJM (CKD), 2023 WL 3385357, at *1 (E.D. Cal. May 11, 2023) ("In a motion to compel,
11 the moving party bears the burden of showing why the other party's responses are inadequate or
12 their objections unjustified."). Plaintiffs' request for sanctions is denied.

13 **C. County Rule 30(b)(6) Designee Lt. Atienza (Dkt. No. 388)**

14 Plaintiffs also contend the County's Rule 30(b)(6) designee about medical care at the Jail,
15 Lt. Atienza, was inadequately prepared and/or knowledgeable. (Dkt. No. 388.) Plaintiffs seek the
16 same relief as in the previous letter brief—a new deposition or that the County be limited to Lt.
17 Atienza's testimony. Plaintiffs' request is DENIED.

18 Plaintiffs complain Lt. Atienza was unprepared to answer questions about topics 7 and 8.
19 These topics asked for a witness to testify as to "policies and procedures" regarding inmate receipt
20 of prescription medication and "for review of the medical services (or lack of medical services)
21 provided by Wellpath. (Dkt. No. 388-1.) However, once again their submission does not cite to
22 any particular portion of the transcript. And, in any event, their wholly unsupported description of
23 what Lt. Atienza was unable to answer does not describe an inability to answer questions about
24 "policies and procedures." (Dkt. No. 388 at 2.) The same is true for the highlighted testimony
25 they attach as an exhibit. (Dkt. No. 388-2.)

26 Plaintiffs appear most focused on Lt. Atienza's testimony regarding "Mazars," which they
27 contend they did not know about earlier. (Dkt. No. 388 at 3.) That Plaintiffs waited to pursue
28 discovery until the very last minute—rather than during the prior three years—is not a basis to

seek additional discovery now. Their lack of diligence necessitated depositions occurring after the discovery deadline so they are now in the unfortunate position of wanting to obtain additional discovery regarding matters discovered during those last minute depositions. There is no good cause for them to obtain discovery which, with the exercise of due diligence, they could have obtained during the four years of discovery in this action.

Plaintiffs' request for sanctions is denied.

**D. Substitute for Commander Schellenberg (Dkt. No. 389)**

Plaintiffs seek to depose Sheriff Sanchez as a substitute deponent for Commander Schellenberg whose deposition Plaintiffs previously noticed, but who is out on medical leave. (Dkt. No. 388.) Plaintiffs' request is DENIED.

On November 6, 2023, in response to the Court's order that Plaintiffs identify the remaining 12 depositions they wish to take and take those depositions by December 22, 2023, the parties stipulated that in light of Commander Schellenberg's medical leave, "[i]f he is unable to return before December 21, 2023, the parties agree that Plaintiff may designate an alternate from amongst the Alameda County Sheriff's Office employees originally designated." (Dkt. No. 365.) Plaintiffs drafted this language. (Dkt. No. 389-3.) The "originally designated" employees are "1) Lt. M. Pickett; (2) Capt. J. Miguel; (3) Comm. T. Schellenberg; (4) Capt. O. Perez; and (5) Capt. R. Clippinger." (Dkt. No. 389-4.) Commander Schellenberg remained unavailable. Accordingly, on December 14, 2023, Plaintiffs advised the Court and Defendants they request Captain Clippinger as a substitute. (Dkt. No. 377 at 3.)

Now Plaintiffs seek to renege on their agreement, accepted by the Court, and depose a different witness all together. They have established no justification for doing so. That they learned information during their delayed depositions that has caused them to reconsider their decision is not good cause.

On or before January 18, 2024, the parties shall file a stipulation regarding the date of the deposition for one of the previously-agreed to individuals as a substitute for Commander Schellenberg.

//

**CONCLUSION**

By the Court's count, during the course of this litigation the parties have filed 33 discovery dispute letters, and the Court has held more than 15 status conferences, most of them to address discovery issues. The deadline for raising any further fact discovery disputes has passed. All depositions have occurred, except for Commandeer Schellenberg's substitute, and all remaining discovery disputes were to be filed by January 9, 2024. (Dkt. Nos. 365, 383.) The Court will not entertain any further fact discovery disputes. The only exception is if a discovery dispute arises out of the substitute deposition. Any such discovery dispute must be brought to the Court within seven days of the deposition.

The further case management conference scheduled for January 17, 2023 is VACATED. The schedule is governed by Pretrial Order No. 3. (Dkt. No. 383.)

This Order disposes of Docket Nos. 386, 387, 388, 389.

**IT IS SO ORDERED.**

Dated: January 16, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge