United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL GONZALEZ, et al.,

Plaintiffs,

v.

COUNTY OF ALAMEDA, et al.,

Defendants.

Case No. 3:19-cv-07423-JSC

**ORDER RE: WELLPATH'S MOTION TO DIMISS PLAINTIFF TIKISHA UPSHAW**

Re: Dkt. No. 398

Wellpath's motion to dismiss Plaintiff Tikisha Upshaw is now pending before the Court. (Dkt. Np. 398.) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Wellpath's motion.

Wellpath moves for dismissal under Federal Rule of Civil Procedure 41(b) on the grounds that Plaintiffs added Ms. Upshaw as a Plaintiff in the Fifth Amended Complaint filed April 20, 2022 without leave of the Court. Dismissal under Rule 41(b) is discretionary. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig*., 460 F.3d 1217, 1226 (9th Cir. 2006). Wellpath offers no explanation for why it waited nearly **two years** to bring this motion. While Wellpath filed an untimely joinder in the County's motion to dismiss the Fifth Amended Complaint, neither Wellpath nor any other Defendant raised an issue regarding Ms. Upshaw. (Dkt. Nos. 196, 204, 205, 216.) To the contrary, Wellpath proceeded to litigate the case with Ms. Upshaw as a Plaintiff, even noticing and taking her deposition on June 23, 2023. (Dkt. No. 401-1 at ¶¶ 2-3.) Wellpath does not explain why—after fact discovery has closed and on the eve of expert discovery and summary judgment briefing—it now moves to dismiss Ms. Upshaw. Nor has it articulated any prejudice to any party by having her claims adjudicated in this action. Wellpath's motion is

too little too late. The Court declines to exercise its discretion and dismiss Ms. Upshaw's claims.

This Order disposes of Docket No. 398.

**IT IS SO ORDERED.**

Dated: March 18, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California