Yolanda Huang (State Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
2748 Adeline Street, Suite A
Berkeley, California 94705
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
E-Mail: yhuang.law@gmail.com

Thomas E. Nanney (State Bar No. 214342)
Law Office of Thomas E. Nanney
2217 W. 120th St.
Leawood, Kansas 66209
Telephone: (816) 401-0047
Email: tomnanney@gmail.com

Richard A. Brody, Esq. (State Bar No. 100379)
1206 Beattie Lane
Sebastopol, CA 95472
Telephone: (707) 235-6982
Facsimile: (707) 235-6982
Email: rick@brodylaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| ALAMEDA COUNTY MALE PRISONERS And Former Prisoners, DANIEL GONZALEZ, et al. on behalf of themselves and others similarly situated, as a Class, and Subclass,<br><br>PLAINTIFFS,<br><br>vs.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, et al<br>DEFENDANTS. | No. 3:19-cv-07423 JSC<br><br>**MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT OF CLASS ACTION LITIGATION**<br><br>DATE: Oct. 3, 2024<br>TIME: 10 a.m.<br>LOC.: 450 Golden Gate Ave., San Francisco, CA 94102<br>DEPT.: Courtroom 8, 19th Floor<br><br>Hon. Jacqueline S. Corley, Presiding |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT on October 3, 2024 at 10 a.m., or as soon thereafter as the matter may be heard, Plaintiffs Lawrence Gerrans, Darryl Geyer, Randy Harris, Shedrick Henry, Daniel Gonzalez, James Mallett, David Misch, Timothy Phillips, Eric Rivera, Rasheed Tucker, Tikisha Upshaw, and Eric Wayne ("Plaintiffs") will and hereby do move the Court for entry of an Order:

(1) granting preliminary approval of the proposed class settlement agreement submitted herewith as Exhibit 1 to the Declaration of Yolanda Huang in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement ("Proposed Settlement"); (2) approving the manner and form of giving notice of the class settlement to the class; (3) scheduling deadlines for objections; and (4) scheduling a fairness hearing regarding final approval of the settlement.

In support of this motion, Plaintiffs state that the class settlement: (1) represents a comprehensive resolution of the issues raised in the above-captioned case as to Defendants County of Alameda and Alameda County Sheriff's Office ("County Defendants"); (2) offers a fair and equitable result to those affected by it; and (3) will result in significant long-term benefits both the certified class.

The motion is based upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the attached Declaration of Yolanda Huang and exhibits attached thereto; all pleadings and papers on file in this action; and any oral argument this Court permits.

Rule 23 of the Federal Rules of Civil Procedure does not require a hearing on a motion seeking preliminary approval of a class action settlement. Plaintiffs agree to forego a hearing unless the Court concludes that a hearing is necessary.

**II.  MEMORANDUM OF POINTS AND AUTHORITIES**

**A.  I. INTRODUCTION**

The Proposed Settlement is designed to address fundamental issues in the Santa Rita Jail ("Jail") regarding the manner in which sanitation is addressed and maintained in the areas of the jail where inmates are housed. The parties worked diligently and cooperatively with the subject

- 2 -

Plaintiffs' Motion For Preliminary Approval Of Settlement Of Class Litigation for Injunctive Relief
Case No. 3:19-Cv-07423 JSC

matter experts, and with the assistance of the Court, to develop and implement significant changes in the way the Jail addresses the way that sanitation is maintained in the areas where male inmates are housed as described further below.

The Proposed Settlement is fair, adequate, and reasonable, and is the product of serious, informed, and non-collusive negotiations between experienced and knowledgeable counsel and with the assistance of Magistrate Laurel Beeler. It satisfies all the criteria for preliminary approval under Rule 23 of the Federal Rules of Civil Procedure. The parties have agreed upon a notice of settlement to the certified class, which is being submitted currently with this Motion for the Court's approval. Additionally, the Parties' proposed notice and schedule for a fairness hearing will allow class members an adequate opportunity to review and comment on the Proposed Settlement and is consistent with the Parties' desire for prompt implementation of the Proposed Settlement.

Accordingly, Plaintiffs ask that the Court: (1) preliminarily approve the Proposed Settlement; (2) approve the proposed form of the class notice and distribution plan; and (3) set a deadline for filing of Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs; (4) set a deadline for class members to submit any objections to the Proposed Settlement; (5) set a deadline for filing of Plaintiffs' Motion for Final Approval and for filing of responses to any timely-filed class member objections; and (6) schedule a fairness hearing to address Plaintiffs' Motion for Final Approval, request for attorneys' fees and costs, and any objections.

## II. CASE BACKGROUND

Plaintiffs, on behalf of themselves and others similarly situated, filed this partially certified federal class action lawsuit ("Action") on November 19, 2019, challenging the adequacy of sanitation at the Santa Rita Jail in the male inmate living quarters. Plaintiffs alleged that these conditions violate the Eighth and Fourteenth Amendments of the U.S. Constitution. Specifically, Plaintiffs alleged that the Sheriff's Office's policies made male inmates responsible for the sanitation and cleanliness of their own living areas, without providing sufficient means for male inmates to in fact maintain personal sanitation and sanitation of their living areas.

- 3 -

Plaintiffs' Motion For Preliminary Approval Of Settlement Of Class Litigation for Injunctive Relief
Case No. 3:19-Cv-07423 JSC

On August 31, 2023 (ECF 312), the Court certified a class of all male detainees who are now or will in the future be subjected to the following sanitation policies and practices of Santa Rita Jail:

1. The Jail's policy requiring inmates to maintain the sanitation of their own cells and common areas, but failing to have a policy or practice which provides inmates with adequate sanitation supplies, or a policy for addressing inmates housed with those who cannot functionally maintain their own sanitation because of mental health issues, which impacts sanitation for all inmates within that congregate housing area.
2. The Jail's policy of not providing bathrooms in the common areas, and inmates' difficulties obtaining access to bathroom areas during POD or out-of-cell time.

The parties engaged in extensive discovery, which included the production of nearly 20,000 pages of documents by the County Defendants alone, other extensive written discovery, and approximately 15 Plaintiff depositions, 18 defense-affiliated depositions, and 8 expert depositions.

The parties participated in mandatory settlement conferences before Magistrate Judge Laurel Beeler on March 6, 2024 and May 20 and 21, 2024. During the May 21 mandatory settlement conference, mediated by Judge Beeler, Plaintiffs and the County Defendants agreed to settle all of the class claims asserted in this matter against the County Defendants.

**B.      SUMMARY OF PROPOSED SETTLEMENT**

The Proposed Settlement includes significant amendments to written policies for Santa Rita Jail including requiring the Sheriff's Office to:

1. Work with Wellpath to document the cleanliness of all areas within the OPHU on a daily basis.
2. Ensure that all inmates housed in the OPHU are provided with laundry and shower access equal to that of all other inmates at Santa Rita Jail.
3. Ensure that inmates are not assigned to a cell with known biohazards and to promptly hire a professional to address any identified biohazards.
4. Offer each POD a clean mop bucket.
5. Offer a clean mop bucket for cleaning the shower for each POD.

- 4 -

Plaintiffs' Motion For Preliminary Approval Of Settlement Of Class Litigation for Injunctive Relief
Case No. 3:19-Cv-07423 JSC

6. Provide an opportunity for toilet brushes to be sanitized between each use and a leak proof container for transporting toilet brushes.
7. Except for in restrictive housing, make cleaning supplies available upon request, within reason, and not limited to POD time.
8. Ensure that POD time is not reduced to provide an opportunity to clean.
9. Require night shift security deputies to inspect housing units at the end of each day before lights out to identify cleanliness concerns.

A complete copy of these policy revisions are attached to the Declaration of Yolanda Huang, filed herewith, as Exhibit B.

Plaintiffs' counsel shall be able – within one year of the execution of this agreement, to write a confidential communication to each inmate housed at Santa Rita Jail.

For the one year following Final Court approval of this Settlement, the Sheriff's Office will provide Plaintiffs' counsel copies of all sanitation grievances and the grievance responses on a quarterly basis.

Defendants have agreed to pay $300,000 to settle and fully resolve all claims asserted against the County Defendants in this case. This payment includes settlement of the certified class claims, including any claim for attorney's fees and costs incurred.

## C. ARGUMENT

### 1. Class Certification Has Been Granted and Remains Appropriate

On August 23, 2023, the Court found the requirements of Rule 23(b)(2) satisfied and certified a class consisting of "all male detainees adults who are now, or will in the future be, subjected to the sanitation policies and practices of Santa Rita Jail:

1. The Jail's policy requiring inmates to maintain the sanitation of their own cells and common areas, but failing to have a policy or practice which provides inmates with adequate sanitation supplies, or a policy for addressing inmates housed with those who cannot functionally maintain their own sanitation because of mental health issues, which impacts sanitation for all inmates within that congregate housing area.

2. The Jail's policy of not providing bathrooms in the common areas, and inmates' difficulties obtaining access to bathroom areas during POD or out-of-cell time." ECF 312.

The class definition set forth in the Proposed Settlement has not changed and defines the Class as "all male detainees who are now, or will in the future be, subjected to the following sanitation policies and practices of Santa Rita Jail . . .". (ECF 312). The definitions in the Proposed Settlement do not expand the class membership or legal claims that this Court has previously certified.

The Class continues to meet the requirements of numerosity, commonality, typicality, and adequacy of representation. The Class is still comprised of thousands of individuals who, like the class representative, have been similarly subjected to the same conditions and who seek injunctive relief consisting of systemic improvements to the Jail.

### 2. The Proposed Settlement is Fair, Reasonable, and Should Be Granted Preliminary Approval

Federal Rule of Civil Procedure 23(e) conditions the settlement of any class action on court approval. *Frank v. Gaos*, 139 S.Ct. 1041, 1046 (2019). The Ninth Circuit recognizes the "overriding public interest in settling and quieting litigation ...particularly ... in class action suits ...." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); see also *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (There is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."); *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (same). A court may probe the parties' consensual agreement only "to ensure that it is 'fair, adequate, and free from collusion.'" *Lane v. Facebook, Inc.,* 696 F.3d 811, 819 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 2012)); see Fed. R. Civ. P. 23(e)(2) (the court may approve settlement "only after a hearing and on finding that it is fair, reasonable, and adequate.").

At the preliminary approval stage, the Court need only find that the Proposed Settlement is within the range of reasonableness such that it is appropriate to disseminate notice to the class and schedule a fairness hearing. See William B. Rubenstein, Newberg on Class Actions, § 13.15 (5th ed. 2016) ("Newberg"); *In re Celera Corp. Sec. Litig.*, No. 5:10-cv-02604-EJD, 2015 WL

- 6 -

Plaintiffs' Motion For Preliminary Approval Of Settlement Of Class Litigation for Injunctive Relief
Case No. 3:19-Cv-07423 JSC

1482303, at *3 (N.D. Cal. Mar. 31, 2015). "At this point, the court's role is to determine whether the settlement terms fall within a reasonable range of possible settlements, with 'proper deference to the private consensual decision of the parties' to reach an agreement rather than to continue litigating." *Tadepalli v. Uber Techs., Inc.,* No. 15-CV-04348-MEJ, 2015 WL 9196054, at *8, 150 F.3d at 1027(N.D. Cal. Dec. 17, 2015).

To determine whether an agreement is fundamentally fair, adequate, and reasonable, the Court may preview the factors that ultimately inform final approval: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Tadepalli*, 2015 WL 9196054 at *11. Nevertheless, where a settlement is the product of arms-length negotiations conducted by experienced class counsel, the Court begins its analysis with a presumption that the settlement is fair and reasonable. See 5 Newberg. § 13.45; *In re: Volkswagen "Clean Diesel" Mktg, Sales Practices, and Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2016 WL 6091259, at *10 (N.D. Cal. Oct. 18, 2016); *In re High- Tech Employee Antitrust Litig.*, No. 11-CV-2509-LHK, 2013 WL 6328811, at *1 (N.D. Cal. Oct. 30, 2013); *Tadepal*li, 2015 WL 9196054 *9. Courts have further found an absence of collusion when settlement negotiations are conducted by a third-party mediator. *Ruch v. AM Retail Grp., Inc.,* No. 14-CV-05352-MEJ, 2016 WL 1161453, at *11 (N.D. Cal. Mar. 24, 2016). Thus, at this stage, so long as the settlement falls into the range of possible approval—giving deference to the result of the parties' arms-length negotiations and the judgment of experienced counsel following sufficient investigation—the presumption applies and the settlement should be preliminarily approved.

### 3. The Proposed Notice Satisfies Due Process and Should Be Approved

Notice provided under Rule 23(e) must "generally describe[ ] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." Lane, 696 F.3d at 826 (quoting Rodriguez v. West Publ'g Corp., 563 F.3d 948, 962 (9th Cir. 2009)).

- 7 -

Plaintiffs' Motion For Preliminary Approval Of Settlement Of Class Litigation for Injunctive Relief
Case No. 3:19-Cv-07423 JSC

The notice standard is satisfied here. First, the proposed notice informs members of the class of the relevant aspects of the litigation and the settlement, including: (i) a brief statement of this action, description of key terms of the Proposed Settlement, and its effect on class member claims; (ii) the date and time of the hearing on final approval; (iii) the deadline and process for submitting objections to the proposed Settlement; and (iv) the phone number, and mailing addresses that may be used to obtain a copy of the injunctive relief in addition to the processes for viewing it within the Jail. Yolanda Huang Decl. ¶ 2 Ex. A (Court Order Certifying Class), Ex. B (Proposed Notice).

The Parties have agreed to the following distribution plan, as set forth in the Proposed Settlement, including that notice shall be posted within fifteen (15) days on the tablets used by class members. The proposed policy changes will also be posted on the inmate tablets within fifteen (15) days following the Court's Order granting preliminary approval. Plaintiffs' counsel shall provide hard copies of the notice and supporting documents upon request. The parties, were unable to complete meet and confer on this one issue, and that is plaintiffs' request that defendants verify that all inmates receive tablets. Therefore, plaintiffs request that defendants either verify that all class members receive tablets or in the alternative that defendants provide a hard copy of the notice to any class members who do not receive tablets. The information on the members' tablet shall remain for the 30 days after the Court's preliminary approval of the settlement and thereafter shall be integrated into the Inmate Handbook absent further order of the Court.

The proposed notice and distribution plan will fairly apprise class members of the Proposed Settlement and their options with respect thereto, and fully satisfy due process requirements for a Rule 23(b)(2) class with no opt-out rights. The Court should approve the proposed notice and direct that it be distributed as set forth herein.

### 4. The Court Should Approve the Proposed Scheduling Order, Including Setting a Date for the Fairness Hearing

Once a court grants preliminary approval and notice is provided, the court conducts a "fairness hearing," at which all interested parties have an opportunity to be heard. At such a hearing, the court conducts a substantive evaluation of the proposed settlement to determine whether

- 8 -

Plaintiffs' Motion For Preliminary Approval Of Settlement Of Class Litigation for Injunctive Relief
Case No. 3:19-Cv-07423 JSC

it is "fundamentally fair, adequate, and reasonable." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982); Spann v. J.C. Penney Corp., 314 F.R.D. 312, 319 (C.D. Cal. 2016).

### D. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court: (1) grant preliminary approval of the Proposed Settlement; (2) approve and direct the publication of the class notice proposed by the Parties; and (3) adopt the schedule proposed herein for class member objections, filing of Motions for Attorneys' Fees and Costs and for Final Approval, and for hearing the motions and addressing objections. Defendants have reviewed this motion and do not oppose Plaintiffs' request for preliminary approval of the Proposed Settlement, but intend to file their own separate supporting statement.

Respectfully Submitted by:

Dated: August 19, 2024          LAW OFFICE OF YOLANDA HUANG

By: */s Yolanda Huang*
YOLANDA HUANG
ATTORNEY FOR PLAINTIFFS