UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>　　　　Defendants. | Case No.  3:19-cv-07423-JSC<br><br>**ORDER RE: PLAINTIFFS' MOTION TO STRIKE WELLPATH'S BILL OF COSTS**<br><br>Re: Dkt. No. 481 |

Plaintiffs, current and former detainees at Santa Rita Jail, filed this action bringing conditions of confinement claims under 42 U.S.C. § 1983.  Plaintiffs named as defendants Alameda County, who oversees the Jail; Wellpath, the third-party contractor who provides medical services at the Jail; and Aramark, the third-party contractor who provides food services at the Jail.  The Court denied class certification of Plaintiffs' claims against Wellpath and Aramark, and in July 2024, the Court granted Wellpath's motion for summary judgment.[1]  (Dkt. Nos. 264, 475.[2])  Wellpath subsequently filed a bill of costs totaling $33,537.70 and Plaintiffs filed the now pending motion to strike the bill of costs, which Wellpath has not opposed.  (Dkt. Nos. 478, 481.)  After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Plaintiffs' unopposed motion.

**DISCUSSION**

Under Fed. R. Civ. P. 54(d)(1), costs are allowed to the prevailing party as a matter of course "[u]nless a federal statute, these rules, or a court order provides otherwise."  "When the

---

[1] Plaintiffs settled their claims against the remaining Defendants and a motion for preliminary approval of their class action settlement is pending before the Court.  (Dkt. No. 485.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1 federal statute forming the basis for the action has an express provision governing costs ... that
2 provision controls." *Green v. Mercy Hous., Inc.*, 991 F.3d 1056, 1057 (9th Cir. 2021) (internal
3 citations omitted). 42 U.S.C. § 1988(b) is a fee-shifting statute that allows district courts to award
4 attorneys' fees as part of the costs to the prevailing party in § 1983 cases. However, "[a]
5 defendant in a civil rights case may recover attorneys' fees only if the plaintiff's action was
6 "frivolous, unreasonable or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting
7 *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)); *see also Miller v. Los Angeles Cnty.*
8 *Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987) (extending *Christiansburg* to Section 1983 cases
9 reasoning "the strict nature of the *Christiansburg* standard is premised on the need to avoid
10 undercutting Congress' policy of promoting vigorous prosecution of civil rights violations under
11 Title VII and § 1983.").

12 The Ninth Circuit has extended the *Christiansburg* standard to recovery of costs under fee-
13 shifting civil rights statutes such as the Fair Housing Act and the Americans with Disabilities Act.
14 *See Green*, 991 F.3d at 1057. Although it has not explicitly addressed whether *Christiansburg*
15 applies to both costs and attorney's fees in cases brought under Section 1983, the same reasoning
16 for extending it to costs and fees under other civil rights statutes applies equally to Section 1983
17 cases. That is, to allow recovery against "non-prevailing plaintiffs 'would undercut the efforts of
18 Congress to promote the vigorous enforcement' of civil rights actions." *Id*. at 1058 (quoting
19 *Christiansburg*, 434 U.S. at 422). "Those efforts are not served when 'the chilling effect upon
20 civil rights plaintiffs would be disproportionate to any protection defendants might receive against
21 the prosecution of meritless claims.'" *See Green*, 991 F.3d at 1058 (internal citation omitted).
22 Accordingly, the Court concludes the *Christiansburg* standard applies to requests for costs and
23 fees in Section 1983 actions.

24 While the Court granted Wellpath's motion for summary judgment because Plaintiffs
25 failed to offer evidence creating a dispute of fact as to their *Monell* claims against Wellpath,
26 Plaintiffs' claims were not "frivolous, unreasonable or without foundation." To the contrary, as
27 the Court noted, "while the evidence Plaintiffs have proffered might have created a dispute of fact
28 as to whether the care they were provided on particular occasions fell below the standard of care,"

they chose to pursue *Monell* claims rather than individualized claims and the evidence did not create a dispute of fact as to their policy and practice claims. (Dkt. No. 475 at 20.) When considering a request for fees or costs against a non-prevailing plaintiff, the Court must not "engage in post hoc reasoning by concluding that, because Plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Christianburg*, 434 U.S. at 421-22 ("This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success."). Rather, "[a]ttorneys' fees [and costs] in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990). There are no such exceptional circumstances here. While Plaintiffs did not ultimately prevail, their claims were not frivolous, unreasonable, or without foundation.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' unopposed motion to strike Wellpath's bill of costs.

This Order disposes of Docket Nos. 478, 481.

**IT IS SO ORDERED.**

Dated: September 23, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

3