UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>Defendants. | Case No. 3:19-cv-07423-JSC<br><br>**ORDER RE: MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(B)**<br><br>Re: Dkt. No. 494 |

Plaintiffs, current and former detainees at Santa Rita Jail, filed this action bringing conditions of confinement claims under 42 U.S.C. § 1983. Plaintiffs named as defendants Alameda County, who oversees the Jail; Wellpath, the third-party contractor who provides medical services at the Jail; and Aramark, the third-party contractor who provides food services at the Jail. The Court denied class certification of Plaintiffs' claims against Wellpath and Aramark, and in July 2024, the Court granted Wellpath's motion for summary judgment. (Dkt. Nos. 264, 475.[1]) Plaintiffs settled their claims against the remaining Defendants and a motion for preliminary approval of Plaintiffs' class action settlement with the County is pending before the Court. (Dkt. No. 485.) Plaintiffs now move for entry of judgment under Rule 54(b) as to their claims against Wellpath. (Dkt. No. 494.) Because there is no just reason for delay and given Wellpath's non-opposition, the Court GRANTS Plaintiffs' motion.

Under Rule 54(b), "[w]hen an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

for delay." This "Rule was adopted 'specifically to avoid the possible injustice of delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case.... The Rule thus aimed to augment, not diminish, appeal opportunity.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 627–28 (9th Cir. 2015) (quoting *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409-10 (2015) (alterations in original)). A two-step process governs the Rule 54(b) analysis. "A district court must first determine that it has rendered a 'final judgment,' that is, a judgment that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). Second, the court "must determine whether there is any just reason for delay." *Wood*, 422 F.3d at 878. The latter determination focuses on: "(1) the interrelationship of the certified claims and the remaining claims in light of the policy against piecemeal review; and (2) equitable factors such as prejudice and delay." *Tsyn v. Wells Fargo Advisors, LLC*, No. 14-CV-02552-LB, 2016 WL 7635883, at *2 (N.D. Cal. June 27, 2016) (citing *Curtiss-Wright*, 446 U.S. at 8-10; *Gregorian v. Izvestia*, 871 F.2d 1515, 1518-20 (9th Cir. 1989)).

The Court's summary judgment order as to Wellpath finally resolves all of Plaintiffs' claims against it. The parties stipulated to dismissal of the claims against Aramark and the only remaining claims are the claims against the County which are subject to the pending motion for preliminary approval of the class action settlement and are wholly independent Plaintiffs' claims against Wellpath. The Order is thus "final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7 (cleaned up). Additionally, there is no just reason for delay—Wellpath has not opposed entry of judgment, and the claims against the County and Wellpath are not interrelated and thus there is no risk of piecemeal review. *Id.* at 8. Accordingly, the Court exercises its discretion "'in the interest of sound judicial administration'" and enters judgment in accordance with Rule 54(b) as to Plaintiffs' claims against Wellpath. *Jewel*, 810 F.3d at 628 (quoting *Curtiss-Wright*, 446 U.S. at 7).

Plaintiffs' motion is GRANTED. The Court will enter judgment by separate order.

//

This Order disposes of Docket No. 494.

**IT IS SO ORDERED.**

Dated: October 16, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge