UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF ALAMEDA, et al., <br><br> Defendants. | Case No. 3:19-cv-07423-JSC <br><br> **ORDER RE: COUNSEL'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF DARRYL GEYER** <br><br> Re: Dkt. No. 517 |

Plaintiffs' counsel, Yolanda Huang, Richard Brody, and Thomas Nanney, seek leave to withdraw as counsel for Plaintiff Darryl Geyer. (Dkt. No. 517.) While Mr. Geyer has submitted several filings alleging misconduct, he has not explicitly responded to Counsel's request to withdraw. (Dkt. Nos. 519, 524.) Having considered the motion and having had the benefit of oral argument on February 26, 2025, the Court GRANTS the motion as explained below.

**DISCUSSION**

Counsel seeks to withdraw from representation of Plaintiff Darryl Geyer because "irretrievable breakdown in communication between attorneys and client have resulted in a fundamental disagreement as to the prosecution of this matter." (Dkt. No. 517 at 3.)

In the Northern District of California, "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Civ. L. R. 11-5(a); *Dist. Council 16 N. California Health & Welfare Tr. Fund v. Lambard Enterprises, Inc.*, No. C 09-05189 SBA, 2010 WL 3339446, at *1 (N.D. Cal. Aug. 24, 2010) ("The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record so long as he or she (1) provides written notice to the client and all other parties in the action and (2) obtains leave of the court.") Further, "when

withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civ. L. R. 11-5(b).

The decision to permit withdrawal of counsel is within the trial court's discretion. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Among other things, courts ruling on motions to withdraw have considered the reasons counsel seeks to withdraw, the possible prejudice withdrawal may cause other litigants, the harm withdrawal may cause to the administration of justice, and the extent to which withdrawal will delay resolution of the case. *Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). Courts in this district also consider the standards of professional conduct required of members of the State Bar of California. *U.A. Loc. 342 Joint Lab.-Mgmt. Comm. v. S. City Refrigeration, Inc*., No. C-09-3219 JCS, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010) ("In this district, courts look to the standards of professional conduct required of members of the State Bar of California in determining whether counsel may withdraw representation.").

California Rule of Professional Conduct 1.16(a) provides counsel must withdraw where "the client discharges the lawyer. California Rule of Professional Conduct 1.16(b)(4) permits withdrawal of representation if a client "renders it unreasonably difficult for the lawyer to carry out the representation effectively." However, counsel may only withdraw if they have "taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

Good cause exists for Counsel's withdrawal from representation of Plaintiff Geyer. It is apparent from review of Mr. Geyer's communications (Dkt. Nos. 512, 519, 524) that a fundamental breakdown in communication has occurred between Counsel and Mr. Geyer. While Mr. Geyer does not explicitly fire Counsel, he makes several claims of "misconduct" which make it no longer possible for Counsel to effectively represent him. The Court need not resolve those claims here, but they will be considered in the context of any motion for preliminary approval of

the class action settlement.

Because Counsel's motion was not accompanied by the simultaneous appearance of substitute counsel for Plaintiff Geyer or Plaintiff Geyer's agreement to represent himself, Counsel shall continue to be served for forwarding purposes unless and until Plaintiff Geyer appears by other counsel or representing himself. *See* Civ. L. R. 11-5(b). Counsel shall provide notice to Plaintiff Geyer of this Order and her obligation to accept service on Plaintiff Geyer's behalf and shall file proof of service of the same within three days of this Order. *Id*.

## CONCLUSION

Counsel's motion to withdraw as counsel for Plaintiff Geyer is GRANTED.

This Order disposes of Docket No. 517.

**IT IS SO ORDERED.**

Dated: February 27, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge