UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>Defendants. | Case No. 3:19-cv-07423-JSC<br><br>**ORDER SETTING EVIDENTIARY HEARING ON THE COUNTY'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Re: Dkt. No. 539 |

Plaintiffs, current and former detainees at Santa Rita Jail, filed this action bringing conditions of confinement claims under 42 U.S.C. § 1983. Plaintiffs named as defendants Alameda County, which oversees the Jail; Wellpath, the third-party contractor providing medical services at the Jail; and Aramark, the third-party contractor providing food services at the Jail. Plaintiffs' claims against Aramark and Wellpath have been resolved. The County has moved to enforce a settlement agreement Plaintiffs' counsel, Yolanda Huang, orally agreed to on behalf of the individual Plaintiffs and a certified 23(b)(2) class. Because there is a dispute as to Ms. Huang's authority to enter into that settlement agreement, and thus Plaintiffs' consent to the agreement, the Court sets an evidentiary hearing for August 19, 2025 at 10:00 a.m. in Courtroom 8, 450 Golden Gate Ave., San Francisco, California.

**DISCUSSION**

District courts have the inherent power to enforce a settlement agreement in an action pending before it. *See TNT Marketing, Inc. v. Aaresti*, 796 F.2d 276, 278 (9th Cir. 1986). "The moving party has the burden of demonstrating that the parties formed a legally enforceable settlement agreement." *Woods v. Carey*, 2015 WL 7282749, *4 (E.D. Cal. Nov. 18, 2015)). "The construction and enforcement of settlement agreements are governed by principles of local law

which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). This is true even if the underlying cause of action is based upon a federal statute. *Woods*, 2015 WL 7282749 at *4. So, the Court applies California law "regarding formation and interpretation of contracts in determining whether a legally enforceable settlement agreement was reached." *Id*.

Under California law, the essential elements of a contract are: parties capable of contracting; a lawful object; the parties' consent; and sufficient cause or consideration. *Lopez v. Charles Schwab & Co., Inc*., 118 Cal. App. 4th 1224, 1230 (2004) (citing Cal. Civil Code § 1550). "An essential element of any contract is the consent of the parties, or mutual assent. Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." *Lopez,* 118 Cal. App. 4th at 1230 (citing Cal. Civil Code §§ 1550 and 1565). If a valid agreement exists under state law, it must additionally meet two federal requirements. First, it must be a complete agreement. *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994). Second, all parties must have directly agreed to be bound by the terms of the settlement or have authorized their respective representatives to settle the dispute. *Harrop v. Western Airlines, Inc*., 550 F.2d 1143, 1144–45 (9th Cir. 1977).

On May 20 and 21, 2024, Plaintiffs participated in a settlement conference with Aramark and the County before Magistrate Judge Beeler. (Dkt. Nos. 438, 440.) At the end of the day on May 21, 2024, Judge Beeler put a settlement on the record whereby the case settled "fully as to the County defendants (monetary and non-monetary relief), fully as to the non-monetary relief for Aramark, and subject to the contingency of approval of the plaintiffs for the monetary relief in Aramark (with the proviso that counsel will recommend the settlement and expects that the plaintiffs will accept it)."[1] (Dkt. No. 440.) According to the transcript, the settlement provided for certain injunctive relief and specified the County would pay $300,000 and Aramark would pay a confidential amount to resolve Plaintiffs' individual claims and the injunctive relief class claims against the County. (Dkt. No. 462 at 4.) Ms. Huang represented to Judge Beeler that she had

---

[1] The settlement with Aramark has since been finalized and the claims against it dismissed. (Dkt. No. 477.)

1  "full settlement authority to the County and full settlement authority to the nonmonetary
2  component with Aramark, subject to the contingency of recommending and hopefully securing the
3  approval of your clients to the Aramark piece." (*Id.* at 8.)
4      Plaintiffs thereafter filed a motion for preliminary approval of the class action settlement
5  which stated "Defendants have agreed to pay $300,000 for attorney's fees and costs incurred.
6  There will not be monetary compensation paid to any class member or named plaintiff." (Dkt. No.
7  499 at 8.) The unsigned settlement agreement attached to the motion included a release of any and
8  all of the individual Plaintiffs' claims for monetary and injunctive relief, as well as a release of all
9  class member claims. (Dkt. No. 500-2 at 4-5.) The County filed a response to Plaintiffs' motion
10 for preliminary approval which stated, in relevant part, "Plaintiffs' Motion does not accurately
11 reflect the parties' monetary settlement agreement. *See* ECF 487 at 2:21-3:2. Defendants agreed to
12 pay Plaintiffs $300,000 to fully resolve all issues related to this litigation, including, but not
13 limited to, Plaintiffs' attorney's fees and costs." (Dkt. No. 501 at ¶ 3.) At the hearing on the
14 preliminary approval motion, Ms. Huang represented it was "not a problem with the individual
15 plaintiffs" that they would not receive any money from the County settlement notwithstanding
16 they were releasing their individual damages claims against the County. The Court ordered the
17 parties to meet and confer and attempt to resolve this issue. After the parties were unable to
18 resolve their dispute regarding the language of the settlement, the Court set a briefing schedule for
19 the County to move to enforce the settlement agreement, which it has since done. (Dkt. Nos. 528,
20 539.)
21     Around this same time, Plaintiff Darryl Geyer, who is now representing himself, submitted
22 several letters expressing his concern regarding Ms. Huang and the settlement. In particular, he
23 provided a letter Ms. Huang sent him the day after the May 21, 2024 settlement in which she
24 outlined the injunctive relief the County agreed to provide and advised him "there is no award of
25 damages due to the way the law works – because this was determined by the Court to be an
26 injunctive relief class." (Dkt. No. 512 at 9.) Ms. Huang's letter makes no reference to the
27 $300,000 the County agreed to pay to resolve Plaintiffs' individual and class claims. Mr. Geyer
28 also filed a response to the County's motion to enforce contending that Ms. Huang had attempted

3

1  to keep the $300,000 secret from him and the other plaintiffs and never provided him with a copy
2  of the settlement agreement. (Dkt. No. 545 at 5.)
3        Ms. Huang, counsel for the certified class and 11 individual Plaintiffs, did not file a
4  response to the County's motion to enforce the settlement agreement; indeed, she requested that
5  she not be required to attend the hearing on the County's motion because the remaining 11
6  Plaintiffs were "not parties to the motion" and did not oppose the motion. (Dkt. No. 552.) At the
7  May 22, 2025 hearing on the County's motion to enforce, the Court asked Ms. Huang whether it
8  was still her position that the $300,000 the County agreed to pay to resolve Plaintiffs' claims was
9  only for her own attorney's fees and costs with no money going towards damages for the
10 individual Plaintiffs. Ms. Huang confirmed that was her understanding and stated she had
11 authority from her clients to enter into this agreement, including to release their individual claims
12 against the County for no monetary relief.
13       "[T]he implied authority of an attorney [to settle an action] ordinarily does not extend to
14 the doing of acts which will result in the surrender or giving up any substantial right of the client."
15 *Rivera v. Shivers*, 54 Cal. App. 5th 82, 92 (2020) (cleaned up). "When a client claims an attorney
16 settled without authority, the court must take evidence on which to base a factual determination."
17 *In re Clawson*, 434 B.R. 556, 571 (N.D. Cal. 2010) (citing *Bice v. Stevens*, 160 Cal.App.2d 222,
18 232–33 (1958)); *see also Vazquez v. Mayorkas*, No. 18-CV-07012-JCS, 2022 WL 523329, at *5
19 (N.D. Cal. Feb. 22, 2022) ("Under [Ninth] Circuit precedent, this factual inquiry must take the
20 form of an evidentiary hearing, ... where plaintiff must bear the burden to show that her previous
21 attorney did not have her authority to settle her claims or that she should not otherwise be bound
22 by her attorney's acts through her subsequent ratification."), aff'd, No. 21-16026, 2023 WL
23 4417273 (9th Cir. July 10, 2023). Accordingly, the Court must conduct an evidentiary hearing to
24 take evidence on Ms. Huang's authority to enter into the settlement agreement, and in particular,
25 to release the individual Plaintiffs' damages claims for no money.
26       **The evidentiary hearing is scheduled for August 19, 2025 at 10:00 a.m. in Courtroom**
27 **8, 450 Golden Gate Ave.** By May 30, 2025, Ms. Huang shall serve this Order on each named
28 Plaintiff: Daniel Gonzalez, Lawrence Gerrans, Shedrick Henry (named as "Cedric Henry"), Randy

4

Harris, David Misch, Tikisha Upshaw, Eric Wayne, James Mallett, Rasheed Tucker, Darryl Geyer, and Timothy Phillips.  Ms. Huang must file a declaration with the proof of service which identifies the address at which she served each Plaintiff and for any Plaintiff for whom she does not have a current address, the steps she has taken to identify a new address for them and the date of her last communication with them.  If any Plaintiff wishes to appear at the evidentiary hearing, Ms. Huang shall make arrangements for them to do so, including by requesting a writ of habeas corpus ad testificandum as necessary.

At the evidentiary hearing, the Court expects Ms. Huang and Mr. Geyer to testify.[2]  Ms. Huang shall be prepared to offer evidence, in addition to her testimony, confirming her authority from each of the 12 Plaintiffs to settle their individual claims as to the County for no money.  If any party wishes to provide a written submission in advance of the hearing it shall do so by August 5, 2025.

Co-class counsel Thomas Nanney and Richard Brody are ordered to appear at the evidentiary hearing.

**IT IS SO ORDERED.**

Dated: May 23, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

---

[2]  The Court will issue a writ of habeas corpus ad testificandum to allow Mr. Geyer to appear at the evidentiary hearing.