UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GONZALEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>　　　　Defendants. | Case No. 3:19-cv-07423-JSC<br><br>**ORDER RE: PLAINTIFFS' ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 570, 571, 580 |

In advance of the August 19, 2025 evidentiary hearing on the County's motion to enforce the settlement agreement, Plaintiffs submitted three administrative motions to seal seeking to file documents which Plaintiffs' counsel presumably intends to use as exhibits at the upcoming evidentiary hearing. (Dkt. Nos. 570, 571, 580.[1]) The first such motion was docketed as "third administrative motion to seal" and appears to seek leave to file three documents (a retainer agreement, an email, and the Declaration of Eric Wayne) under seal. (Dkt. No. 570.) The second motion was docketed as "fourth administrative motion to seal" and appears to seek a determination Mr. Geyer has waived his attorney client privilege and attached several documents which are not discussed in the motion. (Dkt. No. 571.) The County filed an opposition to these motions. (Dkt. No. 572.) Plaintiffs have since filed a "fifth administrative motion to seal" which consists only of a caption page and attaches "consents" from Shedrick Henry and Eric Rivera. (Dtk. No. 580.) Plaintiffs' motions are DENIED.

In considering motions to seal, courts recognize "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  (cleaned up). A compelling reasons standard applies to documents related to motions to enforce a
2  settlement. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 2672
3  CRB (JSC), 2020 WL 2425792, at *4 (N.D. Cal. May 12, 2020) (concluding "[t]he motion to
4  enforce the settlement agreement was a dispositive motion since it sought to compel the reneging
5  Plaintiffs to relinquish their claims" and collecting cases). "A party seeking to seal a judicial
6  record ... bears the burden of overcoming this strong presumption by meeting the 'compelling
7  reasons' standard." *Kamakana*, 447 F.3d at 1178. "[T]he party must articulate compelling reasons
8  supported by specific factual findings that outweigh the general history of access and the public
9  policies favoring disclosure such as the public interest in understanding the judicial process." *Id*. at
10 1178–79 (internal quotation marks, alterations, and citations omitted). "In general, 'compelling
11 reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records
12 exist when such court files might have become a vehicle for improper purposes, such as the use of
13 records to gratify private spite, promote public scandal, circulate libelous statements, or release
14 trade secrets." *Id*. at 1179 (cleaned up). In addition, parties moving to seal their own or another
15 party's materials must comply with Civil Local Rule 79-5. *See* Civ. L.R. 79-5(c)(3) (requests for
16 sealing should be "narrowly tailored to seal only the sealable material.").

17 Plaintiffs' motions fail to demonstrate compelling reasons or comply with Local Rule 79-
18 5(c). The motions recite a series of legal standards, but fail to provide any analysis of what
19 standard applies to any particular document and why, and, in the case of the "fourth" and "fifth"
20 motions, fails to include any discussion of the documents at all.

21 Further, Plaintiffs' contention the retainer exhibit is protected by attorney client privilege is
22 incorrect. *See In re Osterhoudt*, 722 F.2d 591, 592 (9th Cir. 1983) ("generally the identity of an
23 attorney's clients and the nature of his fee arrangements with his clients are not confidential
24 communications protected by the attorney-client privilege.") (cleaned up).

25 Finally, to the extent Plaintiffs' counsel seeks a finding Mr. Geyer has waived any attorney
26 client privilege (Dkt. No. 571), the Court will address this issue at the evidentiary hearing on
27 August 19, 2025.

28 For the reasons stated above, Plaintiffs' administrative motions to seal are DENIED. (Dkt.

Nos. 570, 571, 580.)  However, as some of the attachments to Docket No. 571 contain sensitive personal information as to Mr. Geyer and do not appear relevant to the underlying dispute, the Court will keep this filing locked from public access on ECF and discuss the matter with counsel at the hearing.

**IT IS SO ORDERED.**

Dated: August 18, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge

3